## PATENT LICENSE AGREEMENT

THIS AGREEMENT is made as of this day, February /☒ 2016, by and between Mr. and Mrs. Robert and Bradie Terracino, with the address of 3017 Egyptian Lane, Virginia Beach, Virginia 23456 (LICENSORS), and Trimaco, LLC, with the corporate address of 2300 Gateway Centre Blvd., Suite 200, Morrisville, NC 27560 (LICENSEE) (collectively the "PARTIES").

### WITNESSETH:

WHEREAS, LICENSORS are the sole and exclusive owners of United States Patent No. 9,044,917 B1 (hereinafter "the '917 patent"), dated June 2, 2015;

WHEREAS, LICENSEE desires to acquire an exclusive license under the '917 patent for potential use in the development and sale of products covered by the '917 patent, and to otherwise explore collaborative efforts with LICENSORS;

WHEREAS, LICENSEE in entering into this License denies that any of its current products are covered by the '917 patent;

WHEREAS, LICENSEE, in consideration for this exclusive license, is nevertheless willing to pay a royalty for sales of its Stay Put™ Canvas products, as set forth on Schedule A; and

WHEREAS, LICENSORS have the power and authority to grant to LICENSEE such license.

NOW, THEREFORE, in consideration of the mutual promises and covenants herein contained, the parties hereto agree as follows:

### 1. LICENSE

A. LICENSORS hereby grant to LICENSEE, upon and subject to all the terms and conditions of this Agreement, an exclusive license under the '917 patent to make, use, and sell systems and methods embodying the invention(s) described in the '917 patent, for the term as provided herein, in the United States.

B. This License shall mean and include the '917 patent, along with any patents on improvements thereof. In addition, this License shall mean and include any divisional, continuation, or substitute U.S. patent application that shall be based on the '917 patent.

C. The license granted herein is subject to a reserved, nonexclusive, non-assignable license in LICENSORS to make, use, and sell systems and methods embodying the invention(s) of the Patents.

1

## 2. TERM

This Agreement shall be effective as of the date of execution by the Parties and shall expire after a five year term, unless terminated sooner by the Parties pursuant to the terms of this Agreement (the Term).

## 3. COMPENSATION

A. In consideration for the licenses granted hereunder, LICENSEE agrees to pay to LICENSORS a royalty of 2% on net sales in the United States of Licensee's Stay Put™ Canvas products (or "Royalty-Bearing Products"), for the term of this License.

B. Only one royalty shall be paid hereunder with respect to the Stay Put™ Canvas products.

C. The Royalty owed LICENSORS shall be calculated on a monthly basis (Royalty Period) and shall be payable within thirty days from the end of each calendar month, e.g., royalties shall be due for January on March 2, and royalties for February shall be due on March 30.

D. Quarterly according to calendar year, LICENSEE shall provide LICENSORS with a written royalty statement. Such royalty statement shall be certified as accurate by a duly-authorized officer of LICENSEE reciting gross sales less outbound freight, sales commissions, and other customer givebacks such as COOP, rebates, and other allowances as set forth in this section. Such statements shall be furnished to LICENSORS regardless of whether any Royalty-Bearing Products were sold during the applicable quarter or whether any actual Royalty was owed.

E. "Net Sales" shall mean LICENSEE's gross sales less outbound freight, sales commissions, and other customer givebacks such as COOP, rebates, and other allowances and, further, less any *bona fide* returns (net of all returns actually made or allowed as supported by credit memoranda actually issued to the customers) up to the amount of the actual sales of Royalty-Bearing Products.

F. A Royalty obligation shall accrue upon the sale of Stay Put™ Canvas products regardless of the time of collection by LICENSEE. Royalty-Bearing Product shall be considered "sold" when such Royalty-Bearing Product is billed, invoiced, shipped, or paid for, whichever occurs first.

G. All payments due LICENSORS shall be made in United States currency by check drawn on a U.S. bank, unless otherwise specified by LICENSORS.

## 4. RECORD INSPECTION AND AUDIT

A. LICENSORS shall have the right, upon reasonable notice, to inspect LICENSEE's books and records and other documents and material in LICENSEE's possession or control with respect to the subject matter of this Agreement. LICENSORS shall have free and full access thereto for such purposes and may make copies thereof. In no event shall LICENSORS have the right to examine information with respect to LICENSEE's costs, pricing formulas, or percentages of markup.

2

B. All books and records relative to LICENSEE's obligations hereunder shall be maintained and made accessible to LICENSORS for inspection at LICENSEE's corporate headquarters for at least three (3) years after termination of this Agreement.

## 5. WARRANTIES AND OBLIGATIONS

A. LICENSORS represent and warrant that they are the owner of the entire right, title, and interest in and to the '917 patent; that they have the right and power to grant the licenses granted herein; that there are no other agreements with any other party in conflict with such grant; and that they know of no prior art that would invalidate the '917 patent.

B. LICENSEE shall be solely responsible for the manufacture, production, sale, and distribution of the Royalty-Bearing Products and will bear all costs associated therewith.

D. In the event that LICENSORS develop improvements to the '917 patented technology, LICENSORS shall notify LICENSEE of such improvements as soon as is reasonably practicable.

## 6. TERMINATION

A. Immediate Right of Termination. LICENSORS shall have the right to immediately terminate this Agreement by giving written notice to LICENSEE in the event that LICENSEE files a petition in bankruptcy or is adjudicated bankrupt or insolvent, or makes an assignment for the benefit of creditors or an arrangement pursuant to any bankruptcy law.

B. Right to Terminate Upon Notice. Either party may terminate this Agreement upon 30 days' written notice to the other party in the event of a breach of any provision of this Agreement by the other party, provided that, during the 30-day period, the breaching party fails to cure such breach.

C. LICENSEE Right to Terminate. LICENSEE shall have the right to terminate this Agreement at any time upon 30 days' written notice to LICENSORS, such termination to become effective at the conclusion of such 30-day period.

## 7. CONFIDENTIALITY

A. "Confidential Information" shall mean any confidential technical data, trade secret, know-how or other confidential information disclosed by any party hereunder in writing, orally, or by drawing or other form and which shall be marked by the disclosing party as "Confidential" or "Proprietary." If such information is disclosed orally, or through demonstration, in order to be deemed Confidential Information, it must be specifically designated as being of a confidential nature at the time of disclosure and reduced in writing and delivered to the receiving party within (30) thirty days of such disclosure.

3

*page 4*

A. Any notice required to be given under this Agreement shall be in writing and delivered personally to the other designated party or mailed by certified, registered or Express mail, return receipt requested or by Federal Express.

Notices to Licensee shall be sent to the following address:

>    Mr. Drew Cook, CFO
>    c/o Trimaco, LLC
>    2300 Gateway Centre Blvd.
>    Morrisville, NC  27560

Notices to Licensors shall be sent to the following address:

>    Mr. and Mrs. Robert Terracino
>    3017 Egyptian Lane
>    Virginia Beach, VA 23456

B. Either party may change the address to which notice or payment is to be sent by written notice to the other under any provision of this paragraph.

## 10. JURISDICTION/DISPUTES

This Agreement shall be governed in accordance with the laws of the State of Delaware. All disputes under this Agreement shall be resolved by litigation in the courts of the State of the putative defendant, including the federal courts therein and the Parties all consent to the jurisdiction of such courts, agree to accept service of process by mail, and hereby waive any jurisdictional or venue defenses otherwise available to it.

## 11. AGREEMENT BINDING ON SUCCESSORS

The provisions of the Agreement shall be binding upon and shall inure to the benefit of the Parties hereto, their heirs, administrators, successors and assigns.

## 12. ASSIGNABILITY

Neither party may assign this Agreement or the rights and obligations thereunder to any third party without the prior express written approval of the other party which shall not be unreasonably withheld.

## 13. WAIVER

No waiver by either party of any default shall be deemed as a waiver of prior or subsequent default of the same of other provisions of this Agreement.

## 14. SEVERABILITY

If any term, clause or provision hereof is held invalid or unenforceable by a court of competent jurisdiction, such invalidity shall not affect the validity or operation of any other term, clause or provision and such invalid term, clause or provision shall be deemed to be severed from the Agreement.

## 15. INTEGRATION

This Agreement constitutes the entire understanding of the Parties, and revokes and supersedes all prior agreements between the Parties and is intended as a final expression of their Agreement. It shall not be modified or amended except in writing signed by the Parties hereto and specifically referring to this Agreement. This Agreement shall take precedence over any other documents which may conflict with this Agreement.

IN WITNESS WHEREOF, the Parties hereto, intending to be legally bound hereby, have each caused to be affixed hereto its or his/her hand and seal the day indicated.

[name of Licensor]                                  [name of Licensee]
By: *Bradlee M Terracino*                           By:
Title: *Robert S Terracino*                         Title:
Date: 2-10-2016                                     Date:

City/County of __VA Beach__
Commonwealth of Virginia
The foregoing instrument was acknowledged before me this __10__ day of __February__, 20__16__,
by __Bradlee M Terracino & Robert Terracino__
(name of person seeking acknowledgement)
__Elena A Mucci__
Notary Public
My commission expires: __July 31, 2019__

[Notary Seal:]
ELENA A MUCCI
Notary Public
Commonwealth of Virginia
282119
My Commission Expires Jul 31, 2019

6

## ROYALTY-BEARING PRODUCTS
## SCHEDULE A TO
## LICENSE AGREEMENT
## BETWEEN
## Bradie & Robert Terracino AND Trimaco, LLC
## DATED JANUARY, ___, 2016

**ROYALTY-BEARING PRODUCTS include the following:**

### Stay Put Canvas with Surface Grip

| Item# | Size |
|---|---|
| 04311 | 9'x12' |
| 04318 | 4'x12' |
| 04319 | 6'x8' |

### Stay Put Canvas with Surface Grip + Spill Block

| Item# | Size |
|---|---|
| 04321 | 9'x12' |
| 04328 | 4'x12' |
| 04329 | 6'x8' |

7



