IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| ROBERT TERRACINO and BRADIE TERRACINO, <br><br> Plaintiffs, <br><br> v. <br><br> TRIMACO, INC., <br> 2300 GATEWAY, LLC, <br> CHARLES COBAUGH, <br> and DAVID C. MAY, <br><br> Defendants. | CIVIL ACTION FILE NO. <br> 5:22-CV-15-FL |

### DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT AND MOTION FOR MORE DEFINITE STATEMENT

COME NOW Defendants Trimaco, Inc. ("Trimaco"), Charles Cobaugh ("Cobaugh"), and David May ("May") and, pursuant to Federal Rule of Civil Procedure 12(b)(6) and Local Civil Rule 7.1, move this Court to dismiss Plaintiffs Robert and Bradie Terracinos' ("Terracinos" or "Plaintiffs") claims for (i) fraud in the inducement, (ii) breach of license agreement ("the Agreement'), (iii) violation of the Federal Defend Trade Secrets Act ("DTSA"), (iv) violation of North Carolina's Unfair and Deceptive Trade Practice Act ("UDPTA"), (v) unconscionability of the patent license agreement, and (vi) civil conspiracy. Trimaco further moves this Court to dismiss in part Plaintiffs' claim for patent infringement of Plaintiffs' U.S. Patent No. 9,044,917 ("the '917 patent") with respect to Trimaco's Stay Put™ Canvas Plus product. Finally, Trimaco, pursuant to Federal Rule of Civil Procedure 12(e) and Local Civil Rule 7.1, moves this Court to order Plaintiffs to amend their First Amended Complaint to provide a more definite statement for their patent

infringement claim as to non-Stay Put™ Canvas Plus products. As set forth below and in the accompanying Memorandum of Law in Support of this Motion:

Plaintiffs have failed to state a plausible claim for fraud in the inducement against Trimaco and Cobaugh because their First Amended Complaint does not meet the requisite particularity required under Fed. R. Civ. P. 9(b). Counts I and II fail to put Trimaco and Cobaugh on notice as to the who, what, when, where, and how of the alleged fraud.

Plaintiffs' claim for breach of license agreement, Count III, must be dismissed with prejudice because they (1) failed to allege how Trimaco allegedly breached the Agreement; and (2) failed in part to reference a contractual provision or language that was allegedly breached.

Plaintiffs have failed to satisfy their pleading obligations vis a vis Trimaco and May with respect to their claims for violation of the Defend Trade Secrets Act, 18 U.S.C. § 1831, Counts IV and V, because Plaintiffs have failed to articulate what their trade secrets are, whether the trade secrets have economic value, and whether they have taken reasonable steps to protect them.

Plaintiffs have failed to state a plausible claim for violation of the Unfair and Deceptive Trade Practices Act ("UDTPA"), Count VI, because a valid contract governs the relationship between Plaintiffs and Trimaco. Thus, no cause of action under the UDTPA is available.

Plaintiffs' request for a declaration of unconscionability of the Agreement, Count VII, fails to articulate a claim because Plaintiffs do not identify what conduct they regard as unconscionable.

Plaintiffs have failed to state a plausible claim for civil conspiracy, Count IX, because the intra-corporate immunity doctrine applies to Trimaco, Cobaugh, and May.

Finally, Plaintiffs have failed to satisfy their pleading obligations with respect to their claim for patent infringement, Count VIII, because by Plaintiffs' own allegations, the Stay Put™ Canvas Plus product contains an element that contradicts the claim language of the '917 patent.

Trimaco also seeks a more definite statement pursuant to Fed. R. Civ. P. 12(e), because Plaintiffs fail to identify what products, if any, could infringe in view of the plain language of Plaintiffs' patent claims and the fact that Trimaco has already paid royalties to Plaintiffs.

Trimaco further seeks attorneys' fees in connection with Plaintiffs' role in necessitating this New Motion to Dismiss because Plaintiffs have wasted the Defendants' resources in filing a deficient Original Complaint and, in their First Amended Complaint, making halfhearted attempts to address some of those deficiencies or making no changes at all.

Trimaco, Cobaugh, and May respectfully request that the Court dismiss with prejudice Plaintiffs' claims as set forth herein and in the accompanying Memorandum, and order Plaintiffs to provide a more definite statement with respect to Plaintiffs' claim for patent infringement, and for all other just and proper relief.

Respectfully submitted this 9th day of May, 2022.

/s/ *John M. Moye*
John M. Moye (NC State Bar No. 35463)
BARNES & THORNBURG LLP
4280 Six Forks Road, Suite 1010
Raleigh, NC 27609-5738
Tel. (919) 536-6200
Email: JMoye@btlaw.com

BARNES & THORNBURG LLP
3475 Piedmont Road N.E., Suite 1700
Atlanta, Georgia 30305
Tel. (404) 264-4006

*Counsel for Defendants Trimaco, Inc., Charles Cobaugh, and David May*

# CERTIFICATE OF SERVICE

This is to certify that on the 9th day of May, 2022, I electronically filed the foregoing *Defendants' Motion to Dismiss First Amended Complaint and Motion for More Definite Statement* with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following counsel of record:

>Robert C. Van Arnam (N.C. Bar No. 28838)
>Andrew R. Shores (N.C. Bar No. 4600)
>WILLIAMS MULLEN
>P.O. Box 1000
>Raleigh, NC 27602-1000
>Telephone: (919) 981-4000
>Fax: (919) 981-4300
>rvanarnam@williamsmullen.com
>ashores@williamsmullen.com
>
>*Of Counsel*
>
>Duncan G. Byers, Esq.
>Va. Bar ID #48146
>PATTEN, WORNOM, HATTEN & DIAMONSTEIN
>12350 Jefferson Avenue, Suite 300
>Newport News, VA 23602
>Telephone: (757) 223-4500
>Fax: (757) 249-1627
>dbyers@pwhd.com
>
>*Counsel for Plaintiffs*

This 9th day of May, 2022.

>*/s/ John M. Moye*
>John M. Moye (NC State Bar No. 35463)
>BARNES & THORNBURG LLP
>4280 Six Forks Road, Suite 1010
>Raleigh, NC 27609-5738
>Tel. (919) 536-6200
>Email: JMoye@btlaw.com
>
>*Counsel for Defendants Trimaco, Inc.,*
>*Charles Cobaugh, and David May*