IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-CV-15-FL

ROBERT TERRACINO and
BRADIE TERRACINO,

    Plaintiffs,

v.

TRIMACO, INC.,

    Defendant.

## REPORT OF THE PARTIES' PLANNING MEETING
## AND [PROPOSED] RULE 26(F) REPORT

Defendant Trimaco, Inc. f/k/a Trimaco, LLC ("Trimaco" or "Defendant"), hereby respectfully submits this Report of the Parties' Planning Meeting and Proposed Rule 26(f) Report on behalf of both Defendant and Plaintiffs Robert and Bradie Terracino ("Plaintiffs"), stating as follows:

Pursuant to this Court's Order, Defendant's counsel met and conferred with Plaintiffs' counsel via teleconference on May 12, 2023 to discuss the case, discovery plan, and tentative case deadlines going forward. At the conclusion of the call, Plaintiffs' counsel agreed to provide an initial draft of the Rule 26(f) Report the following week and in advance of the Court's deadline so that the parties could negotiate and submit a final agreed upon draft. Plaintiffs' counsel failed to provide a working draft of the Rule 26(f) Report in the wake of the meet and confer call.

Counsel for Defendant inquired of Plaintiffs' counsel as to the status of the draft Rule 26(f) Report on May 26, 2023. Plaintiffs' counsel advised that he had started the draft, but that he was dealing with a personal emergency. No draft was ever provided. On or around June 1, 2023,

counsel for Defendant followed up with Plaintiffs' counsel asking about the Rule 26(f) Report that was due to the Court, but received no response.

Accordingly, Defendant respectfully submit this Proposed Rule 26(f) Report summarizing the deadlines and topics that were discussed and agreed upon by the parties during the May 12, 2023 meet and confer call.

1. The following persons participated in a Rule 26(f) conference on May 12, 2023 by telephone conference:

> Duncan Byers, representing the Plaintiffs.
>
> John Moye and Deborah Pollack-Milgate, representing the Defendant.

2. Initial Disclosures. The parties will complete, by June 16, 2023, the initial disclosures required by Rule 26(a)(1).

3. Discovery Plan. The parties agree that the deadlines in the Local Patent Rules should apply, and that all dates in the Local Patent Rules that state that they run from the date of the Initial Scheduling Conference, will run from June 2, 2023 (see section 5 for proposed case schedule). The parties further propose this discovery plan:

> (a) Discovery shall be bifurcated and limited as set forth below in an effort to streamline the proceedings.
>
> (b) If discovery proceeds in the ordinary course, it will be needed on these subjects: Infringement/non-infringement, validity/invalidity, damages; conception, reduction to practice, and prosecution of the Asserted Patent; licensing of the Asserted Patent; conception, reduction to practice, and development of the Accused Products; use of the Accused Products.

(c) The parties propose that discovery be limited initially. The parties propose that this limited schedule would include the initial patent disclosures, but be limited permitting fact discovery only insofar as relevant to any claim construction issues, which Defendant believes to be dispositive.

(d) Should this matter proceed in the ordinary course after claim construction, each side will be limited to a total of <u>25 interrogatories</u> to the other side, with answers and any objections due within 30 days after being served with the interrogatories.

(e) Should this matter proceed in the ordinary course after claim construction, each party may serve a maximum of <u>25 requests for admission</u> to another party, with answers and any objections due within 30 days after being served with the requests for admission.

(f) Should this matter proceed in the ordinary course after claim construction, each side is limited to <u>3 depositions</u>, not including any expert depositions.

(g) Each deposition is limited to a maximum of 4 hours.

(h) Should this matter proceed in the ordinary course after claim construction, the parties agree that expert discovery shall proceed in accordance with the Local Patent Rules.

(i) The parties will timely supplement discovery pursuant to Rule 26(e) on a rolling basis, as they become aware of evidence.

(j) The parties agree to the following ESI protocol: ESI and non-ESI shall be produced to the requesting party as text searchable image files (e.g., PDF or TIFF). When a text-searchable image file is produced, the producing party must preserve the integrity of the underlying ESI, i.e., the original formatting, the

metadata (as noted below) and, where applicable, the revision history. The parties shall produce their information in the following format: single page TIFF images and associated multi-page text files containing extracted text or OCR with appropriate load files containing all requisite information including relevant metadata. The parties will work together to enter a Protective Order by June 30, 2023, for the protection of confidential information produced during discovery. If, for any reason, the parties are unable to agree on the terms of the Protective Order, the parties will seek assistance from the Court.

4. Other Items:

(a) The parties request a hearing in advance of the entry of a scheduling order should the Court disagree that a bifurcated process is appropriate under the circumstances and as set forth herein.

(b) If this matter proceeds in the ordinary course following claim construction, the final pretrial conference should take place approximately one month before trial.

(c) The final date for the plaintiff to amend the pleadings or join parties is June 16, 2023.

(d) The final date for the defendants to amend the pleadings or join parties is June 23, 2023.

(e) The parties have agreed upon an early claim construction/initial dispositive motion deadline to focus on infringement/non-infringement hinging on the Court's determination of discreet claim construction issues, including the meaning of the term "consisting of." For this process, the parties recommend a staggered, combined claim construction and dispositive motion filing of October 11, 2023

(for the Defendant), and November 10, 2023 (for the Plaintiffs), with a proposed hearing in December 2023.

(f) Should this matter proceed in the ordinary course, the final dates to file other dispositive motions will be 30 days after the deadline for expert depositions to be completed.

(g) At this point in time, the parties do not believe there are good prospects for settlement.

(h) This case has been selected for mandatory mediation. The parties propose that the mandatory mediation take place after the claim construction/dispositive motion hearing.

(i) The final dates for submitting Rule 26(a)(3) witness lists, designations of witnesses whose testimony will be presented by deposition, and exhibit lists will be <u>60 days prior to trial</u>.

(j) Final dates to file objections under Rule 26(a)(3) will be <u>45 days prior to trial.</u> Should this matter proceed in the ordinary course following claim construction, the parties suggest a trial date of <u>July 2024</u>. The parties estimate 3 days for trial.

(k) The parties do not believe that a tutorial prior to claim construction is required.

5. Please see the parties' proposed schedule for the case up through and including the claim construction process and initial dispositive motion deadline:

| **Event** | **Deadline** | **Date** |
|---|---|---|
| Initial Rule 26(f) Call | May 12, 2023 | May 12, 2023 |
| Initial Rule 26(f) Statement Submitted | June 2, 2023 | June 2, 2023 |
| Defendant's Response to Amended Complaint | By stipulation | |

| Event | Deadline | Date |
|---|---|---|
| Defendant's Response to Plaintiff's Motion to Dismiss Counterclaims | By stipulation | |
| Plaintiff's Reply iso Motion to Dismiss Counterclaims | By stipulation | |
| Deadline For All The Patent L.R. Dates To Run From[1] | In Lieu of Initial Case Management Conference as the Starting Point | June 2, 2023 |
| Rule 26 Initial Disclosures | 14 days after Initial Case Management Conference | June 16, 2023 |
| Disclosure of Asserted Claims and Preliminary Infringement Contentions and Production of Supporting Documents | 30 Days from Initial Case Management Conference | June 30, 2023 |
| Preliminary Invalidity Contentions and Supporting Documents | 45 Days from service of Preliminary Infringement Contentions | August 16, 2023 |
| Exchange of Proposed Terms for Construction | 21 days after service of Preliminary Invalidity Contentions | September 7, 2023 |
| Exchange of Preliminary Claim Constructions and Extrinsic Evidence | 21 Days after exchange of Proposed Terms for Construction | September 28, 2023 |
| Joint Claim Construction Statement | 60 days after Service of Preliminary Invalidity Contentions | November 7, 2023 |
| Completion of Claim Construction Discovery, including Claim Construction Experts | 30 days after filing of Joint Claim Construction Statement | December 7, 2023 |
| Claim Construction Opening Brief/Initial Dispositive Motion (Defendant) and Response to Same (Plaintiffs) | 45 days after filing of Joint Claim Construction Statement | October 11 and November 1, 2023 |
| Deadline to Amend Pleadings and Join Defendants | | June 16, 2023 |

---

[1] The Local Patent Rules provide for certain dates to run from the Initial Scheduling or Initial Case Management Conference. The parties have stipulated that those dates will run from June 2, 2023, and any references to the Initial Case Management Conference uses the June 2, 2023 date.

| Event | Deadline | Date |
|---|---|---|
| Claim Construction Responsive Briefs | 21 days after service of Claim Construction Opening Briefs | N/A |
| Claim Construction Hearing | Subject to Court's Calendar, if Court believes a hearing is necessary | December, 2023 |
| Document Production Deadline | 7 months after Rule 26(f) Conference | The parties propose deferral of this deadline until after initial resolution of claim construction/dispositive motion. |
| Willfulness Supporting Documentation Becomes Discoverable | (1) 7 days after a ruling on summary judgment or (2) 30 days prior to close of fact discovery, whichever is earlier | The parties propose deferral of this deadline until after initial resolution of claim construction/dispositive motion. |
| Fact Discovery Closes | 12 months after Rule 26(f) Conference | The parties propose deferral of this deadline until after initial resolution of claim construction/dispositive motion. |
| Initial Disclosure of Experts and Expert Reports | 30 days after (1) the close of fact discovery or (2) the close of discovery after claim construction, whichever is later, party bearing the burden of proof must disclose expert | The parties propose deferral of this deadline until after initial resolution of claim construction/dispositive motion. |
| Disclosure of Responsive Experts and Expert Reports | 30 days after the Initial Disclosure of Experts | The parties propose deferral of this deadline until after initial resolution of claim construction/dispositive motion. |
| Rebuttal Expert Disclosures and Expert Reports | 14 days after Responsive Experts and Expert Reports | The parties propose deferral of this deadline until after initial resolution of claim construction/dispositive motion. |

| Event | Deadline | Date |
|---|---|---|
| Expert Depositions Can Begin | 7 days after rebuttal expert reports | The parties propose deferral of this deadline until after initial resolution of claim construction/dispositive motion. |
| Expert Depositions Must be Completed | 30 days after date Expert Depositions Can Begin | The parties propose deferral of this deadline until after initial resolution of claim construction/dispositive motion. |
| Final Infringement Contentions | (1) By Stipulation; (2) within 30 days of Claim Construction Ruling; (3) within 30 days of discovery having revealed information requiring modification | TBD |
| Final Invalidity Contentions | (1) By Stipulation; (2) within 50 days of Claim Construction Ruling; (3) within 30 days of discovery having revealed information requiring modification | TBD |
| Opening Motions for Summary Judgment | Set by Court (but likely within 30 days after the close of discovery) | The parties propose deferral of this deadline until after initial resolution of claim construction/dispositive motion. |
| Oppositions to Motions for Summary Judgment | Set by Court (30 days after opening brief) | The parties propose deferral of this deadline until after initial resolution of claim construction/dispositive motion. |
| Replies in support of Motions for Summary Judgment | Set by Court (30 days after oppositions) | The parties propose deferral of this deadline until after initial resolution of claim construction/dispositive motion. |

| Event | Deadline | Date |
|---|---|---|
| Final Date for Submitting Rule 26(a)(3) Lists and Designations | | The parties propose deferral of this deadline until after initial resolution of claim construction/dispositive motion. |
| Deadline to File Objections Under Rule 26(a)(3) | | The parties propose deferral of this deadline until after initial resolution of claim construction/dispositive motion. |
| Pretrial Conference | To Be Set by Court | |
| Trial | To Be Set by Court | |

Respectfully submitted, this 2nd day of June, 2023.

        */s/ John M. Moye*
        John M. Moye (NC State Bar No. 35463)
        BARNES & THORNBURG LLP
        4208 Six Forks Road, Suite 1010
        Raleigh, North Carolina 27609
        Tel. (919) 802-4436
        Fax (919) 536-6201
        jmoye@btlaw.com

        Deborah Pollack-Milgate*
        Indiana Bar No. 22475-49
        BARNES & THORNBURG LLP
        11 S. Meridian Street
        Indianapolis, IN 46204
        Tel. (317) 231-7339
        deborah.pollackmilgate@btlaw.com

        *\*by special appearance*

        *Counsel for Defendant Trimaco, Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that on June 2, 2023 I electronically filed the foregoing *Report of the Parties' Planning Meeting and Proposed Rule 26(f) Report* with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

This the 2nd day of June, 2023.

/s John M. Moye
John M. Moye (NC State Bar No. 35463)
BARNES & THORNBURG LLP
4208 Six Forks Road, Suite 1010
Raleigh, NC 27609-5738
Tel. (919) 802-4436
Fax (919) 536-6201
jmoye@btlaw.com

*Counsel for Defendant Trimaco, Inc.*