# EXHIBIT 5



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | ISSUE DATE | PATENT NO. | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 14/044,130 | 06/02/2015 | 9044917 | WS-119 CIP | 9866 |

71490          7590          05/13/2015
WILLIAMS G. SYKES
3669 SEAGULL BLUFF DRIVE
VIRGINIA BEACH, VA 23455

# ISSUE NOTIFICATION

The projected patent number and issue date are specified above.

### Determination of Patent Term Adjustment under 35 U.S.C. 154 (b)
(application filed on or after May 29, 2000)

The Patent Term Adjustment is 0 day(s). Any patent to issue from the above-identified application will include an indication of the adjustment on the front page.

If a Continued Prosecution Application (CPA) was filed in the above-identified application, the filing date that determines Patent Term Adjustment is the filing date of the most recent CPA.

Applicant will be able to obtain more detailed information by accessing the Patent Application Information Retrieval (PAIR) WEB site (http://pair.uspto.gov).

Any questions regarding the Patent Term Extension or Adjustment determination should be directed to the Office of Patent Legal Administration at (571)-272-7702. Questions relating to issue and publication fee payments should be directed to the Application Assistance Unit (AAU) of the Office of Data Management (ODM) at (571)-272-4200.

APPLICANT(s) (Please see PAIR WEB site http://pair.uspto.gov for additional applicants):

Bradie Terracino, Virginia Beach, VA;
Robert Terracino, Virginia Beach, VA;

The United States represents the largest, most dynamic marketplace in the world and is an unparalleled location for business investment, innovation, and commercialization of new technologies. The USA offers tremendous resources and advantages for those who invest and manufacture goods here. Through SelectUSA, our nation works to encourage and facilitate business investment. To learn more about why the USA is the best country in the world to develop technology, manufacture products, and grow your business, visit SelectUSA.gov.

IR103 (Rev. 10/09)

 UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NUMBER | FILING or 371(c) DATE | GRP ART UNIT | FIL FEE REC'D | ATTY.DOCKET.NO | TOT CLAIMS | IND CLAIMS |
|---|---|---|---|---|---|---|
| 14/044,130 | 10/02/2013 | 1786 | 400 | WS-119 CIP | 20 | 2 |

**CONFIRMATION NO. 9866**

71490
WILLIAMS G. SYKES
3669 SEAGULL BLUFF DRIVE
VIRGINIA BEACH, VA 23455

**CORRECTED FILING RECEIPT**


OC000000074819606

Date Mailed: 04/24/2015

Receipt is acknowledged of this non-provisional patent application. The application will be taken up for examination in due course. Applicant will be notified as to the results of the examination. Any correspondence concerning the application must include the following identification information: the U.S. APPLICATION NUMBER, FILING DATE, NAME OF APPLICANT, and TITLE OF INVENTION. Fees transmitted by check or draft are subject to collection. Please verify the accuracy of the data presented on this receipt. **If an error is noted on this Filing Receipt, please submit a written request for a Filing Receipt Correction. Please provide a copy of this Filing Receipt with the changes noted thereon. If you received a "Notice to File Missing Parts" for this application, please submit any corrections to this Filing Receipt with your reply to the Notice. When the USPTO processes the reply to the Notice, the USPTO will generate another Filing Receipt incorporating the requested corrections**

**Inventor(s)**

Bradie Terracino, Virginia Beach, VA;
Robert Terracino, Virginia Beach, VA;

**Applicant(s)**

Bradie Terracino, Virginia Beach, VA;
Robert Terracino, Virginia Beach, VA;

**Power of Attorney:** None

**Domestic Priority data as claimed by applicant**

This application is a CIP of 12/460,763 07/27/2009 ABN

**Foreign Applications** for which priority is claimed (You may be eligible to benefit from the **Patent Prosecution Highway** program at the USPTO. Please see http://www.uspto.gov for more information.) - None.
*Foreign application information must be provided in an Application Data Sheet in order to constitute a claim to foreign priority. See 37 CFR 1.55 and 1.76.*

**If Required, Foreign Filing License Granted:** 10/21/2013

The country code and number of your priority application, to be used for filing abroad under the Paris Convention, is **US 14/044,130**

**Projected Publication Date:** Request for Non-Publication Acknowledged

**Non-Publication Request:** Yes

**Early Publication Request:** No
**\*\* MICRO ENTITY \*\***

page 1 of 3

**Title**

    NON-SKID PROTECTIVE CLOTH OR PAD

**Preliminary Class**

    428

**Statement under 37 CFR 1.55 or 1.78 for AIA (First Inventor to File) Transition Applications:** No

## PROTECTING YOUR INVENTION OUTSIDE THE UNITED STATES

Since the rights granted by a U.S. patent extend only throughout the territory of the United States and have no effect in a foreign country, an inventor who wishes patent protection in another country must apply for a patent in a specific country or in regional patent offices. Applicants may wish to consider the filing of an international application under the Patent Cooperation Treaty (PCT). An international (PCT) application generally has the same effect as a regular national patent application in each PCT-member country. The PCT process **simplifies** the filing of patent applications on the same invention in member countries, but **does not result** in a grant of "an international patent" and does not eliminate the need of applicants to file additional documents and fees in countries where patent protection is desired.

Almost every country has its own patent law, and a person desiring a patent in a particular country must make an application for patent in that country in accordance with its particular laws. Since the laws of many countries differ in various respects from the patent law of the United States, applicants are advised to seek guidance from specific foreign countries to ensure that patent rights are not lost prematurely.

Applicants also are advised that in the case of inventions made in the United States, the Director of the USPTO must issue a license before applicants can apply for a patent in a foreign country. The filing of a U.S. patent application serves as a request for a foreign filing license. The application's filing receipt contains further information and guidance as to the status of applicant's license for foreign filing.

Applicants may wish to consult the USPTO booklet, "General Information Concerning Patents" (specifically, the section entitled "Treaties and Foreign Patents") for more information on timeframes and deadlines for filing foreign patent applications. The guide is available either by contacting the USPTO Contact Center at 800-786-9199, or it can be viewed on the USPTO website at http://www.uspto.gov/web/offices/pac/doc/general/index.html.

For information on preventing theft of your intellectual property (patents, trademarks and copyrights), you may wish to consult the U.S. Government website, http://www.stopfakes.gov. Part of a Department of Commerce initiative, this website includes self-help "toolkits" giving innovators guidance on how to protect intellectual property in specific countries such as China, Korea and Mexico. For questions regarding patent enforcement issues, applicants may call the U.S. Government hotline at 1-866-999-HALT (1-866-999-4258).

# LICENSE FOR FOREIGN FILING UNDER

## Title 35, United States Code, Section 184

## Title 37, Code of Federal Regulations, 5.11 & 5.15

**GRANTED**

The applicant has been granted a license under 35 U.S.C. 184, if the phrase "IF REQUIRED, FOREIGN FILING LICENSE GRANTED" followed by a date appears on this form. Such licenses are issued in all applications where the conditions for issuance of a license have been met, regardless of whether or not a license may be required as set forth in 37 CFR 5.15. The scope and limitations of this license are set forth in 37 CFR 5.15(a) unless an earlier license has been issued under 37 CFR 5.15(b). The license is subject to revocation upon written notification. The date indicated is the effective date of the license, unless an earlier license of similar scope has been granted under 37 CFR 5.13 or 5.14.

This license is to be retained by the licensee and may be used at any time on or after the effective date thereof unless it is revoked. This license is automatically transferred to any related applications(s) filed under 37 CFR 1.53(d). This license is not retroactive.

The grant of a license does not in any way lessen the responsibility of a licensee for the security of the subject matter as imposed by any Government contract or the provisions of existing laws relating to espionage and the national security or the export of technical data. Licensees should apprise themselves of current regulations especially with respect to certain countries, of other agencies, particularly the Office of Defense Trade Controls, Department of State (with respect to Arms, Munitions and Implements of War (22 CFR 121-128)); the Bureau of Industry and Security, Department of Commerce (15 CFR parts 730-774); the Office of Foreign AssetsControl, Department of Treasury (31 CFR Parts 500+) and the Department of Energy.

**NOT GRANTED**

No license under 35 U.S.C. 184 has been granted at this time, if the phrase "IF REQUIRED, FOREIGN FILING LICENSE GRANTED" DOES NOT appear on this form. Applicant may still petition for a license under 37 CFR 5.12, if a license is desired before the expiration of 6 months from the filing date of the application. If 6 months has lapsed from the filing date of this application and the licensee has not received any indication of a secrecy order under 35 U.S.C. 181, the licensee may foreign file the application pursuant to 37 CFR 5.15(b).

---

## *SelectUSA*

The United States represents the largest, most dynamic marketplace in the world and is an unparalleled location for business investment, innovation, and commercialization of new technologies. The U.S. offers tremendous resources and advantages for those who invest and manufacture goods here. Through SelectUSA, our nation works to promote and facilitate business investment. SelectUSA provides information assistance to the international investor community; serves as an ombudsman for existing and potential investors; advocates on behalf of U.S. cities, states, and regions competing for global investment; and counsels U.S. economic development organizations on investment attraction best practices. To learn more about why the United States is the best country in the world to develop technology, manufacture products, deliver services, and grow your business, visit http://www.SelectUSA.gov or call +1-202-482-6800.

Best Available Copy

**Air FEE(S) TRANSMITTAL**



Complete and send this form, together with applicable fee(s), to: **Mail**   Mail Stop ISSUE FEE
Commissioner for Patents
P.O. Box 1450
Alexandria, Virginia 22313-1450
or **Fax**   (571)-273-2885

INSTRUCTIONS: This form should be used for transmitting the ISSUE FEE and PUBLICATION FEE (if required). Blocks 1 through 5 should be completed where appropriate. All further correspondence including the Patent, advance orders and notification of maintenance fees will be mailed to the current correspondence address as indicated unless corrected below or directed otherwise in Block 1, by (a) specifying a new correspondence address; and/or (b) indicating a separate "FEE ADDRESS" for maintenance fee notifications.

CURRENT CORRESPONDENCE ADDRESS (Note: Use Block 1 for change of address)

Note: A certificate of mailing can only be used for domestic mailings of the Fee(s) Transmittal. This certificate cannot be used for any other accompanying papers. Each additional paper, such as an assignment or formal drawing, must have its own certificate of mailing or transmission.



71490      7590      04/03/2015
WILLIAMS G. SYKES
3669 SEAGULL BLUFF DRIVE
VIRGINIA BEACH, VA 23455

**Certificate of Mailing or Transmission**
I hereby certify that this Fee(s) Transmittal is being deposited with the United States Postal Service with sufficient postage for first class mail in an envelope addressed to the Mail Stop ISSUE FEE address above, or being facsimile transmitted to the USPTO (571) 273-2885, on the date indicated below.

_WILLIAM G. Sykes_ (Depositor's name)

_William Sykes_ (Signature)

_4/8/2015_ (Date)

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 14/044,130 | 10/02/2013 | Bradie Terracino | WS-119 CIP | 9866 |

TITLE OF INVENTION: NON-SKID PROTECTIVE CLOTH OR PAD

| APPLN. TYPE | ENTITY STATUS | ISSUE FEE DUE | PUBLICATION FEE DUE | PREV. PAID ISSUE FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|---|
| nonprovisional | MICRO | $240 | $0 | $0 | $240 | 07/06/2015 |

| EXAMINER | ART UNIT | CLASS-SUBCLASS |
|---|---|---|
| LOPEZ, RICARDO E. | 1786 | 428-102000 |

**1. Change of correspondence address or indication of "Fee Address" (37 CFR 1.363).**

☐ Change of correspondence address (or Change of Correspondence Address form PTO/SB/122) attached.

☐ "Fee Address" indication (or "Fee Address" Indication form PTO/SB/47; Rev 03-02 or more recent) attached. **Use a Customer Number is required.**

**2.** For printing on the patent front page, list

(1) The names of up to 3 registered patent attorneys or agents OR, alternatively,

(2) The name of a single firm (having as a member a registered attorney or agent) and the names of up to 2 registered patent attorneys or agents. If no name is listed, no name will be printed.

1  _William G. Sykes_

2 _____

3 _____

**3. ASSIGNEE NAME AND RESIDENCE DATA TO BE PRINTED ON THE PATENT** (print or type)

PLEASE NOTE: Unless an assignee is identified below, no assignee data will appear on the patent. If an assignee is identified below, the document has been filed for recordation as set forth in 37 CFR 3.11. Completion of this form is NOT a substitute for filing an assignment.

(A) NAME OF ASSIGNEE                         (B) RESIDENCE: (CITY and STATE or COUNTRY)

Please check the appropriate assignee category or categories (will not be printed on the patent) :   ☐ Individual   ☐ Corporation or other private group entity   ☐ Government

**4a.** The following fee(s) are submitted:

☒ Issue Fee
☐ Publication Fee (No small entity discount permitted)
☐ Advance Order - # of Copies _____

**4b.** Payment of Fee(s): (**Please first reapply any previously paid issue fee shown above**)

☒ A check is enclosed.
☐ Payment by credit card. Form PTO-2038 is attached.
☐ The director is hereby authorized to charge the required fee(s), any deficiency, or credits any overpayment, to Deposit Account Number _____ (enclose an extra copy of this form).

**5. Change in Entity Status** (from status indicated above)

☐ Applicant certifying micro entity status. See 37 CFR 1.29

☐ Applicant asserting small entity status. See 37 CFR 1.27

☐ Applicant changing to regular undiscounted fee status.

NOTE: Absent a valid certification of Micro Entity Status (see forms PTO/SB/15A and 15B), issue fee payment in the micro entity amount will not be accepted at the risk of application abandonment.

NOTE: If the application was previously under micro entity status, checking this box will be taken to be a notification of loss of entitlement to micro entity status.

NOTE: Checking this box will be taken to be a notification of loss of entitlement to small or micro entity status, as applicable.

NOTE: This form must be signed in accordance with 37 CFR 1.31 and 1.33. See 37 CFR 1.4 for signature requirements and certifications.

Authorized Signature _William G. Sykes_          Date _4/8/2015_

Typed or printed name _William G. Sykes_          04/13/2015 HVUONG2 00000000 14044130

Registration No _50704_          01 FC:1591     240.00 DP

Page 2 of 3

PTOL-85 Part B (10-13) Approved for use through 10/31/2013    OMB 0651-0033    U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

# NOTICE OF ALLOWANCE AND FEE(S) DUE

71499        7590        04/03/2015
WILLIAMS G. SYKES
3669 SEAGULL BLUFF DRIVE
VIRGINIA BEACH, VA 23455

| EXAMINER |
|---|
| LOPEZ, RICARDO E. |

| ART UNIT | PAPER NUMBER |
|---|---|
| 1786 | |

DATE MAILED: 04/03/2015

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 14/044,130 | 10/02/2013 | Bradie Terracino | WS-119 CIP | 9866 |

TITLE OF INVENTION: NON-SKID PROTECTIVE CLOTH OR PAD

| APPLN. TYPE | ENTITY STATUS | ISSUE FEE DUE | PUBLICATION FEE DUE | PREV. PAID ISSUE FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|---|
| nonprovisional | MICRO | $240 | $0 | $0 | $240 | 07/06/2015 |

**THE APPLICATION IDENTIFIED ABOVE HAS BEEN EXAMINED AND IS ALLOWED FOR ISSUANCE AS A PATENT. PROSECUTION ON THE MERITS IS CLOSED. THIS NOTICE OF ALLOWANCE IS NOT A GRANT OF PATENT RIGHTS. THIS APPLICATION IS SUBJECT TO WITHDRAWAL FROM ISSUE AT THE INITIATIVE OF THE OFFICE OR UPON PETITION BY THE APPLICANT. SEE 37 CFR 1.313 AND MPEP 1308.**

**THE ISSUE FEE AND PUBLICATION FEE (IF REQUIRED) MUST BE PAID WITHIN THREE MONTHS FROM THE MAILING DATE OF THIS NOTICE OR THIS APPLICATION SHALL BE REGARDED AS ABANDONED. THIS STATUTORY PERIOD CANNOT BE EXTENDED. SEE 35 U.S.C. 151. THE ISSUE FEE DUE INDICATED ABOVE DOES NOT REFLECT A CREDIT FOR ANY PREVIOUSLY PAID ISSUE FEE IN THIS APPLICATION. IF AN ISSUE FEE HAS PREVIOUSLY BEEN PAID IN THIS APPLICATION (AS SHOWN ABOVE), THE RETURN OF PART B OF THIS FORM WILL BE CONSIDERED A REQUEST TO REAPPLY THE PREVIOUSLY PAID ISSUE FEE TOWARD THE ISSUE FEE NOW DUE.**

## HOW TO REPLY TO THIS NOTICE:

I. Review the ENTITY STATUS shown above. If the ENTITY STATUS is shown as SMALL or MICRO, verify whether entitlement to that entity status still applies.

If the ENTITY STATUS is the same as shown above, pay the TOTAL FEE(S) DUE shown above.

If the ENTITY STATUS is changed from that shown above, on PART B - FEE(S) TRANSMITTAL, complete section number 5 titled "Change in Entity Status (from status indicated above)".

For purposes of this notice, small entity fees are 1/2 the amount of undiscounted fees, and micro entity fees are 1/2 the amount of small entity fees.

II. PART B - FEE(S) TRANSMITTAL, or its equivalent, must be completed and returned to the United States Patent and Trademark Office (USPTO) with your ISSUE FEE and PUBLICATION FEE (if required). If you are charging the fee(s) to your deposit account, section "4b" of Part B - Fee(s) Transmittal should be completed and an extra copy of the form should be submitted. If an equivalent of Part B is filed, a request to reapply a previously paid issue fee must be clearly made, and delays in processing may occur due to the difficulty in recognizing the paper as an equivalent of Part B.

III. All communications regarding this application must give the application number. Please direct all communications prior to issuance to Mail Stop ISSUE FEE unless advised to the contrary.

**IMPORTANT REMINDER: Utility patents issuing on applications filed on or after Dec. 12, 1980 may require payment of maintenance fees. It is patentee's responsibility to ensure timely payment of maintenance fees when due.**

PTOL-85 (Rev. 02/11)

Case 5:22-cv-00015-FL   Document 43-6   Filed 10/31/23   Page 7 of 206   Ex. 1   0006

**PART B - FEE(S) TRANSMITTAL**

**Complete and send this form, together with applicable fee(s), to:** <u>Mail</u>　Mail Stop ISSUE FEE
Commissioner for Patents
P.O. Box 1450
Alexandria, Virginia 22313-1450
**or Fax**　(571)-273-2885

INSTRUCTIONS: This form should be used for transmitting the ISSUE FEE and PUBLICATION FEE (if required). Blocks 1 through 5 should be completed where appropriate. All further correspondence including the Patent, advance orders and notification of maintenance fees will be mailed to the current correspondence address as indicated unless corrected below or directed otherwise in Block 1, by (a) specifying a new correspondence address; and/or (b) indicating a separate "FEE ADDRESS" for maintenance fee notifications.

CURRENT CORRESPONDENCE ADDRESS (Note: Use Block 1 for any change of address)

71490　　7590　　04/03/2015
WILLIAMS G. SYKES
3669 SEAGULL BLUFF DRIVE
VIRGINIA BEACH, VA 23455

Note: A certificate of mailing can only be used for domestic mailings of the Fee(s) Transmittal. This certificate cannot be used for any other accompanying papers. Each additional paper, such as an assignment or formal drawing, must have its own certificate of mailing or transmission.

**Certificate of Mailing or Transmission**
I hereby certify that this Fee(s) Transmittal is being deposited with the United States Postal Service with sufficient postage for first class mail in an envelope addressed to the Mail Stop ISSUE FEE address above, or being facsimile transmitted to the USPTO (571) 273-2885, on the date indicated below.

_____ (Depositor's name)
_____ (Signature)
_____ (Date)

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 14/044,130 | 10/02/2013 | Bradie Terracino | WS-119 CIP | 9866 |

TITLE OF INVENTION: NON-SKID PROTECTIVE CLOTH OR PAD

| APPLN. TYPE | ENTITY STATUS | ISSUE FEE DUE | PUBLICATION FEE DUE | PREV. PAID ISSUE FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|---|
| nonprovisional | MICRO | $240 | $0 | $0 | $240 | 07/06/2015 |

| EXAMINER | ART UNIT | CLASS-SUBCLASS |
|---|---|---|
| LOPEZ, RICARDO E. | 1786 | 428-102000 |

1. Change of correspondence address or indication of "Fee Address" (37 CFR 1.363).
   ☐ Change of correspondence address (or Change of Correspondence Address form PTO/SB/122) attached.
   ☐ "Fee Address" indication (or "Fee Address" Indication form PTO/SB/47; Rev 03-02 or more recent) attached. **Use of a Customer Number is required.**

2. For printing on the patent front page, list
   (1) The names of up to 3 registered patent attorneys or agents OR, alternatively,
   (2) The name of a single firm (having as a member a registered attorney or agent) and the names of up to 2 registered patent attorneys or agents. If no name is listed, no name will be printed.

   1 _____
   2 _____
   3 _____

3. ASSIGNEE NAME AND RESIDENCE DATA TO BE PRINTED ON THE PATENT (print or type)

PLEASE NOTE: Unless an assignee is identified below, no assignee data will appear on the patent. If an assignee is identified below, the document has been filed for recordation as set forth in 37 CFR 3.11. Completion of this form is NOT a substitute for filing an assignment.

(A) NAME OF ASSIGNEE　　　　　　　　(B) RESIDENCE: (CITY and STATE or COUNTRY)

Please check the appropriate assignee category or categories (will not be printed on the patent):　☐ Individual　☐ Corporation or other private group entity　☐ Government

4a. The following fee(s) are submitted:
   ☐ Issue Fee
   ☐ Publication Fee (No small entity discount permitted)
   ☐ Advance Order - # of Copies _____

4b. Payment of Fee(s): (**Please first reapply any previously paid issue fee shown above**)
   ☐ A check is enclosed.
   ☐ Payment by credit card. Form PTO-2038 is attached.
   ☐ The director is hereby authorized to charge the required fee(s), any deficiency, or credits any overpayment, to Deposit Account Number _____ (enclose an extra copy of this form).

5. **Change in Entity Status** (from status indicated above)
   ☐ Applicant certifying micro entity status. See 37 CFR 1.29
   ☐ Applicant asserting small entity status. See 37 CFR 1.27
   ☐ Applicant changing to regular undiscounted fee status.

NOTE: Absent a valid certification of Micro Entity Status (see forms PTO/SB/15A and 15B), issue fee payment in the micro entity amount will not be accepted at the risk of application abandonment.
NOTE: If the application was previously under micro entity status, checking this box will be taken to be a notification of loss of entitlement to micro entity status.
NOTE: Checking this box will be taken to be a notification of loss of entitlement to small or micro entity status, as applicable.

NOTE: This form must be signed in accordance with 37 CFR 1.31 and 1.33. See 37 CFR 1.4 for signature requirements and certifications.

Authorized Signature _____　　Date _____

Typed or printed name _____　　Registration No. _____

Page 2 of 3

PTOL-85 Part B (10-13) Approved for use through 10/31/2013.　　OMB 0651-0033　　U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 14/044,130 | 10/02/2013 | Bradie Terracino | WS-119 CIP | 9866 |

71499          7590          04/03/2015

WILLIAMS G. SYKES
3669 SEAGULL BLUFF DRIVE
VIRGINIA BEACH, VA 23455

| EXAMINER |
|---|
| LOPEZ, RICARDO E. |

| ART UNIT | PAPER NUMBER |
|---|---|
| 1786 | |

DATE MAILED: 04/03/2015

## Determination of Patent Term Adjustment under 35 U.S.C. 154 (b)
(Applications filed on or after May 29, 2000)

The Office has discontinued providing a Patent Term Adjustment (PTA) calculation with the Notice of Allowance.

Section 1(h)(2) of the AIA Technical Corrections Act amended 35 U.S.C. 154(b)(3)(B)(i) to eliminate the requirement that the Office provide a patent term adjustment determination with the notice of allowance. See Revisions to Patent Term Adjustment, 78 Fed. Reg. 19416, 19417 (Apr. 1, 2013). Therefore, the Office is no longer providing an initial patent term adjustment determination with the notice of allowance. The Office will continue to provide a patent term adjustment determination with the Issue Notification Letter that is mailed to applicant approximately three weeks prior to the issue date of the patent, and will include the patent term adjustment on the patent. Any request for reconsideration of the patent term adjustment determination (or reinstatement of patent term adjustment) should follow the process outlined in 37 CFR 1.705.

Any questions regarding the Patent Term Extension or Adjustment determination should be directed to the Office of Patent Legal Administration at (571)-272-7702. Questions relating to issue and publication fee payments should be directed to the Customer Service Center of the Office of Patent Publication at 1-(888)-786-0101 or (571)-272-4200.

PTOL-85 (Rev. 02/11)

Case 5:22-cv-00015-FL   Document 43-6   Filed 10/31/23   Page 9 of 206   Ex. 1 0008

## OMB Clearance and PRA Burden Statement for PTOL-85 Part B

The Paperwork Reduction Act (PRA) of 1995 requires Federal agencies to obtain Office of Management and Budget approval before requesting most types of information from the public. When OMB approves an agency request to collect information from the public, OMB (i) provides a valid OMB Control Number and expiration date for the agency to display on the instrument that will be used to collect the information and (ii) requires the agency to inform the public about the OMB Control Number's legal significance in accordance with 5 CFR 1320.5(b).

The information collected by PTOL-85 Part B is required by 37 CFR 1.311. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, Virginia 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, Virginia 22313-1450. Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

## Privacy Act Statement

**The Privacy Act of 1974 (P.L. 93-579)** requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. Accordingly, pursuant to the requirements of the Act, please be advised that: (1) the general authority for the collection of this information is 35 U.S.C. 2(b)(2); (2) furnishing of the information solicited is voluntary; and (3) the principal purpose for which the information is used by the U.S. Patent and Trademark Office is to process and/or examine your submission related to a patent application or patent. If you do not furnish the requested information, the U.S. Patent and Trademark Office may not be able to process and/or examine your submission, which may result in termination of proceedings or abandonment of the application or expiration of the patent.

The information provided by you in this form will be subject to the following routine uses:

1. The information on this form will be treated confidentially to the extent allowed under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C 552a). Records from this system of records may be disclosed to the Department of Justice to determine whether disclosure of these records is required by the Freedom of Information Act.
2. A record from this system of records may be disclosed, as a routine use, in the course of presenting evidence to a court, magistrate, or administrative tribunal, including disclosures to opposing counsel in the course of settlement negotiations.
3. A record in this system of records may be disclosed, as a routine use, to a Member of Congress submitting a request involving an individual, to whom the record pertains, when the individual has requested assistance from the Member with respect to the subject matter of the record.
4. A record in this system of records may be disclosed, as a routine use, to a contractor of the Agency having need for the information in order to perform a contract. Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. 552a(m).
5. A record related to an International Application filed under the Patent Cooperation Treaty in this system of records may be disclosed, as a routine use, to the International Bureau of the World Intellectual Property Organization, pursuant to the Patent Cooperation Treaty.
6. A record in this system of records may be disclosed, as a routine use, to another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)).
7. A record from this system of records may be disclosed, as a routine use, to the Administrator, General Services, or his/her designee, during an inspection of records conducted by GSA as part of that agency's responsibility to recommend improvements in records management practices and programs, under authority of 44 U.S.C. 2904 and 2906. Such disclosure shall be made in accordance with the GSA regulations governing inspection of records for this purpose, and any other relevant (i.e., GSA or Commerce) directive. Such disclosure shall not be used to make determinations about individuals.
8. A record from this system of records may be disclosed, as a routine use, to the public after either publication of the application pursuant to 35 U.S.C. 122(b) or issuance of a patent pursuant to 35 U.S.C. 151. Further, a record may be disclosed, subject to the limitations of 37 CFR 1.14, as a routine use, to the public if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspection or an issued patent.
9. A record from this system of records may be disclosed, as a routine use, to a Federal, State, or local law enforcement agency, if the USPTO becomes aware of a violation or potential violation of law or regulation.

EX. 1 0009

| | Application No. | Applicant(s) |
|---|---|---|
| ***Notice of Allowability*** | 14/044,130 | TERRACINO ET AL. |
| | Examiner | Art Unit | AIA (First Inventor to File) Status |
| | RICARDO E. LOPEZ | 1786 | Yes |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address--*

All claims being allowable, PROSECUTION ON THE MERITS IS (OR REMAINS) CLOSED in this application. If not included herewith (or previously mailed), a Notice of Allowance (PTOL-85) or other appropriate communication will be mailed in due course. **THIS NOTICE OF ALLOWABILITY IS NOT A GRANT OF PATENT RIGHTS.** This application is subject to withdrawal from issue at the initiative of the Office or upon petition by the applicant. See 37 CFR 1.313 and MPEP 1308.

1. ☒ This communication is responsive to *02/02/2015*.

    ☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on _____.

2. ☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____; the restriction requirement and election have been incorporated into this action.

3. ☒ The allowed claim(s) is/are *1-3,5,8,10-12,14 and 17*. As a result of the allowed claims, you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see http://www.uspto.gov/patents/init_events/pph/index.jsp or send an inquiry to PPHfeedback@uspto.gov .

4. ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

    **Certified copies:**

      a) ☐ All    b) ☐ Some    *c) ☐ None of the:

        1. ☐ Certified copies of the priority documents have been received.

        2. ☐ Certified copies of the priority documents have been received in Application No. _____ .

        3. ☐ Copies of the certified copies of the priority documents have been received in this national stage application from the International Bureau (PCT Rule 17.2(a)).

    * Certified copies not received: _____ .

Applicant has THREE MONTHS FROM THE "MAILING DATE" of this communication to file a reply complying with the requirements noted below. Failure to timely comply will result in ABANDONMENT of this application.
**THIS THREE-MONTH PERIOD IS NOT EXTENDABLE.**

5. ☐ CORRECTED DRAWINGS ( as "replacement sheets") must be submitted.

    ☐ including changes required by the attached Examiner's Amendment / Comment or in the Office action of Paper No./Mail Date _____

    **Identifying indicia such as the application number (see 37 CFR 1.84(c)) should be written on the drawings in the front (not the back) of each sheet. Replacement sheet(s) should be labeled as such in the header according to 37 CFR 1.121(d).**

6. ☐ DEPOSIT OF and/or INFORMATION about the deposit of BIOLOGICAL MATERIAL must be submitted. Note the attached Examiner's comment regarding REQUIREMENT FOR THE DEPOSIT OF BIOLOGICAL MATERIAL.

**Attachment(s)**

1. ☐ Notice of References Cited (PTO-892)

2. ☐ Information Disclosure Statements (PTO/SB/08), Paper No./Mail Date _____

3. ☐ Examiner's Comment Regarding Requirement for Deposit of Biological Material

4. ☐ Interview Summary (PTO-413), Paper No./Mail Date _____ .

5. ☐ Examiner's Amendment/Comment

6. ☒ Examiner's Statement of Reasons for Allowance

7. ☐ Other _____ .

| /REL/ | /JENNIFER CHRISS/ |
|---|---|
| | Supervisory Patent Examiner, Art Unit 1786 |

Case 5:22-cv-00015-FL   Document 43-6   Filed 10/31/23   Page 11 of 206   EX. 2   0010

## DETAILED ACTION

### *Continued Examination Under 37 CFR 1.114*

1.      A request for continued examination under 37 CFR 1.114, including the fee set

forth in 37 CFR 1.17(e), was filed in this application after final rejection. Since this

application is eligible for continued examination under 37 CFR 1.114, and the fee set

forth in 37 CFR 1.17(e) has been timely paid, the finality of the previous Office action

has been withdrawn pursuant to 37 CFR 1.114.  Applicant's Amendments, including

amendment to the specification and Accompanying Remarks filed on December 27,

2014 have been entered and carefully considered. In view of Applicant's response, all

previously set forth rejections have been withdrawn.

### *Reasons for Allowance*

2.      The following is an examiner's statement of reasons for allowance: no prior art

was found to teach or fairly suggest the invention as set forth in the claims. While Zegler

et al. US 5,567,497 (Zegler) in view of Stichter US 3,627,566 (Stichter) and further in

view of Bell US 2,274,468 (Bell) as evidenced by Tresino US 2009/0220797 (Tresino);

or Zegler et al. US 5,567,497 (Zegler) in view of Stichter US 3,627,566 (Stichter) and

further in view of Harrison et al. US 3,565,661 (Harrison) as evidenced by Tresino US

2009/0220797 A1 (Tresino) are believed to be the closest prior art, said combinations

fail to teach or suggest the limitation requiring that the "downward projecting bumps

each having a height, said height of bumps having the smaller of said at least two

different circumferential sizes being, greater than said height of bumps having said

larger of said at least two circumferential sizes", in combination with the remaining

limitations of the claims.


3.      As such, claims 1 – 3, 5, 8, 10 – 12, 14 and 17 are found allowable over the prior

art of record.


### *Conclusion*

4.      Any inquiry concerning this communication or earlier communications from the
examiner should be directed to RICARDO E. LOPEZ whose telephone number is
(571)270-1150.  The examiner can normally be reached on Monday to Thursday 8:00
am-5:30pm EST, and every other Friday from 8:00 am to 4:30 pm..

5.      If attempts to reach the examiner by telephone are unsuccessful, the examiner's
supervisor, Jennifer Chriss can be reached on (571)-272-7783The fax phone number
for the organization where this application or proceeding is assigned is 571-273-8300.

6.      Information regarding the status of an application may be obtained from the
Patent Application Information Retrieval (PAIR) system.  Status information for
published applications may be obtained from either Private PAIR or Public PAIR.
Status information for unpublished applications is available through Private PAIR only.
For more information about the PAIR system, see http://pair-direct.uspto.gov. Should
you have questions on access to the Private PAIR system, contact the Electronic
Business Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a
USPTO Customer Service Representative or access to the automated information
system, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.

/REL/                                             /JENNIFER CHRISS/
Ricardo E. Lopez                                  Supervisory Patent Examiner, Art
Patent Examiner, Art Unit 1786                    Unit 1786

| *Search Notes* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 14044130 | TERRACINO ET AL. |
| | **Examiner** | **Art Unit** |
| | RICARDO E LOPEZ | 1786 |

## CPC- SEARCHED

| Symbol | Date | Examiner |
|---|---|---|
| B32B 27/20-32 and D03D 15/00 | 10/28/2014 | REL |

## CPC COMBINATION SETS  - SEARCHED

| Symbol | Date | Examiner |
|---|---|---|
| | | |

## US CLASSIFICATION SEARCHED

| Class | Subclass | Date | Examiner |
|---|---|---|---|
| 442 | 181-303 | 05/28/2014 | REL |
| 428 | 100,102,120,172,179,141-155 | 04/01/2015 | REL |

## SEARCH NOTES

| Search Notes | Date | Examiner |
|---|---|---|
| Inventor and Assigne search | 05/28/2014 | REL |
| EAST Search History attached | 05/28/2014 | REL |
| Updated EAST Search History attached | 10/28/2014 | REL |
| Consulted Alex Thomas and Don Loney | 04/01/2015 | REL |
| Updated EAST Search History attached | 04/01/2015 | REL |
| Interference Search History attached | 04/01/2015 | REL |

## INTERFERENCE SEARCH

| US Class/ CPC Symbol | US Subclass / CPC Group | Date | Examiner |
|---|---|---|---|
| 428 | 100,102,120,172,179,141-155 | 04/01/2015 | REL |

| /REL/ | /JENNIFER CHRISS/ Supervisory Patent Examiner.Art Unit 1786 |
|---|---|

| *Issue Classification* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 14044130 | TERRACINO ET AL. |
| | **Examiner** | **Art Unit** |
| | RICARDO E LOPEZ | 1786 |

**CPC**

| Symbol | | | | Type | Version |
|---|---|---|---|---|---|
| B32B | 3 | | 30 | F | 2013-01-01 |
| B32B | 5 | | 024 | I | 2013-01-01 |
| B32B | 7 | | 04 | I | 2013-01-01 |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

**CPC Combination Sets**

| Symbol | | | Type | Set | Ranking | Version |
|---|---|---|---|---|---|---|
| | | | | | | |

| /RICARDO E LOPEZ/ Examiner.Art Unit 1786 | 04/01/2015 | **Total Claims Allowed:** | |
|---|---|---|---|
| (Assistant Examiner) | (Date) | 10 | |
| /JENNIFER CHRISS/ Supervisory Patent Examiner.Art Unit 1786 | 04/01/2015 | O.G. Print Claim(s) | O.G. Print Figure |
| (Primary Examiner) | (Date) | 1 | 1 |

U.S. Patent and Trademark Office

Part of Paper No. 20150401

| **Issue Classification** | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 14044130 | TERRACINO ET AL. |
| | Examiner | Art Unit |
| | RICARDO E LOPEZ | 1786 |

| US ORIGINAL CLASSIFICATION | | INTERNATIONAL CLASSIFICATION | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| CLASS | SUBCLASS | CLAIMED | | | | | | NON-CLAIMED | | | | | |
| 428 | 102 | B | 3 | 2 | B | 9 / 00 (2006.01.01) | | | | | | | |
| CROSS REFERENCE(S) | | D | 0 | 6 | N | 7 / 00 (2006.01.01) | | | | | | | |
| | | B | 3 | 2 | B | 3 / 00 (2006.01.01) | | | | | | | |
| CLASS | SUBCLASS (ONE SUBCLASS PER BLOCK) | | | | | | | | | | | | |
| 428 | 141 | 172 | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |

| /RICARDO E LOPEZ/ Examiner.Art Unit 1786 | 04/01/2015 | **Total Claims Allowed:** | |
|---|---|---|---|
| (Assistant Examiner) | (Date) | 10 | |
| /JENNIFER CHRISS/ Supervisory Patent Examiner.Art Unit 1786 | 04/01/2015 | O.G. Print Claim(s) | O.G. Print Figure |
| (Primary Examiner) | (Date) | 1 | 1 |

U.S. Patent and Trademark Office

Part of Paper No. 20150401

EX. 1   0016

| Issue Classification | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 14044130 | TERRACINO ET AL. |
| | **Examiner** | **Art Unit** |
| | RICARDO E LOPEZ | 1786 |

☒ Claims renumbered in the same order as presented by applicant    ☐ CPA    ☐ T.D.    ☐ R.1.47

| Final | Original | Final | Original | Final | Original | Final | Original | Final | Original | Final | Original | Final | Original | Final | Original |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |

| | | | |
|---|---|---|---|
| /RICARDO E LOPEZ/<br>Examiner.Art Unit 1786 | 04/01/2015 | **Total Claims Allowed:** | |
| (Assistant Examiner) | (Date) | 10 | |
| /JENNIFER CHRISS/<br>Supervisory Patent Examiner.Art Unit 1786 | 04/01/2015 | O.G. Print Claim(s) | O.G. Print Figure |
| (Primary Examiner) | (Date) | 1 | 1 |

U.S. Patent and Trademark Office          Part of Paper No. 20150401

Ex. 1 0017

**EAST Search History**

**EAST Search History (Prior Art)**

| Ref # | Hits | Search Query | DBs | Default Operator | Plurals | Time Stamp |
|---|---|---|---|---|---|---|
| L2 | 16068 | 428/102,120,172,179,141-155.ccls. | US-PGPUB; USPAT; USOCR | ADJ | ON | 2015/04/01 09:01 |
| L3 | 1871 | l2 and (nib$3 or bump$3 or nodules or nub$3 or dimple$3 or spher$3 ) | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | ADJ | ON | 2015/04/01 09:03 |
| L4 | 640 | l3 and (net?work or grid or peak) | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | ADJ | ON | 2015/04/01 09:03 |
| L5 | 30 | l4 and (nonskid or nonslip or non-slip or non-skid or antiskid or anti-skid) | US-PGPUB; USPAT; USOCR | ADJ | ON | 2015/04/01 09:05 |
| L6 | 1871 | l2 and (nib$3 or bump$3 or nodules or nub$3 or dimple$3 or spher$3 ) | US-PGPUB; USPAT; USOCR | ADJ | ON | 2015/04/01 09:05 |
| L7 | 82 | l6 and (nonskid or nonslip or non-slip or non-skid or antiskid or anti-skid) | US-PGPUB; USPAT; USOCR | ADJ | ON | 2015/04/01 09:05 |
| L8 | 24 | l4 and (non?skid or non?slip or non-slip or non-skid or anti?skid or anti-skid) | US-PGPUB; USPAT; USOCR | ADJ | ON | 2015/04/01 09:08 |
| L9 | 970 | l3 and (net?work or grid or peak or matrix) | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | ADJ | ON | 2015/04/01 09:09 |
| L10 | 45 | l9 and (non?skid or non?slip or non-slip or non-skid or anti?skid or anti-skid) | US-PGPUB; USPAT; USOCR | ADJ | ON | 2015/04/01 09:09 |
| L11 | 1489 | (non?skid or non?slip or non-slip or non-skid or anti?skid or anti-skid) same (nib$3 or bump$3 or nodules or nub$3 or dimple$3 or spher$3 ) | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | ADJ | ON | 2015/04/01 09:16 |
| L12 | 230 | l11 and (net?work or grid or peak or | US- | ADJ | ON | 2015/04/01 |

Ex. 1 0018

| | | | | | | |
|---|---|---|---|---|---|---|
| | | matrix) | PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | | | 09:17 |
| L13 | 1301 | I3 and (net?work or grid or peak or matrix or composite) | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | ADJ | ON | 2015/04/01 09:20 |
| L14 | 60 | I13 and (non?skid or non?slip or non-slip or non-skid or anti?skid or anti-skid) | US-PGPUB; USPAT; USOCR | ADJ | ON | 2015/04/01 09:20 |
| L15 | 1871 | I2 and (nib$3 or bump$3 or nodule$3 or nub$3 or dimple$3 or spher$3 ) | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | ADJ | ON | 2015/04/01 09:22 |
| L16 | 17351 | 428/100,102,120,172,179,141-155.ccls. | US-PGPUB; USPAT; USOCR | ADJ | ON | 2015/04/01 09:26 |
| L17 | 1974 | I16 and (nib$3 or bump$3 or nodule$3 or nub$3 or dimple$3 or spher$3 ) | US-PGPUB; USPAT; USOCR | ADJ | ON | 2015/04/01 09:26 |
| L18 | 1349 | I17 and (net?work or grid or peak or matrix or composite) | US-PGPUB; USPAT; USOCR | ADJ | ON | 2015/04/01 09:27 |
| L19 | 63 | I18 and (non?skid or non?slip or non-slip or non-skid or anti?skid or anti-skid) | US-PGPUB; USPAT; USOCR | ADJ | ON | 2015/04/01 09:28 |
| L20 | 944 | (Shelf$3 or drawer) near2 liner | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | ADJ | ON | 2015/04/01 09:49 |
| L21 | 109 | I20 and (nib$3 or bump$3 or nodule$3 or nub$3 or dimple$3 or spher$3 ) | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | ADJ | ON | 2015/04/01 09:50 |
| L22 | 114 | I20 and (non?skid or non?slip or non-slip or non-skid or anti?skid or anti-skid) | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | ADJ | ON | 2015/04/01 09:51 |
| L23 | 321 | I20 and (net?work or grid or peak or matrix or composite) | US-PGPUB; USPAT; USOCR; EPO; JPO; | ADJ | ON | 2015/04/01 09:52 |

Case 5:22-cv-00015-FL   Document 43-6   Filed 10/31/23   Page 20 of 206

EX. 1 0019

| | | | DERWENT | | | |
|---|---|---|---|---|---|---|
| S1 | 1 | ("20110017341").PN. | US-PGPUB; USPAT; USOCR | OR | OFF | 2012/07/20 12:42 |
| S2 | 5 | (("6946183") or ("2274468") or ("3565661")).PN. | US-PGPUB; USPAT; USOCR | OR | OFF | 2012/07/20 14:00 |
| S8 | 44 | ((nonskid or nonslip or non-slip or non-skid or antiskid or anti-skid or protective or drop) with (drop cloth or covering or pad or mat or cloth) same (projection or protrusion or nodules or nub or dimple or tread or suction cup or vaccum cup or cleat) same ((fabric or cloth or woven) same (cotton or canvas)) | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | ADJ | ON | 2012/07/23 11:33 |
| S9 | 13 | S8 and (hollow or depression or pit or indentation or dent or dint or bump) | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | ADJ | ON | 2012/07/23 11:37 |
| S10 | 656 | (nonskid or nonslip) same (covering or pad or mat) | US-PGPUB; USPAT; USOCR | OR | ON | 2012/07/23 12:07 |
| S11 | 859 | (nonskid or nonslip) same (covering or pad or mat) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT | OR | ON | 2012/07/23 12:07 |
| S12 | 205 | S11 and (hollow or depression or pit or indentation or dent or dint or bump) | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | ADJ | ON | 2012/07/23 12:08 |
| S13 | 27 | S12 and (dimple or convex) | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | ADJ | ON | 2012/07/23 12:08 |
| S14 | 3 | (("5567497") or ("5173346") or ("4917932")).PN. | US-PGPUB; USPAT; USOCR | OR | OFF | 2012/07/23 12:15 |
| S15 | 8 | (zegler near2 stephen).in. | US-PGPUB; USPAT; USOCR | OR | OFF | 2012/07/23 15:25 |
| S16 | 2529 | 428/95,88.ccls. | US-PGPUB; USPAT; USOCR | OR | OFF | 2012/07/23 15:26 |
| S17 | 10 | S16 and ((nonskid or nonslip) same ((covering or pad or mat)) | US-PGPUB; | OR | OFF | 2012/07/23 15:27 |

Ex. 1 0020

| | | | USPAT; USOCR | | | |
|---|---|---|---|---|---|---|
| S18 | 1 | ("20080131680").PN. | US-PGPUB; USPAT; USOCR | OR | OFF | 2013/06/24 11:52 |
| S19 | 18 | (drop near3 (cloth or mat))same skid | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | ADJ | ON | 2013/06/25 10:37 |
| S20 | 274 | (floor near3 cover$3) same skid | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | ADJ | ON | 2013/06/25 10:48 |
| S21 | 30 | (floor near3 cover$3) same (skid and woven) | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | ADJ | ON | 2013/06/25 10:48 |
| S22 | 3 | (("20120213962") or ("20110143038") or ("20080003905")).PN. | US-PGPUB; USPAT; USOCR | OR | OFF | 2014/05/28 09:39 |
| S23 | 7716 | 442/181-303.ccls. | US-PGPUB; USPAT; USOCR | OR | OFF | 2014/05/28 09:54 |
| S24 | 7 | S23 and ((woven or fabric) with skid) | US-PGPUB; USPAT; USOCR | OR | OFF | 2014/05/28 09:55 |
| S25 | 2 | S23 and ((woven or fabric) with (slip near2 resist$3)) | US-PGPUB; USPAT; USOCR | OR | OFF | 2014/05/28 10:05 |
| S26 | 52 | S23 and ((woven or fabric) with plastisol) | US-PGPUB; USPAT; USOCR | OR | OFF | 2014/05/28 10:07 |
| S27 | 1 | ("6016570").PN. | US-PGPUB; USPAT; USOCR | OR | OFF | 2014/08/14 08:35 |
| S28 | 1 | ("4603494").PN. | US-PGPUB; USPAT; USOCR | OR | OFF | 2014/08/14 09:12 |
| S29 | 0 | "TAPPI T548" | US-PGPUB; USPAT; USOCR | OR | OFF | 2014/08/14 09:38 |
| S30 | 115107 | coefficient near2 friction | US-PGPUB; USPAT; | OR | OFF | 2014/08/14 09:40 |

| | | | USOCR | | | |
|---|---|---|---|---|---|---|
| S31 | 115107 | coefficient near2 friction | US-PGPUB; USPAT; USOCR | ADJ | OFF | 2014/08/14 09:40 |
| S32 | 0 | coefficient of friction | US-PGPUB; USPAT; USOCR | ADJ | OFF | 2014/08/14 09:41 |
| S33 | 7 | (floor near3 cover$3) same (skid and stitch$3) | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | ADJ | ON | 2014/10/27 12:13 |
| S34 | 22 | (nonskid or nonslip) same ((covering or pad or mat)and stitch$3) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT | ADJ | ON | 2014/10/27 13:45 |
| S35 | 10 | ((nonskid or nonslip or non-slip or non-skid or antiskid or anti-skid or protective or drop) with (drop cloth or covering or pad or mat or cloth) same (projection or protrusion or nodules or nub or dimple or tread or suction cup or vaccum cup or cleat)) same ((fabric or cloth or woven) same (cotton or canvas)same stitch$3) | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | ADJ | ON | 2014/10/27 13:47 |
| S36 | 6 | (nonskid or nonslip) same ((coefficient of friction)and plastisol) | US-PGPUB; USPAT; USOCR | OR | ON | 2014/10/27 14:04 |
| S37 | 1 | (nonskid or nonslip) same ((coefficient near2 friction)and plastisol) | US-PGPUB; USPAT; USOCR | OR | ON | 2014/10/27 14:06 |
| S38 | 386 | ((coefficient near2 friction)and plastisol) | US-PGPUB; USPAT; USOCR | OR | ON | 2014/10/27 14:08 |
| S39 | 226 | S38 and (nonskid or nonslip or non-slip or non-skid or antiskid or anti-skid or protective or drop) | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | ADJ | ON | 2014/10/27 14:09 |
| S40 | 116 | (high(coefficient near2 friction)and plastisol) | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | ADJ | ON | 2014/10/27 14:36 |
| S41 | 4 | (("4581413") or ("4693800") or ("4939212") or ("5290890")).PN. | US-PGPUB; USPAT; USOCR | OR | OFF | 2014/10/27 14:48 |
| S42 | 1 | ("7902286").PN. | US-PGPUB; | OR | OFF | 2014/10/27 15:03 |

Case 5:22-cv-00015-FL   Document 43-6   Filed 10/31/23   Page 23 of 206   EX. 1 0022

| | | | USPAT; USOCR | | | |
|---|---|---|---|---|---|---|
| S43 | 10791 | b32b27/20-32.cpc. | US-PGPUB; USPAT; USOCR | OR | OFF | 2014/10/28 09:44 |
| S44 | 4086 | S43 and (nonskid or nonslip or non-slip or non-skid or antiskid or anti-skid or protective or drop) | US-PGPUB; USPAT; USOCR | ADJ | ON | 2014/10/28 09:44 |
| S45 | 1090 | S43 and (coefficient near2 friction) | US-PGPUB; USPAT; USOCR | ADJ | ON | 2014/10/28 09:45 |
| S46 | 20 | S43 and ((coefficient near2 friction) and stitch$3) | US-PGPUB; USPAT; USOCR | ADJ | ON | 2014/10/28 09:45 |
| S47 | 2244 | d03d15/00.cpc. | US-PGPUB; USPAT; USOCR | OR | OFF | 2014/10/28 09:47 |
| S48 | 24 | S47 and ((coefficient near2 friction) and stitch$3) | US-PGPUB; USPAT; USOCR | ADJ | ON | 2014/10/28 09:47 |
| S52 | 409 | (shelf near2 liner) | US-PGPUB; USPAT; USOCR | OR | OFF | 2014/12/09 12:10 |
| S53 | 930 | (Shelf$3 or drawer) near2 liner | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | ADJ | ON | 2015/01/20 09:50 |
| S54 | 78 | S53 and (coefficient near2 friction) | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | ADJ | ON | 2015/01/20 09:51 |
| S55 | 250 | S53 and (projection or spher$3 or network) | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | ADJ | ON | 2015/01/20 10:00 |
| S56 | 2 | S53 and (projection and spher$3 and network) | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | ADJ | ON | 2015/01/20 10:00 |
| S57 | 10 | S53 and ( spher$3 and network) | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | ADJ | ON | 2015/01/20 10:01 |

Case 5:22-cv-00015-FL   Document 43-6   Filed 10/31/23   Page 24 of 206   Ex. 1 0023

| S58 | 37 | S53 and ( spher$3 and network or bump) | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | ADJ | ON | 2015/01/20 10:01 |
|---|---|---|---|---|---|---|
| S59 | 6 | ((Shelf$3 or drawer) near2 liner) same ((nonskid or nonslip or non-slip or non-skid or antiskid or anti-skid or protective) with (projection or protrusion or nodules or nub or dimple or tread or suction cup or vaccum cup or cleat)) | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | ADJ | ON | 2015/01/20 10:05 |
| S60 | 22614 | ((nonskid or nonslip or non-slip or non-skid or antiskid or anti-skid or protective) with (projection or protrusion or nodules or nub or dimple or tread or suction cup or vaccum cup or cleat)) | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | ADJ | ON | 2015/01/20 10:06 |
| S61 | 10 | ((nonskid or nonslip or non-slip or non-skid or antiskid or anti-skid or protective) with (projection or protrusion or nodules or nub or dimple or tread or suction cup or vaccum cup or cleat))same plastisol | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | ADJ | ON | 2015/01/20 10:07 |
| S62 | 115 | ((Shelf$3 or drawer) near2 liner) same (nonskid or nonslip or non-slip or non-skid or antiskid or anti-skid or protective) | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | ADJ | ON | 2015/01/20 10:08 |
| S63 | 1975 | "l15" and (projection or protrusion or nodules or nub or dimple or tread or suction cup or vaccum cup or cleat) | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | ADJ | ON | 2015/01/20 10:09 |
| S64 | 1905 | "l15" and (projection or protrusion or nodules or nub or dimple ) | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | ADJ | ON | 2015/01/20 10:09 |
| S65 | 2512 | "l10" and (projection or protrusion or nodules or nub or dimple ) | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | ADJ | ON | 2015/01/20 10:09 |
| S66 | 9 | ((Shelf$3 or drawer) near2 liner) same ((nonskid or nonslip or non-slip or non-skid or antiskid or anti-skid or protective)and (projection or protrusion or nodules or nub or dimple)) | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | ADJ | ON | 2015/01/20 10:11 |
| S67 | 168458 | ((nonskid or nonslip or non-slip or non-skid or antiskid or anti-skid or protective)and (projection or protrusion or nodules or nub or dimple)) | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | ADJ | ON | 2015/01/20 10:12 |

Ex. 1 0024

| S68 | 6 | (3M).as. and (Shelf$3 or drawer) near2 liner | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | ADJ | ON | 2015/01/20 10:14 |
|-----|---|----------------------------------------------|------------------------------------------|-----|----|--------|
| S69 | 34 | ((Shelf$3 or drawer) near2 liner ) same (projection or protrusion or nodules or nub or dimple ) | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | ADJ | ON | 2015/01/20 10:23 |
| S70 | 4939 | (nonskid or nonslip or non-slip or non-skid or antiskid or anti-skid) same (projection or protrusion or nodules or nub or dimple or spher$3 ) | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | ADJ | ON | 2015/01/20 10:25 |
| S71 | 15 | S70 and ((Shelf$3 or drawer) near2 liner) | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | ADJ | ON | 2015/01/20 10:26 |
| S72 | 569 | (nonskid or nonslip or non-slip or anti-skid or antiskid or anti-skid) same (nodules or nub or dimple or spher$3 ) | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | ADJ | ON | 2015/01/20 10:30 |
| S73 | 1 | (nonskid or nonslip or non-slip or anti-skid or antiskid or anti-skid) same ((nodules or nub or dimple or spher$3 )with (matrix or scrim or network)) | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | ADJ | ON | 2015/01/20 10:31 |
| S74 | 115 | ((Shelf$3 or drawer) near2 liner) same (nonskid or nonslip or non-slip or non-skid or antiskid or anti-skid or protective) | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | ADJ | ON | 2015/01/22 08:06 |
| S75 | 1095 | (nonskid or nonslip or non-slip or non-skid or antiskid or anti-skid) same (bump or nodules or nub or dimple or spher$3 ) | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | ADJ | ON | 2015/03/25 09:40 |
| S76 | 385 | S75 and (nonskid or nonslip or non-slip or non-skid or antiskid or anti-skid).ab. | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | ADJ | ON | 2015/03/25 09:41 |
| S77 | 84 | S76 and layer | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | ADJ | ON | 2015/03/25 09:42 |

Ex. 1 0025

| S78 | 13711 | 428/102,120,172,179,141.ccls. | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | ADJ | ON | 2015/03/25 09:51 |
|-----|-------|-------------------------------|-----|-----|-----|-----|
| S79 | 72 | S78 and (nonskid or nonslip or non-slip or non-skid or antiskid or anti-skid).ab. | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | ADJ | ON | 2015/03/25 09:51 |
| S80 | 1231 | S78 and (bump or nodules or nub or dimple or spher$3 or nib ) | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | ADJ | ON | 2015/03/25 09:56 |
| S81 | 1076 | S80 and layer | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | ADJ | ON | 2015/03/25 09:56 |
| S82 | 5 | S81 and (nonskid or nonslip or non-slip or non-skid or antiskid or anti-skid).ab. | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | ADJ | ON | 2015/03/25 09:56 |
| S83 | 42 | S80 and (floor near3 cover$3) | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | ADJ | ON | 2015/03/25 09:58 |
| S84 | 1144 | (nonskid or nonslip or non-slip or non-skid or antiskid or anti-skid) same (nib or bump or nodules or nub or dimple or spher$3 ) | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | ADJ | ON | 2015/03/25 10:08 |
| S85 | 404 | S84 and (nonskid or nonslip or non-slip or non-skid or antiskid or anti-skid).ab. | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | ADJ | ON | 2015/03/25 10:08 |
| S86 | 87 | S85 and layer | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | ADJ | ON | 2015/03/25 10:08 |
| S87 | 3 | S86 not S77 | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | ADJ | ON | 2015/03/25 10:09 |

Ex. 1 0026

| S88 | 22 | (nonskid or nonslip or non-slip or non-skid or antiskid or anti-skid) same (nib or bump or nodules or nub or dimple or spher$3 )near3 heigh$3 | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | ADJ | ON | 2015/03/25 10:17 |
|---|---|---|---|---|---|---|
| S89 | 17743 | (nib or bump or nodules or nub or dimple or spher$3 )near3 heigh$3 | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | ADJ | ON | 2015/03/25 10:19 |
| S90 | 85 | S89 and (nonskid or nonslip or non-slip or non-skid or antiskid or anti-skid) | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | ADJ | ON | 2015/03/25 10:20 |
| S91 | 74 | S78 and (nib or bump or nodules or nub or dimple or spher$3 )near3 heigh$3 | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | ADJ | ON | 2015/03/25 10:24 |
| S92 | 1036 | (non?skid or non?slip or non-slip or non-skid or antiskid or anti-skid) same (bump or nodules or nub or dimple or spher$3 ) | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | ADJ | ON | 2015/03/25 10:56 |
| S93 | 20 | (non?skid or non?slip or non-slip or non-skid or antiskid or anti-skid) same (nib or bump or nodules or nub or dimple or spher$3 )near3 heigh$3 | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | ADJ | ON | 2015/03/25 10:57 |

**4/1/2015 10:56:51 AM**
**C:\Users\rlopez\Documents\EAST\Workspaces\Non-skid cloth.wsp**

**EAST Search History**

**EAST Search History (Interference)**

| Ref # | Hits | Search Query | DBs | Default Operator | Plurals | Time Stamp |
|---|---|---|---|---|---|---|
| L25 | 9905 | 428/100,102,120,172,179,141-155.ccls. | USPAT; UPAD | ADJ | ON | 2015/04/01 09:56 |
| L26 | 970 | l25 and (nib$3 or bump$3 or nodule$3 or nub$3 or dimple$3 or spher$3 ) | USPAT; UPAD | ADJ | ON | 2015/04/01 09:57 |
| L27 | 646 | l26 and (net?work or grid or peak or matrix or composite) | USPAT; UPAD | ADJ | ON | 2015/04/01 09:58 |
| L28 | 33 | l27 and (non?skid or non?slip or non-slip or non-skid or anti?skid or anti-skid) | USPAT; UPAD | ADJ | ON | 2015/04/01 09:59 |

**4/1/2015 10:57:12 AM**
**C:\Users\rlopez\Documents\EAST\Workspaces\Non-skid cloth.wsp**

Ex. 1 0028

PTO/SB/30 (07-09)
Approved for use through 07/31/2012. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

## Request
## for
## Continued Examination (RCE)
## Transmittal

Address to:
Mail Stop RCE
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

| | |
|---|---|
| Application Number | 14044130 |
| Filing Date | 10/02/2013 |
| First Named Inventor | Bradie Terracino |
| Art Unit | 1786 |
| Examiner Name | Lopez, Ricardo E. |
| Attorney Docket Number | WS-119 CIP |

**This is a Request for Continued Examination (RCE) under 37 CFR 1.114 of the above-identified application.**

Request for Continued Examination (RCE) practice under 37 CFR 1.114 does not apply to any utility or plant application filed prior to June 8, 1995, or to any design application. See Instruction Sheet for RCEs (not to be submitted to the USPTO) on page 2.

1. **Submission required under 37 CFR 1.114** Note: If the RCE is proper, any previously filed unentered amendments and amendments enclosed with the RCE will be entered in the order in which they were filed unless applicant instructs otherwise. If applicant does not wish to have any previously filed unentered amendment(s) entered, applicant must request non-entry of such amendment(s).

   a. [✓] Previously submitted. If a final Office action is outstanding, any amendments filed after the final Office action may be considered as a submission even if this box is not checked.

      i. [ ] Consider the arguments in the Appeal Brief or Reply Brief previously filed on _____

      ii. [ ] Other _____

   b. [ ] Enclosed

      i. [ ] Amendment/Reply        iii. [ ] Information Disclosure Statement (IDS)

      ii. [ ] Affidavit(s)/ Declaration(s)        iv. [✓] Other _The Amendment has been filed._

2. **Miscellaneous**

   a. [ ] Suspension of action on the above-identified application is requested under 37 CFR 1.103(c) for a period of _____ months. (Period of suspension shall not exceed 3 months; Fee under 37 CFR 1.17(i) required)

   b. [ ] Other _____

3. **Fees** The RCE fee under 37 CFR 1.17(e) is required by 37 CFR 1.114 when the RCE is filed.

   a. [ ] The Director is hereby authorized to charge the following fees, any underpayment of fees, or credit any overpayments, to Deposit Account No. _____.

      i. [✓] RCE fee required under 37 CFR 1.17(e)

      ii. [✓] Extension of time fee (37 CFR 1.136 and 1.17)

      iii. [ ] Other _____

   b. [ ] Check in the amount of $ _____ enclosed

   c. [✓] Payment by credit card (Form PTO-2038 enclosed)

**WARNING: Information on this form may become public. Credit card information should not be included on this form. Provide credit card information and authorization on PTO-2038.**

### SIGNATURE OF APPLICANT, ATTORNEY, OR AGENT REQUIRED

| Signature | /william g. sykes/ | Date | 02/03/2015 |
|---|---|---|---|
| Name (Print/Type) | William G. Sykes | Registration No. | 50704 |

### CERTIFICATE OF MAILING OR TRANSMISSION

I hereby certify that this correspondence is being deposited with the United States Postal Service with sufficient postage as first class mail in an envelope addressed to: Mail Stop RCE, Commissioner for Patents, P. O. Box 1450, Alexandria, VA 22313-1450 or facsimile transmitted to the U.S. Patent and Trademark Office on the date shown below.

| Signature | /william g. sykes/ | | |
|---|---|---|---|
| Name (Print/Type) | William G. Sykes | Date | 02/03/2015 |

This collection of information is required by 37 CFR 1.114. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Mail Stop RCE, Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**
*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

PTO/SB/30 (07-09)
Approved for use through 07/31/2012. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

## Instruction Sheet for RCEs
(not to be submitted to the USPTO)

## *NOTES:*

An RCE is not a new application, and filing an RCE will not result in an application being accorded a new filing date.

**Filing Qualifications:**
The application must be a utility or plant application filed on or after June 8, 1995. The application cannot be a provisional application, a utility or plant application filed before June 8, 1995, a design application, or a patent under reexamination. See 37 CFR 1.114(e).

**Filing Requirements:**
***Prosecution in the application must be closed.*** Prosecution is closed if the application is under appeal, or the last Office action is a final action, a notice of allowance, or an action that otherwise closes prosecution in the application (e.g., an Office action under *Ex parte Quayle*). See 37 CFR 1.114(b).

***A submission and a fee are required at the time the RCE is filed.*** If reply to an Office action under 35 U.S.C. 132 is outstanding (e.g., the application is under final rejection), the submission must meet the reply requirements of 37 CFR 1.111. If there is no outstanding Office action, the submission can be an information disclosure statement, an amendment, new arguments, or new evidence. See 37 CFR 1.114(c). The submission may be a previously filed amendment ( e.g., an amendment after final rejection).

## WARNINGS:

**Request for Suspension of Action:**
All RCE filing requirements must be met before suspension of action is granted. A request for a suspension of action under 37 CFR 1.103(c) does <u>not</u> satisfy the submission requirement and does not permit the filing of the required submission to be suspended.

**Improper RCE will NOT toll Any Time Period:**

***Before Appeal -*** If the RCE is improper (e.g., prosecution in the application is not closed or the submission or fee has not been filed) and the application is not under appeal, the time period set forth in the last Office action will continue to run and the application will be abandoned after the statutory time period has expired if a reply to the Office action is not timely filed. No additional time will be given to correct the improper RCE.

***Under Appeal -*** If the RCE is improper (e.g., the submission or the fee has not been filed) and the application is under appeal, the improper RCE is effective to withdraw the appeal. Withdrawal of the appeal results in the allowance or abandonment of the application depending on the status of the claims. If there are no allowed claims, the application is abandoned. If there is at least one allowed claim, the application will be passed to issue on the allowed claim(s). See MPEP 1215.01.

**See MPEP 706.07(h) for further information on the RCE practice.**

Case 5:22-cv-00015-FL   Document 43-6   Filed 10/31/23   Page 31 of 206   Ex. 2   0030

# Privacy Act Statement

The **Privacy Act of 1974 (P.L. 93-579)** requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. Accordingly, pursuant to the requirements of the Act, please be advised that: (1) the general authority for the collection of this information is 35 U.S.C. 2(b)(2); (2) furnishing of the information solicited is voluntary; and (3) the principal purpose for which the information is used by the U.S. Patent and Trademark Office is to process and/or examine your submission related to a patent application or patent. If you do not furnish the requested information, the U.S. Patent and Trademark Office may not be able to process and/or examine your submission, which may result in termination of proceedings or abandonment of the application or expiration of the patent.

The information provided by you in this form will be subject to the following routine uses:

1. The information on this form will be treated confidentially to the extent allowed under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C 552a). Records from this system of records may be disclosed to the Department of Justice to determine whether disclosure of these records is required by the Freedom of Information Act.
2. A record from this system of records may be disclosed, as a routine use, in the course of presenting evidence to a court, magistrate, or administrative tribunal, including disclosures to opposing counsel in the course of settlement negotiations.
3. A record in this system of records may be disclosed, as a routine use, to a Member of Congress submitting a request involving an individual, to whom the record pertains, when the individual has requested assistance from the Member with respect to the subject matter of the record.
4. A record in this system of records may be disclosed, as a routine use, to a contractor of the Agency having need for the information in order to perform a contract. Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. 552a(m).
5. A record related to an International Application filed under the Patent Cooperation Treaty in this system of records may be disclosed, as a routine use, to the International Bureau of the World Intellectual Property Organization, pursuant to the Patent Cooperation Treaty.
6. A record in this system of records may be disclosed, as a routine use, to another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)).
7. A record from this system of records may be disclosed, as a routine use, to the Administrator, General Services, or his/her designee, during an inspection of records conducted by GSA as part of that agency's responsibility to recommend improvements in records management practices and programs, under authority of 44 U.S.C. 2904 and 2906. Such disclosure shall be made in accordance with the GSA regulations governing inspection of records for this purpose, and any other relevant (*i.e.*, GSA or Commerce) directive. Such disclosure shall not be used to make determinations about individuals.
8. A record from this system of records may be disclosed, as a routine use, to the public after either publication of the application pursuant to 35 U.S.C. 122(b) or issuance of a patent pursuant to 35 U.S.C. 151. Further, a record may be disclosed, subject to the limitations of 37 CFR 1.14, as a routine use, to the public if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspection or an issued patent.
9. A record from this system of records may be disclosed, as a routine use, to a Federal, State, or local law enforcement agency, if the USPTO becomes aware of a violation or potential violation of law or regulation.

Ex. 1   0031

## Electronic Patent Application Fee Transmittal

| Application Number: | 14044130 |
|---|---|
| Filing Date: | 02-Oct-2013 |
| Title of Invention: | Non-Skid Protective Cloth or Pad |
| First Named Inventor/Applicant Name: | Bradie Terracino |
| Filer: | William Gray Sykes |
| Attorney Docket Number: | WS-119 CIP |

Filed as Micro Entity

**Filing Fees for** Utility under 35 USC 111(a)

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Basic Filing:** | | | | |
| **Pages:** | | | | |
| **Claims:** | | | | |
| **Miscellaneous-Filing:** | | | | |
| **Petition:** | | | | |
| **Patent-Appeals-and-Interference:** | | | | |
| **Post-Allowance-and-Post-Issuance:** | | | | |
| **Extension-of-Time:** | | | | |

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| Extension - 1 month with $0 paid | 3251 | 1 | 50 | 50 |
| **Miscellaneous:** | | | | |
| RCE - 1st Request | 3801 | 1 | 300 | 300 |
| **Total in USD ($)** | | | | **350** |

Ex. 1 0033

## Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 21372830 |
| **Application Number:** | 14044130 |
| **International Application Number:** | |
| **Confirmation Number:** | 9866 |
| **Title of Invention:** | Non-Skid Protective Cloth or Pad |
| **First Named Inventor/Applicant Name:** | Bradie Terracino |
| **Customer Number:** | 71490 |
| **Filer:** | William Gray Sykes |
| **Filer Authorized By:** | |
| **Attorney Docket Number:** | WS-119 CIP |
| **Receipt Date:** | 02-FEB-2015 |
| **Filing Date:** | 02-OCT-2013 |
| **Time Stamp:** | 15:29:40 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | yes |
| Payment Type | Credit Card |
| Payment was successfully received in RAM | $350 |
| RAM confirmation Number | 1816 |
| Deposit Account | |
| Authorized User | |
| The Director of the USPTO is hereby authorized to charge indicated fees and credit any overpayment as follows: | |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | Request for Continued Examination (RCE) | sb0030_RCE_Terracino_F.pdf | 175761<br>6f36aee639fced9502c872197d760aea7afa7974 | no | 3 |

**Warnings:**

This is not a USPTO supplied RCE SB30 form.

**Information:**

| 2 | Fee Worksheet (SB06) | fee-info.pdf | 32026<br>74348812d4d88ecff359aa4afe9099867370 4353 | no | 2 |

**Warnings:**

**Information:**

| | | **Total Files Size (in bytes):** | 207787 | | |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

**National Stage of an International Application under 35 U.S.C. 371**
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

# UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 14/044,130 | 10/02/2013 | Bradie Terracino | WS-119 CIP | 9866 |

71490     7590     01/28/2015
WILLIAMS G. SYKES
3669 SEAGULL BLUFF DRIVE
VIRGINIA BEACH, VA 23455

| EXAMINER |
|---|
| LOPEZ, RICARDO E. |

| ART UNIT | PAPER NUMBER |
|---|---|
| 1786 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 01/28/2015 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A (Rev. 04/07)

| | Application No.<br>*14/044,130* | Applicant(s)<br>TERRACINO ET AL. | |
|---|---|---|---|
| ***Advisory Action***<br>***Before the Filing of an Appeal Brief*** | Examiner<br>RICARDO E. LOPEZ | Art Unit<br>1786 | AIA (First Inventor to File) Status<br>Yes |

**--The MAILING DATE of this communication appears on the cover sheet with the correspondence address --**

THE REPLY FILED <u>10/27/2015</u> FAILS TO PLACE THIS APPLICATION IN CONDITION FOR ALLOWANCE.

<u>NO NOTICE OF APPEAL FILED</u>

1. ☒ The reply was filed after a final rejection. No Notice of Appeal has been filed. To avoid abandonment of this application, applicant must timely file one of the following replies: (1) an amendment, affidavit, or other evidence, which places the application in condition for allowance;
(2) a Notice of Appeal (with appeal fee) in compliance with 37 CFR 41.31; or (3) a Request for Continued Examination (RCE) in compliance with 37 CFR 1.114 if this is a utility or plant application. Note that RCEs are not permitted in design applications. The reply must be filed within one of the following time periods:

   a) ☐   The period for reply expires _____ months from the mailing date of the final rejection.

   b) ☒   The period for reply expires on: (1) the mailing date of this Advisory Action; or (2) the date set forth in the final rejection, whichever is later. In no event, however, will the statutory period for reply expire later than SIX MONTHS from the mailing date of the final rejection.

   c) ☐   A prior Advisory Action was mailed more than 3 months after the mailing date of the final rejection in response to a first after-final reply filed within 2 months of the mailing date of the final rejection. The current period for reply expires _____ months from the mailing date of *the prior Advisory Action* or SIX MONTHS from the mailing date of the final rejection, whichever is earlier.

   *Examiner Note:* If box 1 is checked, check either box (a), (b) or (c). ONLY CHECK BOX (b) WHEN THIS ADVISORY ACTION IS THE <u>FIRST</u> RESPONSE TO APPLICANT'S <u>FIRST</u> AFTER-FINAL REPLY WHICH WAS FILED WITHIN TWO MONTHS OF THE FINAL REJECTION. ONLY CHECK BOX (c) IN THE LIMITED SITUATION SET FORTH UNDER BOX (c). See MPEP 706.07(f).

Extensions of time may be obtained under 37 CFR 1.136(a). The date on which the petition under 37 CFR 1.136(a) and the appropriate extension fee have been filed is the date for purposes of determining the period of extension and the corresponding amount of the fee. The appropriate extension fee under 37 CFR 1.17(a) is calculated from: (1) the expiration date of the shortened statutory period for reply originally set in the final Office action; or (2) as set forth in (b) or (c) above, if checked. Any reply received by the Office later than three months after the mailing date of the final rejection, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

<u>NOTICE OF APPEAL</u>

2. ☐ The Notice of Appeal was filed on _____. A brief in compliance with 37 CFR 41.37 must be filed within two months of the date of filing the Notice of Appeal (37 CFR 41.37(a)), or any extension thereof (37 CFR 41.37(e)), to avoid dismissal of the appeal. Since a Notice of Appeal has been filed, any reply must be filed within the time period set forth in 37 CFR 41.37(a).

<u>AMENDMENTS</u>

3. ☒ The proposed amendments filed after a final rejection, but prior to the date of filing a brief, will <u>not</u> be entered because

   a) ☒   They raise new issues that would require further consideration and/or search (see NOTE below);

   b) ☐   They raise the issue of new matter (see NOTE below);

   c) ☐   They are not deemed to place the application in better form for appeal by materially reducing or simplifying the issues for appeal; and/or

   d) ☐   They present additional claims without canceling a corresponding number of finally rejected claims.

   NOTE: *The new limitation in claim 1 raises a new issue that will require extensive search and further consideration.* . (See 37 CFR 1.116 and 41.33(a)).

4. ☐ The amendments are not in compliance with 37 CFR 1.121. See attached Notice of Non-Compliant Amendment (PTOL-324).

5. ☐ Applicant's reply has overcome the following rejection(s): _____.

6. ☐ Newly proposed or amended claim(s) _____ would be allowable if submitted in a separate, timely filed amendment canceling the non-allowable claim(s).

7. ☒ For purposes of appeal, the proposed amendment(s): (a) ☒ will not be entered, or (b) ☐ will be entered, and an explanation of how the new or amended claims would be rejected is provided below or appended.

<u>AFFIDAVIT OR OTHER EVIDENCE</u>

8. ☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on _____.

9. ☐ The affidavit or other evidence filed after a final action, but before or on the date of filing a Notice of Appeal will <u>not</u> be entered because applicant failed to provide a showing of good and sufficient reasons why the affidavit or other evidence is necessary and was not earlier presented. See 37 CFR 1.116(e).

10. ☐ The affidavit or other evidence filed after the date of filing the Notice of Appeal, but prior to the date of filing a brief, will <u>not</u> be entered because the affidavit or other evidence failed to overcome <u>all</u> rejections under appeal and/or appellant fails to provide a showing of good and sufficient reasons why it is necessary and was not earlier presented. See 37 CFR 41.33(d)(1).

11. ☐ The affidavit or other evidence is entered. An explanation of the status of the claims after entry is below or attached.

<u>REQUEST FOR RECONSIDERATION/OTHER</u>

12. ☒ The request for reconsideration has been considered but does NOT place the application in condition for allowance because: Applicant's arguments and request for reconsideration have been considered but they are rendered moot as they rely on the unentered amendment...

13. ☐ Note the attached Information *Disclosure Statement*(s). (PTO/SB/08) Paper No(s). _____

14. ☐ Other: _____.

<u>STATUS OF CLAIMS</u>

15. The status of the claim(s) is (or will be) as follows:

   Claim(s) allowed: .

   Claim(s) objected to: .

   Claim(s) rejected: 1-8.10-17.19 and 20.

| /JENNIFER CHRISS/<br>Supervisory Patent Examiner, Art Unit 1786 | /REL/ |
|---|---|

U.S. Patent and Trademark Office
PTOL-303 (Rev. 08-2013)         **Advisory Action Before the Filing of an Appeal Brief**         Part of Paper No. 20150122

DO NOT ENTER
/REL/

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | | |
|---|---|---|---|
| Appl. No. | : | 14/044,130 | Conf. No. 9866 |
| Applicant | : | Bradie Terracino et al. | |
| Filed | : | October 2, 2013 | |
| TC/A.U. | : | 1786 | |
| Examiner | : | Ricardo E. Lopez | |
| Docket No. | : | WS-119 CIP | |
| Title | : | Non-Skid Protective Cloth or Pad | |
| | : | | |
| Customer No. | : | 71490 | |

## <u>AMENDMENT AFTER FINAL OFFICE ACTION IN ACCORDANCE WITH 37 C.F.R. § 1.116</u>

Commissioner for Patents
P.O. Box 1450
Alexandria VA 22313-1450

S I R:

In response to the Office Action of October 31, 2014, please amend the above-identified patent application as follows:

**Amendments to the Specification** begin on page 2 of this paper

**Amendments to the Claims** are reflected in the listing of claims, which begins on page 3 of this paper.

**Remarks/Arguments** begin on page 8 of this paper.

Docket No. WS-119 CIP          Page 1 of 11

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Appl. No.         :     14/044,130          Conf. No. 9866

Applicant         :     Bradie Terracino et al.

Filed             :     October 2, 2013

TC/A.U.           :     1786

Examiner          :     Ricardo E. Lopez

Docket No.        :     WS-119 CIP

Title             :     Non-Skid Protective Cloth or Pad
                  :

Customer No.      :     71490


<u>**AMENDMENT AFTER FINAL OFFICE ACTION
IN ACCORDANCE WITH 37 C.F.R. § 1.116**</u>


Commissioner for Patents
P.O. Box 1450
Alexandria VA 22313-1450


S I R:

        In response to the Office Action of October 31, 2014, please amend the
above-identified patent application as follows:

        **Amendments to the Specification** begin on page 2 of this paper


        **Amendments to the Claims** are reflected in the listing of claims, which
begins on page 3 of this paper.


        **Remarks/Arguments** begin on page 8 of this paper.


Docket No. WS-119 CIP          Page 1 of 11

**Amendments to the Specification:**


Kindly amend the specification as indicated.

Kindly amend the paragraph beginning on page 15, line 17 as follows:


Referring now also to FIGURE 2, lower resilient layer 104 has a plurality of downward-projecting bumps 106a, 106b. Bumps 106a are typically larger in circumference than bumps 106b. As shown in FIGURE 1, larger bumps 106a are shown having a greater height than smaller bumps 106b. In alternate embodiments, larger and smaller bumps 106a and 106b, respectively, may have a substantially identical height. In still other embodiments, smaller bumps 106b may have a height larger than larger bumps 106a.   .

Case 5:22-cv-00015-FL   Document 43-6   Filed 10/31/23   Page 41 of 206   Ex. 1   0040

**Amendments to the Claims**:

This listing of claims will replace all prior versions, and listings, of claims in the application:

**Listing of Claims**:

Claim 1. (currently amended) A non-skid protective cloth or pad, consisting of:

a) a single, absorbent, plain woven upper layer free from any projecting cut pile and having an upper and a lower major surface;

b) a single lower, resilient layer having an upper and a lower major surface, said upper major surface of said single lower resilient layer being disposed adjacent said lower layer of said single, absorbent, woven upper layer, said lower resilient layer comprising a network of downward projecting bumps interconnected one to another by a resilient grid, said downward projecting bumps comprising bumps having at least two different circumferential sizes, said downward projecting bumps each having a height, said height of bumps having the smaller of said at least two different circumferential sizes being greater than said height of bumps having said larger of said at least two circumferential sizes; and

Case 5:22-cv-00015-FL   Document 43-6   Filed 10/31/23   Page 42 of 206   Ex. 1   0041

c)      stitching disposed through both said single, absorbent, upper, woven layer and said single lower resilient layer;

whereby when said lower major surface of said single lower resilient layer is placed on a support surface, a Sliding Coefficient of Friction measured in accordance with TAPPI T548 specification is greater than approximately 0.75.

Claim 2.  (original)  The non-skid protective cloth or pad as recited in claim 1, wherein said single, absorbent, woven, upper layer comprises a plain woven cotton fabric.

Claim 3.  (original)  The non-skid protective cloth or pad as recited in claim 1, wherein said single, absorbent, woven, upper layer comprises canvas.

Claim 4.  (cancelled)

Claim 5. (currently amended)  The non-skid protective cloth or pad as recited in claim [[4]] 1, wherein said downward projecting bumps comprise a shape selected from the group: spherical, quasi-spherical, and amorphous.

Claim 6. (cancelled)

Case 5:22-cv-00015-FL   Document 43-6   Filed 10/31/23   Page 43 of 206   Ex. 1 0042

Claim 7. (cancelled)

Claim 8. (currently amended)  The non-skid protective cloth or pad as recited in claim [[4]] 1, wherein said downward projecting bumps are separated one from another by an inter-bump space.

Claim 9.  (cancelled)

Claim 10.  (currently amended)  A non-skid protective cloth or pad, consisting of:

a)      a single, absorbent, plain woven upper layer free from any projecting cut pile and having an upper and a lower major surface;

b)      a single lower, resilient layer having an upper and a lower major surface, said upper major surface of said single lower resilient layer being disposed adjacent said lower layer of said single, absorbent, woven upper layer, said lower major surface comprising said lower resilient layer comprising a network of downward projecting bumps interconnected one to another by a resilient grid, said downward projecting bumps comprising bumps having at least two different

Case 5:22-cv-00015-FL   Document 43-6   Filed 10/31/23   Page 44 of 206   Ex. 1   0043

circumferential sizes, said downward projecting bumps each having a height, said

height of bumps having the smaller of said at least two different circumferential sizes

being greater than said height of bumps having said larger of said at least two

circumferential sizes;  and


     c)     stitching disposed through both said single, absorbent, upper, woven

layer and said single lower resilient layer;


 whereby when tested in accordance with TAPPI T548 specification, an average

slide angle is no less than approximately 40°.


     Claim 11.  (original)  The non-skid protective cloth or pad as recited in claim

10, wherein said single, absorbent, woven, upper layer comprises a plain woven

cotton fabric.


     Claim 12.  (original)  The non-skid protective cloth or pad as recited in claim

10, wherein said single, absorbent, woven, upper layer comprises canvas.


     Claim 13.  (cancelled)

Case 5:22-cv-00015-FL   Document 43-6   Filed 10/31/23   Page 45 of 206

Ex. 1  0044

Claim 14.   (currently amended)  The non-skid protective cloth or pad as recited in claim [[13]] 10, wherein said downward projecting bumps comprise a shape selected from the group: spherical, quasi-spherical, and amorphous.


Claim 15.  (cancelled)


Claim 16.   cancelled)


Claim 17.   (currently amended)  The non-skid protective cloth or pad as recited in claim [[13]] 10, wherein said downward projecting bumps are separated one from another by an inter[[-]]bump space.


Claim 18.  (cancelled)


Claim 19.   (cancelled)


Claim 20.  (cancelled)

Case 5:22-cv-00015-FL   Document 43-6   Filed 10/31/23   Page 46 of 206   Ex. 1   0045

## REMARKS/ARGUMENTS

Applicant first wishes to thank Examiners Ricardo and Chriss for their ongoing assistance with the claim language of this application, and particularly for their suggestions made during a telephonic interview with the undersigned and David Banner on December 10, 2014.

Reconsideration of the above-identified application is respectfully requested in view of the foregoing amendments and the following remarks. Claim 9 was previously cancelled without prejudice. Claims 4, 6, 7, 9, 13, 15, 16, 18, 19, and 20 are now also cancelled, without prejudice. Claims 1, 5, 8, 10, 14, and 17 have been amended. Claims 1 – 3, 5, 8, 10 – 12, 14 and 17 remain in the case.

Claims 1 – 8, 10 – 17, and 19 – 20 were rejected under 35 U.S.C. §103(a) as being unpatentable over United States Patent No. 5,567,497 for SKID-RESISTANT FLOOR COVERING AND METHOD OF MAKING SAME issued October 22, 1996 to Stephen A. Zegler et al., hereinafter ZEGLER, in view of United States Patent No. 3,627,566 for FLOOR COVERING WITH SKID-PROOF UNDERCOATING issued December 14, 1971 to Gunter Stichter et al. (hereinafter STICHTER) and further in view of United States Patent No. 2,274,468 for FLOOR COVERING issued February 24, 1942 to Harry W. Bell as evidenced by Published United States Patent

Docket No. WS-119 CIP　　　　Page 8 of 11

Application Serial No. 2009/0220797 for ABRASION RESISTANT POLY(VINYL

CHLORIDE) PLASTISOL published September 3, 2009 upon application by John J.

Tresino; or ZEGLER. in view of STICHTER and further in view of United States

Patent No. 3,565,661 for FLOOR COVERINGS AND THE LIKE issued February 23,

1971 to Alan Morley Harrison as evidenced by TRESINO.


    Claims 4, 6, 7, 9, 13, 15, 16, 18, 19, and 20 have now been cancelled,

thereby rendering their rejection under 35 U.S.C. §103(a) moot.


    Applicants have amended their independent claims 1 and 10 that previously

recited:


    "b)      a single lower, resilient layer having an upper and a lower major

surface, said upper major surface of said single lower resilient layer being disposed

adjacent said lower layer of said single, absorbent, woven upper layer;"


    to now recite:


    "b)      a single lower, resilient layer having an upper and a lower major

surface, said upper major surface of said single lower resilient layer being disposed

adjacent said lower layer of said single, absorbent, woven upper layer, said lower

Case 5:22-cv-00015-FL   Document 43-6   Filed 10/31/23   Page 48 of 206
Ex. 1   0047

major surface comprising a network of downward projecting bumps interconnected

one to another by a resilient grid, said downward projecting bumps comprising

bumps having at least two different circumferential sizes, said downward projecting

bumps each having a height, said height of bumps having the smaller of said at least

two different circumferential sizes being greater than said height of bumps having

said larger of said at least two circumferential sizes;"

In their review of the stated prior art over which claims 1 – 8, 10 – 17, and 19

– 20 were rejected under 35 U.S.C. §103(a), Applicants find no recitation or

suggestion of a lower surface configuration as now recited.  Consequently,

Applicants believe that their amendment of claims 1 and 10 overcome their rejection

under 35 U.S.C. §103(a) as being unpatentable over ZEGLER, in view of

STICHTER and further in view of BELL as evidenced by TRESINO; or ZEGLER in

view of STICHTER and further in view of HARRISON as evidenced by TRESINO.

Claims 2 – 3, 5, and 8 depend from now allowable claim 1 while claims, 11 –

12, 14 and 17 depend from now allowable claim 10.  Consequently, respective

amendments of claims 1 and 10 are believed also to have also overcome the

rejection of claims 2 – 3, 5, 8, 11 – 12, 14, and 17 under 35 U.S.C. §103(a) as being

unpatentable over ZEGLER, in view of STICHTER and further in view of BELL as

Case 5:22-cv-00015-FL   Document 43-6   Filed 10/31/23   Page 49 of 206   Ex. 1 0048

Application. No. 14/044,130
Amendment dated December 26, 2014
Reply to Office Action of October 31, 2014

evidenced by TRESINO; or ZEGLER in view of STICHTER and further in view of

HARRISON as evidenced by TRESINO.

Applicants respectfully request that all remaining claims be allowed and that

the application now be passed to issue.

Respectfully submitted,

I hereby certify that this correspondence is being deposited with the United States Postal Service as first class mail in an envelope addressed to:

Mail Stop AF
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

On _____12/27/2014_____
                              (Date of Deposit)

_____/william g. sykes/_____12/27/2014_____
William G. Sykes, Esq.  Reg. No. 50,704      (Date)
Attorney

_____/william g. sykes/_____
William G. Sykes, Esq.
Registration No. 50,704
Attorney for Applicants
3699 Seagull Bluff Drive
Virginia Beach, VA 23455

Phone: (757) 490-8586
Fax: (757) 363-3405

Docket No. WS-119 CIP        Page 11 of 11

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 21068901 |
| **Application Number:** | 14044130 |
| **International Application Number:** | |
| **Confirmation Number:** | 9866 |
| **Title of Invention:** | Non-Skid Protective Cloth or Pad |
| **First Named Inventor/Applicant Name:** | Bradie Terracino |
| **Customer Number:** | 71490 |
| **Filer:** | William Gray Sykes |
| **Filer Authorized By:** | |
| **Attorney Docket Number:** | WS-119 CIP |
| **Receipt Date:** | 27-DEC-2014 |
| **Filing Date:** | 02-OCT-2013 |
| **Time Stamp:** | 13:33:54 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | no |

### File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | Amendment Copy Claims/Response to Suggested Claims | Amendment_14044130_12_20 _2014_F.pdf | 60057 <br> 8fd113fcb4242d37af527d42b462ec2931b 96f1b | no | 11 |

**Warnings:**

**Information:**

Ex. 1 0050

| Total Files Size (in bytes): | 60057 |
|---|---|

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

**National Stage of an International Application under 35 U.S.C. 371**
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

Ex. 1 0051

PTO/SB/06 (09-11)
Approved for use through 1/31/2014. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

# PATENT APPLICATION FEE DETERMINATION RECORD
### Substitute for Form PTO-875

| Application or Docket Number | Filing Date | |
|---|---|---|
| 14/044,130 | 10/02/2013 | ☐ To be Mailed |

**ENTITY:** ☐ LARGE  ☐ SMALL  ☒ MICRO

## APPLICATION AS FILED – PART I

| | (Column 1) | (Column 2) | | |
|---|---|---|---|---|
| FOR | NUMBER FILED | NUMBER EXTRA | RATE ($) | FEE ($) |
| ☐ BASIC FEE (37 CFR 1.16(a), (b), or (c)) | N/A | N/A | N/A | |
| ☐ SEARCH FEE (37 CFR 1.16(k), (i), or (m)) | N/A | N/A | N/A | |
| ☐ EXAMINATION FEE (37 CFR 1.16(o), (p), or (q)) | N/A | N/A | N/A | |
| TOTAL CLAIMS (37 CFR 1.16(i)) | minus 20 = | * | X $ = | |
| INDEPENDENT CLAIMS (37 CFR 1.16(h)) | minus 3 = | * | X $ = | |
| ☐ APPLICATION SIZE FEE (37 CFR 1.16(s)) | If the specification and drawings exceed 100 sheets of paper, the application size fee due is $310 ($155 for small entity) for each additional 50 sheets or fraction thereof. See 35 U.S.C. 41(a)(1)(G) and 37 CFR 1.16(s). | | | |
| ☐ MULTIPLE DEPENDENT CLAIM PRESENT (37 CFR 1.16(j)) | | | | |
| * If the difference in column 1 is less than zero, enter "0" in column 2. | | | TOTAL | |

## APPLICATION AS AMENDED – PART II

| | | (Column 1) | (Column 2) | (Column 3) | | |
|---|---|---|---|---|---|---|
| **AMENDMENT** | **08/20/2014** | CLAIMS REMAINING AFTER AMENDMENT | HIGHEST NUMBER PREVIOUSLY PAID FOR | PRESENT EXTRA | RATE ($) | ADDITIONAL FEE ($) |
| | Total (37 CFR 1.16(i)) | * 18 | Minus | ** 20 | = 0 | x $20 = | 0 |
| | Independent (37 CFR 1.16(h)) | * 2 | Minus | *** 3 | = 0 | x $105 = | 0 |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | |
| | | | | | TOTAL ADD'L FEE | **0** |

| | | (Column 1) | (Column 2) | (Column 3) | | |
|---|---|---|---|---|---|---|
| **AMENDMENT** | **12/27/2014** | CLAIMS REMAINING AFTER AMENDMENT | HIGHEST NUMBER PREVIOUSLY PAID FOR | PRESENT EXTRA | RATE ($) | ADDITIONAL FEE ($) |
| | Total (37 CFR 1.16(i)) | * 10 | Minus | ** 20 | = 0 | x $20 = | 0 |
| | Independent (37 CFR 1.16(h)) | * 2 | Minus | *** 3 | = 0 | x $105 = | 0 |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | |
| | | | | | TOTAL ADD'L FEE | **0** |

* If the entry in column 1 is less than the entry in column 2, write "0" in column 3.
** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20".
*** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3".
The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1.

LIE
/GLENN BURNS JR/

This collection of information is required by 37 CFR 1.16. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**
*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

## United States Patent and Trademark Office

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 14/044,130 | 10/02/2013 | Bradie Terracino | WS-119 CIP | 9866 |

71490        7590        10/31/2014

WILLIAMS G. SYKES
3669 SEAGULL BLUFF DRIVE
VIRGINIA BEACH, VA 23455

| EXAMINER |
|---|
| LOPEZ, RICARDO E. |

| ART UNIT | PAPER NUMBER |
|---|---|
| 1786 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 10/31/2014 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A (Rev. 04/07)

| | Application No. | Applicant(s) |
|---|---|---|
| ***Office Action Summary*** | 14/044,130 | TERRACINO ET AL. |
| | Examiner | Art Unit | AIA (First Inventor to File) Status |
| | RICARDO E. LOPEZ | 1786 | Yes |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTHS FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133). Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1) ☒ Responsive to communication(s) filed on <u>08/20/2014</u>.
    ☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on _____.

2a) ☒ This action is **FINAL.**    2b) ☐ This action is non-final.

3) ☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____; the restriction requirement and election have been incorporated into this action.

4) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims\***

5) ☒ Claim(s) <u>1-8,10-17,19 and 20</u> is/are pending in the application.
    5a) Of the above claim(s) _____ is/are withdrawn from consideration.

6) ☐ Claim(s) _____ is/are allowed.

7) ☒ Claim(s) <u>1-8, 10-17 and 19-20</u> is/are rejected.

8) ☐ Claim(s) _____ is/are objected to.

9) ☐ Claim(s) _____ are subject to restriction and/or election requirement.

\* If any claims have been determined <u>allowable</u>, you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see http://www.uspto.gov/patents/init_events/pph/index.jsp or send an inquiry to PPHfeedback@uspto.gov.

**Application Papers**

10) ☐ The specification is objected to by the Examiner.

11) ☐ The drawing(s) filed on _____ is/are: a) ☐ accepted or b) ☐ objected to by the Examiner.
    Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).
    Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

**Priority under 35 U.S.C. § 119**

12) ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
    **Certified copies:**
    a) ☐ All   b) ☐ Some\*\*  c) ☐ None of the:
    1. ☐ Certified copies of the priority documents have been received.
    2. ☐ Certified copies of the priority documents have been received in Application No. _____.
    3. ☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

\*\* See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1) ☒ Notice of References Cited (PTO-892)

2) ☐ Information Disclosure Statement(s) (PTO/SB/08a and/or PTO/SB/08b) Paper No(s)/Mail Date _____.

3) ☐ Interview Summary (PTO-413) Paper No(s)/Mail Date. _____.

4) ☐ Other: _____.

Case 5:22-cv-00015-FL   Document 43-6   Filed 10/31/23   Page 55 of 206

EX. 21 0054

### DETAILED ACTION

1.      Applicant's Amendments and Accompanying Remarks filed on August 20, 2013

have been entered and carefully considered. Claims 9 and 18 have been cancelled.

Claims 1 – 8, 10 – 17 and 19 – 20 are pending in this application. The examiner

acknowledges the filing of an amended Application Data Sheet in order to clarify the

continuity of the instant case. In view of amendment and after careful consideration of

Applicant's arguments, the examiner has withdrawn the 103 rejection over Schilling in

view of PolyOne, and the 103 rejection over Zegler in view of PolyOne and further in

view of Bell or Harrison as detailed in the Office Action dated May 30, 2014. The

invention as currently claimed is not found to be patentable for reasons herein below.

### Claim Rejections - 35 USC § 103

2.      The following is a quotation of 35 U.S.C. 103 which forms the basis for all
obviousness rejections set forth in this Office action:
    A patent for a claimed invention may not be obtained, notwithstanding that the claimed
    invention is not identically disclosed as set forth in section 102 of this title, if the differences
    between the claimed invention and the prior art are such that the claimed invention as a whole
    would have been obvious before the effective filing date of the claimed invention to a person
    having ordinary skill in the art to which the claimed invention pertains.  Patentability shall not
    be negated by the manner in which the invention was made.

3.      Claims 1 – 8, 10 – 17 and 19 – 20 are rejected under 35 U.S.C. 103 as obvious

over Zegler et al. US 5,567,497 (Zegler) in view of Stichter US 3,627,566 (Stichter) and

further in view of Bell US 2,274,468 (Bell) as evidenced by Tresino US 2009/0220797

(Tresino); or Zegler et al. US 5,567,497 (Zegler) in view of Stichter US 3,627,566

(Stichter) and further in view of Harrison et al. US 3,565,661 (Harrison) as evidenced by

Tresino US 2009/0220797 A1 (Tresino).


4.      Considering claims 1 – 8, 10 – 17 and 19 – 20, Zegler teaches a floor covering

10, which comprises (i) a floor covering layer, exemplified by a thermoplastic-backed

carpet 20 illustrated in FIG. 2, comprising a face layer, exemplified in FIG. 2 by a tufted

carpet and a thermoplastic lower backing layer 34, and (ii) a thermoplastic contact layer

40 that is fusible compatible with and fused to the lower backing layer 34. As used

herein, the term "fusible compatible" when referring to two thermoplastics in adjacent

layers means thermoplastics which can be permanently fused to one another under

heat and pressure without any external attachment enhancer, such as a mechanical

fastener or an adhesive. The term "fused" when referring to two contacting

thermoplastic layers indicates that the layers are permanently bonded without the use of

any external attachment enhancer. Therefore, lower backing layer 34 and contact layer

40 after they have been fused together may be consider as a "single lower" resilient

layer, which the Examiner equates to the claimed single lower layer.

Further, Zegler teaches that the thermoplastic contact layer 40 includes on its lower

surface a plurality of shallow thermoplastic projections, exemplified by dimples or

nodules in FIG. 4 - 8, which extend away from the face layer 30. These thermoplastic

projections are sufficiently elastic to impart skid resistance to said floor covering [Col. 3,

lines 34 – 52 and FIG. 4].

Furthermore, Zegler teaches that the lower surface of the contact layer 40 includes a plurality of shallow projections extending away from the floor covering face layer. The individual projections extend in the direction away from the visual surface of the floor covering sufficiently that they will penetrate carpet yarns when the floor covering overlies a carpeted surface. Projections which extend between about 0.010 inches and 0.1 inches are preferred [Col. 4, lines 51 – 60]. Further, Zegler also teaches referring to FIGS. 5 and 7, the contact layer 70 comprises an open weave fabric scrim 72 and irregularly-sized semi-ovoid thermoplastic nodules 71 located on the scrim fibers 73, although those skilled in this art will appreciate that a number of suitable shapes for nodules are suitable, including semi-spherical, prismatic, pyramidal, and the like. Recesses 74 are located in the space bounded by the nodules 71, the scrim fibers 73, and the lower surface of the lower backing layer 64. The arrangement of the nodules 71 on the scrim 72, and accordingly on contact layer 70, is random, but it will be appreciated by those skilled in the art that any number of regular or irregular nodule patterns are suitable and is limited only by the pattern of scrim fibers 73 [Col. 6, lines 33 – 47].

Moreover, Zegler teaches at [Col. 4, lines 10 – 13] that a preferred thermoplastic suitable for the lower backing layer is a plastisol containing polymers and copolymers of a vinyl compound, which the Examiner considers to be inherently resilient.

Zegler does not specifically recognize that the lower plastisol backing layer 34 is attached to the backed carpet 20 by stitching disposed through both layers. However, Stichter teaches a skid –proof floor cover which comprises two or more layers; wherein

the joining together of these top layer of the floor covering, with the lower layer of the

floor covering, can be accomplished in a mechanical manner, such as for example by

stitching it together, or with the help of chemical auxiliary substances, especially with

the help of adhesive substances [Col. 1, lines 31 – 35]. Therefore, it would have been

obvious to one of ordinary skill in the art at the time the invention was made to select a

particular means for join the layers in Zegler's floor covering, including stitching the

layers together, with reasonable expectation of successes as these means are known to

provide the same function to the floor covering.

Furthermore, although Zegler teaches that the face layer can be any material that

would be suitable for use as the visual or working surface of an overlying floor covering

[Col. 3, lines 52 – 54]; it does not specifically recognize that the face layer is an

absorbent, plain woven layer, free of projecting cut pile. However, this is remedied by

Bell or Harrison et al.

With regard to the limitations requiring a canvas, this is remedied by Bell.  Bell

teaches at [Page 2, Left Col., lines 11 - 15] making a floor covering or a non-slip mat

wherein the textile layer is a canvas.  Therefore, a person a having ordinary skill in the

art at the time the invention was made would have found it obvious to use a canvas as

one of the layers in their mat.  One would have been motivated in doing so in order to

create a mat that was flexible.

With regard to the limitations requiring woven cotton, this is remedied by Harrison

et al.  Harrison et al. teaches at [Col. 1, lines 49 – 51] making a floor covering or a non-

slip mat wherein the textile layer is woven cotton. Therefore, a person a having ordinary

skill in the art at the time the invention was made would have found it obvious to use

woven cotton as one of the layers in their mat.  One would have been motivated in

doing so in order to create a mat that was flexible and could easily absorb any coating

that could be further applied to it, or simply to be absorbent in nature.

Although Zegler in view of Stichter and further in view of Bell or Harrison, are all

directed to a skid resistant floor covering, said combinations do not specifically teach or

suggest the claimed coefficient of friction or average slide angle. However, these are

considered to be inherent to modified Zegler's floor covering, because Zegler teaches at

[Col. 4, lines 10 – 13] that a preferred thermoplastic suitable for the lower backing layer

is a plastisol containing polymers and copolymers of a vinyl compound, including

formulated plastisols of the Geon range [Examples 1 – 4]. In support of this position the

examiner submits Tresino's teachings at Tables 1 and 2, wherein it is disclosed in

comparative example A that formulated plastisols with Geon polyvinyls, have static

coefficient of friction of 0.808, when measured using ASTM D1894-06; which the

examiner equates to the TAPPI T 548 method of measuring static coefficient of friction

used by Applicant. The Patent and Trademark Office can require applicants to prove

that prior art products do not necessarily or inherently possess characteristics of

claimed products where claimed and prior art products are identical or substantially

identical, or are produced by identical or substantially identical processes; burden of

proof is on applicants where rejection based on inherency under 35 U.S.C. § 102 or on

prima facie obviousness under 35 U.S.C.  § 103, jointly or alternatively, and Patent and

Trademark Office's inability to manufacture products or to obtain and compare prior art

products evidences fairness of this rejection.  *In re Best, Bolton, and Shaw*, 195 USPQ

431 (CCPA 1977).

As to the limitation in claims 19 and 20 for the non-skid material to further

comprise an impervious member interposed between said single, absorbent woven

upper layer and the resilient layer, Zegler teaches that lower backing layer 34 is

attached to the primary backing layer 31 (equated to Applicant's impervious member)on

the surface opposite the tufted pile surface 33. The thermoplastic backing layer 34 can

comprise any thermoplastic which is fusible compatible with the thermoplastic of the

contact layer 40 and which will withstand the rigors of fusing [Col. 4, lines 1 – 6]; thus

rendering obvious the additional limitation in the subject claims.


### *Response to Arguments*


5.      Applicant's Amendments and Accompanying Remarks filed on August 20, 2013

have been entered and carefully considered. The examiner acknowledges the filing of

an amended Application Data Sheet in order to clarify the continuity of the instant case.

In view of amendment and after careful consideration of Applicant's arguments, the

examiner has withdrawn the 103 rejection over Schilling in view of PolyOne, and the

103 rejection over Zegler in view of PolyOne and further in view of Bell or Harrison as

detailed in the Office Action dated May 30, 2014. The invention as currently claimed is

not found to be patentable for reasons herein above.

Applicant's arguments with respect to claims 1 – 8, 10 17 and 19 – 20, have been considered but are moot in view of new grounds of rejection.

### Conclusion

6.      Applicant's amendment necessitated the new ground(s) of rejection presented in this Office action.  Accordingly, THIS ACTION IS MADE FINAL.  See MPEP § 706.07(a).  Applicant is reminded of the extension of time policy as set forth in 37 CFR 1.136(a).

7.      A shortened statutory period for reply to this final action is set to expire THREE MONTHS from the mailing date of this action.  In the event a first reply is filed within TWO MONTHS of the mailing date of this final action and the advisory action is not mailed until after the end of the THREE-MONTH shortened statutory period, then the shortened statutory period will expire on the date the advisory action is mailed, and any extension fee pursuant to 37 CFR 1.136(a) will be calculated from the mailing date of the advisory action.  In no event, however, will the statutory period for reply expire later than SIX MONTHS from the date of this final action.

8.      Any inquiry concerning this communication or earlier communications from the examiner should be directed to RICARDO E. LOPEZ whose telephone number is (571)-270-1150.  The examiner can normally be reached on Monday to Thursday 8:00 am-5:30pm EST, and every other Friday from 8:00 am to 4:30 pm..

9.      If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, Jennifer Chriss can be reached on (571)-272-7783. The fax phone number for the organization where this application or proceeding is assigned is 571-273-8300.

10.     Information regarding the status of an application may be obtained from the
Patent Application Information Retrieval (PAIR) system.  Status information for
published applications may be obtained from either Private PAIR or Public PAIR.
Status information for unpublished applications is available through Private PAIR only.
For more information about the PAIR system, see http://pair-direct.uspto.gov. Should
you have questions on access to the Private PAIR system, contact the Electronic
Business Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a
USPTO Customer Service Representative or access to the automated information
system, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.

/REL/
Ricardo E. Lopez
Patent Examiner, Art Unit 1786

/JEREMY R PIERCE/
Primary Examiner, Art Unit 1789

| | | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|---|
| **Notice of References Cited** | | 14/044,130 | TERRACINO ET AL. |
| | | Examiner | Art Unit | |
| | | RICARDO E. LOPEZ | 1786 | Page 1 of 1 |

**U.S. PATENT DOCUMENTS**

| * | | Document Number Country Code-Number-Kind Code | Date MM-YYYY | Name | Classification |
|---|---|---|---|---|---|
| * | A | US-3,627,566 | 12-1971 | Stichter et al. | 428/95 |
| * | B | US-2009/0220797 A1 | 09-2009 | TRESINO, John J. | 428/421 |
| | C | US- | | | |
| | D | US- | | | |
| | E | US- | | | |
| | F | US- | | | |
| | G | US- | | | |
| | H | US- | | | |
| | I | US- | | | |
| | J | US- | | | |
| | K | US- | | | |
| | L | US- | | | |
| | M | US- | | | |

**FOREIGN PATENT DOCUMENTS**

| * | | Document Number Country Code-Number-Kind Code | Date MM-YYYY | Country | Name | Classification |
|---|---|---|---|---|---|---|
| | N | | | | | |
| | O | | | | | |
| | P | | | | | |
| | Q | | | | | |
| | R | | | | | |
| | S | | | | | |
| | T | | | | | |

**NON-PATENT DOCUMENTS**

| * | | Include as applicable: Author, Title Date, Publisher, Edition or Volume, Pertinent Pages) |
|---|---|---|
| | U | |
| | V | |
| | W | |
| | X | |

*A copy of this reference is not being furnished with this Office action. (See MPEP § 707.05(a).)
Dates in MM-YYYY format are publication dates. Classifications may be US or foreign.

U.S. Patent and Trademark Office
PTO-892 (Rev. 01-2001)                    **Notice of References Cited**                    Part of Paper No. 20141027

EX. 21 0063

**EAST Search History**

**EAST Search History (Prior Art)**

| Ref # | Hits | Search Query | DBs | Default Operator | Plurals | Time Stamp |
|-------|------|--------------|-----|------------------|---------|------------|
| L1 | 10791 | b32b27/20-32.cpc. | US-PGPUB; USPAT; USOCR | OR | OFF | 2014/10/28 09:44 |
| L2 | 4086 | l1 and (nonskid or nonslip or non-slip or non-skid or antiskid or anti-skid or protective or drop) | US-PGPUB; USPAT; USOCR | ADJ | ON | 2014/10/28 09:44 |
| L3 | 1090 | l1 and (coefficient near2 friction) | US-PGPUB; USPAT; USOCR | ADJ | ON | 2014/10/28 09:45 |
| L4 | 20 | l1 and ((coefficient near2 friction)and stitch$3) | US-PGPUB; USPAT; USOCR | ADJ | ON | 2014/10/28 09:45 |
| L5 | 2244 | d03d15/00.cpc. | US-PGPUB; USPAT; USOCR | OR | OFF | 2014/10/28 09:47 |
| L6 | 24 | l5 and ((coefficient near2 friction)and stitch$3) | US-PGPUB; USPAT; USOCR | ADJ | ON | 2014/10/28 09:47 |
| S1 | 1 | ("20110017341").PN. | US-PGPUB; USPAT; USOCR | OR | OFF | 2012/07/20 12:42 |
| S2 | 5 | (("6946183") or ("2274468") or ("3565661")).PN. | US-PGPUB; USPAT; USOCR | OR | OFF | 2012/07/20 14:00 |
| S8 | 44 | ((nonskid or nonslip or non-slip or non-skid or antiskid or anti-skid or protective or drop) with (drop cloth or covering or pad or mat or cloth) same (projection or protrusion or nodules or nub or dimple or tread or suction cup or vaccum cup or cleat)) same ((fabric or cloth or woven) same (cotton or canvas)) | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | ADJ | ON | 2012/07/23 11:33 |
| S9 | 13 | S8 and (hollow or depression or pit or indentation or dent or dint or bump) | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | ADJ | ON | 2012/07/23 11:37 |
| S10 | 656 | (nonskid or nonslip) same (covering or pad or mat) | US-PGPUB; USPAT; | OR | ON | 2012/07/23 12:07 |

| | | | USOCR | | | |
|---|---|---|---|---|---|---|
| S11 | 859 | (nonskid or nonslip) same (covering or pad or mat) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT | OR | ON | 2012/07/23 12:07 |
| S12 | 205 | S11 and (hollow or depression or pit or indentation or dent or dint or bump) | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | ADJ | ON | 2012/07/23 12:08 |
| S13 | 27 | S12 and (dimple or convex) | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | ADJ | ON | 2012/07/23 12:08 |
| S14 | 3 | (("5567497") or ("5173346") or ("4917932")).PN. | US-PGPUB; USPAT; USOCR | OR | OFF | 2012/07/23 12:15 |
| S15 | 8 | (zegler near2 stephen).in. | US-PGPUB; USPAT; USOCR | OR | OFF | 2012/07/23 15:25 |
| S16 | 2529 | 428/95,88.ccls. | US-PGPUB; USPAT; USOCR | OR | OFF | 2012/07/23 15:26 |
| S17 | 10 | S16 and ((nonskid or nonslip) same (covering or pad or mat)) | US-PGPUB; USPAT; USOCR | OR | OFF | 2012/07/23 15:27 |
| S18 | 1 | ("20080131680").PN. | US-PGPUB; USPAT; USOCR | OR | OFF | 2013/06/24 11:52 |
| S19 | 18 | (drop near3 (cloth or mat))same skid | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | ADJ | ON | 2013/06/25 10:37 |
| S20 | 274 | (floor near3 cover$3) same skid | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | ADJ | ON | 2013/06/25 10:48 |
| S21 | 30 | (floor near3 cover$3) same (skid and woven) | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | ADJ | ON | 2013/06/25 10:48 |
| S22 | 3 | (("20120213962") or ("20110143038") or ("20080003905")).PN. | US-PGPUB; | OR | OFF | 2014/05/28 09:39 |

| | | | USPAT; USOCR | | | |
|---|---|---|---|---|---|---|
| S23 | 7716 | 442/181-303.ccls. | US-PGPUB; USPAT; USOCR | OR | OFF | 2014/05/28 09:54 |
| S24 | 7 | S23 and ((woven or fabric) with skid) | US-PGPUB; USPAT; USOCR | OR | OFF | 2014/05/28 09:55 |
| S25 | 2 | S23 and ((woven or fabric) with (slip near2 resist$3)) | US-PGPUB; USPAT; USOCR | OR | OFF | 2014/05/28 10:05 |
| S26 | 52 | S23 and ((woven or fabric) with plastisol) | US-PGPUB; USPAT; USOCR | OR | OFF | 2014/05/28 10:07 |
| S27 | 1 | ("6016570").PN. | US-PGPUB; USPAT; USOCR | OR | OFF | 2014/08/14 08:35 |
| S28 | 1 | ("4603494").PN. | US-PGPUB; USPAT; USOCR | OR | OFF | 2014/08/14 09:12 |
| S29 | 0 | "TAPPI T548" | US-PGPUB; USPAT; USOCR | OR | OFF | 2014/08/14 09:38 |
| S30 | 115107 | coefficient near2 friction | US-PGPUB; USPAT; USOCR | OR | OFF | 2014/08/14 09:40 |
| S31 | 115107 | coefficient near2 friction | US-PGPUB; USPAT; USOCR | ADJ | OFF | 2014/08/14 09:40 |
| S32 | 0 | coefficient of friction | US-PGPUB; USPAT; USOCR | ADJ | OFF | 2014/08/14 09:41 |
| S33 | 7 | (floor near3 cover$3) same (skid and stitch$3) | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | ADJ | ON | 2014/10/27 12:13 |
| S34 | 22 | (nonskid or nonslip) same ((covering or pad or mat)and stitch$3) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT | ADJ | ON | 2014/10/27 13:45 |
| S35 | 10 | ((nonskid or nonslip or non-slip or non-skid or antiskid or anti-skid or protective or drop) with (drop cloth or covering or pad or mat or cloth) same (projection or | US-PGPUB; USPAT; USOCR; | ADJ | ON | 2014/10/27 13:47 |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | protrusion or nodules or nub or dimple or tread or suction cup or vaccum cup or cleat)) same ((fabric or cloth or woven) same (cotton or canvas) same stitch$3) | EPO; JPO; DERWENT | | | |
| S36 | 6 | (nonskid or nonslip) same ((coefficient of friction) and plastisol) | US-PGPUB; USPAT; USOCR | OR | ON | 2014/10/27 14:04 |
| S37 | 1 | (nonskid or nonslip) same ((coefficient near2 friction) and plastisol) | US-PGPUB; USPAT; USOCR | OR | ON | 2014/10/27 14:06 |
| S38 | 386 | ((coefficient near2 friction) and plastisol) | US-PGPUB; USPAT; USOCR | OR | ON | 2014/10/27 14:08 |
| S39 | 226 | S38 and (nonskid or nonslip or non-slip or non-skid or antiskid or anti-skid or protective or drop) | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | ADJ | ON | 2014/10/27 14:09 |
| S40 | 116 | (high(coefficient near2 friction) and plastisol) | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | ADJ | ON | 2014/10/27 14:36 |
| S41 | 4 | (("4581413") or ("4693800") or ("4939212") or ("5290890")).PN. | US-PGPUB; USPAT; USOCR | OR | OFF | 2014/10/27 14:48 |
| S42 | 1 | ("7902286").PN. | US-PGPUB; USPAT; USOCR | OR | OFF | 2014/10/27 15:03 |

**10/28/2014 9:48:53 AM**
**C:\ Users\ rlopez\ Documents\ EAST\ Workspaces\ Non-skid cloth.wsp**

file:///C|/Users/rlopez/Documents/e-Red%20Folder/14044130/EASTSearchHistory.14044130_AccessibleVersion.htm[10/28/2014 9:49:03 AM]

Case 5:22-cv-00015-FL   Document 43-6   Filed 10/31/23   Page 68 of 206   Ex. 1 0067

| *Search Notes* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 14044130 | TERRACINO ET AL. |
| | **Examiner** | **Art Unit** |
| | RICARDO E LOPEZ | 1786 |

### CPC- SEARCHED

| Symbol | Date | Examiner |
|---|---|---|
| B32B 27/20-32 and D03D 15/00 | 10/28/2014 | REL |

### CPC COMBINATION SETS - SEARCHED

| Symbol | Date | Examiner |
|---|---|---|
| | | |

### US CLASSIFICATION SEARCHED

| Class | Subclass | Date | Examiner |
|---|---|---|---|
| 442 | 181-303 | 05/28/2014 | REL |

### SEARCH NOTES

| Search Notes | Date | Examiner |
|---|---|---|
| Inventor and Assigne search | 05/28/2014 | REL |
| EAST Search History attached | 05/28/2014 | REL |
| Updated EAST Search History attached | 10/28/2014 | REL |

### INTERFERENCE SEARCH

| US Class/ CPC Symbol | US Subclass / CPC Group | Date | Examiner |
|---|---|---|---|
| | | | |

| /REL/ | |
|---|---|
| | |

U.S. Patent and Trademark Office

Part of Paper No. : 20141027

 UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 14/044,130 | 10/02/2013 | Bradie Terracino | WS-119 CIP | 9866 |

71490    7590    08/21/2014
WILLIAMS G. SYKES
3669 SEAGULL BLUFF DRIVE
VIRGINIA BEACH, VA 23455

| EXAMINER |
|---|
| LOPEZ, RICARDO E. |

| ART UNIT | PAPER NUMBER |
|---|---|
| 1786 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 08/21/2014 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A  (Rev. 04/07)

| ***Applicant-Initiated Interview Summary*** | **Application No.** | **Applicant(s)** |
|---|---|---|
| | 14/044,130 | TERRACINO ET AL. |
| | **Examiner** | **Art Unit** |
| | RICARDO E. LOPEZ | 1786 |

All participants (applicant, applicant's representative, PTO personnel):

(1) *RICARDO E. LOPEZ*.                    (3) *William Sykes*.

(2) *Jennifer Chriss*.                    (4) *David Banner*.

Date of Interview: <u>14 August 2014</u>.

Type:  ☒ Telephonic  ☐ Video Conference
         ☐ Personal [copy given to: ☐ applicant  ☐ applicant's representative]

Exhibit shown or demonstration conducted:  ☐ Yes  ☒ No.
   If Yes, brief description: _____.

Issues Discussed  ☐101 ☐112 ☐102 ☒103 ☒Others
(For each of the checked box(es) above, please describe below the issue and detailed description of the discussion)

Claim(s) discussed: <u>1 and 10</u>.

Identification of prior art discussed: <u>Prior art of record</u>.

Substance of Interview
(For each issue discussed, provide a detailed description and indicate if agreement was reached. Some topics may include: identification or clarification of a reference or a portion thereof, claim interpretation, proposed amendments, arguments of any applied references etc...)

   *During interview the attached agenda was discussed. The examiners confirmed that in order to correct the error in filing the Application Data Sheet applicant needs to follow the instructions as indicated in last Office action in a Corrected Application Data Sheet. With regards to the proposed amendment, specifying stitching as the means to join the upper and lower layers in the non-skid cloth, the examiners indicated that none of the primary references teach said method of joining and that further search is needed. The examiner explained reasoning behind the combination of references in the rejection of record. The examiners suggested further narrowing of the independent claims in order to advance prosecution.*

**Applicant recordation instructions:** The formal written reply to the last Office action must include the substance of the interview. (See MPEP section 713.04). If a reply to the last Office action has already been filed, applicant is given a non-extendable period of the longer of one month or thirty days from this interview date, or the mailing date of this interview summary form, whichever is later, to file a statement of the substance of the interview

**Examiner recordation instructions:** Examiners must summarize the substance of any interview of record. A complete and proper recordation of the substance of an interview should include the items listed in MPEP 713.04 for complete and proper recordation including the identification of the general thrust of each argument or issue discussed, a general indication of any other pertinent matters discussed regarding patentability and the general results or outcome of the interview, to include an indication as to whether or not agreement was reached on the issues raised.

☒ Attachment

| /REL/ | /JENNIFER CHRISS/ |
|---|---|
| | Supervisory Patent Examiner, Art Unit 1786 |

# Summary of Record of Interview Requirements

**Manual of Patent Examining Procedure (MPEP), Section 713.04, Substance of Interview Must be Made of Record**
A complete written statement as to the substance of any face-to-face, video conference, or telephone interview with regard to an application must be made of record in the application whether or not an agreement with the examiner was reached at the interview.

**Title 37 Code of Federal Regulations (CFR) § 1.133 Interviews**
Paragraph (b)

In every instance where reconsideration is requested in view of an interview with an examiner, a complete written statement of the reasons presented at the interview as warranting favorable action must be filed by the applicant. An interview does not remove the necessity for reply to Office action as specified in §§ 1.111, 1.135. (35 U.S.C. 132)

**37 CFR §1.2  Business to be transacted in writing.**
All business with the Patent or Trademark Office should be transacted in writing. The personal attendance of applicants or their attorneys or agents at the Patent and Trademark Office is unnecessary. The action of the Patent and Trademark Office will be based exclusively on the written record in the Office. No attention will be paid to any alleged oral promise, stipulation, or understanding in relation to which there is disagreement or doubt.

———

The action of the Patent and Trademark Office cannot be based exclusively on the written record in the Office if that record is itself incomplete through the failure to record the substance of interviews.

It is the responsibility of the applicant or the attorney or agent to make the substance of an interview of record in the application file, unless the examiner indicates he or she will do so. It is the examiner's responsibility to see that such a record is made and to correct material inaccuracies which bear directly on the question of patentability.

Examiners must complete an Interview Summary Form for each interview held where a matter of substance has been discussed during the interview by checking the appropriate boxes and filling in the blanks. Discussions regarding only procedural matters, directed solely to restriction requirements for which interview recordation is otherwise provided for in Section 812.01 of the Manual of Patent Examining Procedure, or pointing out typographical errors or unreadable script in Office actions or the like, are excluded from the interview recordation procedures below. Where the substance of an interview is completely recorded in an Examiners Amendment, no separate Interview Summary Record is required.

The Interview Summary Form shall be given an appropriate Paper No., placed in the right hand portion of the file, and listed on the "Contents" section of the file wrapper. In a personal interview, a duplicate of the Form is given to the applicant (or attorney or agent) at the conclusion of the interview. In the case of a telephone or video-conference interview, the copy is mailed to the applicant's correspondence address either with or prior to the next official communication. If additional correspondence from the examiner is not likely before an allowance or if other circumstances dictate, the Form should be mailed promptly after the interview rather than with the next official communication.

The Form provides for recordation of the following information:
– Application Number (Series Code and Serial Number)
– Name of applicant
– Name of examiner
– Date of interview
– Type of interview (telephonic, video-conference, or personal)
– Name of participant(s) (applicant, attorney or agent, examiner, other PTO personnel, etc.)
– An indication whether or not an exhibit was shown or a demonstration conducted
– An identification of the specific prior art discussed
–   An indication whether an agreement was reached and if so, a description of the general nature of the agreement (may be by attachment of a copy of amendments or claims agreed as being allowable). Note: Agreement as to allowability is tentative and does not restrict further action by the examiner to the contrary.
– The signature of the examiner who conducted the interview (if Form is not an attachment to a signed Office action)

It is desirable that the examiner orally remind the applicant of his or her obligation to record the substance of the interview of each case. It should be noted, however, that the Interview Summary Form will not normally be considered a complete and proper recordation of the interview unless it includes, or is supplemented by the applicant or the examiner to include, all of the applicable items required below concerning the substance of the interview.

A complete and proper recordation of the substance of any interview should include at least the following applicable items:
1) A brief description of the nature of any exhibit shown or any demonstration conducted,
2) an identification of the claims discussed,
3) an identification of the specific prior art discussed,
4) an identification of the principal proposed amendments of a substantive nature discussed, unless these are already described on the Interview Summary Form completed by the Examiner,
5) a brief identification of the general thrust of the principal arguments presented to the examiner,
   (The identification of arguments need not be lengthy or elaborate. A verbatim or highly detailed description of the arguments is not required. The identification of the arguments is sufficient if the general nature or thrust of the principal arguments made to the examiner can be understood in the context of the application file. Of course, the applicant may desire to emphasize and fully describe those arguments which he or she feels were or might be persuasive to the examiner.)
6) a general indication of any other pertinent matters discussed, and
7) if appropriate, the general results or outcome of the interview unless already described in the Interview Summary Form completed by the examiner.
Examiners are expected to carefully review the applicant's record of the substance of an interview. If the record is not complete and accurate, the examiner will give the applicant an extendable one month time period to correct the record.

## Examiner to Check for Accuracy

If the claims are allowable for other reasons of record, the examiner should send a letter setting forth the examiner's version of the statement attributed to him or her. If the record is complete and accurate, the examiner should place the indication, "Interview Record OK" on the paper recording the substance of the interview along with the date and the examiner's initials.



William Sykes Law
*www.williamsykeslaw.com*

3669 Seagull Bluff Drive • Virginia Beach, Virginia 23455 • Office: 757-490-8586 • Fax: 757-363-3405 • *william@williamsykeslaw.com*

FAXED ~~571-273-8300~~  *571-270-2150*

July 25, 2014

Richardo E. Lopez
Commissioner for Patents
P. O. Box 1450
Alexandria, VA 22313-1450

Re:    Application #14/044,130

Dear Mr. Lopez:

        Attached is a proposed amendment in response to your May 30, 2014
Office Action. If you recall we agreed to send you an agenda for our next
interview. The proposed amendment is our agenda. We want to talk about your
Office Action and our remarks and arguments included in the proposed
amendment.

        Also, can we talk about the mistake I made when I filed the Application
Data Sheet? As you pointed out I did not list the "Continuity Type" and "Filing
Date" on the Application Data Sheet. I did fill in the "Prior Application Number"
on the ADS. I also listed the CIP application number in the first sentence of the
specification and I listed this as a CIP in paragraph 18 of the Utility Patent
Application Transmittal. Can I file a new or corrected ADS?

        Thank you for your assistance in this matter. Is there anything else you
need from us before the interview? I will call you next week and find out when it
is convenient with you to schedule another interview. Have a great weekend.

                                            Sincerely,

                                            William G. Sykes

Case 5:22-cv-00015-FL   Document 43-6   Filed 10/31/23   Page 73 of 206     Ex. 16   0072

| *Applicant-Initiated Interview Summary* | Application No. | Applicant(s) |
|---|---|---|
| | 14/044,130 | TERRACINO ET AL. |
| | Examiner | Art Unit |
| | RICARDO E. LOPEZ | 1786 |

All participants (applicant, applicant's representative, PTO personnel):

(1) *RICARDO E. LOPEZ*.                                (3)*William Sykes*.

(2) *Jennifer Chriss*.                                 (4)*David Banner*.

Date of Interview: *07/01/2014*.

Type:    ☒ Telephonic    ☐ Video Conference
         ☐ Personal [copy given to: ☐ applicant    ☐ applicant's representative]

Exhibit shown or demonstration conducted:  ☐ Yes    ☒ No.
If Yes, brief description: _____

Issues Discussed  ☐101 ☐112 ☐102 ☐103 ☒Others
(For each of the checked box(es) above, please describe below the issue and detailed description of the discussion)

Claim(s) discussed: *1-18*.

Identification of prior art discussed: *Prior art of record*.

Substance of Interview
(For each issue discussed, provide a detailed description and indicate if agreement was reached. Some topics may include: identification or clarification of a reference or a portion thereof, claim interpretation, proposed amendments, arguments of any applied references etc...)

*After the opening remarks by Applicant's representative and response by the Examiners, it was determined to reschedule the interview as Applicant had not provided the requested agenda. It was agreed to reschedule another interview after an agenda is made available to the Examiners and the Office Action was thoroughly reviewed by all involved parties.*

**Applicant recordation instructions:** The formal written reply to the last Office action must include the substance of the interview. (See MPEP section 713.04. If a reply to the last Office action has already been filed, applicant is given a non-extendable period of the longer of one month or thirty days from this interview date, or the mailing date of this interview summary form, whichever is later, to file a statement of the substance of the Interview

**Examiner recordation instructions:** Examiners must summarize the substance of any interview of record. A complete and proper recordation of the substance of an interview should include the items listed in MPEP 713.04 for complete and proper recordation including the identification of the general thrust of each argument or issue discussed, a general indication of any other pertinent matters discussed regarding patentability and the general results or outcome of the interview, to include an indication as to whether or not agreement was reached on the issues raised.

☐ Attachment

| /REL/ | /JENNIFER CHRISS/ |
|---|---|
| | Supervisory Patent Examiner, Art Unit 1786 |

U.S. Patent and Trademark Office
PTOL-413 (Rev. 8/11/2010)                    **Interview Summary**                    Paper No. 20140701

Case 5:22-cv-00015-FL   Document 43-6   Filed 10/31/23   Page 74 of 206     Ex. 206  0073

## NON-SKID PROTECTIVE CLOTH OR PAD

**Related Applications**:

This application is a Continuation-in-Part of United States Patent Application Serial No. 12/460,763 filed July 27, 2009 for NON-SKID PROTECTIVE CLOTH OR PAD that is incorporated herein in its entirety by reference.

Field of the Invention:

The invention pertains to protective cloths or pads and, more particularly, to a protective cloth or pad that has a non-skid backing to hold the cloth or pad in position during use.

BACKGROUND OF THE INVENTION

Protective cloths and pads are well known and widely used. Such items range from simple thin polyethylene sheets used to protect surfaces during painting or similar operations to woven fabric (e.g., canvas) drop cloths to quilted protective pads used by furniture movers and the like. For simplicity, the term

Docket No.: WS-119 CIP                    1

Case 5:22-cv-00015-FL   Document 43-6   Filed 10/31/23   Page 75 of 206   Ex. 1 0074

PTO/AIA/15 (03-13)
Approved for use through 01/31/2014. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995 no persons are required to respond to a collection of information unless it displays a valid OMB control number.

| UTILITY PATENT APPLICATION TRANSMITTAL | Attorney Docket No. | WS-119 CIP |
|---|---|---|
| | First Named Inventor | Terracino, Bradie |
| | Title | Non-Skid Protective Cloth or Pad |
| (Only for new nonprovisional applications under 37 CFR 1.53(b)) | Express Mail Label No. | |

## APPLICATION ELEMENTS
See MPEP chapter 600 concerning utility patent application contents.

ADDRESS TO:    Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

1. [✓] **Fee Transmittal Form**
(PTO/SB/17 or equivalent)

2. [ ] **Applicant asserts small entity status.**
See 37 CFR 1.27

3. [✓] **Applicant certifies micro entity status.** See 37 CFR 1.29.
Applicant must attach form PTO/SB/15A or B or equivalent.

4. [✓] **Specification**          [Total Pages 32]
Both the claims and abstract must start on a new page.
(See MPEP § 608.01(a) for information on the preferred arrangement)

5. [✓] **Drawing(s)** (35 U.S.C. 113)     [Total Sheets 6]

6. [ ] **Inventor's Oath or Declaration**     [Total Pages 36]
(including substitute statements under 37 CFR 1.64 and assignments
serving as an oath or declaration under 37 CFR 1.63(e))
   a. [✓] Newly executed (original or copy)
   b. [ ] A copy from a prior application (37 CFR 1.63(d))

7. [✓] **Application Data Sheet** * See note below.
See 37 CFR 1.76 (PTO/AIA/14 or equivalent)

8. [ ] **CD-ROM or CD-R**
In duplicate, large table, or Computer Program (Appendix)
   [ ] Landscape Table on CD

9. [ ] **Nucleotide and/or Amino Acid Sequence Submission**
(if applicable, items a. – c. are required)
   a. [ ] Computer Readable Form (CRF)
   b. [ ] Specification Sequence Listing on:
      i. [ ] CD-ROM or CD-R (2 copies); or
      ii. [ ] Paper
   c. [ ] Statements verifying identity of above copies

## ACCOMPANYING APPLICATION PAPERS

10. [ ] **Assignment Papers**
(cover sheet & document(s))
Name of Assignee _____

11. [ ] **37 CFR 3.73(c) Statement**       [✓] **Power of Attorney**
(when there is an assignee)

12. [ ] **English Translation Document**
(if applicable)

13. [✓] **Information Disclosure Statement**
(PTO/SB/08 or PTO-1449)
   [✓] Copies of citations attached

14. [ ] **Preliminary Amendment**

15. [ ] **Return Receipt Postcard**
(MPEP § 503) (Should be specifically itemized)

16. [ ] **Certified Copy of Priority Document(s)**
(if foreign priority is claimed)

17. [ ] **Nonpublication Request**
Under 35 U.S.C. 122(b)(2)(B)(i). Applicant must attach form PTO/SB/35
or equivalent.

18. [✓] **Other:** Continuation-in-Part Application
_____
_____

*Note: (1) Benefit claims under 37 CFR 1.78 and foreign priority claims under 1.55 must be included in an Application Data Sheet (ADS).
(2) For applications filed under 35 U.S.C. 111, the application must contain an ADS specifying the applicant if the applicant is an
assignee, person to whom the inventor is under an obligation to assign, or person who otherwise shows sufficient proprietary
interest in the matter. See 37 CFR 1.46(b).

## 19. CORRESPONDENCE ADDRESS

[✓] The address associated with Customer Number: 71490     OR  [ ] Correspondence address below

| Name | | | |
|---|---|---|---|
| Address | | | |
| City | | State | |
| Country | | Telephone | |

| | | Zip Code | |
|---|---|---|---|
| | | Email | |

| Signature | /william g. sykes/ | Date | 10/02/2013 |
|---|---|---|---|
| Name (Print/Type) | William G. Sykes | Registration No. (Attorney/Agent) | 50704 |

This collection of information is required by 37 CFR 1.53(b). The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO
to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14. This collection is estimated to take 12 minutes to complete,
including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on
the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and
Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND
TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.
If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.

PTO/AIA/14 (08-13)
Approved for use through 01/31/2014. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| **Application Data Sheet 37 CFR 1.76** | Attorney Docket Number | WS-119 CIP |
|---|---|---|
| | Application Number | |

| Title of Invention | Non-Skid Protective Cloth or Pad |
|---|---|

| Prior Application Status | Pending | | | Remove |
|---|---|---|---|---|
| Application Number | Continuity Type | Prior Application Number | Filing Date (YYYY-MM-DD) |
| | | 12460763 | |

Additional Domestic Benefit/National Stage Data may be generated within this form by selecting the **Add** button.

## Foreign Priority Information:

This section allows for the applicant to claim priority to a foreign application. Providing this information in the application data sheet constitutes the claim for priority as required by 35 U.S.C. 119(b) and 37 CFR 1.55(d). When priority is claimed to a foreign application that is eligible for retrieval under the priority document exchange program (PDX)[1] the information will be used by the Office to automatically attempt retrieval pursuant to 37 CFR 1.55(h)(1) and (2). Under the PDX program, applicant bears the ultimate responsibility for ensuring that a copy of the foreign application is received by the Office from the participating foreign intellectual property office, or a certified copy of the foreign priority application is filed, within the time period specified in 37 CFR 1.55(g)(1).

| | | | Remove |
|---|---|---|---|
| Application Number | Country[1] | Filing Date (YYYY-MM-DD) | Access Code[1] (if applicable) |
| | | | |

Additional Foreign Priority Data may be generated within this form by selecting the **Add** button.

## Statement under 37 CFR 1.55 or 1.78 for AIA (First Inventor to File) Transition Applications

☐ This application (1) claims priority to or the benefit of an application filed before March 16, 2013 and (2) also contains, or contained at any time, a claim to a claimed invention that has an effective filing date on or after March 16, 2013.
NOTE: By providing this statement under 37 CFR 1.55 or 1.78, this application, with a filing date on or after March 16, 2013, will be examined under the first inventor to file provisions of the AIA.

## Authorization to Permit Access:

☐ Authorization to Permit Access to the Instant Application by the Participating Offices

Case 5:22-cv-00015-FL   Document 43-6   Filed 10/31/23   Page 77 of 206          EX. 06  0076

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | | |
|---|---|---|---|
| Appl. No. | : | 14/044,130 | Conf. No. 9866 |
| Applicant | : | Bradie Terracino et al. | |
| Filed | : | October 2, 2013 | |
| TC/A.U. | : | 1786 | |
| Examiner | : | Ricardo E. Lopez | |
| Docket No. | : | WS-119 CIP | |
| Title | : | Non-Skid Protective Cloth or Pad | |
| Customer No. | : | 71490 | |

## **A M E N D M E N T**

Commissioner for Patents
P.O. Box 1450
Alexandria VA 22313-1450

S I R:

In response to the Office Action of May 30, 2014, please amend the above-identified patent application as follows:

**Amendments to the Claims** are reflected in the listing of claims, which begins on page 2 of this paper.

**Remarks/Arguments** begin on page 8 of this paper.

Docket No. WS-119 CIP          Page 1 of 14

Case 5:22-cv-00015-FL   Document 43-6   Filed 10/31/23   Page 78 of 206
EX.2 0077

Application. No. 14/044,130
Amendment dated July 24, 2104
Reply to Office Action of May 30, 2014

## Amendments to the Claims:

This listing of claims will replace all prior versions, and listings, of claims in the application:

## Listing of Claims:

Claim 1. (currently amended) A non-skid protective cloth or pad, consisting of:

a)    a single, absorbent, plain woven upper layer free from any projecting cut pile and having an upper and a lower major surface;

b)    a single lower, resilient layer having an upper and a lower major surface, said upper major surface of said single lower resilient layer being disposed adjacent said lower layer of said single, absorbent, woven upper layer; and

c)    means for fastening said stitching disposed through both said single, absorbent, upper, woven layer [[to]] and said single lower resilient layer;

whereby when said lower major surface of said single lower resilient layer is placed on a support surface, a Sliding Coefficient of Friction measures measured in accordance with TAPPI T548 specification is greater than approximately 0.75.

Docket No. WS-101           Page 2 of 14

Case 5:22-cv-00015-FL   Document 43-6   Filed 10/31/23   Page 79 of 206   Ex. 1 0078

Application. No. 14/044,130
Amendment dated July 24, 2104
Reply to Office Action of May 30, 2014

Claim 2. (original)  The non-skid protective cloth or pad as recited in claim 1, wherein said single, absorbent, woven, upper layer comprises a plain woven cotton fabric.

Claim 3. (original)  The non-skid protective cloth or pad as recited in claim 1, wherein said single, absorbent, woven, upper layer comprises canvas.

Claim 4. (original)  The non-skid protective cloth or pad as recited in claim 1, wherein said single lower, resilient layer comprises a network of downward projecting bumps interconnected one to another by a resilient grid.

Claim 5. (original)  The non-skid protective cloth or pad as recited in claim 4, wherein said downward projecting bumps comprise a shape selected from the group: spherical, quasi-spherical, and amorphous.

Claim 6. (original)  The non-skid protective cloth or pad as recited in claim 4, wherein said downward projecting bumps comprise bumps of at least two different sizes.

Docket No. WS-101              Page 3 of 14

Case 5:22-cv-00015-FL   Document 43-6   Filed 10/31/23   Page 80 of 206   Ex. 2  0079

Application. No. 14/044,130
Amendment dated July 24, 2104
Reply to Office Action of May 30, 2014

      Claim 7. (original) The non-skid protective cloth or pad as recited in claim 4, wherein said downward projecting bumps comprise bumps of at least two different heights.

      Claim 8. (original) The non-skid protective cloth or pad as recited in claim 4, wherein said downward projecting bumps are separated one from another by an inter-bump space.

      Claim 9. (cancelled)

      Claim 10. (currently amended) A non-skid protective cloth or pad, consisting of:

      a)      a single, absorbent, plain woven upper layer free from any projecting cut pile and having an upper and a lower major surface;

      b)      a single lower, resilient layer having an upper and a lower major surface, said upper major surface of said single lower resilient layer being disposed adjacent said lower layer of said single, absorbent, woven upper layer; and

      Docket No. WS-101      Page 4 of 14

Case 5:22-cv-00015-FL   Document 43-6   Filed 10/31/23   Page 81 of 206   Ex. 2   0080

Application. No. 14/044,130
Amendment dated July 24, 2104
Reply to Office Action of May 30, 2014

    c)    ~~means for fastening said~~ <u>stitching disposed through both said</u> single,

absorbent, upper, woven layer [[to]] <u>and</u> said single lower resilient layer;

whereby when tested in accordance with TAPPI T548 specification, an average

slide angle is no less than approximately 40°.

Claim 11. (original) The non-skid protective cloth or pad as recited in claim

10, wherein said single, absorbent, woven, upper layer comprises a plain woven

cotton fabric.

Claim 12. . (original) The non-skid protective cloth or pad as recited in claim

10, wherein said single, absorbent, woven, upper layer comprises canvas.

Claim 13. . (original) The non-skid protective cloth or pad as recited in claim

10, wherein said single lower, resilient layer comprises a network of downward

projecting bumps interconnected one to another by a resilient grid.

Claim 14. . (original) The non-skid protective cloth or pad as recited in claim

13, wherein said downward projecting bumps comprise a shape selected from the

group: spherical, quasi-spherical, and amorphous.

Docket No. WS-101              Page 5 of 14

Case 5:22-cv-00015-FL   Document 43-6   Filed 10/31/23   Page 82 of 206
Ex. 2 0081

Application. No. 14/044,130
Amendment dated July 24, 2104
Reply to Office Action of May 30, 2014


15. (original) The non-skid protective cloth or pad as recited in claim 4, wherein said downward projecting bumps comprise bumps of at least two different sizes.

Claim 16. . (original) The non-skid protective cloth or pad as recited in claim 13, wherein said downward projecting bumps comprise bumps having at least two different heights.

Claim 17. . (original) The non-skid protective cloth or pad as recited in claim 13, wherein said downward projecting bumps are separated one from another by an inter- bump space.

Claim 18. (cancelled)

Docket No. WS-101              Page 6 of 14

Case 5:22-cv-00015-FL   Document 43-6   Filed 10/31/23   Page 83 of 206   EX. 1   0082

Application. No. 14/044,130
Amendment dated July 24, 2104
Reply to Office Action of May 30, 2014

    Claim 19.  (currently amended)  The non-skid protective cloth or pad, recited in claim 1, further comprising:

    d)    an impervious member interposed between said single, absorbent, plain woven upper layer and said single lower, resilient member;

    e)    ~~means for fastening said~~ stitching disposed through said single, absorbent, upper, woven layer, said interposed impervious membe, and said single lower resilient layer.

    Claim 20.  (original)  The non-skid protective cloth or pad, recited in claim 10, further comprising:

    d)    an impervious member interposed between said single, absorbent, plain woven upper layer and said single lower, resilient member;

    e)    means for fastening said single, absorbent, upper, woven layer to said interposed impervious member and said single lower resilient layer.

Docket No. WS-101          Page 7 of 14

Case 5:22-cv-00015-FL   Document 43-6   Filed 10/31/23   Page 84 of 206   EX.16 0083

Application. No. 14/044,130
Amendment dated July 24, 2104
Reply to Office Action of May 30, 2014

## REMARKS/ARGUMENTS

Reconsideration of the above-identified application is respectfully requested in view of the foregoing amendments and the following remarks.  Claims 9 and 18 have been cancelled, without prejudice.  Claims 1, 10 and 19 have been amended. Claims 1 – 8, 10 – 17, and 19 - 20 remain in the case.

Claims 1 - 2 and 10 - 11 are rejected under 35 U.S.C. §103 as obvious over United States Patent No. 6,162,748  for WOVEN FLOOR COVERINGS issued December 19, 2000 to Lee Hilton Schilling et al., hereinafter SCHILLING in view of the Technical information by PolyOne on Geon Glide Wear Resistant Plastisol, at www.polyone.com (2010) (PolyOne).

Applicants have amended both claims 1 and 10 to recite:

"c)     ~~means for fastening said~~ stitching disposed through both said single, absorbent, upper, woven layer [[to]] and said single lower resilient layer."

Neither SCHILLING nor the PolyOne on Geon Glide Wear Resistant Plastisol reference, teach or suggest "a single, absorbent, plain woven upper layer free from

Docket No. WS-101              Page 8 of 14

Case 5:22-cv-00015-FL   Document 43-6   Filed 10/31/23   Page 85 of 206   EX. 2   0084

Application. No. 14/044,130
Amendment dated July 24, 2104
Reply to Office Action of May 30, 2014

any projecting cut pile" stitched to a "single lower, resilient layer having an upper and

a lower major surface, said upper major surface of said single lower resilient layer

being disposed adjacent said lower layer of said single, absorbent, woven upper

layer."

Applicants believe that the PolyOne on Geon Glide Wear Resistant Plastisol

reference teaches away from her invention. All information known to Applicants

discusses the Geon material for low friction (i.e., **low coefficient of sliding friction**)

applications. To alter the Geon material to work in Applicants' novel material would

render it unsuitable for its original intended purpose. In accordance with *In re*

*Gordon* 221 USPQ 1125 – 1127, (Fed. Cir. 1984), such a modification cannot be

considered obvious.

Applicants further wish to note for the record that they do not believe that the

PolyOne on Geon Glide Wear Resistant Plastisol material could be used in their

novel drop cloth to obtain the result:

"whereby when said lower major surface of said single lower resilient layer is

placed on a support surface, a Sliding Coefficient of Friction measures in

accordance with TAPPI T548 specification is greater than approximately 0.75."

Docket No. WS-101                     Page 9 of 14

Case 5:22-cv-00015-FL   Document 43-6   Filed 10/31/23   Page 86 of 206   EX. 1 0085

Application. No. 14/044,130
Amendment dated July 24, 2104
Reply to Office Action of May 30, 2014

Consequently, Applicants believe that the amendment of claims 1 and 10 overcomes their rejection under 35 U.S.C. §103 over SCHILLING in view of the PolyOne on Geon Glide Wear Resistant Plastisol reference.

Regarding claims 2 and 11, respectively recite:

Claim 2. (original) The non-skid protective cloth or pad as recited in claim 1, wherein said single, absorbent, woven, upper layer comprises a plain woven cotton fabric; and

Claim 11. (original) The non-skid protective cloth or pad as recited in claim 10, wherein said single, absorbent, woven, upper layer comprises a plain woven cotton fabric.

Claims 2 and 11 depend from now-allowable claims 1and 10, respectively and merely recite an additional limitation thereto. Consequently, Applicants believe that the amendment to claims 1 and 10 have further overcome the rejection of claims 2 and 11, respectively.

Docket No. WS-101       Page 10 of 14

Case 5:22-cv-00015-FL   Document 43-6   Filed 10/31/23   Page 87 of 206   EX. 2   0086

Application. No. 14/044,130
Amendment dated July 24, 2104
Reply to Office Action of May 30, 2014

Claims 1 – 20 were rejected under 35 U.S.C. §103 as being unpatentable

over United States Patent No. 5,567,497 for SKID-RESISTANT FLOOR COVERING

AND METHOD OF MAKING SAME issued October 22, 1996 to Stephen A. Zegler et

al., hereinafter ZEGLER, in view of United States Patent No. 2,274,468 for FLOOR

COVERING issued February 24, 1942 to Harry W. Bell and further in view of United

States Patent No. 3,565,661 for FLOOR COVERINGS AND THE LIKE issued

February 23, 1971 to Alan Morley Harrison et al., hereinafter HARRISON, and

further in view of PolyOne on Geon Glide Wear Resistant Plastisol.

The cancellation of claims of 9 and 18 render moot their rejection under 35

U.S.C. §103 and being unpatentable over ZEGLER in view of BELL and further in

view of HARRISON and further in view of PolyOne on Geon Glide Wear Resistant

Plastisol.

Examiner Lopez asserts: "Considering claims 1 - 20, Zegler teaches a floor

covering 10, which comprises (i) a floor covering layer, exemplified by a

thermoplastic-backed carpet 20 illustrated in FIG. 2, comprising a face layer,

exemplified in FIG. 2 by a tufted carpet and a thermoplastic lower backing layer 34,

and (ii) a thermoplastic contact layer 40 that is fusible compatible with and fused to

the lower backing layer 34. As used herein, the term "fusible compatible" when

referring to two thermoplastics in adjacent layers means thermoplastics which can

Application. No. 14/044,130
Amendment dated July 24, 2104
Reply to Office Action of May 30, 2014

be permanently fused to one another under heat and pressure without any external

attachment enhancer, such as a mechanical fastener or an adhesive. The term

"fused" when referring to two contacting thermoplastic layers indicates that the

layers are permanently bonded without the use of any external attachment

enhancer. Therefore, lower backing layer 34 and contact layer 40 after they have

been fused together may be consider as a "single lower" resilient layer, which the

Examiner equates to the claimed single lower layer.

ZEGLER fails to teach Applicants' stitched construction as disclosed and now

claimed.

Examiner Lopez further asserts:  "Although Zegler teaches that the face layer

can be any material that would be suitable for use as the visual or working surface of

an overlying floor covering [Col. 3, lines 52 - 54]; it does not specifically recognize

that the face layer is an absorbent, plain woven layer, free of projecting cut pile.

However, this is remedied by Bell or Harrison et al.

Applicants respond that whether BELL and/or HARRISON teach "that the face layer

is an absorbent, plain woven layer, free of projecting cut pile" is immaterial as they

add no teaching or suggestion of Applicants' stitched construction as now claimed.

While BELL shows stiches 3 (FIGURE 2), the fasten a composite, multi-layer "rib"

Docket No. WS-101            Page 12 of 14

Case 5:22-cv-00015-FL   Document 43-6   Filed 10/31/23   Page 89 of 206   EX. 1   0088

Application. No. 14/044,130
Amendment dated July 24, 2104
Reply to Office Action of May 30, 2014

structure 1 to the backing 2. The BELL construction in which stitching is disposed is completely different than Applicants' "single, absorbent, plain woven upper layer" and a "single lower, resilient layer." The BELL ribs (the BELL upper layer) cannot reasonably be interpreted as analogous to Applicants' novel construction as disclosed and now claimed.

Consequently, Applicants believe that the amendment of claims 1 and 10 have also overcome the rejection of claims 1 – 8, 10 – 17, and 19 – 20 under 35 U.S.C. §103 as being unpatentable over ZEGLER, in view of BELL and further in view of HARRISON, and further in view of PolyOne on Geon Glide Wear Resistant Plastisol.

Applicant believes that claims 1 – 8, 10 – 17, and 19 – 20 are now in condition for allowance and respectfully requests that these claims be allowed and the application be passed to issue.

I hereby certify that this correspondence is being deposited with the United States Postal Service as first class mail in an envelope addressed to:

Mail Stop Amendment
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

On _____
                    (Date of Deposit)

_____
William G. Sykes, Esq. Reg. No. 50,704    (Date)
Attorney

Respectfully submitted,

_____
William G. Sykes, Esq.
Registration No. 50,704
Attorney for Applicants

Page 13 of 14

Case 5:22-cv-00015-FL   Document 43-6   Filed 10/31/23   Page 90 of 206
Ex. 1
0089

Application. No. 14/044,130
Amendment dated July 24, 2104
Reply to Office Action of May 30, 2014

3699 Seagull Bluff Drive
Virginia Beach, VA 23455

Phone: (757) 490-8586
Fax: (757) 363-3405

Docket No. WS-101          Page 14 of 14

Case 5:22-cv-00015-FL Document 43-6 Filed 10/31/23 Page 91 of 206    Ex. 2    0090

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | | |
|---|---|---|---|
| Appl. No. | : | 14/044,130 | Conf. No. 9866 |
| Applicant | : | Bradie Terracino et al. | |
| Filed | : | October 2, 2013 | |
| TC/A.U. | : | 1786 | |
| Examiner | : | Ricardo E. Lopez | |
| Docket No. | : | WS-119 CIP | |
| Title | : | Non-Skid Protective Cloth or Pad | |
| | : | | |
| Customer No. | : | 71490 | |

## **A M E N D M E N T**

Commissioner for Patents
P.O. Box 1450
Alexandria VA 22313-1450


S I R:

In response to the Office Action of May 30, 2014, please amend the above-identified patent application as follows:


**Amendments to the Claims** are reflected in the listing of claims, which begins on page 2 of this paper.


**Remarks/Arguments** begin on page 8 of this paper.

An **Amended Application Data Sheet** is being filed with this Amendment. In section "Prior Application Status" in section Continuity Type add "CIP" and in section Filing Date add "2009-07-27".


Docket No. WS-119 CIP          Page 1 of 14

**Amendments to the Claims**:

This listing of claims will replace all prior versions, and listings, of claims in the application:

**Listing of Claims**:

Claim 1.  (currently amended)  A non-skid protective cloth or pad, consisting of:

a)      a single, absorbent, plain woven upper layer free from any projecting [[cut]] pile and having an upper and a lower major surface;

b)      a single lower, resilient layer having an upper and [[a]] an irregular lower major surface spaced apart from said major upper surface, said upper major surface of said single lower resilient layer being disposed adjacent said lower layer of said single, absorbent, woven upper layer;  and

c)      means for fastening said stitching disposed through both said single, absorbent, upper, woven layer [[to]] and said single lower resilient layer;

Docket No. WS-119 CIP          Page 2 of 14

whereby when said ~~said~~ <u>non-skid protective cloth or pad has said  irregular</u> lower major surface <u>thereof</u> ~~of said single lower resilient layer is~~ placed on a support surface, a Sliding Coefficient of Friction ~~measures~~ <u>measured</u> in accordance with TAPPI T548 specification is greater than approximately 0.75.

Claim 2.  (original)  The non-skid protective cloth or pad as recited in claim 1, wherein said single, absorbent, woven, upper layer comprises a plain woven cotton fabric.

Claim 3.  (original)  The non-skid protective cloth or pad as recited in claim 1, wherein said single, absorbent, woven, upper layer comprises canvas.

Claim 4.  (currently amended)  The non-skid protective cloth or pad as recited in claim 1, wherein said <u>irregular lower major surface of said</u> single lower, resilient layer comprises a network of downward projecting bumps interconnected one to another by a resilient grid.

Claim 5. (original)  The non-skid protective cloth or pad as recited in claim 4, wherein said downward projecting bumps comprise a shape selected from the group: spherical, quasi-spherical, and amorphous.

Ex. 1  0093

Claim 6. (original)  The non-skid protective cloth or pad as recited in claim 4, wherein said downward projecting bumps comprise bumps of at least two different sizes.

Claim 7. (original)  The non-skid protective cloth or pad as recited in claim 4, wherein said downward projecting bumps comprise bumps of at least two different heights.

Claim 8. (original)  The non-skid protective cloth or pad as recited in claim 4, wherein said downward projecting bumps are separated one from another by an inter-bump space.

Claim 9.  (cancelled)

Claim 10.  (currently amended)  A non-skid protective cloth or pad, consisting of:

a)      a single, absorbent, plain woven upper layer free from any projecting cut pile and having an upper and a lower major surface;

Case 5:22-cv-00015-FL   Document 43-6   Filed 10/31/23   Page 95 of 206   Ex. 1   0094

b)    a single lower, resilient layer having an upper and [[a]] an irregular

lower major surface, said upper major surface of said single lower resilient layer

being disposed adjacent said lower layer of said single, absorbent, woven upper

layer;  and

c)    ~~means for fastening said~~ stitching disposed through both said single,

absorbent, upper, woven layer [[to]] and said single lower resilient layer;

whereby when said said non-skid protective cloth or pad has said  irregular

lower major surface thereof is placed on a support surface and tested in accordance

with TAPPI T548 specification, an average slide angle is no less than approximately

40°.

Claim 11.  (original)  The non-skid protective cloth or pad as recited in claim

10, wherein said single, absorbent, woven, upper layer comprises a plain woven

cotton fabric.

Claim 12.  .  (original)  The non-skid protective cloth or pad as recited in claim

10, wherein said single, absorbent, woven, upper layer comprises canvas.

Case 5:22-cv-00015-FL   Document 43-6   Filed 10/31/23   Page 96 of 206

Ex. 1   0095

Claim 13. . (original)  The non-skid protective cloth or pad as recited in claim 10, wherein said single lower, resilient layer comprises a network of downward projecting bumps interconnected one to another by a resilient grid.

Claim 14. . (original)  The non-skid protective cloth or pad as recited in claim 13, wherein said downward projecting bumps comprise a shape selected from the group: spherical, quasi-spherical, and amorphous.

15.  (original)  The non-skid protective cloth or pad as recited in claim 4, wherein said downward projecting bumps comprise bumps of at least two different sizes.

Claim 16. . (original)  The non-skid protective cloth or pad as recited in claim 13, wherein said downward projecting bumps comprise bumps having at least two different heights.

Claim 17. . (original)  The non-skid protective cloth or pad as recited in claim 13, wherein said downward projecting bumps are separated one from another by an inter- bump space.

Claim 18.  (cancelled)

Case 5:22-cv-00015-FL   Document 43-6   Filed 10/31/23   Page 97 of 206   Ex. 1  0096

Claim 19.   (currently amended)  The non-skid protective cloth or pad, recited in claim 1, further comprising:

d)      an impervious member interposed between said single, absorbent, plain woven upper layer and said single lower, resilient member;

e)      ~~means for fastening said~~ stitching disposed through said single, absorbent, upper, woven layer, said interposed impervious membe, and said single lower resilient layer.

Claim 20.  (original)  The non-skid protective cloth or pad, recited in claim 10, further comprising:

d)      an impervious member interposed between said single, absorbent, plain woven upper layer and said single lower, resilient member;

e)      means for fastening said single, absorbent, upper, woven layer to said interposed impervious member and said single lower resilient layer.

Case 5:22-cv-00015-FL   Document 43-6   Filed 10/31/23   Page 98 of 206   Ex. 1   0097

Application. No. 14/044,130
Amendment dated August 20, 2104
Reply to Office Action of May 30, 2014

## REMARKS/ARGUMENTS

Applicantsfirst wishes to thank again Examiners Ricardo Lopez and Jennifer Chriss for the courtesy extended to William Sykes, Attorney for Applicants, and David Banner, Agent for Applicants during the telephonic interview of August 14, 2014. There encouragement and suggestions for possible approaches to claiming the instant invention are both greatly appreciated. The undersigned is anxious to further prosecution of this case in any way possible.

Reconsideration of the above-identified application is respectfully requested in view of the foregoing amendments and the following remarks. Claims 9 and 18 have been cancelled, without prejudice. Claims 1, 4, 10 and 19 have been amended. Claims 1 – 8, 10 – 17, and 19 - 20 remain in the case.

Examiner Ricardo asserted that an improper claim to priority because the instant application was not properly identified in the Application Data Sheet as a Continuation-in-Part application of the parent application, Serial No. 12/460,763 filed on July 27, 2009.

A revised Application Data Sheet overcoming this defect is filed.

Docket No. WS-119 CIP          Page 8 of 14

Claims 1 - 2 and 10 - 11 are rejected under 35 U.S.C. §103 as obvious over United States Patent No. 6,162,748 for WOVEN FLOOR COVERINGS issued December 19, 2000 to Lee Hilton Schilling et al., hereinafter SCHILLING in view of the Technical information by PolyOne on Geon Glide Wear Resistant Plastisol, at www.polyone.com (2010) (PolyOne).

Applicants have amended both claims 1 and 10 to recite:

"c)    ~~means for fastening said~~ <u>stitching disposed through both said</u> single, absorbent, upper, woven layer [[to]] <u>and</u> said single lower resilient layer."

Neither SCHILLING nor the PolyOne on Geon Glide Wear Resistant Plastisol reference, teach or suggest "a single, absorbent, plain woven upper layer free from any projecting cut pile" stitched to a "single lower, resilient layer having an upper and a lower major surface, said upper major surface of said single lower resilient layer being disposed adjacent said lower layer of said single, absorbent, woven upper layer."

Applicants believe that the PolyOne on Geon Glide Wear Resistant Plastisol reference teaches away from her invention. All information known to Applicants discusses the Geon material for low friction (i.e., **low coefficient of sliding friction**)

applications.  To alter the Geon material to work in Applicants' novel material would render it unsuitable for its original intended purpose.  In accordance with *In re Gordon* 221 USPQ 1125 – 1127, (Fed. Cir. 1984), such a modification cannot be considered obvious.

Applicants further wish to note for the record that they do not believe that the PolyOne on Geon Glide Wear Resistant Plastisol material could be used in their novel drop cloth to obtain the result:

"whereby when said lower major surface of said single lower resilient layer is placed on a support surface, a Sliding Coefficient of Friction measures in accordance with TAPPI T548 specification is greater than approximately 0.75."

Consequently, Applicants believe that the amendment of claims 1 and 10 overcomes their rejection under 35 U.S.C. §103 over SCHILLING in view of the PolyOne on Geon Glide Wear Resistant Plastisol reference.

Regarding claims 2 and 11, respectively recite:

Ex. 4 0100

Claim 2. (original) The non-skid protective cloth or pad as recited in claim 1, wherein said single, absorbent, woven, upper layer comprises a plain woven cotton fabric; and

Claim 11. (original) The non-skid protective cloth or pad as recited in claim 10, wherein said single, absorbent, woven, upper layer comprises a plain woven cotton fabric.

Claims 2 and 11 depend from now-allowable claims 1and 10, respectively and merely recite an additional limitation thereto. Consequently, Applicants believe that the amendment to claims 1 and 10 have further overcome the rejection of claims 2 and 11, respectively.

Claims 1 – 20 were rejected under 35 U.S.C. §103 as being unpatentable over United States Patent No. 5,567,497 for SKID-RESISTANT FLOOR COVERING AND METHOD OF MAKING SAME issued October 22, 1996 to Stephen A. Zegler et al., hereinafter ZEGLER, in view of United States Patent No. 2,274,468 for FLOOR COVERING issued February 24, 1942 to Harry W. Bell and further in view of United States Patent No. 3,565,661 for FLOOR COVERINGS AND THE LIKE issued February 23, 1971 to Alan Morley Harrison et al., hereinafter HARRISON, and further in view of PolyOne on Geon Glide Wear Resistant Plastisol.

Docket No. WS-119 CIP          Page 11 of 14

Ex. 1
0101

The cancellation of claims of 9 and 18 render moot their rejection under 35 U.S.C. §103 and being unpatentable over ZEGLER in view of BELL and further in view of HARRISON and further in view of PolyOne on Geon Glide Wear Resistant Plastisol.

Examiner Lopez asserts: "Considering claims 1 - 20, Zegler teaches a floor covering 10, which comprises (i) a floor covering layer, exemplified by a thermoplastic-backed carpet 20 illustrated in FIG. 2, comprising a face layer, exemplified in FIG. 2 by a tufted carpet and a thermoplastic lower backing layer 34, and (ii) a thermoplastic contact layer 40 that is fusible compatible with and fused to the lower backing layer 34. As used herein, the term "fusible compatible" when referring to two thermoplastics in adjacent layers means thermoplastics which can be permanently fused to one another under heat and pressure without any external attachment enhancer, such as a mechanical fastener or an adhesive. The term "fused" when referring to two contacting thermoplastic layers indicates that the layers are permanently bonded without the use of any external attachment enhancer. Therefore, lower backing layer 34 and contact layer 40 after they have been fused together may be consider as a "single lower" resilient layer, which the Examiner equates to the claimed single lower layer.

Case 5:22-cv-00015-FL   Document 43-6   Filed 10/31/23   Page 103 of 206

EX. 4   0102

ZEGLER fails to teach Applicants' stitched construction as disclosed and now claimed.

Examiner Lopez further asserts: "Although Zegler teaches that the face layer can be any material that would be suitable for use as the visual or working surface of an overlying floor covering [Col. 3, lines 52 - 54]; it does not specifically recognize that the face layer is an absorbent, plain woven layer, free of projecting cut pile. However, this is remedied by Bell or Harrison et al.

Applicants respond that whether BELL and/or HARRISON teach "that the face layer is an absorbent, plain woven layer, free of projecting cut pile" is immaterial as they add no teaching or suggestion of Applicants' stitched construction as now claimed. While BELL shows stiches 3 (FIGURE 2), the fasten a composite, multi-layer "rib" structure 1 to the backing 2. The BELL construction in which stitching is disposed is completely different than Applicants' "single, absorbent, plain woven upper layer" and a "single lower, resilient layer." The BELL ribs (the BELL upper layer) cannot reasonably be interpreted as analogous to Applicants' novel construction as disclosed and now claimed.

Consequently, Applicants believe that the amendment of claims 1 and 10 have also overcome the rejection of claims 1 – 8, 10 – 17, and 19 – 20 under 35

Case 5:22-cv-00015-FL   Document 43-6   Filed 10/31/23   Page 104 of 206
Ex. 4
0103

Application. No. 14/044,130
Amendment dated August 20, 2104
Reply to Office Action of May 30, 2014

U.S.C. §103 as being unpatentable over ZEGLER, in view of BELL and further in

view of HARRISON, and further in view of PolyOne on Geon Glide Wear Resistant

Plastisol.

,

Applicants believe that claims 1 – 8, 10 – 17, and 19 – 20 are now in

condition for allowance and respectfully requests that these claims be allowed and

the application be passed to issue.

Respectfully submitted,

I hereby certify that this correspondence is being
deposited with the United States Postal Service
PAIR to:

Mail Stop Amendment
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

On _____8/20/2014_____
                                    (Date of Deposit)

/william g. sykes/_____8/20/2014
William G. Sykes, Esq.  Reg. No. 50,704     (Date)
Attorney

_____/william g. sykes/_____
William G. Sykes, Esq.
Registration No. 50,704
Attorney for Applicants
3699 Seagull Bluff Drive
Virginia Beach, VA 23455

Phone: (757) 490-8586
Fax: (757) 363-3405

Docket No. WS-119 CIP          Page 14 of 14

## AMENDED

PTO/AIA/14 (03-13)
Approved for use through 01/31/2014. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| Application Data Sheet 37 CFR 1.76 | Attorney Docket Number | WS-119 CIP |
|---|---|---|
| | Application Number | |

| Title of Invention | Non-Skid Protective Cloth or Pad |
|---|---|

The application data sheet is part of the provisional or nonprovisional application for which it is being submitted. The following form contains the bibliographic data arranged in a format specified by the United States Patent and Trademark Office as outlined in 37 CFR 1.76.
This document may be completed electronically and submitted to the Office in electronic format using the Electronic Filing System (EFS) or the document may be printed and included in a paper filed application.

## Secrecy Order 37 CFR 5.2

☐ Portions or all of the application associated with this Application Data Sheet may fall under a Secrecy Order pursuant to 37 CFR 5.2 (Paper filers only. Applications that fall under Secrecy Order may not be filed electronically.)

## Inventor Information:

### Inventor 1          [Remove]
### Legal Name

| Prefix | Given Name | Middle Name | Family Name | Suffix |
|---|---|---|---|---|
| | Bradie | | Terracino | |

| Residence Information (Select One) | ⦿ US Residency | ◯ Non US Residency | ◯ Active US Military Service | | |
|---|---|---|---|---|---|
| City | Virginia Beach | State/Province | VA | Country of Residence | US |

Mailing Address of Inventor:

| Address 1 | 3017 Egyptian Lane | | |
|---|---|---|---|
| Address 2 | | | |
| City | Virginia Beach | State/Province | VA |
| Postal Code | 23456 | Country i | US |

### Inventor 2          [Remove]
### Legal Name

| Prefix | Given Name | Middle Name | Family Name | Suffix |
|---|---|---|---|---|
| | Robert | | Terracino | |

| Residence Information (Select One) | ⦿ US Residency | ◯ Non US Residency | ◯ Active US Military Service | | |
|---|---|---|---|---|---|
| City | Virginia Beach | State/Province | VA | Country of Residence | US |

Mailing Address of Inventor:

| Address 1 | 3017 Egyptian Lane | | |
|---|---|---|---|
| Address 2 | | | |
| City | Virginia Beach | State/Province | VA |
| Postal Code | 23456 | Country i | US |

All Inventors Must Be Listed - Additional Inventor Information blocks may be generated within this form by selecting the **Add** button.          [Add]

## Correspondence Information:

Enter either Customer Number or complete the Correspondence Information section below.
For further information see 37 CFR 1.33(a).

PTO/AIA/14 (03-13)
Approved for use through 01/31/2014. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| **Application Data Sheet 37 CFR 1.76** | Attorney Docket Number | WS-119 CIP |
| | Application Number | |

| Title of Invention | Non-Skid Protective Cloth or Pad |

☒ **An Address is being provided for the correspondence Information of this application.**

| Name 1 | William G. Sykes | Name 2 | |
| Address 1 | 3669 Sea Gull Bluff Drive | | |
| Address 2 | | | |
| City | Virginia Beach | State/Province | VA |
| Country | US | Postal Code | 23455 |
| Phone Number | 757-490-8586 | Fax Number | 757-363-3405 |
| Email Address | william@williamsykeslaw.com | Add Email | Remove Email |

## Application Information:

| Title of the Invention | Non-Skid Protective Cloth or Pad | |
| Attorney Docket Number | WS-119 CIP | Small Entity Status Claimed ☐ |
| Application Type | Nonprovisional | |
| Subject Matter | Utility | |
| Total Number of Drawing Sheets (if any) | 6 | Suggested Figure for Publication (if any) |

## Publication Information:

☐ Request Early Publication (Fee required at time of Request 37 CFR 1.219)

☒ **Request Not to Publish.** I hereby request that the attached application not be published under 35 U.S.C. 122(b) and certify that the invention disclosed in the attached application **has not and will not** be the subject of an application filed in another country, or under a multilateral international agreement, that requires publication at eighteen months after filing.

## Representative Information:

Representative information should be provided for all practitioners having a power of attorney in the application. Providing this information in the Application Data Sheet does not constitute a power of attorney in the application (see 37 CFR 1.32). Either enter Customer Number or complete the Representative Name section below. If both sections are completed the customer Number will be used for the Representative Information during processing.

| Please Select One: | ⦿ Customer Number | ◯ US Patent Practitioner | ◯ Limited Recognition (37 CFR 11.9) |
| Customer Number | 71490 | | |

## Domestic Benefit/National Stage Information:

This section allows for the applicant to either claim benefit under 35 U.S.C. 119(e), 120, 121, or 365(c) or indicate National Stage entry from a PCT application. Providing this information in the application data sheet constitutes the specific reference required by 35 U.S.C. 119(e) or 120, and 37 CFR 1.78.

PTO/AIA/14 (03-13)
Approved for use through 01/31/2014. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| **Application Data Sheet 37 CFR 1.76** | Attorney Docket Number | WS-119 CIP |
|---|---|---|
| | Application Number | |

| Title of Invention | Non-Skid Protective Cloth or Pad |
|---|---|

| Prior Application Status | Pending | | Remove |
|---|---|---|---|
| Application Number | Continuity Type | Prior Application Number | Filing Date (YYYY-MM-DD) |
| | CIP | 12460763 | 2009-07-27 |

Additional Domestic Benefit/National Stage Data may be generated within this form by selecting the **Add** button.

## Foreign Priority Information:

This section allows for the applicant to claim priority to a foreign application. Providing this information in the application data sheet constitutes the claim for priority as required by 35 U.S.C. 119(b) and 37 CFR 1.55(d). When priority is claimed to a foreign application that is eligible for retrieval under the priority document exchange program (PDX) the information will be used by the Office to automatically attempt retrieval pursuant to 37 CFR 1.55(h)(1) and (2). Under the PDX program, applicant bears the ultimate responsibility for ensuring that a copy of the foreign application is received by the Office from the participating foreign intellectual property office, or a certified copy of the foreign priority application is filed, within the time period specified in 37 CFR 1.55(g)(1).

| | | | Remove |
|---|---|---|---|
| Application Number | Country | Filing Date (YYYY-MM-DD) | Access Code (if applicable) |
| | | | |

Additional Foreign Priority Data may be generated within this form by selecting the **Add** button.

## Statement under 37 CFR 1.55 or 1.78 for AIA (First Inventor to File) Transition Applications

| ☐ | This application (1) claims priority to or the benefit of an application filed before March 16, 2013 and (2) also contains, or contained at any time, a claim to a claimed invention that has an effective filing date on or after March 16, 2013.<br>NOTE: By providing this statement under 37 CFR 1.55 or 1.78, this application, with a filing date on or after March 16, 2013, will be examined under the first inventor to file provisions of the AIA. |
|---|---|

## Authorization to Permit Access:

| ☐ | Authorization to Permit Access to the Instant Application by the Participating Offices |
|---|---|

PTO/AIA/14 (03-13)
Approved for use through 01/31/2014. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| Application Data Sheet 37 CFR 1.76 | Attorney Docket Number | WS-119 CIP |
|---|---|---|
| | Application Number | |

| Title of Invention | Non-Skid Protective Cloth or Pad |
|---|---|

If checked, the undersigned hereby grants the USPTO authority to provide the European Patent Office (EPO),
the Japan Patent Office (JPO), the Korean Intellectual Property Office (KIPO), the World Intellectual Property Office (WIPO),
and any other intellectual property offices in which a foreign application claiming priority to the instant patent application
is filed access to the instant patent application. See 37 CFR 1.14(c) and (h). This box should not be checked if the applicant
does not wish the EPO, JPO, KIPO, WIPO, or other intellectual property office in which a foreign application claiming priority
to the instant patent application is filed to have access to the instant patent application.

In accordance with 37 CFR 1.14(h)(3), access will be provided to a copy of the instant patent application with respect
to: 1) the instant patent application-as-filed; 2) any foreign application to which the instant patent application
claims priority under 35 U.S.C. 119(a)-(d) if a copy of the foreign application that satisfies the certified copy requirement of
37 CFR 1.55 has been filed in the instant patent application; and 3) any U.S. application-as-filed from which benefit is
sought in the instant patent application.

In accordance with 37 CFR 1.14(c), access may be provided to information concerning the date o f filing this Authorization.

## Applicant Information:

Providing assignment information in this section does not substitute for compliance with any requirement of part 3 of Title 37 of CFR
to have an assignment recorded by the Office.

**Applicant 1**

If the applicant is the inventor (or the remaining joint inventor or inventors under 37 CFR 1.45), this section should not be completed.
The information to be provided in this section is the name and address of the legal representative who is the applicant under 37 CFR
1.43; or the name and address of the assignee, person to whom the inventor is under an obligation to assign the invention, or person
who otherwise shows sufficient proprietary interest in the matter who is the applicant under 37 CFR 1.46. If the applicant is an
applicant under 37 CFR 1.46 (assignee, person to whom the inventor is obligated to assign, or person who otherwise shows sufficient
proprietary interest) together with one or more joint inventors, then the joint inventor or inventors who are also the applicant should be
identified in this section.

[ Clear ]

| ○ Assignee | ○ Legal Representative under 35 U.S.C. 117 | ○ Joint Inventor |
|---|---|---|

| ○ Person to whom the inventor is obligated to assign. | ○ Person who shows sufficient proprietary interest |
|---|---|

If applicant is the legal representative, indicate the authority to file the patent application, the inventor is:

Name of the Deceased or Legally Incapacitated Inventor :

If the Applicant is an Organization check here. ☐

| Prefix | Given Name | Middle Name | Family Name | Suffix |
|---|---|---|---|---|
| | | | | |

PTO/AIA/14 (03-13)
Approved for use through 01/31/2014. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| **Application Data Sheet 37 CFR 1.76** | Attorney Docket Number | WS-119 CIP |
|---|---|---|
| | Application Number | |

| Title of Invention | Non-Skid Protective Cloth or Pad |
|---|---|

### Mailing Address Information For Applicant:

| **Address 1** | | | |
|---|---|---|---|
| Address 2 | | | |
| **City** | | **State/Province** | |
| **Country** | | Postal Code | |
| Phone Number | | Fax Number | |
| Email Address | | | |

Additional Applicant Data may be generated within this form by selecting the Add button.

## Assignee Information including Non-Applicant Assignee Information:

Providing assignment information in this section does not subsitute for compliance with any requirement of part 3 of Title 37 of CFR to have an assignment recorded by the Office.

### Assignee    1

Complete this section if assignee information, including non-applicant assignee information, is desired to be included on the patent application publication . An assignee-applicant identified in the "Applicant Information" section will appear on the patent application publication as an applicant. For an assignee-applicant, complete this section only if identification as an assignee is also desired on the patent application publication.

| If the Assignee is an Organization check here. | ☐ | | | |
|---|---|---|---|---|
| Prefix | **Given Name** | Middle Name | **Family Name** | Suffix |
| | | | | |

### Mailing Address Information For Non-Applicant Assignee:

| **Address 1** | | | |
|---|---|---|---|
| Address 2 | | | |
| **City** | | **State/Province** | |
| **Country** | | Postal Code | |
| Phone Number | | Fax Number | |
| Email Address | | | |

Additional Assignee Data may be generated within this form by selecting the Add button.

PTO/AIA/14 (03-13)
Approved for use through 01/31/2014. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| Application Data Sheet 37 CFR 1.76 | Attorney Docket Number | WS-119 CIP |
|---|---|---|
| | Application Number | |

| Title of Invention | Non-Skid Protective Cloth or Pad |
|---|---|

## Signature:

| NOTE: This form must be signed in accordance with 37 CFR 1.33. See 37 CFR 1.4 for signature requirements and certifications. | | | | |
|---|---|---|---|---|
| Signature | /Bradie Terracino/ | | Date (YYYY-MM-DD) | 2013-10-02 |
| First Name | Bradie | Last Name | Terracino | Registration Number | |

Additional Signature may be generated within this form by selecting the Add button.

## Signature:

| NOTE: This form must be signed in accordance with 37 CFR 1.33. See 37 CFR 1.4 for signature requirements and certifications. | | | | |
|---|---|---|---|---|
| Signature | /Robert Terracino/ | | Date (YYYY-MM-DD) | 2013-10-02 |
| First Name | Robert | Last Name | Terracino | Registration Number | |

Additional Signature may be generated within this form by selecting the Add button.

This collection of information is required by 37 CFR 1.76. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 23 minutes to complete, including gathering, preparing, and submitting the completed application data sheet form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 19913914 |
| **Application Number:** | 14044130 |
| **International Application Number:** | |
| **Confirmation Number:** | 9866 |
| **Title of Invention:** | Non-Skid Protective Cloth or Pad |
| **First Named Inventor/Applicant Name:** | Bradie Terracino |
| **Customer Number:** | 71490 |
| **Filer:** | William Gray Sykes |
| **Filer Authorized By:** | |
| **Attorney Docket Number:** | WS-119 CIP |
| **Receipt Date:** | 20-AUG-2014 |
| **Filing Date:** | 02-OCT-2013 |
| **Time Stamp:** | 13:30:25 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | no |

### File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | Amendment Copy Claims/Response to Suggested Claims | Amendment_WS119CIP_F.pdf | 55150<br>1f88445c2613ab82f8f6a2e5418a85cdc4637 92d | no | 14 |

| | |
|---|---|
| Warnings: | |
| Information: | |

Ex. 4
0111

| | 2 | Application Data Sheet | aia14_F.pdf | 915619 | no | 6 |
|---|---|---|---|---|---|---|
| | | | | 0bf0b0987e40c501c8a6381a1c4969022d1 4ac44 | | |

**Warnings:**

**Information:**

This is not an USPTO supplied ADS fillable form

| **Total Files Size (in bytes):** | 970769 |
|---|---|

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

**National Stage of an International Application under 35 U.S.C. 371**
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

PTO/SB/06 (09-11)
Approved for use through 1/31/2014. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

## PATENT APPLICATION FEE DETERMINATION RECORD
Substitute for Form PTO-875

| Application or Docket Number | Filing Date | |
|---|---|---|
| 14/044,130 | 10/02/2013 | ☐ To be Mailed |

**ENTITY:** ☐ LARGE  ☐ SMALL  ☒ MICRO

### APPLICATION AS FILED – PART I

| | (Column 1) | (Column 2) | | |
|---|---|---|---|---|
| FOR | NUMBER FILED | NUMBER EXTRA | RATE ($) | FEE ($) |
| ☐ BASIC FEE (37 CFR 1.16(a), (b), or (c)) | N/A | N/A | N/A | |
| ☐ SEARCH FEE (37 CFR 1.16(k), (i), or (m)) | N/A | N/A | N/A | |
| ☐ EXAMINATION FEE (37 CFR 1.16(o), (p), or (q)) | N/A | N/A | N/A | |
| TOTAL CLAIMS (37 CFR 1.16(i)) | minus 20 = | * | X $ = | |
| INDEPENDENT CLAIMS (37 CFR 1.16(h)) | minus 3 = | * | X $ = | |
| ☐ APPLICATION SIZE FEE (37 CFR 1.16(s)) | If the specification and drawings exceed 100 sheets of paper, the application size fee due is $310 ($155 for small entity) for each additional 50 sheets or fraction thereof. See 35 U.S.C. 41(a)(1)(G) and 37 CFR 1.16(s). | | | |
| ☐ MULTIPLE DEPENDENT CLAIM PRESENT (37 CFR 1.16(j)) | | | | |
| * If the difference in column 1 is less than zero, enter "0" in column 2. | | | TOTAL | |

### APPLICATION AS AMENDED – PART II

| | | (Column 1) | (Column 2) | (Column 3) | | |
|---|---|---|---|---|---|---|
| **AMENDMENT** | **08/20/2014** | CLAIMS REMAINING AFTER AMENDMENT | HIGHEST NUMBER PREVIOUSLY PAID FOR | PRESENT EXTRA | RATE ($) | ADDITIONAL FEE ($) |
| | Total (37 CFR 1.16(i)) | * 18 | Minus | ** 20 | = 0 | x $20 = | 0 |
| | Independent (37 CFR 1.16(h)) | * 2 | Minus | *** 3 | = 0 | x $105 = | 0 |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | |
| | | | | | TOTAL ADD'L FEE | **0** |

| | | (Column 1) | (Column 2) | (Column 3) | | |
|---|---|---|---|---|---|---|
| **AMENDMENT** | | CLAIMS REMAINING AFTER AMENDMENT | HIGHEST NUMBER PREVIOUSLY PAID FOR | PRESENT EXTRA | RATE ($) | ADDITIONAL FEE ($) |
| | Total (37 CFR 1.16(i)) | * | Minus | ** | = | X $ = | |
| | Independent (37 CFR 1.16(h)) | * | Minus | *** | = | X $ = | |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | |
| | | | | | TOTAL ADD'L FEE | |

* If the entry in column 1 is less than the entry in column 2, write "0" in column 3.
** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20".
*** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3".
The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1.

LIE
/JACQUELYN WILLIAMS/

This collection of information is required by 37 CFR 1.16. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**
*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*



# UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 14/044,130 | 10/02/2013 | Bradie Terracino | WS-119 CIP | 9866 |

71490        7590        07/14/2014

WILLIAMS G. SYKES
3669 SEAGULL BLUFF DRIVE
VIRGINIA BEACH, VA 23455

| EXAMINER |
|---|
| LOPEZ, RICARDO E. |

| ART UNIT | PAPER NUMBER |
|---|---|
| 1786 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 07/14/2014 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A (Rev. 04/07)

| | **Application No.** | **Applicant(s)** |
|---|---|---|
| ***Applicant-Initiated Interview Summary*** | 14/044,130 | TERRACINO ET AL. |
| | **Examiner** | **Art Unit** |
| | RICARDO E. LOPEZ | 1786 |

All participants (applicant, applicant's representative, PTO personnel):

(1) *RICARDO E. LOPEZ*.                     (3)*William Sykes*.

(2) *Jennifer Chriss*.                     (4)*David Banner*.

Date of Interview: *07/01/2014*.

Type:  ☒ Telephonic  ☐ Video Conference
       ☐ Personal [copy given to: ☐ applicant     ☐ applicant's representative]

Exhibit shown or demonstration conducted:  ☐ Yes  ☒ No.
    If Yes, brief description: _____.

Issues Discussed  ☐101 ☐112 ☐102 ☐103 ☒Others
(For each of the checked box(es) above, please describe below the issue and detailed description of the discussion)

Claim(s) discussed: *1-18*.

Identification of prior art discussed: *Prior art of record*.

Substance of Interview
(For each issue discussed, provide a detailed description and indicate if agreement was reached. Some topics may include: identification or clarification of a reference or a portion thereof, claim interpretation, proposed amendments, arguments of any applied references etc...)

*After the opening remarks by Applicant's representative and response by the Examiners, it was determined to reschedule the interview as Applicant had not provided the requested agenda. It was agreed to reschedule another interview after an agenda is made available to the Examiners and the Office Action was thoroughly reviewed by all involved parties.*

**Applicant recordation instructions:** The formal written reply to the last Office action must include the substance of the interview. (See MPEP section 713.04). If a reply to the last Office action has already been filed, applicant is given a non-extendable period of the longer of one month or thirty days from this interview date, or the mailing date of this interview summary form, whichever is later, to file a statement of the substance of the interview

**Examiner recordation instructions:** Examiners must summarize the substance of any interview of record. A complete and proper recordation of the substance of an interview should include the items listed in MPEP 713.04 for complete and proper recordation including the identification of the general thrust of each argument or issue discussed, a general indication of any other pertinent matters discussed regarding patentability and the general results or outcome of the interview, to include an indication as to whether or not agreement was reached on the issues raised.

☐ Attachment

| /REL/ | /JENNIFER CHRISS/ <br> Supervisory Patent Examiner, Art Unit 1786 |
|---|---|

# Summary of Record of Interview Requirements

**Manual of Patent Examining Procedure (MPEP), Section 713.04, Substance of Interview Must be Made of Record**
A complete written statement as to the substance of any face-to-face, video conference, or telephone interview with regard to an application must be made of record in the application whether or not an agreement with the examiner was reached at the interview.

**Title 37 Code of Federal Regulations (CFR) § 1.133 Interviews**
Paragraph (b)

In every instance where reconsideration is requested in view of an interview with an examiner, a complete written statement of the reasons presented at the interview as warranting favorable action must be filed by the applicant. An interview does not remove the necessity for reply to Office action as specified in §§ 1.111, 1.135. (35 U.S.C. 132)

37 CFR §1.2 Business to be transacted in writing.
All business with the Patent or Trademark Office should be transacted in writing. The personal attendance of applicants or their attorneys or agents at the Patent and Trademark Office is unnecessary. The action of the Patent and Trademark Office will be based exclusively on the written record in the Office. No attention will be paid to any alleged oral promise, stipulation, or understanding in relation to which there is disagreement or doubt.

———

The action of the Patent and Trademark Office cannot be based exclusively on the written record in the Office if that record is itself incomplete through the failure to record the substance of interviews.

It is the responsibility of the applicant or the attorney or agent to make the substance of an interview of record in the application file, unless the examiner indicates he or she will do so. It is the examiner's responsibility to see that such a record is made and to correct material inaccuracies which bear directly on the question of patentability.

Examiners must complete an Interview Summary Form for each interview held where a matter of substance has been discussed during the interview by checking the appropriate boxes and filling in the blanks. Discussions regarding only procedural matters, directed solely to restriction requirements for which interview recordation is otherwise provided for in Section 812.01 of the Manual of Patent Examining Procedure, or pointing out typographical errors or unreadable script in Office actions or the like, are excluded from the interview recordation procedures below. Where the substance of an interview is completely recorded in an Examiners Amendment, no separate Interview Summary Record is required.

The Interview Summary Form shall be given an appropriate Paper No., placed in the right hand portion of the file, and listed on the "Contents" section of the file wrapper. In a personal interview, a duplicate of the Form is given to the applicant (or attorney or agent) at the conclusion of the interview. In the case of a telephone or video-conference interview, the copy is mailed to the applicant's correspondence address either with or prior to the next official communication. If additional correspondence from the examiner is not likely before an allowance or if other circumstances dictate, the Form should be mailed promptly after the interview rather than with the next official communication.

The Form provides for recordation of the following information:
– Application Number (Series Code and Serial Number)
– Name of applicant
– Name of examiner
– Date of interview
– Type of interview (telephonic, video-conference, or personal)
– Name of participant(s) (applicant, attorney or agent, examiner, other PTO personnel, etc.)
– An indication whether or not an exhibit was shown or a demonstration conducted
– An identification of the specific prior art discussed
–  An indication whether an agreement was reached and if so, a description of the general nature of the agreement (may be by attachment of a copy of amendments or claims agreed as being allowable). Note: Agreement as to allowability is tentative and does not restrict further action by the examiner to the contrary.
– The signature of the examiner who conducted the interview (if Form is not an attachment to a signed Office action)

It is desirable that the examiner orally remind the applicant of his or her obligation to record the substance of the interview of each case. It should be noted, however, that the Interview Summary Form will not normally be considered a complete and proper recordation of the interview unless it includes, or is supplemented by the applicant or the examiner to include, all of the applicable items required below concerning the substance of the interview.

A complete and proper recordation of the substance of any interview should include at least the following applicable items:
1) A brief description of the nature of any exhibit shown or any demonstration conducted,
2) an identification of the claims discussed,
3) an identification of the specific prior art discussed,
4) an identification of the principal proposed amendments of a substantive nature discussed, unless these are already described on the Interview Summary Form completed by the Examiner,
5) a brief identification of the general thrust of the principal arguments presented to the examiner,
    (The identification of arguments need not be lengthy or elaborate. A verbatim or highly detailed description of the arguments is not required. The identification of the arguments is sufficient if the general nature or thrust of the principal arguments made to the examiner can be understood in the context of the application file. Of course, the applicant may desire to emphasize and fully describe those arguments which he or she feels were or might be persuasive to the examiner.)
6) a general indication of any other pertinent matters discussed, and
7) if appropriate, the general results or outcome of the interview unless already described in the Interview Summary Form completed by the examiner.

Examiners are expected to carefully review the applicant's record of the substance of an interview. If the record is not complete and accurate, the examiner will give the applicant an extendable one month time period to correct the record.

## Examiner to Check for Accuracy

If the claims are allowable for other reasons of record, the examiner should send a letter setting forth the examiner's version of the statement attributed to him or her. If the record is complete and accurate, the examiner should place the indication, "Interview Record OK" on the paper recording the substance of the interview along with the date and the examiner's initials.



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 14/044,130 | 10/02/2013 | Bradie Terracino | WS-119 CIP | 9866 |

71490          7590          05/30/2014
WILLIAMS G. SYKES
3669 SEAGULL BLUFF DRIVE
VIRGINIA BEACH, VA 23455

| EXAMINER |
|---|
| LOPEZ, RICARDO E. |

| ART UNIT | PAPER NUMBER |
|---|---|
| 1786 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 05/30/2014 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A (Rev. 04/07)

| *Office Action Summary* | Application No. 14/044,130 | Applicant(s) TERRACINO ET AL. |
|---|---|---|
| | Examiner RICARDO E. LOPEZ | Art Unit 1786 | AIA (First Inventor to File) Status Yes |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTHS FROM THE MAILING DATE OF THIS COMMUNICATION.

- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
  Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1) ☒ Responsive to communication(s) filed on <u>10/02/2013</u>.
   ☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on _____.
2a) ☐ This action is **FINAL.**   2b) ☒ This action is non-final.
3) ☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____; the restriction requirement and election have been incorporated into this action.
4) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims***

5) ☒ Claim(s) <u>1-20</u> is/are pending in the application.
   5a) Of the above claim(s) _____ is/are withdrawn from consideration.
6) ☐ Claim(s) _____ is/are allowed.
7) ☒ Claim(s) <u>1-20</u> is/are rejected.
8) ☐ Claim(s) _____ is/are objected to.
9) ☐ Claim(s) _____ are subject to restriction and/or election requirement.

* If any claims have been determined <u>allowable</u>, you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see http://www.uspto.gov/patents/init_events/pph/index.jsp or send an inquiry to PPHfeedback@uspto.gov.

**Application Papers**

10) ☐ The specification is objected to by the Examiner.
11) ☒ The drawing(s) filed on <u>10/02/2013</u> is/are: a) ☒ accepted or b) ☐ objected to by the Examiner.
    Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).
    Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

**Priority under 35 U.S.C. § 119**

12) ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
    **Certified copies:**
    a) ☐ All   b) ☐ Some** c) ☐ None of the:
    1. ☐ Certified copies of the priority documents have been received.
    2. ☐ Certified copies of the priority documents have been received in Application No. _____.
    3. ☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).
** See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1) ☒ Notice of References Cited (PTO-892)
2) ☒ Information Disclosure Statement(s) (PTO/SB/08a and/or PTO/SB/08b)
   Paper No(s)/Mail Date <u>10/02/2013</u>.
3) ☐ Interview Summary (PTO-413)
   Paper No(s)/Mail Date. _____.
4) ☐ Other: _____.

U.S. Patent and Trademark Office
PTOL-326 (Rev. 11-13)                    Office Action Summary                    Part of Paper No./Mail Date 20140528

## DETAILED ACTION

1.      This application makes reference to or appears to claim subject matter disclosed
in Application No. 12460763, filed on July 27, 2009. If applicant desires to claim the
benefit of a prior-filed application under 35 U.S.C. 119(e), 120, 121 or 365(c), the instant
application must contain, or be amended to contain, a specific reference to the prior-
filed application in compliance with 37 CFR 1.78.  If the application was filed before
September 16, 2012, the specific reference must be included in the first sentence(s) of
the specification following the title or in an application data sheet; **if the application
was filed on or after September 16, 2012 (as in this case), the specific reference
must be included in an application data sheet.  For benefit claims under 35 U.S.C.
120, 121 or 365(c), the reference must include the relationship (i.e., continuation,
divisional, or continuation-in-part) of the applications. Note the current ADS lists
the Domestic Benefit/National Stage Information as follows which omits the
relationship of the applications and the filing date:**

| Application Data Sheet 37 CFR 1.76 | Attorney Docket Number | WS-119 CIP | |
|---|---|---|---|
| | Application Number | | |
| Title of Invention | Non-Skid Protective Cloth or Pad | | |

| Prior Application Status | Pending | | | Remove |
|---|---|---|---|---|
| Application Number | Continuity Type | Prior Application Number | Filing Date (YYYY-MM-DD) | |
| | | 12460763 | | |

Additional Domestic Benefit/National Stage Data may be generated within this form
by selecting the **Add** button.

        If the instant application is a utility or plant application filed under 35 U.S.C.
111(a), the specific reference must be submitted during the pendency of the application

and within the later of four months from the actual filing date of the application or sixteen
months from the filing date of the prior application.  If the application is a utility or plant
application entering the national stage from an international application under 35 U.S.C.
371, the specific reference must be submitted during the pendency of the application
and within the later of four months from the date on which the national stage
commenced under 35 U.S.C. 371(b) or (f) or sixteen months from the filing date of the
prior application.  See 37 CFR 1.78.  This time period is not extendable and a failure to
submit the reference required by 35 U.S.C. 119(e) and/or 120, where applicable, within
this time period is considered a waiver of any benefit of such prior application(s) under
35 U.S.C. 119(e), 120, 121 and 365(c).  A benefit claim filed after the required time
period may be accepted if it is accompanied by a grantable petition to accept an
unintentionally delayed benefit claim under 35 U.S.C. 119(e), 120, 121 and 365(c).  The
petition must be accompanied by (1) the reference required by 35 U.S.C. 120 or 119(e)
and by 37 CFR 1.78 to the prior application (unless previously submitted), (2) the
petition fee under 37 CFR 1.17(m), and (3) a statement that the entire delay between
the date the claim was due under 37 CFR 1.78 and the date the claim was filed was
unintentional.  The Director may require additional information where there is a question
whether the delay was unintentional.  The petition should be addressed to:  Mail Stop
Petition, Commissioner for Patents, P.O. Box 1450, Alexandria, Virginia  22313-1450.

If the reference to the prior application was previously submitted within the time
period set forth in 37 CFR 1.78 but was not included in the location in the application
required by the rule (e.g., if the reference was submitted in an oath or declaration or the

application transmittal letter), and the information concerning the benefit claim was

recognized by the Office as shown by its inclusion on the first filing receipt, the petition

under 37 CFR 1.78 and the petition fee under 37 CFR 1.17(m) are not required.

Applicant is still required to submit the reference in compliance with 37 CFR 1.78 by

filing  an ADS with the reference (or, if the application was filed before September 16,

2012, by filing either an amendment to the first sentence(s) of the specification or an

ADS with the reference). See MPEP § 201.11.


### *Claim Rejections - 35 USC § 103*


2.      The following is a quotation of 35 U.S.C. 103 which forms the basis for all
obviousness rejections set forth in this Office action:
> A patent for a claimed invention may not be obtained, notwithstanding that the claimed
> invention is not identically disclosed as set forth in section 102 of this title, if the differences
> between the claimed invention and the prior art are such that the claimed invention as a whole
> would have been obvious before the effective filing date of the claimed invention to a person
> having ordinary skill in the art to which the claimed invention pertains.  Patentability shall not
> be negated by the manner in which the invention was made.

3.      Claims 1 - 2 and 10 – 11 are rejected under 35 U.S.C. 103 as obvious over

Schilling et al. US 6,162,748 (Schilling) in view of the Technical information by PolyOne

on Geon Glide Wear Resistant Plastisol, at www.polyone.com (2010) (PolyOne).


4.      Considering claims 1 – 2 and 10 – 11, Schilling teaches woven textile floor

coverings having a first layer with a first surface and a back surface where the first layer

is formed from interwoven warp and weft yarns that define interstices there between

(equated to Applicant's absorbent layer). The woven textile surface covering has a

second layer formed from a resin composition where the second layer has a yarn

engaging surface and opposing back surface (equated to Applicant's lower resilient

layer). At least a portion of the yarn engaging surface occupies the interstices between

the interwoven warp and weft yarns (equated to Applicant's means for fastening). The

resin composition further includes a cross-linking agent that is effective for cross-linking

the resin composition with the warp and weft yarns [Col. 1, lines 46 – 56]. Further,

Schilling teaches that the woven carpet layer is formed by weaving warp yarns 35 and

weft yarns 40 to provide a first surface and a back surface, wherein suitable yarn

materials include wool, cotton [Col. 3, lines 24 – 28]; thus meeting the limitation to be

absorbent and free from any projecting cut pile. Furthermore, Schilling teaches that a

preferred resin composition layer is a polymer or copolymer of a vinyl compound, e.g.,

polyvinyl chloride, polyvinylidine chloride, polyethylene chloride, polyvinyl acetate,

polyvinyl acetal, etc., and copolymers and mixtures thereof, such as GEON 137 ®

[Col.4, lines 1 – 13]; thus meeting the limitation for the lower layer to be resilient.

      Moreover, although Schilling is concerned in preventing  slippage between the

floor covering and an underlying floor [Col. 5, lines 40 – 42]; it does not specifically

recognize the claimed coefficient of friction or the average slide angle. However,

PolyOne discloses that Geon Glide Wear Resistant Plastisols can be formulated to

meet virtually any plastisol need. The coefficient of friction or COF can be fine-tuned for

a given application, ranging from 10 – 60 % lower COF compared to conventional

plastisols [Page 1].

Ex. 4   0122

It would have been obvious to one having ordinary skill in the art at the time the invention was made to select Geon Glide Wear Resistant Plastisols as the plastisol resin in Schilling's floor covering, with reasonable expectation of success when it is desired to provide the covering with the COF and/or average slide angle in order to prevent slippage between the floor covering and an underlying floor.

5.      Claims 1 – 20 are rejected under 35 U.S.C. 103 as obvious over Zegler et al. US 5,567,497 (Zegler) in view of Bell US 2,274,468 or in view of Harrison et al. US 3,565,661 (Harrison) and further in view of the Technical information by PolyOne on Geon Glide Wear Resistant Plastisol, at www.polyone.com (2010) (PolyOne).

6.      Considering claims 1 – 20, Zegler teaches a floor covering 10, which  comprises (i) a floor covering layer, exemplified by a thermoplastic-backed carpet 20 illustrated in FIG. 2, comprising a face layer, exemplified in FIG. 2 by a tufted carpet and a thermoplastic lower backing layer 34, and (ii) a thermoplastic contact layer 40 that is fusible compatible with and fused to the lower backing layer 34. As used herein, the term "fusible compatible" when referring to two thermoplastics in adjacent layers means thermoplastics which can be permanently fused to one another under heat and pressure without any external attachment enhancer, such as a mechanical fastener or an adhesive. The term "fused" when referring to two contacting thermoplastic layers indicates that the layers are permanently bonded without the use of any external attachment enhancer. Therefore, lower backing layer 34 and contact layer 40 after they

have been fused together may be consider as a "single lower" resilient layer, which the

Examiner equates to the claimed single lower layer. Further, Zegler teaches that

the thermoplastic contact layer 40 includes on its lower surface a plurality of shallow

thermoplastic projections, exemplified by dimples or nodules in FIG. 4 - 8, which extend

away from the face layer 30. These thermoplastic projections are sufficiently elastic to

impart skid resistance to said floor covering [Col. 3, lines 34 – 52 and FIG. 4].

Furthermore, Zegler teaches that the lower surface of the contact layer 40

includes a plurality of shallow projections extending away from the floor covering face

layer. The individual projections extend in the direction away from the visual surface of

the floor covering sufficiently that they will penetrate carpet yarns when the floor

covering overlies a carpeted surface. Projections which extend between about 0.010

inches and 0.1 inches are preferred [Col. 4, lines 51 – 60]. Further, Zegler also teaches

referring to FIGS. 5 and 7, the contact layer 70 comprises an open weave fabric scrim

72 and irregularly-sized semi-ovoid thermoplastic nodules 71 located on the scrim fibers

73, although those skilled in this art will appreciate that a number of suitable shapes for

nodules are suitable, including semi-spherical, prismatic, pyramidal, and the like.

Recesses 74 are located in the space bounded by the nodules 71, the scrim fibers 73,

and the lower surface of the lower backing layer 64. The arrangement of the nodules 71

on the scrim 72, and accordingly on contact layer 70, is random, but it will be

appreciated by those skilled in the art that any number of regular or irregular nodule

patterns are suitable and is limited only by the pattern of scrim fibers 73 [Col. 6, lines 33

– 47].

Ex. 1 0124

Moreover, Zegler teaches at [Col. 4, lines 10 – 13] that a preferred thermoplastic suitable for the lower backing layer is <u>a plastisol containing polymers and copolymers of a vinyl compound</u>, which the Examiner considers to be inherently resilient.


Although Zegler teaches that the face layer can be any material that would be suitable for use as the visual or working surface of an overlying floor covering [Col. 3, lines 52 – 54]; it does not specifically recognize that the face layer is an absorbent, plain woven layer, free of projecting cut pile. However, this is remedied by Bell or Harrison et al.

With regard to the limitations requiring a canvas, this is remedied by Bell.  Bell teaches at [Page 2, Left Col., lines 11 - 15] making a floor covering or a non-slip mat wherein the textile layer is a canvas.  Therefore, a person a having ordinary skill in the art at the time the invention was made would have found it obvious to use a canvas as one of the layers in their mat.  One would have been motivated in doing so in order to create a mat that was flexible.

With regard to the limitations requiring woven cotton, this is remedied by Harrison et al.  Harrison et al. teaches at [Col. 1, lines 49 – 51] making a floor covering or a non-slip mat wherein the textile layer is woven cotton. Therefore, a person a having ordinary skill in the art at the time the invention was made would have found it obvious to use woven cotton as one of the layers in their mat.  One would have been motivated in doing so in order to create a mat that was flexible and could easily absorb any coating that could be further applied to it, or simply to be absorbent in nature.

Although Zegler is directed to a skid resistant floor covering, the combinations Zegler Bell and Zegler Harrison do not specifically suggest the claimed coefficient of friction or average slide angle. However, PolyOne discloses that Geon Glide Wear Resistant Plastisols can be formulated to meet virtually any plastisol need. The coefficient of friction or COF can be fine-tuned for a given application, ranging from 10 – 60 % lower COF compared to conventional plastisols [Page 1].

It would have been obvious to one having ordinary skill in the art at the time the invention was made to select Geon Glide Wear Resistant Plastisols as the plastisol resin in Zegler's skid resistant floor covering, with reasonable expectation of success when it is desired to provide the covering with the COF and/or average slide angle in order to prevent a desired level of skid resistance between the floor covering and an underlying floor.

As to the limitation in claims 19 and 20 for the non-skid material to further comprise an impervious member interposed between said single, absorbent woven upper layer and the resilient layer, Zegler teaches that lower backing layer 34 is attached to the primary backing layer 31 (equated to Applicant's impervious member)on the surface opposite the tufted pile surface 33. The thermoplastic backing layer 34 can comprise any thermoplastic which is fusible compatible with the thermoplastic of the contact layer 40 and which will withstand the rigors of fusing [Col. 4, lines 1 – 6]; thus rendering obvious the additional limitation in the subject claims.

**Examiner's Comment**

Ex. 4   0126

7.      Should Applicant consider necessary or desirable that a personal or telephonic

discussion might be helpful in understanding the Office position presented in this Office

action, she/he is invited to telephone the Examiner.


### Conclusion

8.      Any inquiry concerning this communication or earlier communications from the
examiner should be directed to RICARDO E. LOPEZ whose telephone number is (571)-
270-1150.  The examiner can normally be reached on Monday to Thursday 8:00 am-
5:30pm EST, and every other Friday from 8:00 am to 4:30 pm..

9.      If attempts to reach the examiner by telephone are unsuccessful, the examiner's
supervisor, Jennifer Chriss can be reached on (571)-272-7783. The fax phone number
for the organization where this application or proceeding is assigned is 571-273-8300.

10.      Information regarding the status of an application may be obtained from the
Patent Application Information Retrieval (PAIR) system.  Status information for
published applications may be obtained from either Private PAIR or Public PAIR.
Status information for unpublished applications is available through Private PAIR only.
For more information about the PAIR system, see http://pair-direct.uspto.gov. Should
you have questions on access to the Private PAIR system, contact the Electronic
Business Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a
USPTO Customer Service Representative or access to the automated information
system, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.

/REL/                                                  /JENNIFER CHRISS/
Ricardo E. Lopez                                       Supervisory Patent Examiner, Art
Patent Examiner, Art Unit 1786                         Unit 1786

<table>
<tr><td rowspan="3"><strong><em>Notice of References Cited</em></strong></td><td colspan="2">Application/Control No.<br>14/044,130</td><td colspan="2">Applicant(s)/Patent Under Reexamination<br>TERRACINO ET AL.</td></tr>
<tr><td colspan="2" rowspan="2">Examiner<br>RICARDO E. LOPEZ</td><td>Art Unit</td><td rowspan="2">Page 1 of 1</td></tr>
<tr><td>1786</td></tr>
</table>

**U.S. PATENT DOCUMENTS**

| * | | Document Number<br>Country Code-Number-Kind Code | Date<br>MM-YYYY | Name | Classification |
|---|---|---|---|---|---|
| * | A | US-6,162,748 | 12-2000 | Schilling et al. | 442/226 |
| * | B | US-5,567,497 | 10-1996 | Zegler et al. | 428/95 |
| * | C | US-3,565,661 | 02-1971 | Harrison M. | 428/172 |
| * | D | US-2,274,468 | 02-1942 | BELL HARRY W | 112/421 |
| | E | US- | | | |
| | F | US- | | | |
| | G | US- | | | |
| | H | US- | | | |
| | I | US- | | | |
| | J | US- | | | |
| | K | US- | | | |
| | L | US- | | | |
| | M | US- | | | |

**FOREIGN PATENT DOCUMENTS**

| * | | Document Number<br>Country Code-Number-Kind Code | Date<br>MM-YYYY | Country | Name | Classification |
|---|---|---|---|---|---|---|
| | N | | | | | |
| | O | | | | | |
| | P | | | | | |
| | Q | | | | | |
| | R | | | | | |
| | S | | | | | |
| | T | | | | | |

**NON-PATENT DOCUMENTS**

| * | | Include as applicable: Author, Title Date, Publisher, Edition or Volume, Pertinent Pages) |
|---|---|---|
| | U | PolyOne's Geon Plastisol coatings, 2010 |
| | V | |
| | W | |
| | X | |

*A copy of this reference is not being furnished with this Office action. (See MPEP § 707.05(a).)
Dates in MM-YYYY format are publication dates. Classifications may be US or foreign.

U.S. Patent and Trademark Office
PTO-892 (Rev. 01-2001)

**Notice of References Cited**        Part of Paper No. 20140528



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

## BIB DATA SHEET

**CONFIRMATION NO. 9866**

| SERIAL NUMBER | FILING or 371(c) DATE | CLASS | GROUP ART UNIT | ATTORNEY DOCKET NO. |
|---|---|---|---|---|
| 14/044,130 | 10/02/2013 RULE | 442 | 1786 | WS-119 CIP |

**APPLICANTS**

**INVENTORS**
Bradie Terracino, Virginia Beach, VA;
Robert Terracino, Virginia Beach, VA;

** CONTINUING DATA *************************

** FOREIGN APPLICATIONS *************************

** IF REQUIRED, FOREIGN FILING LICENSE GRANTED ** ** MICRO ENTITY **
10/21/2013

| Foreign Priority claimed ☐ Yes ☑ No | | STATE OR COUNTRY | SHEETS DRAWINGS | TOTAL CLAIMS | INDEPENDENT CLAIMS |
|---|---|---|---|---|---|
| 35 USC 119(a-d) conditions met ☐ Yes ☑ No | ☐ Met after Allowance | | | | |
| Verified and Acknowledged /RICARDO E. LOPEZ/ Examiner's Signature | Initials | VA | 6 | 20 | 2 |

**ADDRESS**

WILLIAMS G. SYKES
3669 SEAGULL BLUFF DRIVE
VIRGINIA BEACH, VA 23455
UNITED STATES

**TITLE**

Non-Skid Protective Cloth or Pad

| FILING FEE RECEIVED 400 | FEES: Authority has been given in Paper No._____ to charge/credit DEPOSIT ACCOUNT No._____ for following: | ☐ All Fees |
|---|---|---|
| | | ☐ 1.16 Fees (Filing) |
| | | ☐ 1.17 Fees (Processing Ext. of time) |
| | | ☐ 1.18 Fees (Issue) |
| | | ☐ Other _____ |
| | | ☐ Credit |

BIB (Rev. 05/07).

| *Search Notes* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 14044130 | TERRACINO ET AL. |
| | **Examiner** | **Art Unit** |
| | RICARDO E LOPEZ | 1786 |

| CPC- SEARCHED | | |
|---|---|---|
| **Symbol** | **Date** | **Examiner** |
| | | |

| CPC COMBINATION SETS  - SEARCHED | | |
|---|---|---|
| **Symbol** | **Date** | **Examiner** |
| | | |

| US CLASSIFICATION SEARCHED | | | |
|---|---|---|---|
| **Class** | **Subclass** | **Date** | **Examiner** |
| 442 | 181-303 | 05/28/2014 | REL |

| SEARCH NOTES | | |
|---|---|---|
| **Search Notes** | **Date** | **Examiner** |
| Inventor and Assigne search | 05/28/2014 | REL |
| EAST Search History attached | 05/28/2014 | REL |

| INTERFERENCE SEARCH | | | |
|---|---|---|---|
| **US Class/ CPC Symbol** | **US Subclass / CPC Group** | **Date** | **Examiner** |
| | | | |

| /REL/ | |
|---|---|
| | |

**EAST Search History**

**EAST Search History (Prior Art)**

| Ref # | Hits | Search Query | DBs | Default Operator | Plurals | Time Stamp |
|---|---|---|---|---|---|---|
| S1 | 1 | ("20110017341").PN. | US-PGPUB; USPAT; USOCR | OR | OFF | 2012/07/20 12:42 |
| S2 | 5 | (("6946183") or ("2274468") or ("3565661")).PN. | US-PGPUB; USPAT; USOCR | OR | OFF | 2012/07/20 14:00 |
| S8 | 44 | ((nonskid or nonslip or non-slip or non-skid or antiskid or anti-skid or protective or drop) with (drop cloth or covering or pad or mat or cloth) same (projection or protrusion or protrusion or nodules or nub or dimple or tread or suction cup or vaccum cup or cleat)) same ((fabric or cloth or woven) same (cotton or canvas)) | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | ADJ | ON | 2012/07/23 11:33 |
| S9 | 13 | S8 and (hollow or depression or pit or indentation or dent or dint or bump) | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | ADJ | ON | 2012/07/23 11:37 |
| S10 | 656 | (nonskid or nonslip) same (covering or pad or mat) | US-PGPUB; USPAT; USOCR | OR | ON | 2012/07/23 12:07 |
| S11 | 859 | (nonskid or nonslip) same (covering or pad or mat) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT | OR | ON | 2012/07/23 12:07 |
| S12 | 205 | S11 and (hollow or depression or pit or indentation or dent or dint or bump) | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | ADJ | ON | 2012/07/23 12:08 |
| S13 | 27 | S12 and (dimple or convex) | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | ADJ | ON | 2012/07/23 12:08 |
| S14 | 3 | (("5567497") or ("5173346") or ("4917932")).PN. | US-PGPUB; USPAT; USOCR | OR | OFF | 2012/07/23 12:15 |
| S15 | 8 | (zegler near2 stephen).in. | US-PGPUB; USPAT; USOCR | OR | OFF | 2012/07/23 15:25 |
| S16 | 2529 | 428/95,88.ccls. | US-PGPUB; USPAT; USOCR | OR | OFF | 2012/07/23 15:26 |
| S17 | 10 | S16 and ((nonskid or nonslip) same (covering or pad or mat)) | US-PGPUB; USPAT; | OR | OFF | 2012/07/23 15:27 |

| | | | USOCR | | | |
|---|---|---|---|---|---|---|
| S18 | 1 | ("20080131680").PN. | US-PGPUB; USPAT; USOCR | OR | OFF | 2013/06/24 11:52 |
| S19 | 18 | (drop near3 (cloth or mat))same skid | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | ADJ | ON | 2013/06/25 10:37 |
| S20 | 274 | (floor near3 cover$3) same skid | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | ADJ | ON | 2013/06/25 10:48 |
| S21 | 30 | (floor near3 cover$3) same (skid and woven) | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | ADJ | ON | 2013/06/25 10:48 |
| S22 | 3 | (("20120213962") or ("20110143038") or ("20080003905")).PN. | US-PGPUB; USPAT; USOCR | OR | OFF | 2014/05/28 09:39 |
| S23 | 7716 | 442/181-303.ccls. | US-PGPUB; USPAT; USOCR | OR | OFF | 2014/05/28 09:54 |
| S24 | 7 | S23 and ((woven or fabric) with skid) | US-PGPUB; USPAT; USOCR | OR | OFF | 2014/05/28 09:55 |
| S25 | 2 | S23 and ((woven or fabric) with (slip near2 resist$3)) | US-PGPUB; USPAT; USOCR | OR | OFF | 2014/05/28 10:05 |
| S26 | 52 | S23 and ((woven or fabric) with plastisol) | US-PGPUB; USPAT; USOCR | OR | OFF | 2014/05/28 10:07 |

**5/28/2014 3:04:14 PM**
**C:\Users\rlopez\Documents\EAST\Workspaces\Non-skid cloth.wsp**

Ex. 4   0132

Doc code: IDS
Doc description: Information Disclosure Statement (IDS) Filed

PTO/SB/08a (01-10)
Approved for use through 07/31/2012. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| **INFORMATION DISCLOSURE STATEMENT BY APPLICANT** ( Not for submission under 37 CFR 1.99) | Application Number | |
|---|---|---|
| | Filing Date | |
| | First Named Inventor | Terracino, Bradie |
| | Art Unit | |
| | Examiner Name | |
| | Attorney Docket Number | WS-119 CIP |

### U.S.PATENTS

| Examiner Initial* | Cite No | Patent Number | Kind Code[1] | Issue Date | Name of Patentee or Applicant of cited Document | Pages,Columns,Lines where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|---|
| | 1 | | | | | |

If you wish to add additional U.S. Patent citation information please click the Add button.

### U.S.PATENT APPLICATION PUBLICATIONS

| Examiner Initial* | Cite No | Publication Number | Kind Code[1] | Publication Date | Name of Patentee or Applicant of cited Document | Pages,Columns,Lines where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|---|
| | 1 | | | | | |

If you wish to add additional U.S. Published Application citation information please click the Add button.

### FOREIGN PATENT DOCUMENTS

| Examiner Initial* | Cite No | Foreign Document Number[3] | Country Code[2] i | Kind Code[4] | Publication Date | Name of Patentee or Applicant of cited Document | Pages,Columns,Lines where Relevant Passages or Relevant Figures Appear | T[5] |
|---|---|---|---|---|---|---|---|---|
| | 1 | | | | | | | ☐ |

If you wish to add additional Foreign Patent Document citation information please click the Add button

### NON-PATENT LITERATURE DOCUMENTS

| Examiner Initials* | Cite No | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc), date, pages(s), volume-issue number(s), publisher, city and/or country where published. | T[5] |
|---|---|---|---|

EFS Web 2.1.17

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /R.L./

<table>
<tr><td rowspan="6"><b>INFORMATION DISCLOSURE<br>STATEMENT BY APPLICANT</b><br>( Not for submission under 37 CFR 1.99)</td><td>Application Number</td><td colspan="2">14044130 - GAU: 1786</td></tr>
<tr><td>Filing Date</td><td colspan="2"></td></tr>
<tr><td>First Named Inventor</td><td colspan="2">Terracino, Bradie</td></tr>
<tr><td>Art Unit</td><td colspan="2"></td></tr>
<tr><td>Examiner Name</td><td colspan="2"></td></tr>
<tr><td>Attorney Docket Number</td><td colspan="2">WS-119 CIP</td></tr>
</table>

| | | | |
|---|---|---|---|
| | 1 | Test Report No: 3235547PP02R3, Static Coefficient of Friction (Slide Angle Method), TAPPI T548 | ☐ |
| | 2 | Test Report No: 3235547PP01R2, Static Coefficient of Friction (Horizontal Pull Method) ASTM C1028-07 | ☐ |

If you wish to add additional non-patent literature document citation information please click the Add button

**EXAMINER SIGNATURE**

| Examiner Signature | /Ricardo Lopez/ | Date Considered | 05/28/2014 |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through a citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

[1] See Kind Codes of USPTO Patent Documents at www.USPTO.GOV or MPEP 901.04. [2] Enter office that issued the document, by the two-letter code (WIPO Standard ST.3). [3] For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document. [4] Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST.16 if possible. [5] Applicant is to place a check mark here if English language translation is attached.

EFS Web 2.1.17

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /R.L./

Ex. 4
0134

## PATENT APPLICATION FEE DETERMINATION RECORD
### Substitute for Form PTO-875

| | |
|---|---|
| | Application or Docket Number |
| | 14/044,130 |

### APPLICATION AS FILED - PART I

| | (Column 1) | (Column 2) | SMALL ENTITY | | OR | OTHER THAN SMALL ENTITY | |
|---|---|---|---|---|---|---|---|
| FOR | NUMBER FILED | NUMBER EXTRA | RATE($) | FEE($) | | RATE($) | FEE($) |
| BASIC FEE (37 CFR 1.16(a), (b), or (c)) | N/A | N/A | N/A | | | N/A | 70 |
| SEARCH FEE (37 CFR 1.16(k), (i), or (m)) | N/A | N/A | N/A | | | N/A | 150 |
| EXAMINATION FEE (37 CFR 1.16(o), (p), or (q)) | N/A | N/A | N/A | | | N/A | 180 |
| TOTAL CLAIMS (37 CFR 1.16(i)) | 20 | minus 20 = | * | | OR | x 20 = | 0.00 |
| INDEPENDENT CLAIMS (37 CFR 1.16(h)) | 2 | minus 3 = | * | | | x 105 = | 0.00 |
| APPLICATION SIZE FEE (37 CFR 1.16(s)) | If the specification and drawings exceed 100 sheets of paper, the application size fee due is $310 ($155 for small entity) for each additional 50 sheets or fraction thereof. See 35 U.S.C. 41(a)(1)(G) and 37 CFR 1.16(s). | | | | | | 0.00 |
| MULTIPLE DEPENDENT CLAIM PRESENT (37 CFR 1.16(j)) | | | | | | | 0.00 |
| * If the difference in column 1 is less than zero, enter "0" in column 2. | | | TOTAL | | | TOTAL | 400 |

### APPLICATION AS AMENDED - PART II

| | | (Column 1) CLAIMS REMAINING AFTER AMENDMENT | (Column 2) HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3) PRESENT EXTRA | SMALL ENTITY | | OR | OTHER THAN SMALL ENTITY | |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | RATE($) | ADDITIONAL FEE($) | | RATE($) | ADDITIONAL FEE($) |
| **AMENDMENT A** | Total (37 CFR 1.16(i)) | * | Minus ** | = | x = | | OR | x = | |
| | Independent (37 CFR 1.16(h)) | * | Minus *** | = | x = | | OR | x = | |
| | Application Size Fee (37 CFR 1.16(s)) | | | | | | OR | | |
| | FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | OR | | |
| | | | | | TOTAL ADD'L FEE | | OR | TOTAL ADD'L FEE | |

| | | (Column 1) CLAIMS REMAINING AFTER AMENDMENT | (Column 2) HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3) PRESENT EXTRA | SMALL ENTITY | | OR | OTHER THAN SMALL ENTITY | |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | RATE($) | ADDITIONAL FEE($) | | RATE($) | ADDITIONAL FEE($) |
| **AMENDMENT B** | Total (37 CFR 1.16(i)) | * | Minus ** | = | x = | | OR | x = | |
| | Independent (37 CFR 1.16(h)) | * | Minus *** | = | x = | | OR | x = | |
| | Application Size Fee (37 CFR 1.16(s)) | | | | | | OR | | |
| | FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | OR | | |
| | | | | | TOTAL ADD'L FEE | | OR | TOTAL ADD'L FEE | |

* If the entry in column 1 is less than the entry in column 2, write "0" in column 3.
** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20".
*** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3".
    The "Highest Number Previously Paid For" (Total or Independent) is the highest found in the appropriate box in column 1.



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NUMBER | FILING or 371(c) DATE | GRP ART UNIT | FIL FEE REC'D | ATTY.DOCKET.NO | TOT CLAIMS | IND CLAIMS |
|---|---|---|---|---|---|---|
| 14/044,130 | 10/02/2013 | 3633 | 400 | WS-119 CIP | 20 | 2 |

**CONFIRMATION NO. 9866**

71490
WILLIAMS G. SYKES
3669 SEAGULL BLUFF DRIVE
VIRGINIA BEACH, VA 23455

**FILING RECEIPT**

OC000000064507611

Date Mailed: 10/28/2013

Receipt is acknowledged of this non-provisional patent application. The application will be taken up for examination in due course. Applicant will be notified as to the results of the examination. Any correspondence concerning the application must include the following identification information: the U.S. APPLICATION NUMBER, FILING DATE, NAME OF APPLICANT, and TITLE OF INVENTION. Fees transmitted by check or draft are subject to collection. Please verify the accuracy of the data presented on this receipt. **If an error is noted on this Filing Receipt, please submit a written request for a Filing Receipt Correction. Please provide a copy of this Filing Receipt with the changes noted thereon. If you received a "Notice to File Missing Parts" for this application, please submit any corrections to this Filing Receipt with your reply to the Notice. When the USPTO processes the reply to the Notice, the USPTO will generate another Filing Receipt incorporating the requested corrections**

**Inventor(s)**

Bradie Terracino, Virginia Beach, VA;
Robert Terracino, Virginia Beach, VA;

**Applicant(s)**

Bradie Terracino, Virginia Beach, VA;
Robert Terracino, Virginia Beach, VA;

**Power of Attorney:** None

**Domestic Applications for which benefit is claimed - None.**
*A proper domestic benefit claim must be provided in an Application Data Sheet in order to constitute a claim for domestic benefit. See 37 CFR 1.76 and 1.78.*

**Foreign Applications** for which priority is claimed (You may be eligible to benefit from the **Patent Prosecution Highway** program at the USPTO. Please see http://www.uspto.gov for more information.) - None.
*Foreign application information must be provided in an Application Data Sheet in order to constitute a claim to foreign priority. See 37 CFR 1.55 and 1.76.*

**If Required, Foreign Filing License Granted:** 10/21/2013

The country code and number of your priority application, to be used for filing abroad under the Paris Convention, is **US 14/044,130**

**Projected Publication Date:** Request for Non-Publication Acknowledged

**Non-Publication Request:** Yes

**Early Publication Request:** No
** MICRO ENTITY **

**Title**

Non-Skid Protective Cloth or Pad

**Preliminary Class**

052

**Statement under 37 CFR 1.55 or 1.78 for AIA (First Inventor to File) Transition Applications:** No

## PROTECTING YOUR INVENTION OUTSIDE THE UNITED STATES

Since the rights granted by a U.S. patent extend only throughout the territory of the United States and have no effect in a foreign country, an inventor who wishes patent protection in another country must apply for a patent in a specific country or in regional patent offices. Applicants may wish to consider the filing of an international application under the Patent Cooperation Treaty (PCT). An international (PCT) application generally has the same effect as a regular national patent application in each PCT-member country. The PCT process **simplifies** the filing of patent applications on the same invention in member countries, but **does not result** in a grant of "an international patent" and does not eliminate the need of applicants to file additional documents and fees in countries where patent protection is desired.

Almost every country has its own patent law, and a person desiring a patent in a particular country must make an application for patent in that country in accordance with its particular laws. Since the laws of many countries differ in various respects from the patent law of the United States, applicants are advised to seek guidance from specific foreign countries to ensure that patent rights are not lost prematurely.

Applicants also are advised that in the case of inventions made in the United States, the Director of the USPTO must issue a license before applicants can apply for a patent in a foreign country. The filing of a U.S. patent application serves as a request for a foreign filing license. The application's filing receipt contains further information and guidance as to the status of applicant's license for foreign filing.

Applicants may wish to consult the USPTO booklet, "General Information Concerning Patents" (specifically, the section entitled "Treaties and Foreign Patents") for more information on timeframes and deadlines for filing foreign patent applications. The guide is available either by contacting the USPTO Contact Center at 800-786-9199, or it can be viewed on the USPTO website at http://www.uspto.gov/web/offices/pac/doc/general/index.html.

For information on preventing theft of your intellectual property (patents, trademarks and copyrights), you may wish to consult the U.S. Government website, http://www.stopfakes.gov. Part of a Department of Commerce initiative, this website includes self-help "toolkits" giving innovators guidance on how to protect intellectual property in specific countries such as China, Korea and Mexico. For questions regarding patent enforcement issues, applicants may call the U.S. Government hotline at 1-866-999-HALT (1-866-999-4258).

# LICENSE FOR FOREIGN FILING UNDER

## Title 35, United States Code, Section 184

## Title 37, Code of Federal Regulations, 5.11 & 5.15

**GRANTED**

The applicant has been granted a license under 35 U.S.C. 184, if the phrase "IF REQUIRED, FOREIGN FILING LICENSE GRANTED" followed by a date appears on this form. Such licenses are issued in all applications where the conditions for issuance of a license have been met, regardless of whether or not a license may be required as set forth in 37 CFR 5.15. The scope and limitations of this license are set forth in 37 CFR 5.15(a) unless an earlier license has been issued under 37 CFR 5.15(b). The license is subject to revocation upon written notification. The date indicated is the effective date of the license, unless an earlier license of similar scope has been granted under 37 CFR 5.13 or 5.14.

This license is to be retained by the licensee and may be used at any time on or after the effective date thereof unless it is revoked. This license is automatically transferred to any related applications(s) filed under 37 CFR 1.53(d). This license is not retroactive.

The grant of a license does not in any way lessen the responsibility of a licensee for the security of the subject matter as imposed by any Government contract or the provisions of existing laws relating to espionage and the national security or the export of technical data. Licensees should apprise themselves of current regulations especially with respect to certain countries, of other agencies, particularly the Office of Defense Trade Controls, Department of State (with respect to Arms, Munitions and Implements of War (22 CFR 121-128)); the Bureau of Industry and Security, Department of Commerce (15 CFR parts 730-774); the Office of Foreign AssetsControl, Department of Treasury (31 CFR Parts 500+) and the Department of Energy.

**NOT GRANTED**

No license under 35 U.S.C. 184 has been granted at this time, if the phrase "IF REQUIRED, FOREIGN FILING LICENSE GRANTED" DOES NOT appear on this form. Applicant may still petition for a license under 37 CFR 5.12, if a license is desired before the expiration of 6 months from the filing date of the application. If 6 months has lapsed from the filing date of this application and the licensee has not received any indication of a secrecy order under 35 U.S.C. 181, the licensee may foreign file the application pursuant to 37 CFR 5.15(b).

---

## *SelectUSA*

The United States represents the largest, most dynamic marketplace in the world and is an unparalleled location for business investment, innovation, and commercialization of new technologies. The U.S. offers tremendous resources and advantages for those who invest and manufacture goods here. Through SelectUSA, our nation works to promote and facilitate business investment. SelectUSA provides information assistance to the international investor community; serves as an ombudsman for existing and potential investors; advocates on behalf of U.S. cities, states, and regions competing for global investment; and counsels U.S. economic development organizations on investment attraction best practices. To learn more about why the United States is the best country in the world to develop technology, manufacture products, deliver services, and grow your business, visit http://www.SelectUSA.gov or call +1-202-482-6800.

Case 5:22-cv-00015-FL   Document 43-6   Filed 10/31/23   Page 139 of 206

EX. 4  0138



## UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NUMBER | FILING OR 371(C) DATE | FIRST NAMED APPLICANT | ATTY. DOCKET NO./TITLE |
|---|---|---|---|
| 14/044,130 | 10/02/2013 | Bradie Terracino | WS-119 CIP |

**CONFIRMATION NO. 9866**
**IMPROPER CPOA LETTER**

71490
WILLIAMS G. SYKES
3669 SEAGULL BLUFF DRIVE
VIRGINIA BEACH, VA 23455


*OC000000064507411*

Date Mailed: 10/28/2013

## NOTICE REGARDING POWER OF ATTORNEY

This is in response to the power of attorney filed 10/02/2013. The power of attorney in this application is not accepted for the reason(s) listed below:

- The power of attorney you provided did not comply with the power of attorney rules that became effective on June 25, 2004. See 37 CFR 1.32 and 69 Fed. Reg. 29865.

/tnguyen/

Office of Data Management, Application Assistance Unit (571) 272-4000, or (571) 272-4200, or 1-888-786-0101

page 1 of 1

Doc code: IDS
Doc description: Information Disclosure Statement (IDS) Filed

PTO/SB/08a (01-10)
Approved for use through 07/31/2012. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

<table>
<tr><td rowspan="6"><strong>INFORMATION DISCLOSURE<br>STATEMENT BY APPLICANT</strong><br>( Not for submission under 37 CFR 1.99)</td><td colspan="2">Application Number</td></tr>
</table>

| **INFORMATION DISCLOSURE STATEMENT BY APPLICANT** ( Not for submission under 37 CFR 1.99) | Application Number | |
|---|---|---|
| | Filing Date | |
| | First Named Inventor | Terracino, Bradie |
| | Art Unit | |
| | Examiner Name | |
| | Attorney Docket Number | WS-119 CIP |

### U.S.PATENTS

| Examiner Initial* | Cite No | Patent Number | Kind Code[1] | Issue Date | Name of Patentee or Applicant of cited Document | Pages,Columns,Lines where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|---|
| | 1 | | | | | |

If you wish to add additional U.S. Patent citation information please click the Add button.

### U.S.PATENT APPLICATION PUBLICATIONS

| Examiner Initial* | Cite No | Publication Number | Kind Code[1] | Publication Date | Name of Patentee or Applicant of cited Document | Pages,Columns,Lines where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|---|
| | 1 | | | | | |

If you wish to add additional U.S. Published Application citation information please click the Add button.

### FOREIGN PATENT DOCUMENTS

| Examiner Initial* | Cite No | Foreign Document Number[3] | Country Code[2] i | Kind Code[4] | Publication Date | Name of Patentee or Applicant of cited Document | Pages,Columns,Lines where Relevant Passages or Relevant Figures Appear | T[5] |
|---|---|---|---|---|---|---|---|---|
| | 1 | | | | | | | ☐ |

If you wish to add additional Foreign Patent Document citation information please click the Add button

### NON-PATENT LITERATURE DOCUMENTS

| Examiner Initials* | Cite No | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc), date, pages(s), volume-issue number(s), publisher, city and/or country where published. | T[5] |
|---|---|---|---|

EFS Web 2.1.17

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT ( Not for submission under 37 CFR 1.99) | Application Number | |
|---|---|---|
| | Filing Date | |
| | First Named Inventor | Terracino, Bradie |
| | Art Unit | |
| | Examiner Name | |
| | Attorney Docket Number | WS-119 CIP |

| | 1 | Test Report No: 3235547PP02R3, Static Coefficient of Friction (Slide Angle Method), TAPPI T548 | ☐ |
|---|---|---|---|
| | 2 | Test Report No: 3235547PP01R2, Static Coefficient of Friction (Horizontal Pull Method) ASTM C1028-07 | ☐ |

If you wish to add additional non-patent literature document citation information please click the Add button

**EXAMINER SIGNATURE**

| Examiner Signature | | Date Considered | |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through a citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

[1] See Kind Codes of USPTO Patent Documents at www.USPTO.GOV or MPEP 901.04. [2] Enter office that issued the document, by the two-letter code (WIPO Standard ST.3). [3] For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document. [4] Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST.16 if possible. [5] Applicant is to place a check mark here if English language translation is attached.

| | | |
|---|---|---|
| **INFORMATION DISCLOSURE STATEMENT BY APPLICANT** ( **Not for submission under 37 CFR 1.99**) | Application Number | |
| | Filing Date | |
| | First Named Inventor | Terracino, Bradie |
| | Art Unit | |
| | Examiner Name | |
| | Attorney Docket Number | WS-119 CIP |

---

**CERTIFICATION STATEMENT**

Please see 37 CFR 1.97 and 1.98 to make the appropriate selection(s):

☐ That each item of information contained in the information disclosure statement was first cited in any communication from a foreign patent office in a counterpart foreign application not more than three months prior to the filing of the information disclosure statement. See 37 CFR 1.97(e)(1).

**OR**

☒ That no item of information contained in the information disclosure statement was cited in a communication from a foreign patent office in a counterpart foreign application, and, to the knowledge of the person signing the certification after making reasonable inquiry, no item of information contained in the information disclosure statement was known to any individual designated in 37 CFR 1.56(c) more than three months prior to the filing of the information disclosure statement. See 37 CFR 1.97(e)(2).

☐ See attached certification statement.

☐ The fee set forth in 37 CFR 1.17 (p) has been submitted herewith.

☐ A certification statement is not submitted herewith.

**SIGNATURE**

A signature of the applicant or representative is required in accordance with CFR 1.33, 10.18. Please see CFR 1.4(d) for the form of the signature.

| Signature | /william g. sykes/ | Date (YYYY-MM-DD) | 2013-10-02 |
|---|---|---|---|
| Name/Print | William G. Sykes | Registration Number | 50704 |

This collection of information is required by 37 CFR 1.97 and 1.98. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 1 hour to complete, including gathering, preparing and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

# Privacy Act Statement

The Privacy Act of 1974 (P.L. 93-579) requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. Accordingly, pursuant to the requirements of the Act, please be advised that: (1) the general authority for the collection of this information is 35 U.S.C. 2(b)(2); (2) furnishing of the information solicited is voluntary; and (3) the principal purpose for which the information is used by the U.S. Patent and Trademark Office is to process and/or examine your submission related to a patent application or patent. If you do not furnish the requested information, the U.S. Patent and Trademark Office may not be able to process and/or examine your submission, which may result in termination of proceedings or abandonment of the application or expiration of the patent.

The information provided by you in this form will be subject to the following routine uses:

1.　The information on this form will be treated confidentially to the extent allowed under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C. 552a). Records from this system of records may be disclosed to the Department of Justice to determine whether the Freedom of Information Act requires disclosure of these record s.

2.　A record from this system of records may be disclosed, as a routine use, in the course of presenting evidence to a court, magistrate, or administrative tribunal, including disclosures to opposing counsel in the course of settlement negotiations.

3.　A record in this system of records may be disclosed, as a routine use, to a Member of Congress submitting a request involving an individual, to whom the record pertains, when the individual has requested assistance from the Member with respect to the subject matter of the record.

4.　A record in this system of records may be disclosed, as a routine use, to a contractor of the Agency having need for the information in order to perform a contract. Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. 552a(m).

5.　A record related to an International Application filed under the Patent Cooperation Treaty in this system of records may be disclosed, as a routine use, to the International Bureau of the World Intellectual Property Organization, pursuant to the Patent Cooperation Treaty.

6.　A record in this system of records may be disclosed, as a routine use, to another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)).

7.　A record from this system of records may be disclosed, as a routine use, to the Administrator, General Services, or his/her designee, during an inspection of records conducted by GSA as part of that agency's responsibility to recommend improvements in records management practices and programs, under authority of 44 U.S.C. 2904 and 2906. Such disclosure shall be made in accordance with the GSA regulations governing inspection of records for this purpose, and any other relevant (i.e., GSA or Commerce) directive. Such disclosure shall not be used to make determinations about individuals.

8.　A record from this system of records may be disclosed, as a routine use, to the public after either publication of the application pursuant to 35 U.S.C. 122(b) or issuance of a patent pursuant to 35 U.S.C. 151. Further, a record may be disclosed, subject to the limitations of 37 CFR 1.14, as a routine use, to the public if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspections or an issued patent.

9.　A record from this system of records may be disclosed, as a routine use, to a Federal, State, or local law enforcement agency, if the USPTO becomes aware of a violation or potential violation of law or regulation.

Ex. 4 0143

## CERTIFICATION OF MICRO ENTITY STATUS
### (GROSS INCOME BASIS)

| Application Number or Control Number (if applicable): | Patent Number (if applicable): |
|---|---|

| First Named Inventor:<br>Terracino, Bradie | Title of Invention:<br>Non-Skid Protective Cloth or Pad |
|---|---|

The applicant hereby certifies the following—

(1) **SMALL ENTITY REQUIREMENT -** The applicant qualifies as a small entity as defined in 37 CFR 1.27.

(2) **APPLICATION FILING LIMIT -** Neither the applicant nor the inventor nor a joint inventor has been named as the inventor or a joint inventor on more than four previously filed U.S. patent applications, excluding provisional applications and international applications under the Patent Cooperation Treaty (PCT) for which the basic national fee under 37 CFR 1.492(a) was not paid, and also excluding patent applications for which the applicant has assigned all ownership rights or is obligated to assign all ownership rights as a result of the applicant's previous employment.

(3) **GROSS INCOME LIMIT ON APPLICANTS AND INVENTORS -** Neither the applicant nor the inventor nor a joint inventor, in the calendar year preceding the calendar year in which the applicable fee is being paid, had a gross income, as defined in section 61(a) of the Internal Revenue Code of 1986 (26 U.S.C. 61(a)), exceeding the "Maximum Qualifying Gross Income" reported on the USPTO website at http://www.uspto.gov/patents/law/micro_entity.jsp which is equal to three times the median household income for that preceding calendar year, as most recently reported by the Bureau of the Census.

(4) **GROSS INCOME LIMIT ON PARTIES WITH AN "OWNERSHIP INTEREST" -** Neither the applicant nor the inventor nor a joint inventor has assigned, granted, or conveyed, nor is under an obligation by contract or law to assign, grant, or convey, a license or other ownership interest in the application concerned to an entity that, in the calendar year preceding the calendar year in which the applicable fee is being paid, had a gross income, as defined in section 61(a) of the Internal Revenue Code of 1986, exceeding the "Maximum Qualifying Gross Income" reported on the USPTO website at http://www.uspto.gov/patents/law/micro_entity.jsp which is equal to three times the median household income for that preceding calendar year, as most recently reported by the Bureau of the Census.

| SIGNATURE by a party set forth in 37 CFR 1.33(b) | | | | |
|---|---|---|---|---|
| Signature | /bradie terracino/ | | | |
| Name | Bradie Terracino | | | |
| Date | 10/02/2013 | Telephone | 757-301-9501 | Registration No. |

| ☑ | There is more than one inventor and I am one of the inventors who are jointly identified as the applicant. Additional certification form(s) signed by the other joint inventor(s) are included with this form. |
|---|---|

Privacy Act Statement

The **Privacy Act of 1974 (P.L. 93-579)** requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. Accordingly, pursuant to the requirements of the Act, please be advised that: (1) the general authority for the collection of this information is 35 U.S.C. 2(b)(2); (2) furnishing of the information solicited is voluntary; and (3) the principal purpose for which the information is used by the U.S. Patent and Trademark Office is to process and/or examine your submission related to a patent application or patent. If you do not furnish the requested information, the U.S. Patent and Trademark Office may not be able to process and/or examine your submission, which may result in termination of proceedings or abandonment of the application or expiration of the patent.

The information provided by you in this form will be subject to the following routine uses:

1. The information on this form will be treated confidentially to the extent allowed under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C 552a). Records from this system of records may be disclosed to the Department of Justice to determine whether disclosure of these records is required by the Freedom of Information Act.
2. A record from this system of records may be disclosed, as a routine use, in the course of presenting evidence to a court, magistrate, or administrative tribunal, including disclosures to opposing counsel in the course of settlement negotiations.
3. A record in this system of records may be disclosed, as a routine use, to a Member of Congress submitting a request involving an individual, to whom the record pertains, when the individual has requested assistance from the Member with respect to the subject matter of the record.
4. A record in this system of records may be disclosed, as a routine use, to a contractor of the Agency having need for the information in order to perform a contract. Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. 552a(m).
5. A record related to an International Application filed under the Patent Cooperation Treaty in this system of records may be disclosed, as a routine use, to the International Bureau of the World Intellectual Property Organization, pursuant to the Patent Cooperation Treaty.
6. A record in this system of records may be disclosed, as a routine use, to another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)).
7. A record from this system of records may be disclosed, as a routine use, to the Administrator, General Services, or his/her designee, during an inspection of records conducted by GSA as part of that agency's responsibility to recommend improvements in records management practices and programs, under authority of 44 U.S.C. 2904 and 2906. Such disclosure shall be made in accordance with the GSA regulations governing inspection of records for this purpose, and any other relevant (*i.e.*, GSA or Commerce) directive. Such disclosure shall not be used to make determinations about individuals.
8. A record from this system of records may be disclosed, as a routine use, to the public after either publication of the application pursuant to 35 U.S.C. 122(b) or issuance of a patent pursuant to 35 U.S.C. 151. Further, a record may be disclosed, subject to the limitations of 37 CFR 1.14, as a routine use, to the public if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspection or an issued patent.
9. A record from this system of records may be disclosed, as a routine use, to a Federal, State, or local law enforcement agency, if the USPTO becomes aware of a violation or potential violation of law or regulation.

EX. 1        0145

## CERTIFICATION OF MICRO ENTITY STATUS
### (GROSS INCOME BASIS)

| Application Number or Control Number (if applicable): | Patent Number (if applicable): |
|---|---|

| First Named Inventor: <br> Terracino, Robert | Title of Invention: <br> Non-Skid Protective Cloth or Pad |
|---|---|

The applicant hereby certifies the following—

(1) **SMALL ENTITY REQUIREMENT** - The applicant qualifies as a small entity as defined in 37 CFR 1.27.

(2) **APPLICATION FILING LIMIT** - Neither the applicant nor the inventor nor a joint inventor has been named as the inventor or a joint inventor on more than four previously filed U.S. patent applications, excluding provisional applications and international applications under the Patent Cooperation Treaty (PCT) for which the basic national fee under 37 CFR 1.492(a) was not paid, and also excluding patent applications for which the applicant has assigned all ownership rights or is obligated to assign all ownership rights as a result of the applicant's previous employment.

(3) **GROSS INCOME LIMIT ON APPLICANTS AND INVENTORS** - Neither the applicant nor the inventor nor a joint inventor, in the calendar year preceding the calendar year in which the applicable fee is being paid, had a gross income, as defined in section 61(a) of the Internal Revenue Code of 1986 (26 U.S.C. 61(a)), exceeding the "Maximum Qualifying Gross Income" reported on the USPTO website at http://www.uspto.gov/patents/law/micro_entity.jsp which is equal to three times the median household income for that preceding calendar year, as most recently reported by the Bureau of the Census.

(4) **GROSS INCOME LIMIT ON PARTIES WITH AN "OWNERSHIP INTEREST"** - Neither the applicant nor the inventor nor a joint inventor has assigned, granted, or conveyed, nor is under an obligation by contract or law to assign, grant, or convey, a license or other ownership interest in the application concerned to an entity that, in the calendar year preceding the calendar year in which the applicable fee is being paid, had a gross income, as defined in section 61(a) of the Internal Revenue Code of 1986, exceeding the "Maximum Qualifying Gross Income" reported on the USPTO website at http://www.uspto.gov/patents/law/micro_entity.jsp which is equal to three times the median household income for that preceding calendar year, as most recently reported by the Bureau of the Census.

| SIGNATURE by a party set forth in 37 CFR 1.33(b) | | | |
|---|---|---|---|
| Signature | /robert terracino/ | | |
| Name | Robert Terracino | | |
| Date | 10/02/2013 | Telephone 757-301-9501 | Registration No. |

| ☑ | There is more than one inventor and I am one of the inventors who are jointly identified as the applicant. Additional certification form(s) signed by the other joint inventor(s) are included with this form. |
|---|---|

Privacy Act Statement

The **Privacy Act of 1974 (P.L. 93-579)** requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. Accordingly, pursuant to the requirements of the Act, please be advised that: (1) the general authority for the collection of this information is 35 U.S.C. 2(b)(2); (2) furnishing of the information solicited is voluntary; and (3) the principal purpose for which the information is used by the U.S. Patent and Trademark Office is to process and/or examine your submission related to a patent application or patent. If you do not furnish the requested information, the U.S. Patent and Trademark Office may not be able to process and/or examine your submission, which may result in termination of proceedings or abandonment of the application or expiration of the patent.

The information provided by you in this form will be subject to the following routine uses:

1. The information on this form will be treated confidentially to the extent allowed under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C 552a). Records from this system of records may be disclosed to the Department of Justice to determine whether disclosure of these records is required by the Freedom of Information Act.
2. A record from this system of records may be disclosed, as a routine use, in the course of presenting evidence to a court, magistrate, or administrative tribunal, including disclosures to opposing counsel in the course of settlement negotiations.
3. A record in this system of records may be disclosed, as a routine use, to a Member of Congress submitting a request involving an individual, to whom the record pertains, when the individual has requested assistance from the Member with respect to the subject matter of the record.
4. A record in this system of records may be disclosed, as a routine use, to a contractor of the Agency having need for the information in order to perform a contract. Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. 552a(m).
5. A record related to an International Application filed under the Patent Cooperation Treaty in this system of records may be disclosed, as a routine use, to the International Bureau of the World Intellectual Property Organization, pursuant to the Patent Cooperation Treaty.
6. A record in this system of records may be disclosed, as a routine use, to another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)).
7. A record from this system of records may be disclosed, as a routine use, to the Administrator, General Services, or his/her designee, during an inspection of records conducted by GSA as part of that agency's responsibility to recommend improvements in records management practices and programs, under authority of 44 U.S.C. 2904 and 2906. Such disclosure shall be made in accordance with the GSA regulations governing inspection of records for this purpose, and any other relevant (*i.e.*, GSA or Commerce) directive. Such disclosure shall not be used to make determinations about individuals.
8. A record from this system of records may be disclosed, as a routine use, to the public after either publication of the application pursuant to 35 U.S.C. 122(b) or issuance of a patent pursuant to 35 U.S.C. 151. Further, a record may be disclosed, subject to the limitations of 37 CFR 1.14, as a routine use, to the public if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspection or an issued patent.
9. A record from this system of records may be disclosed, as a routine use, to a Federal, State, or local law enforcement agency, if the USPTO becomes aware of a violation or potential violation of law or regulation.

Ex. 4

0147

**Docket No**. WS-119 CIP

# *APPLICATION*

# *FOR*

# *UNITED STATES LETTERS PATENT*

**Title:** Non-Skid Protective Cloth or Pad

**Inventor:** Bradie Terracino
Robert Terracino

**NON-SKID PROTECTIVE CLOTH OR PAD**

**Related Applications**:

This application is a Continuation-in-Part of United States Patent
Application Serial No. 12/460,763 filed July 27, 2009 for NON-SKID
PROTECTIVE CLOTH OR PAD that is incorporated herein in its entirety by
reference.

Field of the Invention:

The invention pertains to protective cloths or pads and, more particularly,
to a protective cloth or pad that has a non-skid backing to hold the cloth or pad in
position during use.

BACKGROUND OF THE INVENTION

Protective cloths and pads are well known and widely used.  Such items
range from simple thin polyethylene sheets used to protect surfaces during
painting or similar operations to woven fabric (e.g., canvas) drop cloths to quilted
protective pads used by furniture movers and the like.  For simplicity, the term

Docket No.: WS-119 CIP                    1

drop cloth as used herein refers to any and all such cloths and pads, regardless of material or construction.

In a typical use, drop cloths are placed on floors to provide protection. A common and serious problem is that frequently the drop cloths of the prior art may slip and slide relative to the floor upon which they are laid. Such slippage may range from a mild annoyance to a serious safety hazard when a drop cloth is placed upon a level floor. However, once such a drop cloth is used on a surface other than a level floor, the consequences of such slippage become much more serious. For example, drop cloths are commonly used to protect stairs. If the drop cloth slips, it is not uncommon for a person ascending or descending the stairs to slip and potentially tumble to the bottom of the stairs. Serious injuries frequently result from such a fall.

Discussion of the Related Art:

Several attempts have been made in the prior art to provide a non-slip surface for drop cloths and the like. For example, United States Patent No. 152,451 for IMPROVEMENT IN WATER-PROOF FABRICS, issued June 30, 1874 to George M. Allerton discloses a woven woolen cloth having one surface covered with a rubber film.

Docket No.: WS-119 CIP                    2

Ex. 4 0150

United States Patent No. 1,728,545 for LINEMAN'S BLANKET, issued September 17, 1929 to Fred L. Haushalter provides a dielectric structure formed by a rubber insulating sheet and a fabric backing sheet to prevent stretching of the rubber.

United States Patent No. 1,928,943 for MATTRESS PROTECTOR, issued October 3, 1933 to John L. McKay teaches a waterproof sheet having eyelets disposed near its corners. Loops attached to the eyelets are used to secure the mattress protector, thereby preventing the slipping of the mattress protector on the mattress it is protecting.

United States Patent No. 2,274,468 for FLOOR COVERING issued February 24, 1942 to Harry W. Bell provides an improved type of floor mat. It is an object of this invention to provide a floor mat which affords a high degree of traction.

United States Patent No. 3,488,684 for FLOOR COVERING issued January 6, 1970 to John C. Wrightson shows a quilted, three-layer construction having a non-skid bottom layer for use as decorative rug.

Docket No.: WS-119 CIP                    3

Ex. 1 0151

United States Patent No. 3,565,661 for FLOOR COVERINGS AND THE LIKE issued February 23, 1971 to Alan Morley Harrison shows an improved floor covering and a process for making the same. A base material in sheet form having a coating of a thermoplastic material such as polyvinyl chloride impregnated with an abrasive substance in grit form. A second coating of a thermoplastic material is preferably applied over the first coating also containing an abrasive in grit form to which silicon carbide is sprinkled thereover. The tread surface of the floor covering is embossed to provide small indentations therein.

United States Patent No. 5,567,497 for SKID-RESISTANT FLOOR COVERING AND METHOD OF MAKING SAME issued October 22, 1996 to Stephen A. Zegler et al. provides a floor covering comprising a floor covering face layer having a thermoplastic lower backing layer and a thermoplastic contact layer that is fusibly compatible with the lower backing layer is disclosed. The upper surface of the contact layer is fused to the lower backing layer and the lower surface of the contact layer includes a plurality of shallow thermoplastic projections which extend away from the floor covering face layer and which are sufficiently elastic to impart skid resistance to the floor covering.

United States Patent No. 6,093,469 for MAT AND METHOD OF MAKING MAT issued July 25, 2000 to Michael T. Callas discloses an entrance mat having

Docket No.: WS-119 CIP                    4

Ex. 4 0152

a polypropylene greige fiber pad with a trimmed outer peripheral edge and a backing of non-skid plastic material. The backing has longitudinal treads having high friction and tacky properties which prevent creep and folding of the pad on a floor. An edge has a non-skid web secured with an adhesive to the backing and a lip extended over the adhesively secured to the trimmed outer peripheral edge.

United States Patent No. 6,296,919 for CUSHIONED CARPETED FLOOR MAT WITH A LEAST ONE CUSHIONING INTEGRATED RUBBER PROTRUSION issued October 2, 2001 to James N. Rockwell, Jr., et al. provides a cushioned floor covering article wherein the mat includes a tufted carpet placed on the top side of a foam rubber sheet and at least one foam rubber protrusion integrated within at least a portion of the bottom side of the foam rubber sheet. Such an article provides effective removal of moisture, dirt, and debris from the footwear of pedestrians through the utilization of a carpet pile component. Furthermore, the utilization of a foam rubber backing also allows for either periodic heavy duty industrial-scale laundering in such standard washing machines or periodic washing and drying in standard in-home machines, both without appreciably damaging the inventive floor covering article, such as a floor mat.

United States Patent No. 6,610,382 for FRICTION CONTROL ARTICLE FOR WET AND DRY APPLICATIONS issued August 26, 2003 to James J. Kobe et al. teaches a friction control article including a backing layer having a first surface with an array of at least 100 upstanding stems per square inch and a second surface. At least a portion of the upstanding stems is an elastomeric material and the stems have an aspect ratio of at least 1.25. The first surface has a static coefficient of friction when dry of at least 0.6 and a static coefficient of friction when wet within 20% of the static coefficient of friction when dry. The first surface has a peel strength and a tensile strength of substantially zero when engaged with another slip control article. The first surface has relatively high shear strength when engaged with another slip control article. The high shear forces are due primarily to the frictional properties of the elastomeric materials, not a mechanical interlock of the stems, such as on a mechanical fastener.

Published United States Patent Application No. 2001/0002615 for PROTECTIVE COVER SYSTEM, published June 7, 2001 upon application by Reginald Michael Lacross et al. discloses a covering system in which a cover constructed of a flexible sheet material is suitable for placement on a floor between a door frame and a room.

Docket No.: WS-119 CIP                    6

United States Patent No. 6,911,407 for NON-SLIP ABSORBENT ARTICLE issued June 28, 2005 to Earle H. Sherrod et al. shows a multi-layer absorbent article suitable for use as a bed pad, a baby changing pad, a table cloth, etc. A non-adhesive, skid-resistant coating is applied to the bottom layer of the article.

United States Patent No. 6,946,163 for SLIP RESISTANT MAT issued September 20, 2005 to Ian S. Malpass et al. teaches a slip resistant floor mat composed of one or more layers of material the bottom layer of which incorporates a plurality of recessions with inset suction cups in the bottom surface of the bottom.

United States Patent Nos. 6,961,969, 7,069,607, and 7,137,157, each for ABSORBENT TOWEL WITH PROJECTIONS, issued November 8, 2005, July 4, 2006, and November 21, 2006, respectively, to Susan Nichols each provide a towel having a base layer with raised projections to provide a higher coefficient of static friction relative to an external surface relative to other bottom surfaces common in the prior art.

United States Published Patent Application No. 2006/0162073 for ABSORBENT TOWEL WITH PROJECTIONS, published July 27, 2006 upon

Docket No.: WS-119 CIP                    7

application by Susan Nichols shows a towel having a base layer with raised projections to provide a higher coefficient of static friction relative to an external surface relative to other bottom surfaces common in the prior art.

United States Published Patent Application No. 2007/0220673 for CLOTHING ARTICLES HAVING RAISED PROJECTIONS, published September 27, 2007 upon application by Susan Nichols shows a towel having a base layer with raised projections to provide a higher coefficient of static friction than the base layer relative to an external surface.

United States Published Patent Application No. 2007/0275209 for NON-SKID DROP CLOTH, published November 29, 2007 upon application by Anal Netravali et al. discloses a single layer plastic sheet having raised dimples on one or both sides.

United States Published Patent Application No. 2008/0131680 for ABSORBENT NON-SKID DROP CLOTH, published June 5, 2008 upon application by Richard James Bliton et al. teaches a multi-layer article having a lofted, non-woven layer and a non-skid barrier layer bonded thereto.

United States Published Patent Application No. 2009/0068431 for ONE-SIDED TACKY POLYOLEFIN FILM, published March 12, 2009 upon application by Martin F. Hoenigmann provides a plastic sheet with a tacky surface designed to prevent slippage of the sheet

None of the patents and published patent applications, taken singly, or in any combination are seen to teach or suggest the novel non-skid protective cloth or pad of the present invention.

## SUMMARY OF THE INVENTION

In accordance with the present invention there is provided a two-layer, non-skid protective pad for use as a painter's drop cloth or as a protective pad for surfaces such as boat decks, airplane wings or other surfaces where a non-skid protective pad is essential. The pad has a woven upper member, typically of a cotton canvas-like material, and a lower, resilient member. The two layers are typically stitched together. The lower, resilient member typically comprises downward-projecting, spherical, quasi-spherical, and/or amorphous protrusions often of two or more different sizes and/or diameters. The term "bump" is used herein to refer to such spherical, quasi-spherical, and/or amorphous protrusions.

Docket No.: WS-119 CIP                    9

The bumps are joined by a grid of resilient material. In alternate embodiments, an impervious member may be inserted between the upper and lower members.

As the terms "non-skid" or "skid resistant" applied to articles used in trade convey little if any information regarding the performance of an article bearing such a label. Consequently, a potential user of a protective cloth or pad has no way of knowing how a particular cloth or pad so labeled will perform in a particular application and/or environment.

The novel structure of the non-skid cloth or pad of the present invention has been tested to determine a Static Coefficient of Friction in accordance with the TAPPI T-548 standard and a static and Kinetic Coefficient of Friction by Horizontal Plane in accordance with the ASTM C1028-07 standard. This testing is discussed in detail hereinbelow. The acronym "TAPPI" stands for Technical Association of the Pulp and Paper Industry. While the novel non-skid drop cloth of the present invention is not a "paper" product, it is an extremely flexible and substrate-hugging sheet. Consequently, tests, specifically TAPPI T548 and ASTM C1028-07 are suitable and effective tests for determining the Coefficient of Friction of the novel non-skid drop cloth of the invention.

Docket No.: WS-119 CIP                    10

Ex. 4   0158

It is, therefore, an object of the invention to provide a protective cloth or pad that includes a resilient, non-skid surface to prevent movement of the cloth or pad on the surface upon which it is placed.

It is another object of the invention to provide a protective cloth or pad which is conformable to irregular surfaces such as stairs and remains in position once placed thereupon.

It is an additional object of the invention to provide a protective cloth or pad that has a resilient lower member having a grid of downward protruding, interconnected bumps.

It is a further object of the invention to provide a protective cloth or pad that utilizes materials wherein Van Der Walls forces help provide the desired frictional characteristics.

It is yet another object of the invention to provide a protective cloth or pad that utilizes hydrophobic thermoset resin plastic materials.

It is an additional object of this invention wherein the "bumps" are formed from hydrophobic materials.

Docket No.: WS-119 CIP                  11

It is a further object of the invention to provide a protective cloth or pad having a woven fabric upper member.

It is a still further object of the invention to provide a protective cloth or pad that, optionally, may contain an interposed impervious member.

It is an additional object of the invention to provide a protective cloth or pad having a Static Coefficient of Friction greater than approximately 0.75 measured in accordance with TAPPI T548 (Slide Angle method).

BRIEF DESCRIPTION OF THE DRAWINGS

Various objects, features, and attendant advantages of the present invention will become more fully appreciated as the same becomes better understood when considered in conjunction with the accompanying drawings, in which like reference characters designate the same or similar parts throughout the several views, and wherein:

Docket No.: WS-119 CIP                    12

FIGURE 1 is a side, elevational, cross-sectional, schematic view of a portion of the non-skid protective cloth or pad in accordance with the invention;

FIGURE 2 is a bottom plan view of the resilient layer of the non-skid protective cloth or pad of FIGURE 1;

FIGURE 3 is a side elevational, cross-sectional, schematic view of the non-skid protective cloth or pad of FIGURE 1 but containing an interposed impervious layer;

FIGURE 4 is a perspective, schematic view of a slide angle testing apparatus for performing Coefficient of Friction testing in accordance with the TAPPI T548 standard;

FIGURE 5 is a table of results measured by testing samples of the non-skid drop cloth of the present invention using the apparatus of FIGURE 4 to perform a Coefficient of Friction test in accordance with the TAPPI T-548 standard; and

Docket No.: WS-119 CIP                    13

FIGURE 6 is a table of Coefficient of Friction results measured by testing samples of the non-skid drop cloth of the present invention in accordance with the ASTM C-1028-07 standard.

DETAILED DESCRIPTION OF THE PREFERRED EMBODIMENT

The present invention provides non-skid protective cloth or pad for a variety of applications.

Referring first to FIGURE 1, there is shown a side, elevational, cross-sectional, schematic view of a portion of the non-skid protective cloth or pad in accordance with the invention, generally at reference number 100.

Non-skid protective cloth or pad 100 has two layers – a woven upper layer 102 and a lower, resilient layer 104. Woven upper layer 102 is typically an absorbent, woven cotton material such as canvas or another canvas-like material. For purposes of disclosure, an 8-ounce material has been chosen. Canvas may be treated with a waterproofing material, if desired. Such a treatment, however, renders the upper woven layer 102 non-absorbent which may impair the function of upper woven layer 102 to absorb paint or other material spilled thereupon. It will, however, be recognized by those of skill in the

Docket No.: WS-119 CIP                    14

art that other weight materials may be chosen depending upon the desired application in which non-skid protective cloth or pad 100 is to be utilized. It will further be recognized that woven materials other than cotton may be selected to meet a particular operating circumstance or environment. Consequently, the invention is not limited to the 8-ounce canvas chosen for purposes of disclosure. Rather the invention covers any suitable material and weight.

A lower, resilient layer 104 is bonded to woven upper layer 102, typically by stitching 112. It will be recognized that methods and/or materials other than stitching may be utilized to secure upper woven layer 102 to lower, resilient layer 104. Some possible choices include, but are not limited to adhesive fastening, hook-and-loop fasteners, mechanical fasteners, etc. A "mechanical" fastening method (e.g., stitching, etc.) rather than a chemical, thermal fusing, or any other type of bonding is shown. However, it will be recognized that a non-mechanical method of fastening lower, resilient layer 104 to woven upper layer 102 may be desirable to meet a specific operating circumstance or environment.

Referring now also to FIGURE 2, lower resilient layer 104 has a plurality of downward-projecting bumps 106a, 106b. Bumps 106a are typically larger than bumps 106b. As shown in FIGURE 1, larger bumps 106a are shown having a greater height than smaller bumps 106b. In alternate embodiments, larger and

Docket No.: WS-119 CIP                    15

smaller bumps 106a and 106b, respectively, may have a substantially identical height. In still other embodiments, smaller bumps 106b may have a height larger than larger bumps 106a.

Bumps 106a, 106b are interconnected by resilient web segments 108. An inter-bump space 110 remains between bumps. As seen in FIGURE 1, inter-bump space is shown schematically to be between a larger bump 106a and a smaller bump 106b. However, inter- bump space 110 may be between any two larger bumps 106a or between any two smaller bumps 106b as well as between larger bump 106a and smaller bump 106b as shown for purposes of disclosure.

Bumps 106a, 106b may be formed from of a foamed thermoset plastic resin. When the bumps 106a, 106b are compressed by an object or a person standing on non-skid protective cloth or pad 100, the grip or friction on either wet or dry surfaces is exceptional. This gripping is caused by the compressed areas spreading under the load, and therefore having greater contact surface with the substrate and, consequently, producing higher Van Der Waals forces to keep the non-skid protective drop or pad stationary.

Docket No.: WS-119 CIP                    16

In operation, non-skid protective cloth or pad 100 is placed on a surface to be protected, not shown, resilient layer 104 towards the surface. Bumps 106a, 106b grip the surface, especially when compressed by the weight of a person, not shown, directly over a particular portion of non-skid protective cloth or pad 100.

One exemplary use of non-skid protective cloth or pad 100 is to protect a surface from paint, varnish, stain, etc. The choice of material for upper woven layer 102 allows paint or other material to be at least partially absorbed by the layer. Canvas is a typical material selected for upper woven layer 102. Unlike impervious drop cloths (i.e., thin plastic sheets), the partially absorbed paint is typically less prone to tracking by a person stepping in the spilled paint than is paint spilled on a non-absorbing cloth of the prior art. In addition, non-skid protective cloth or pad 100 may be laundered to remove soluble paint or other materials.

Non-skid protective cloth or pad 100 may also be utilized to protect a delicate surface from being scratched or marred. One environment where non-skid protective cloth or pad 100 is particularly useful is on a set of stairs. Once positioned, non-skid protective cloth or pad 100 remains in place, thereby providing a safe, stable surface on the stairs as workmen ascend and descend

Docket No.: WS-119 CIP                    17

Ex. 4 0165

the stairs. It will be recognized that the choice of materials, weights, thicknesses, etc will determine the overall flexibility of non-skid protective cloth or pad100 for applications such as stairs.

An example of the use of non-skid protective cloth or pad 100 as a protective pad, maintenance routines periodically require mechanics to walk on the upper surface of an airplane wing. The use of non-skid protective cloth or pad100 on the wing not only protects the delicate wing surface but provides a much more secure surface upon which the mechanic may walk or stand. Even though the surface of the wing is typically curved, the novel construction of non-skid protective cloth or pad 100 greatly improves the security of the mechanic.

Another exemplary use of non-skid protective cloth or pad100 is to protect delicate surfaces of boat decks in an environment where they frequently become wet and slippery. Non-skid protective cloth or pad 100 remains in place on the deck, even wet, and provides a non-slip upper surface (i.e., the upper surface of upper woven layer 102) upon which boat passengers may walk. Because non-skid protective cloth or pad 100 typically lacks an impermeable membrane, air may flow though non-skid protective cloth or pad 100, thereby allowing the cloth and the surface therebelow to dry.

Docket No.: WS-119 CIP          18

Ex. 4   0166

In an alternate embodiment, a third layer, typically an impermeable layer 114 may be interposed between woven upper layer 102 and resilient layer 104. This is shown in FIGURE 3.

To quantify the slip resistance of non-skid protective cloth or pad 100, Coefficient of Friction Slide Angle Testing was performed by SGS North America, Consumer Testing Services, 291 Fairfield Avenue, Fairfield, New Jersey, USA. The results of the testing were reported in Test Report No. 3235547PP02R3 dated September 9, 2013. Five samples of non-skid protective cloth or pad 100 were submitted and tested in accordance with the TAPPI T548 test procedures.

Referring now also to Figure 4 there is shown a perspective, schematic view of a slide angle testing apparatus for performing Coefficient of Friction Testing in accordance with the TAPPI T548 standard, generally at reference number 400.

Tester 400 has a flat base portion 402 and an elevateable portion 404 hingedly attached to flat base portion 402 by a hinge 406.

A protractor scale 408 is affixed to flat base portion 402 so as to measure the inclination of elevatable portion 404 relative to flat base portion 402. An

Docket No.: WS-119 CIP                    19

Ex. 4  0167

indicator 414 is attached to elevateable portion 404 to provide an exact indication on protractor scale 408.

A clamp 410 is provided to selectively secure a sample of a first material for testing 416 against an upper surface of elevateable upper portion 404.

A sample 412 of the second material being tested is placed on an upper surface of the sample of the first material 416.

A typical test is begun with elevateable upper portion 404 in a lowered position flat against base portion 402.  In other words, elevateable upper portion is at a zero degree elevation.

A "smooth drive system" (i.e., a drive system that introduces minimum vibration, jerkiness, etc.), not shown, activated through shaft 418 is used to slowly elevate upper elevateable portion 404 until sample 412 slides along sample 416.  It important that the smooth drive system not impart vibration to the apparatus that could introduce inaccuracy into the test results.

Docket No.: WS-119 CIP                    20

Referring now also to FIGURE 5, there are shown test results for tests of novel drop cloth 100 (i.e., non-skid protective cloth or pad), sample 412 sliding on a sample of laminate wood flooring (i.e., sample 416).

As may readily be seen, five specimens (i.e., samples) were tested in accordance with the TAPPI T548 test procedure. Column 430 shows the angle (i.e., the inclination of elevateable upper portion 404) at which sample 412 slides along sample 416.

A Static Coefficient of Friction may readily be calculated from the side angle measured for a particular specimen. These Static Coefficient of Friction values are enumerated in column 432.

Averages 436, 438 are calculated for slide angles and Static Coefficient of Friction, respectively.

It will be noted that testing was performed with a lab environmental temperature and humidity of 23° C and 50% relative humidity, reference number 440. Specimens were acclimated for 24 hours minimum prior to testing.

Docket No.: WS-119 CIP                    21

These test results showed an average slide angle of approximately 43 degrees and an average Static Coefficient of Friction of approximately 0.9 when non-skid protective cloth or pad 100 is tested on a laminate flooring sample. Laminate flooring was estimated to represent the most "slippery" surface upon which a painter's drop cloth might be utilized.

Samples of novel drop cloth 100 were also tested using a horizontal dynamometer pull tester in accordance with the ASTM C1028-07 test procedure. The results of this test are shown in FIGURE 6.

As may readily be seen, twelve specimens (i.e., samples) 450 were tested in accordance with the ASTM C1028-07 specification. Column 452 shows the angle the measured Static Coefficient of Friction measured with dry samples while column 454 shoes the Static Coefficient of Friction measures with wet samples.

The average Static Coefficient of Friction for dry samples, 456, was 0.814. Likewise, the average Coefficient of Static Friction for wet samples, 458, was 0.589. Both average Coefficients 456 and 458 exceeded the Coefficient of Friction value of 0.5 as required in OSHA proposed rules for "Walking and Working Surfaces; Personal Protective Equipment (Fall Protection Systems)" as

Docket No.: WS-119 CIP                    22

Ex. 4 0170

published in the Federal Register 68:23527-23568, Section 1910.22 General Requirements, Section 2. *Slip-resistance*.

"A reasonable measure of slip-resistance is static coefficient of friction (COF). A COF of 0.5, which is based upon studies by the University of Michigan and reported in "Work Surface Friction: Definitions, Laboratory and Field Measurements, and a Comprehensive Bibliography," is recommended as a guide to achieve proper slip-resistance. A COF of 0.5 is not intended to be an absolute standard value. A higher COF may be necessary for certain work tasks, such as carrying objects, pushing or pulling objects, or walking up or down ramps."

As seen in Notes 462, that testing was performed with a lab environmental temperature and humidity of 23° C and 50% relative humidity. Specimens were acclimated for 24 hours minimum prior to testing. The Neolite Sled Weight was 56 pounds.

Since other modifications and changes varied to fit particular operating requirements and environments will be apparent to those skilled in the art, the invention is not considered limited to the example chosen for purposes of disclosure, and covers all changes and modifications which do not constitute departures from the true spirit and scope of this invention.

Docket No.: WS-119 CIP                23

Ex. 4 0171

Having thus described the invention, what is desired to be protected by Letters Patent is presented in the subsequently appended claims.

Docket No.: WS-119 CIP                    24

Ex. 4 0172

What is claimed is:

1.  A non-skid protective cloth or pad, consisting of:

a)      a single, absorbent, plain woven upper layer free from any projecting cut pile and having an upper and a lower major surface;

b)      a single lower, resilient layer having an upper and a lower major surface, said upper major surface of said single lower resilient layer being disposed adjacent said lower layer of said single, absorbent, woven upper layer; and

c)      means for fastening said single, absorbent, upper, woven layer to said single lower resilient layer;

whereby when said lower major surface of said single lower resilient layer is placed on a support surface, a Sliding Coefficient of Friction measures in accordance with TAPPI T548 specification is greater than approximately 0.75.

Docket No.: WS-119 CIP                     25

Ex. 1 0173

2.  The non-skid protective cloth or pad as recited in claim 1, wherein said single, absorbent, woven, upper layer comprises a plain woven cotton fabric.

3.  The non-skid protective cloth or pad as recited in claim 1, wherein said single, absorbent, woven, upper layer comprises canvas.

4.  The non-skid protective cloth or pad as recited in claim 1, wherein said single lower, resilient layer comprises a network of downward projecting bumps interconnected one to another by a resilient grid.

5. The non-skid protective cloth or pad as recited in claim 4, wherein said downward projecting bumps comprise a shape selected from the group: spherical, quasi-spherical, and amorphous.

6. The non-skid protective cloth or pad as recited in claim 4, wherein said downward projecting bumps comprise bumps of at least two different sizes.

7. The non-skid protective cloth or pad as recited in claim 4, wherein said downward projecting bumps comprise bumps of at least two different heights.

Docket No.: WS-119 CIP                 26

Ex. 1   0174

8. The non-skid protective cloth or pad as recited in claim 4, wherein said downward projecting bumps are separated one from another by an inter-bump space.

9.  The non-skid protective cloth or pad as recited in claim 1, wherein said means for fastening comprises at least one from the group: stitching, adhesive, hook-and-loop fasteners, and mechanical fasteners.

Ex. 1 0175

10.  A non-skid protective cloth or pad, consisting of:

a)      a single, absorbent, plain woven upper layer free from any projecting cut pile and having an upper and a lower major surface;

b)      a single lower, resilient layer having an upper and a lower major surface, said upper major surface of said single lower resilient layer being disposed adjacent said lower layer of said single, absorbent, woven upper layer; and

c)      means for fastening said single, absorbent, upper, woven layer to said single lower resilient layer;

whereby when tested in accordance with TAPPI T548 specification, an average slide angle is no less than approximately 40°.

11.  The non-skid protective cloth or pad as recited in claim 10, wherein said single, absorbent, woven, upper layer comprises a plain woven cotton fabric.

12.  The non-skid protective cloth or pad as recited in claim 10, wherein said single, absorbent, woven, upper layer comprises canvas.

Docket No.: WS-119 CIP                    28

Ex. 4 0176

13.  The non-skid protective cloth or pad as recited in claim 10, wherein said single lower, resilient layer comprises a network of downward projecting bumps interconnected one to another by a resilient grid.

14. The non-skid protective cloth or pad as recited in claim 13, wherein said downward projecting bumps comprise a shape selected from the group: spherical, quasi-spherical, and amorphous.

15. The non-skid protective cloth or pad as recited in claim 4, wherein said downward projecting bumps comprise bumps of at least two different sizes.

16. The non-skid protective cloth or pad as recited in claim 13, wherein said downward projecting bumps comprise bumps having at least two different heights.

17. The non-skid protective cloth or pad as recited in claim 13, wherein said downward projecting bumps are separated one from another by an inter-bump space.

Docket No.: WS-119 CIP                29

Ex. 1 0177

18.  The non-skid protective cloth or pad as recited in claim 10, wherein said means for fastening comprises at least one from the group: stitching, adhesive, hook-and-loop fasteners, and mechanical fasteners.

19.  The non-skid protective cloth or pad, recited in claim 1, further comprising:

d)      an impervious member interposed between said single, absorbent, plain woven upper layer and said single lower, resilient member;

e)      means for fastening said single, absorbent, upper, woven layer to said interposed impervious member and said single lower resilient layer.

20.  The non-skid protective cloth or pad, recited in claim 10, further comprising:

d)      an impervious member interposed between said single, absorbent, plain woven upper layer and said single lower, resilient member;

e)      means for fastening said single, absorbent, upper, woven layer to said interposed impervious member and said single lower resilient layer.

Docket No.: WS-119 CIP                     30

Ex. 4   0178

ABSTRACT OF THE DISCLOSURE

A two-layer, non-skid protective cloth or pad for use as a painter's drop cloth or as a protective pad for surfaces such as boat decks, airplane wings or other surfaces where a non-skid pad is essential. The pad has a woven upper member, typically of a cotton canvas-like material, and a lower, resilient member. The two layers are typically stitched together. The lower, resilient member typically comprises downward-projecting bumps, often of two or more different sizes. The bumps are joined by a grid of resilient material. Bumps may be formed from a foamed thermoset plastic resin. In alternate embodiments, an impervious member may be inserted between the upper and lower members. The non-skid protective cloth or pad has a Sliding Coefficient of Friction greater than 0.75 and an average Slide Angle no less than approximately 40° measured in accordance with TAPPI T548 specification.

Docket No.: WS-119 CIP                    31



*Figure 1*

106a    106b    104



108

*Figure 2*

Ex. 1    0181



*Figure 3*

Fig. 4

Ex. 1

0183

## Static Coefficient of Friction (Slide Angle Method)
## TAPPI T548

430 ⟶          ⟵ 432

| Specimen | Slide Angle (in Degrees) | Static Coefficient of Friction |
|----------|--------------------------|-------------------------------|
| 1 | 39.8 | 0.8 |
| 2 | 50.7 | 1.2 |
| 3 | 43.1 | 0.9 |
| 4 | 39.8 | 0.8 |
| 5 | 42.4 | 0.9 |
| Avg. | 43.2 | 0.9 |

⟵ 436          ⟵ 438

Notes: Sample ID: Painters Drop Cloth and Pad
       Surface Tested Against: Laminated Wood Flooring
       Lab Environment: Temperature 23° C, Humidity 50%   ⟵ 440
       Specimen Conditioning: 24 hours minimum

# Fig. 5

Static Coefficient of Friction (ASTM C1028-07)



| Specimen | Pull Force | |
|----------|-----------|-----------|
|          | Dry       | Wet       |
| 1  | 40.0 | 36.0 |
| 2  | 39.7 | 33.1 |
| 3  | 39.5 | 34.7 |
| 4  | 40.3 | 35.5 |
| 5  | 39.4 | 34.4 |
| 6  | 40.0 | 36.0 |
| 7  | 40.3 | 38.8 |
| 8  | 40.1 | 39.4 |
| 9  | 38.9 | 37.5 |
| 10 | 39.6 | 37.3 |
| 11 | 39.3 | 35.6 |
| 12 | 41.8 | 36.1 |
| Avg. Static Coefficient of Friction | 0.814 | 0.589 |
| Requirement (min) | 0.5 | |

450  452  454  458  456  460  462

Notes: Sample ID: Painters Drop Cloth and Pad
Surface Tested Against: Laminated Wood Flooring
Neolite Sled Weight: 56 lbs
Lab Environment: Temperature 23° C, Humidity 50%
Specimen Conditioning: 24 hours minimum

Fig. 6

## Electronic Patent Application Fee Transmittal

| Application Number: | |
|---|---|
| Filing Date: | |
| Title of Invention: | Non-Skid Protective Cloth or Pad |
| First Named Inventor/Applicant Name: | Bradie Terracino |
| Filer: | William Gray Sykes |
| Attorney Docket Number: | WS-119 CIP |

Filed as Micro Entity

## Utility under 35 USC 111(a) Filing Fees

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Basic Filing:** | | | | |
| BASIC UTILITY PATENT FILING FEE-MCRO-ENT | 3011 | 1 | 70 | 70 |
| Utility Search Fee | 3111 | 1 | 150 | 150 |
| Utility Examination Fee | 3311 | 1 | 180 | 180 |
| **Pages:** | | | | |
| **Claims:** | | | | |
| **Miscellaneous-Filing:** | | | | |
| **Petition:** | | | | |
| **Patent-Appeals-and-Interference:** | | | | |

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| Post-Allowance-and-Post-Issuance: | | | | |
| Extension-of-Time: | | | | |
| Miscellaneous: | | | | |
| | | Total in USD ($) | | 400 |

Ex. 4 0187

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 17018785 |
| **Application Number:** | 14044130 |
| **International Application Number:** | |
| **Confirmation Number:** | 9866 |
| **Title of Invention:** | Non-Skid Protective Cloth or Pad |
| **First Named Inventor/Applicant Name:** | Bradie Terracino |
| **Customer Number:** | 71490 |
| **Filer:** | William Gray Sykes |
| **Filer Authorized By:** | |
| **Attorney Docket Number:** | WS-119 CIP |
| **Receipt Date:** | 02-OCT-2013 |
| **Filing Date:** | |
| **Time Stamp:** | 14:03:13 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | yes |
| Payment Type | Credit Card |
| Payment was successfully received in RAM | $400 |
| RAM confirmation Number | 272 |
| Deposit Account | |
| Authorized User | |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|

Ex. 4 0188

| 1 | Transmittal Letter | aia0015_F.pdf | 88493<br>b16d9d3ce97362c8040585 62cf0347f105c8e689 | no | 2 |
|---|---|---|---|---|---|
| **Warnings:** | | | | | |
| **Information:** | | | | | |
| 2 | Application Data Sheet | aia0014_F.pdf | 72728<br>a3c6930c9a5354f5343bf484ff76656213 1c99a | no | 7 |
| **Warnings:** | | | | | |
| **Information:** | | | | | |
| This is not an USPTO supplied ADS fillable form | | | | | |
| 3 | Application Data Sheet | aia01_Bradie_F.pdf | 186721<br>31251859b3772fb3bd0b13f1b27abc9764 d49fb2 | no | 1 |
| **Warnings:** | | | | | |
| **Information:** | | | | | |
| This is not an USPTO supplied ADS fillable form | | | | | |
| 4 | Application Data Sheet | aia01_Robert_F.pdf | 70683<br>fd4f1d8500a765c85bd00ca8cfa9d62947fc 0d1fb | no | 1 |
| **Warnings:** | | | | | |
| **Information:** | | | | | |
| This is not an USPTO supplied ADS fillable form | | | | | |
| 5 | Power of Attorney | aia0081_Bradie_F.pdf | 39532<br>6e331ebe41efe5e679f023806 7c79e870525 79f75 | no | 2 |
| **Warnings:** | | | | | |
| **Information:** | | | | | |
| 6 | Power of Attorney | aia0081_Robert_F.pdf | 39532<br>1f5990cf9287c1491a880004 7697abf7b111 2b6 | no | 2 |
| **Warnings:** | | | | | |
| **Information:** | | | | | |
| 7 | Information Disclosure Statement (IDS) Form (SB08) | PTO_08A_w_attachments_F.pdf | 1785896<br>5c6f0a80140e24604f695a8cab cf816ab75e2 1c0b | no | 10 |
| **Warnings:** | | | | | |
| **Information:** | | | | | |
| This is not an USPTO supplied IDS fillable form | | | | | |
| 8 | Certification of Micro Entity (Gross Income Basis) | sb0015a_Bradie_F.pdf | 40522<br>1acf35947c8ccd9de120022 5a5111847743 59e85 | no | 2 |
| **Warnings:** | | | | | |
| **Information:** | | | | | |

| 9 | Certification of Micro Entity (Gross Income Basis) | sb0015a_Robert_F.pdf | 40495<br>7s272bc0676c86bee5431d0e75c677bd031<br>6f840 | no | 2 |
|---|---|---|---|---|---|
| **Warnings:** | | | | | |
| **Information:** | | | | | |
| 10 | Specification | Spec_Terracino_CIP_F.pdf | 99256<br>aed219a3edf546a22f95a1b07e3857b7ab2b<br>83ef | no | 32 |
| **Warnings:** | | | | | |
| **Information:** | | | | | |
| 11 | Drawings-only black and white line drawings | Drawings_Terracino_F.pdf | 151019<br>b518997991b80b7657a7ab7f00bb7981638<br>0525f | no | 6 |
| **Warnings:** | | | | | |
| **Information:** | | | | | |
| 12 | Fee Worksheet (SB06) | fee-info.pdf | 32585<br>85cfa9bce05ed8f0fd89021cdb9eda07b00f5<br>2e58 | no | 2 |
| **Warnings:** | | | | | |
| **Information:** | | | | | |
| | | **Total Files Size (in bytes):** | 2647462 | | |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

**National Stage of an International Application under 35 U.S.C. 371**
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

PTO/AIA/15 (03-13)
Approved for use through 01/31/2014. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995 no persons are required to respond to a collection of information unless it displays a valid OMB control number

# UTILITY
# PATENT APPLICATION
# TRANSMITTAL

*(Only for new nonprovisional applications under 37 CFR 1.53(b))*

| Attorney Docket No. | WS-119 CIP |
|---|---|
| First Named Inventor | Terracino, Bradie |
| Title | Non-Skid Protective Cloth or Pad |
| Express Mail Label No. | |

## APPLICATION ELEMENTS
*See MPEP chapter 600 concerning utility patent application contents.*

1. [✓] **Fee Transmittal Form**
   (PTO/SB/17 or equivalent)

2. [ ] **Applicant asserts small entity status.**
   See 37 CFR 1.27

3. [ ] **Applicant certifies micro entity status.** See 37 CFR 1.29.
   Applicant must attach form PTO/SB/15A or B or equivalent.

4. [✓] **Specification**          [Total Pages 32 ]
   Both the claims and abstract must start on a new page.
   *(See MPEP § 608.01(a) for information on the preferred arrangement)*

5. [✓] **Drawing(s)** (35 U.S.C. 113)     [Total Sheets 6 ]

6. [ ] **Inventor's Oath or Declaration**     [Total Pages 38 ]
   *(including substitute statements under 37 CFR 1.64 and assignments
   serving as an oath or declaration under 37 CFR 1.63(e))*
   a. [ ] Newly executed (original or copy)
   b. [✓] A copy from a prior application (37 CFR 1.63(d))

7. [✓] **Application Data Sheet** *See note below.*
   See 37 CFR 1.76 (PTO/AIA/14 or equivalent)

8. [ ] **CD-ROM or CD-R**
   in duplicate, large table, or Computer Program *(Appendix)*
   [ ] Landscape Table on CD

9. [ ] **Nucleotide and/or Amino Acid Sequence Submission**
   *(if applicable, items a. – c. are required)*
   a. [ ] Computer Readable Form (CRF)
   b. [ ] Specification Sequence Listing on:
      i. [ ] CD-ROM or CD-R (2 copies); or
      ii. [ ] Paper
   c. [ ] Statements verifying identity of above copies

ADDRESS TO: **Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450**

## ACCOMPANYING APPLICATION PAPERS

10. [ ] **Assignment Papers**
    (cover sheet & document(s))
    Name of Assignee _____

11. [ ] **37 CFR 3.73(c) Statement**     [✓] **Power of Attorney**
    *(when there is an assignee)*

12. [ ] **English Translation Document**
    *(if applicable)*

13. [✓] **Information Disclosure Statement**
    (PTO/SB/08 or PTO-1449)
    [✓] Copies of citations attached

14. [ ] **Preliminary Amendment**

15. [ ] **Return Receipt Postcard**
    *(MPEP § 503) (Should be specifically itemized)*

16. [ ] **Certified Copy of Priority Document(s)**
    *(if foreign priority is claimed)*

17. [ ] **Nonpublication Request**
    Under 35 U.S.C. 122(b)(2)(B)(i). Applicant must attach PTO/SB/35
    or equivalent.

18. [✓] **Other:** Continuation-in-Part Application
    _____
    _____
    _____
    _____

**\*Note:** (1) Benefit claims under 37 CFR 1.78 and foreign priority claims under 1.55 **must** be included in an Application Data Sheet (ADS).
(2) For applications filed under 35 U.S.C. 111, the application must contain an ADS specifying the applicant if the applicant is an
assignee, person to whom the inventor is under an obligation to assign, or person who otherwise shows sufficient proprietary
interest in the matter. See 37 CFR 1.46(b).

## 19. CORRESPONDENCE ADDRESS

[✓] The address associated with Customer Number: 71490      **OR**   [ ] Correspondence address below

| Name | |
|---|---|
| Address | |
| City | | State | | Zip Code | |
| Country | | Telephone | | Email | |

| Signature | /william g. sykes/ | Date | 10/02/2013 |
|---|---|---|---|
| Name (Print/Type) | William G. Sykes | Registration No. (Attorney/Agent) | 50704 |

This collection of information is required by 37 CFR 1.53(b). The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO
to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14. This collection is estimated to take 12 minutes to complete,
including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on
the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and
Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND
TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**
*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

Privacy Act Statement

The **Privacy Act of 1974 (P.L. 93-579)** requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. Accordingly, pursuant to the requirements of the Act, please be advised that: (1) the general authority for the collection of this information is 35 U.S.C. 2(b)(2); (2) furnishing of the information solicited is voluntary; and (3) the principal purpose for which the information is used by the U.S. Patent and Trademark Office is to process and/or examine your submission related to a patent application or patent. If you do not furnish the requested information, the U.S. Patent and Trademark Office may not be able to process and/or examine your submission, which may result in termination of proceedings or abandonment of the application or expiration of the patent.

The information provided by you in this form will be subject to the following routine uses:

1. The information on this form will be treated confidentially to the extent allowed under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C 552a). Records from this system of records may be disclosed to the Department of Justice to determine whether disclosure of these records is required by the Freedom of Information Act.
2. A record from this system of records may be disclosed, as a routine use, in the course of presenting evidence to a court, magistrate, or administrative tribunal, including disclosures to opposing counsel in the course of settlement negotiations.
3. A record in this system of records may be disclosed, as a routine use, to a Member of Congress submitting a request involving an individual, to whom the record pertains, when the individual has requested assistance from the Member with respect to the subject matter of the record.
4. A record in this system of records may be disclosed, as a routine use, to a contractor of the Agency having need for the information in order to perform a contract. Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. 552a(m).
5. A record related to an International Application filed under the Patent Cooperation Treaty in this system of records may be disclosed, as a routine use, to the International Bureau of the World Intellectual Property Organization, pursuant to the Patent Cooperation Treaty.
6. A record in this system of records may be disclosed, as a routine use, to another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)).
7. A record from this system of records may be disclosed, as a routine use, to the Administrator, General Services, or his/her designee, during an inspection of records conducted by GSA as part of that agency's responsibility to recommend improvements in records management practices and programs, under authority of 44 U.S.C. 2904 and 2906. Such disclosure shall be made in accordance with the GSA regulations governing inspection of records for this purpose, and any other relevant (*i.e.*, GSA or Commerce) directive. Such disclosure shall not be used to make determinations about individuals.
8. A record from this system of records may be disclosed, as a routine use, to the public after either publication of the application pursuant to 35 U.S.C. 122(b) or issuance of a patent pursuant to 35 U.S.C. 151. Further, a record may be disclosed, subject to the limitations of 37 CFR 1.14, as a routine use, to the public if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspection or an issued patent.
9. A record from this system of records may be disclosed, as a routine use, to a Federal, State, or local law enforcement agency, if the USPTO becomes aware of a violation or potential violation of law or regulation.

EX. 1   0192

PTO/AIA/14 (03-13)
Approved for use through 01/31/2014. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| Application Data Sheet 37 CFR 1.76 | Attorney Docket Number | WS-119 CIP |
|---|---|---|
| | Application Number | |

| Title of Invention | Non-Skid Protective Cloth or Pad |
|---|---|

The application data sheet is part of the provisional or nonprovisional application for which it is being submitted. The following form contains the bibliographic data arranged in a format specified by the United States Patent and Trademark Office as outlined in 37 CFR 1.76.
This document may be completed electronically and submitted to the Office in electronic format using the Electronic Filing System (EFS) or the document may be printed and included in a paper filed application.

## Secrecy Order 37 CFR 5.2

☐ Portions or all of the application associated with this Application Data Sheet may fall under a Secrecy Order pursuant to 37 CFR 5.2 (Paper filers only. Applications that fall under Secrecy Order may not be filed electronically.)

## Inventor Information:

| Inventor    1 | | | | Remove |
|---|---|---|---|---|
| **Legal Name** | | | | |

| Prefix | Given Name | Middle Name | Family Name | Suffix |
|---|---|---|---|---|
| | Bradie | | Terracino | |

| **Residence Information (Select One)** | ◉ US Residency | ○ Non US Residency | ○ Active US Military Service | |
|---|---|---|---|---|
| **City** | Virginia Beach | **State/Province** VA | **Country of Residence** | US |

**Mailing Address of Inventor:**

| **Address 1** | 3017 Egyptian Lane | | |
|---|---|---|---|
| **Address 2** | | | |
| **City** | Virginia Beach | **State/Province** | VA |
| **Postal Code** | 23456 | **Country** i | US |

| Inventor    2 | | | | Remove |
|---|---|---|---|---|
| **Legal Name** | | | | |

| Prefix | Given Name | Middle Name | Family Name | Suffix |
|---|---|---|---|---|
| | Robert | | Terracino | |

| **Residence Information (Select One)** | ◉ US Residency | ○ Non US Residency | ○ Active US Military Service | |
|---|---|---|---|---|
| **City** | Virginia Beach | **State/Province** VA | **Country of Residence** | US |

**Mailing Address of Inventor:**

| **Address 1** | 3017 Egyptian Lane | | |
|---|---|---|---|
| **Address 2** | | | |
| **City** | Virginia Beach | **State/Province** | VA |
| **Postal Code** | 23456 | **Country** i | US |

| All Inventors Must Be Listed - Additional Inventor Information blocks may be generated within this form by selecting the **Add** button. | Add |
|---|---|

## Correspondence Information:

Enter either Customer Number or complete the Correspondence Information section below.
For further information see 37 CFR 1.33(a).

PTO/AIA/14 (03-13)
Approved for use through 01/31/2014. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| **Application Data Sheet 37 CFR 1.76** | Attorney Docket Number | WS-119 CIP |
|---|---|---|
| | Application Number | |

| Title of Invention | Non-Skid Protective Cloth or Pad |
|---|---|

| ☒ **An Address is being provided for the correspondence Information of this application.** | | | |
|---|---|---|---|
| Name 1 | William G. Sykes | Name 2 | |
| Address 1 | 3669 Sea Gull Bluff Drive | | |
| Address 2 | | | |
| City | Virginia Beach | State/Province | VA |
| Country | US | Postal Code | 23455 |
| Phone Number | 757-490-8586 | Fax Number | 757-363-3405 |
| Email Address | william@williamsykeslaw.com | Add Email | Remove Email |

## Application Information:

| Title of the Invention | Non-Skid Protective Cloth or Pad | | |
|---|---|---|---|
| Attorney Docket Number | WS-119 CIP | Small Entity Status Claimed | ☐ |
| Application Type | Nonprovisional | | |
| Subject Matter | Utility | | |
| Total Number of Drawing Sheets (if any) | 6 | Suggested Figure for Publication (if any) | |

## Publication Information:

| ☐ | Request Early Publication (Fee required at time of Request 37 CFR 1.219) |
|---|---|
| ☒ | **Request Not to Publish.** I hereby request that the attached application not be published under 35 U.S.C. 122(b) and certify that the invention disclosed in the attached application **has not and will not** be the subject of an application filed in another country, or under a multilateral international agreement, that requires publication at eighteen months after filing. |

## Representative Information:

Representative information should be provided for all practitioners having a power of attorney in the application. Providing this information in the Application Data Sheet does not constitute a power of attorney in the application (see 37 CFR 1.32).
Either enter Customer Number or complete the Representative Name section below. If both sections are completed the customer Number will be used for the Representative Information during processing.

| Please Select One: | ◉ Customer Number | ○ US Patent Practitioner | ○ Limited Recognition (37 CFR 11.9) |
|---|---|---|---|
| Customer Number | 71490 | | |

## Domestic Benefit/National Stage Information:

This section allows for the applicant to either claim benefit under 35 U.S.C. 119(e), 120, 121, or 365(c) or indicate National Stage entry from a PCT application. Providing this information in the application data sheet constitutes the specific reference required by 35 U.S.C. 119(e) or 120, and 37 CFR 1.78.

PTO/AIA/14 (03-13)
Approved for use through 01/31/2014. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| Application Data Sheet 37 CFR 1.76 | Attorney Docket Number | WS-119 CIP |
|---|---|---|
| | Application Number | |

| Title of Invention | Non-Skid Protective Cloth or Pad |
|---|---|

| Prior Application Status | Pending | | Remove |
|---|---|---|---|
| Application Number | Continuity Type | Prior Application Number | Filing Date (YYYY-MM-DD) |
| | | 12460763 | |

Additional Domestic Benefit/National Stage Data may be generated within this form by selecting the **Add** button.

## Foreign Priority Information:

This section allows for the applicant to claim priority to a foreign application. Providing this information in the application data sheet constitutes the claim for priority as required by 35 U.S.C. 119(b) and 37 CFR 1.55(d). When priority is claimed to a foreign application that is eligible for retrieval under the priority document exchange program (PDX)[i] the information will be used by the Office to automatically attempt retrieval pursuant to 37 CFR 1.55(h)(1) and (2). Under the PDX program, applicant bears the ultimate responsibility for ensuring that a copy of the foreign application is received by the Office from the participating foreign intellectual property office, or a certified copy of the foreign priority application is filed, within the time period specified in 37 CFR 1.55(g)(1).

| | | | Remove |
|---|---|---|---|
| Application Number | Country[i] | Filing Date (YYYY-MM-DD) | Access Code[i] (if applicable) |
| | | | |

Additional Foreign Priority Data may be generated within this form by selecting the **Add** button.

## Statement under 37 CFR 1.55 or 1.78 for AIA (First Inventor to File) Transition Applications

☐ This application (1) claims priority to or the benefit of an application filed before March 16, 2013 and (2) also contains, or contained at any time, a claim to a claimed invention that has an effective filing date on or after March 16, 2013.
NOTE: By providing this statement under 37 CFR 1.55 or 1.78, this application, with a filing date on or after March 16, 2013, will be examined under the first inventor to file provisions of the AIA.

## Authorization to Permit Access:

☐ Authorization to Permit Access to the Instant Application by the Participating Offices

PTO/AIA/14 (03-13)
Approved for use through 01/31/2014. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| **Application Data Sheet 37 CFR 1.76** | Attorney Docket Number | WS-119 CIP |
|---|---|---|
| | Application Number | |

| Title of Invention | Non-Skid Protective Cloth or Pad |
|---|---|

If checked, the undersigned hereby grants the USPTO authority to provide the European Patent Office (EPO), the Japan Patent Office (JPO), the Korean Intellectual Property Office (KIPO), the World Intellectual Property Office (WIPO), and any other intellectual property offices in which a foreign application claiming priority to the instant patent application is filed access to the instant patent application. See 37 CFR 1.14(c) and (h). This box should not be checked if the applicant does not wish the EPO, JPO, KIPO, WIPO, or other intellectual property office in which a foreign application claiming priority to the instant patent application is filed to have access to the instant patent application.

In accordance with 37 CFR 1.14(h)(3), access will be provided to a copy of the instant patent application with respect to: 1) the instant patent application-as-filed; 2) any foreign application to which the instant patent application claims priority under 35 U.S.C. 119(a)-(d) if a copy of the foreign application that satisfies the certified copy requirement of 37 CFR 1.55 has been filed in the instant patent application; and 3) any U.S. application-as-filed from which benefit is sought in the instant patent application.

In accordance with 37 CFR 1.14(c), access may be provided to information concerning the date o f filing this Authorization.

## Applicant Information:

Providing assignment information in this section does not substitute for compliance with any requirement of part 3 of Title 37 of CFR to have an assignment recorded by the Office.

**Applicant   1**

If the applicant is the inventor (or the remaining joint inventor or inventors under 37 CFR 1.45), this section should not be completed. The information to be provided in this section is the name and address of the legal representative who is the applicant under 37 CFR 1.43; or the name and address of the assignee, person to whom the inventor is under an obligation to assign the invention, or person who otherwise shows sufficient proprietary interest in the matter who is the applicant under 37 CFR 1.46. If the applicant is an applicant under 37 CFR 1.46 (assignee, person to whom the inventor is obligated to assign, or person who otherwise shows sufficient proprietary interest) together with one or more joint inventors, then the joint inventor or inventors who are also the applicant should be identified in this section.

[ Clear ]

| ○ Assignee | ○ Legal Representative under  35 U.S.C. 117 | ○ Joint Inventor |
|---|---|---|
| ○ Person to whom the inventor is obligated to assign. | ○ Person who shows sufficient proprietary interest | |

If applicant is the legal representative, indicate the authority to file the patent application, the inventor is:

Name of the Deceased or Legally Incapacitated Inventor :

If the Applicant is an Organization check here. ☐

| Prefix | **Given Name** | Middle Name | **Family Name** | Suffix |
|---|---|---|---|---|
| | | | | |

EFS Web 2.2.8

PTO/AIA/14 (03-13)
Approved for use through 01/31/2014. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| **Application Data Sheet 37 CFR 1.76** | Attorney Docket Number | WS-119 CIP |
| | Application Number | |

| Title of Invention | Non-Skid Protective Cloth or Pad |

| **Mailing Address Information For Applicant:** | |
| **Address 1** | |
| Address 2 | |
| **City** | | **State/Province** | |
| **Country** | | Postal Code | |
| Phone Number | | Fax Number | |
| Email Address | | |

Additional Applicant Data may be generated within this form by selecting the Add button.

## Assignee Information including Non-Applicant Assignee Information:

Providing assignment information in this section does not subsitute for compliance with any requirement of part 3 of Title 37 of CFR to have an assignment recorded by the Office.

| **Assignee    1** |

Complete this section if assignee information, including non-applicant assignee information, is desired to be included on the patent application publication . An assignee-applicant identified in the "Applicant Information" section will appear on the patent application publication as an applicant. For an assignee-applicant, complete this section only if identification as an assignee is also desired on the patent application publication.

If the Assignee is an Organization check here. ☐

| Prefix | **Given Name** | Middle Name | **Family Name** | Suffix |
| | | | | |

| **Mailing Address Information For Non-Applicant Assignee:** | |
| **Address 1** | |
| Address 2 | |
| **City** | | **State/Province** | |
| **Country** i | | Postal Code | |
| Phone Number | | Fax Number | |
| Email Address | | |

Additional Assignee Data may be generated within this form by selecting the Add button.

Case 5:22-cv-00015-FL   Document 43-6   Filed 10/31/23   Page 198 of 206
EX. 4  0197

PTO/AIA/14 (03-13)
Approved for use through 01/31/2014. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| **Application Data Sheet 37 CFR 1.76** | Attorney Docket Number | WS-119 CIP |
| | Application Number | |

| Title of Invention | Non-Skid Protective Cloth or Pad |

## Signature:

| NOTE: This form must be signed in accordance with 37 CFR 1.33. See 37 CFR 1.4 for signature requirements and certifications. | | | | | |
|---|---|---|---|---|---|
| **Signature** | /Bradie Terracino/ | | | Date (YYYY-MM-DD) | 2013-10-02 |
| First Name | Bradie | Last Name | Terracino | Registration Number | |
| Additional Signature may be generated within this form by selecting the Add button. | | | | | |

## Signature:

| NOTE: This form must be signed in accordance with 37 CFR 1.33. See 37 CFR 1.4 for signature requirements and certifications. | | | | | |
|---|---|---|---|---|---|
| **Signature** | /Robert Terracino/ | | | Date (YYYY-MM-DD) | 2013-10-02 |
| First Name | Robert | Last Name | Terracino | Registration Number | |
| Additional Signature may be generated within this form by selecting the Add button. | | | | | |

This collection of information is required by 37 CFR 1.76. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 23 minutes to complete, including gathering, preparing, and submitting the completed application data sheet form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

# Privacy Act Statement

The Privacy Act of 1974 (P.L. 93-579) requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. Accordingly, pursuant to the requirements of the Act, please be advised that: (1) the general authority for the collection of this information is 35 U.S.C. 2(b)(2); (2) furnishing of the information solicited is voluntary; and (3) the principal purpose for which the information is used by the U.S. Patent and Trademark Office is to process and/or examine your submission related to a patent application or patent. If you do not furnish the requested information, the U.S. Patent and Trademark Office may not be able to process and/or examine your submission, which may result in termination of proceedings or abandonment of the application or expiration of the patent.

The information provided by you in this form will be subject to the following routine uses:

1.     The information on this form will be treated confidentially to the extent allowed under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C. 552a). Records from this system of records may be disclosed to the Department of Justice to determine whether the Freedom of Information Act requires disclosure of these records.

2.     A record from this system of records may be disclosed, as a routine use, in the course of presenting evidence to a court, magistrate, or administrative tribunal, including disclosures to opposing counsel in the course of settlement negotiations.

3.     A record in this system of records may be disclosed, as a routine use, to a Member of Congress submitting a request involving an individual, to whom the record pertains, when the individual has requested assistance from the Member with respect to the subject matter of the record.

4.     A record in this system of records may be disclosed, as a routine use, to a contractor of the Agency having need for the information in order to perform a contract. Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. 552a(m).

5.     A record related to an International Application filed under the Patent Cooperation Treaty in this system of records may be disclosed, as a routine use, to the International Bureau of the World Intellectual Property Organization, pursuant to the Patent C o o p eration Treaty.

6.     A record in this system of records may be disclosed, as a routine use, to another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)).

7.     A record from this system of records may be disclosed, as a routine use, to the Administrator, General Services, or his/her designee, during an inspection of records conducted by GSA as part of that agency's responsibility to recommend improvements in records management practices and programs, under authority of 44 U.S.C. 2904 and 2906. Such disclosure shall be made in accordance with the GSA regulations governing inspection of records for this purpose, and any other relevant (i.e., GSA or Commerce) directive. Such disclosure shall not be used to make determinations about individuals.

8.     A record from this system of records may be disclosed, as a routine use, to the public after either publication of the application pursuant to 35 U.S.C. 122(b) or issuance of a patent pursuant to 35 U.S.C. 151. Further, a record may be disclosed, subject to the limitations of 37 CFR 1.14, as a routine use, to the public if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspections or an issued patent.

9.     A record from this system of records may be disclosed, as a routine use, to a Federal, State, or local law enforcement agency, if the USPTO becomes aware of a violation or potential violation of law or regulation.

Ex. 4 0199

PTO/AIA/01 (06-12)
Approved for use through 01/31/2014. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

## DECLARATION (37 CFR 1.63) FOR UTILITY OR DESIGN APPLICATION USING AN APPLICATION DATA SHEET (37 CFR 1.76)

| Title of Invention | Non-Skid Protective Cloth or Pad |
|---|---|

As the below named inventor, I hereby declare that:

This declaration is directed to:

■ The attached application, or

☐ United States application or PCT international application number _____

filed on _____

The above-identified application was made or authorized to be made by me.

I believe that I am the original inventor or an original joint inventor of a claimed invention in the application.

I hereby acknowledge that any willful false statement made in this declaration is punishable under 18 U.S.C. 1001 by fine or imprisonment of not more than five (5) years, or both.

### WARNING:

Petitioner/applicant is cautioned to avoid submitting personal information in documents filed in a patent application that may contribute to identity theft. Personal information such as social security numbers, bank account numbers, or credit card numbers (other than a check or credit card authorization form PTO-2038 submitted for payment purposes) is never required by the USPTO to support a petition or an application. If this type of personal information is included in documents submitted to the USPTO, petitioners/applicants should consider redacting such personal information from the documents before submitting them to the USPTO. Petitioner/applicant is advised that the record of a patent application is available to the public after publication of the application (unless a non-publication request in compliance with 37 CFR 1.213(a) is made in the application) or issuance of a patent. Furthermore, the record from an abandoned application may also be available to the public if the application is referenced in a published application or an issued patent (see 37 CFR 1.14). Checks and credit card authorization forms PTO-2038 submitted for payment purposes are not retained in the application file and therefore are not publicly available.

LEGAL NAME OF INVENTOR

Inventor: Bradie Terracino          Date (Optional): 10/02/2013

Signature: /Bradie Terracino/

Note: An application data sheet (PTO/SB/14 or equivalent), including naming the entire inventive entity, must accompany this form or must have been previously filed. Use an additional PTO/AIA/01 form for each additional inventor.

This collection of information is required by 35 U.S.C. 115 and 37 CFR 1.63. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14. This collection is estimated to take 1 minute to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.
If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.

PTO/AIA/01 (06-12)
Approved for use through 01/31/2014. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

## DECLARATION (37 CFR 1.63) FOR UTILITY OR DESIGN APPLICATION USING AN APPLICATION DATA SHEET (37 CFR 1.76)

| Title of Invention | Non-Skid Protective Cloth or Pad |
|---|---|

As the below named inventor, I hereby declare that:

This declaration is directed to:

■ The attached application, or

☐ United States application or PCT international application number _____

filed on _____.

The above-identified application was made or authorized to be made by me.

I believe that I am the original inventor or an original joint inventor of a claimed invention in the application.

I hereby acknowledge that any willful false statement made in this declaration is punishable under 18 U.S.C. 1001 by fine or imprisonment of not more than five (5) years, or both.

### WARNING:

Petitioner/applicant is cautioned to avoid submitting personal information in documents filed in a patent application that may contribute to identity theft. Personal information such as social security numbers, bank account numbers, or credit card numbers (other than a check or credit card authorization form PTO-2038 submitted for payment purposes) is never required by the USPTO to support a petition or an application. If this type of personal information is included in documents submitted to the USPTO, petitioners/applicants should consider redacting such personal information from the documents before submitting them to the USPTO. Petitioner/applicant is advised that the record of a patent application is available to the public after publication of the application (unless a non-publication request in compliance with 37 CFR 1.213(a) is made in the application) or issuance of a patent. Furthermore, the record from an abandoned application may also be available to the public if the application is referenced in a published application or an issued patent (see 37 CFR 1.14). Checks and credit card authorization forms PTO-2038 submitted for payment purposes are not retained in the application file and therefore are not publicly available.

LEGAL NAME OF INVENTOR

Inventor: Robert Terracino                    Date (Optional): 10/02/2013

Signature: /Robert Terracino/

Note: An application data sheet (PTO/SB/14 or equivalent), including naming the entire inventive entity, must accompany this form or must have been previously filed. Use an additional PTO/AIA/01 form for each additional inventor.

This collection of information is required by 35 U.S.C. 115 and 37 CFR 1.63. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14. This collection is estimated to take 1 minute to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.
If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.

PTO/AIA/81 (07-12)
Approved for use through 11/30/2014. OMB 0651-0035
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

**POWER OF ATTORNEY TO ONE OR MORE OF THE JOINT INVENTORS AND CHANGE OF CORRESPONDENCE ADDRESS**

| | |
|---|---|
| Application Number | |
| Filing Date | |
| First Named Inventor | Terracino, Bradie |
| Art Unit | 1786 |
| Examiner Name | Ricardo E. Lopez |
| Title | Non-Skid Protective Cloth or Pad |

**NOTE:** This form may be filed by *pro se* inventors (*i.e.*, prosecuting the application without a registered patent practitioner) who are identified as the Applicant in the above-identified application. For a Power of Attorney to one or more registered patent practitioners, see form PTO/AIA/82.

I hereby revoke all previous powers of attorney given in the above-identified application.

☐ I hereby appoint the following joint inventor(s) to prosecute the application identified above, and to transact all business in the United States Patent and Trademark Office connected therewith:

Please recognize or change the correspondence address for the above-identified application to:

☑ The address associated with Customer Number. (if applicable): **71490**
  -To Request A Customer Number see form PTO/SB/124

**OR**

| ☐ Individual Name | |
|---|---|
| Address | |
| City | State | Zip |
| Country | |
| Telephone | Email |

I am the Inventor.

| SIGNATURE of Inventor | | | |
|---|---|---|---|
| Signature | /robert terracino/ | Date | 10/02/2013 |
| Name | Robert Terracino | Telephone | 757-301-9501 |

**NOTE**: Signatures of all the inventors are required. Submit multiple forms if more than one signature is required, see below*. See 37 CFR 1.4 for signature requirements and certifications.

☑ *Total of 2 _____ forms are submitted.

This collection of information is required by 37 CFR 1.31, 1.32 and 1.33. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14. This collection is estimated to take 3 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

# Privacy Act Statement

The **Privacy Act of 1974 (P.L. 93-579)** requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. Accordingly, pursuant to the requirements of the Act, please be advised that: (1) the general authority for the collection of this information is 35 U.S.C. 2(b)(2); (2) furnishing of the information solicited is voluntary; and (3) the principal purpose for which the information is used by the U.S. Patent and Trademark Office is to process and/or examine your submission related to a patent application or patent. If you do not furnish the requested information, the U.S. Patent and Trademark Office may not be able to process and/or examine your submission, which may result in termination of proceedings or abandonment of the application or expiration of the patent.

The information provided by you in this form will be subject to the following routine uses:

1. The information on this form will be treated confidentially to the extent allowed under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C 552a). Records from this system of records may be disclosed to the Department of Justice to determine whether disclosure of these records is required by the Freedom of Information Act.
2. A record from this system of records may be disclosed, as a routine use, in the course of presenting evidence to a court, magistrate, or administrative tribunal, including disclosures to opposing counsel in the course of settlement negotiations.
3. A record in this system of records may be disclosed, as a routine use, to a Member of Congress submitting a request involving an individual, to whom the record pertains, when the individual has requested assistance from the Member with respect to the subject matter of the record.
4. A record in this system of records may be disclosed, as a routine use, to a contractor of the Agency having need for the information in order to perform a contract. Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. 552a(m).
5. A record related to an International Application filed under the Patent Cooperation Treaty in this system of records may be disclosed, as a routine use, to the International Bureau of the World Intellectual Property Organization, pursuant to the Patent Cooperation Treaty.
6. A record in this system of records may be disclosed, as a routine use, to another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)).
7. A record from this system of records may be disclosed, as a routine use, to the Administrator, General Services, or his/her designee, during an inspection of records conducted by GSA as part of that agency's responsibility to recommend improvements in records management practices and programs, under authority of 44 U.S.C. 2904 and 2906. Such disclosure shall be made in accordance with the GSA regulations governing inspection of records for this purpose, and any other relevant (*i.e.*, GSA or Commerce) directive. Such disclosure shall not be used to make determinations about individuals.
8. A record from this system of records may be disclosed, as a routine use, to the public after either publication of the application pursuant to 35 U.S.C. 122(b) or issuance of a patent pursuant to 35 U.S.C. 151. Further, a record may be disclosed, subject to the limitations of 37 CFR 1.14, as a routine use, to the public if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspection or an issued patent.
9. A record from this system of records may be disclosed, as a routine use, to a Federal, State, or local law enforcement agency, if the USPTO becomes aware of a violation or potential violation of law or regulation.

EX. 4   0203

PTO/AIA/81 (07-12)
Approved for use through 11/30/2014. OMB 0651-0035
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

**POWER OF ATTORNEY TO ONE OR MORE OF THE JOINT INVENTORS AND CHANGE OF CORRESPONDENCE ADDRESS**

| | |
|---|---|
| Application Number | |
| Filing Date | |
| First Named Inventor | Terracino, Bradie |
| Art Unit | 1786 |
| Examiner Name | Ricardo E. Lopez |
| Title | Non-Skid Protective Cloth or Pad |

**NOTE:** This form may be filed by *pro se* inventors (*i.e.*, prosecuting the application without a registered patent practitioner) who are identified as the Applicant in the above-identified application. For a Power of Attorney to one or more registered patent practitioners, see form PTO/AIA/82.

I hereby revoke all previous powers of attorney given in the above-identified application.

[ ] I hereby appoint the following joint inventor(s) to prosecute the application identified above, and to transact all business in the United States Patent and Trademark Office connected therewith:

Please recognize or change the correspondence address for the above-identified application to:

[X] The address associated with Customer Number. (if applicable): **71490**
  -To Request A Customer Number see form PTO/SB/124

**OR**

| [ ] Individual Name | |
|---|---|
| Address | |

| City | | State | | Zip | |
|---|---|---|---|---|---|
| Country | |
| Telephone | | Email | |

I am the Inventor.

| SIGNATURE of Inventor | | | |
|---|---|---|---|
| Signature | /bradie terracino/ | Date | 10/02/2013 |
| Name | Bradie Terracino | Telephone | 757-301-9501 |

**NOTE:** Signatures of all the inventors are required. Submit multiple forms if more than one signature is required, see below*. See 37 CFR 1.4 for signature requirements and certifications.

[X] *Total of 2 forms are submitted.

This collection of information is required by 37 CFR 1.31, 1.32 and 1.33. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14. This collection is estimated to take 3 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

# Privacy Act Statement

The **Privacy Act of 1974 (P.L. 93-579)** requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. Accordingly, pursuant to the requirements of the Act, please be advised that: (1) the general authority for the collection of this information is 35 U.S.C. 2(b)(2); (2) furnishing of the information solicited is voluntary; and (3) the principal purpose for which the information is used by the U.S. Patent and Trademark Office is to process and/or examine your submission related to a patent application or patent. If you do not furnish the requested information, the U.S. Patent and Trademark Office may not be able to process and/or examine your submission, which may result in termination of proceedings or abandonment of the application or expiration of the patent.

The information provided by you in this form will be subject to the following routine uses:

1. The information on this form will be treated confidentially to the extent allowed under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C 552a). Records from this system of records may be disclosed to the Department of Justice to determine whether disclosure of these records is required by the Freedom of Information Act.
2. A record from this system of records may be disclosed, as a routine use, in the course of presenting evidence to a court, magistrate, or administrative tribunal, including disclosures to opposing counsel in the course of settlement negotiations.
3. A record in this system of records may be disclosed, as a routine use, to a Member of Congress submitting a request involving an individual, to whom the record pertains, when the individual has requested assistance from the Member with respect to the subject matter of the record.
4. A record in this system of records may be disclosed, as a routine use, to a contractor of the Agency having need for the information in order to perform a contract. Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. 552a(m).
5. A record related to an International Application filed under the Patent Cooperation Treaty in this system of records may be disclosed, as a routine use, to the International Bureau of the World Intellectual Property Organization, pursuant to the Patent Cooperation Treaty.
6. A record in this system of records may be disclosed, as a routine use, to another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)).
7. A record from this system of records may be disclosed, as a routine use, to the Administrator, General Services, or his/her designee, during an inspection of records conducted by GSA as part of that agency's responsibility to recommend improvements in records management practices and programs, under authority of 44 U.S.C. 2904 and 2906. Such disclosure shall be made in accordance with the GSA regulations governing inspection of records for this purpose, and any other relevant (*i.e.,* GSA or Commerce) directive. Such disclosure shall not be used to make determinations about individuals.
8. A record from this system of records may be disclosed, as a routine use, to the public after either publication of the application pursuant to 35 U.S.C. 122(b) or issuance of a patent pursuant to 35 U.S.C. 151. Further, a record may be disclosed, subject to the limitations of 37 CFR 1.14, as a routine use, to the public if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspection or an issued patent.
9. A record from this system of records may be disclosed, as a routine use, to a Federal, State, or local law enforcement agency, if the USPTO becomes aware of a violation or potential violation of law or regulation.

EX. 1   0205