# EXHIBIT 6

## UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 12/460,763 | 07/27/2009 | Bradie Terracino | WS - 119 | 2753 |

71490          7590          02/26/2014
WILLIAMS G. SYKES
3669 SEAGULL BLUFF DRIVE
VIRGINIA BEACH, VA 23455

| EXAMINER |
|---|
| LOPEZ, RICARDO E. |

| ART UNIT | PAPER NUMBER |
|---|---|
| 1786 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 02/26/2014 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A  (Rev. 04/07)

| | Application No. | Applicant(s) |
|---|---|---|
| ***Notice of Abandonment*** | 12/460,763 | TERRACINO ET AL. |
| | Examiner | Art Unit |
| | RICARDO E. LOPEZ | 1786 |

**-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address--**

This application is abandoned in view of:

1. ☒ Applicant's failure to timely file a proper reply to the Office letter mailed on <u>03 July 2013</u>.

    (a) ☐ A reply was received on _____ (with a Certificate of Mailing or Transmission dated _____ ), which is after the expiration of the period for reply (including a total extension of time of _____ month(s)) which expired on _____.

    (b) ☐ A proposed reply was received on _____, but it does not constitute a proper reply under 37 CFR 1.113 to the final rejection.
        (A proper reply under 37 CFR 1.113 to a final rejection consists only of: (1) a timely filed amendment which places the application in condition for allowance; (2) a timely filed Notice of Appeal (with appeal fee); or (3) a timely filed Request for Continued Examination (RCE) in compliance with 37 CFR 1.114).

    (c) ☐ A reply was received on _____ but it does not constitute a proper reply, or a bona fide attempt at a proper reply, to the non-final rejection. See 37 CFR 1.85(a) and 1.111. (See explanation in box 7 below).

    (d) ☒ No reply has been received.

2. ☐ Applicant's failure to timely pay the required issue fee and publication fee, if applicable, within the statutory period of three months from the mailing date of the Notice of Allowance (PTOL-85).

    (a) ☐ The issue fee and publication fee, if applicable, was received on _____ (with a Certificate of Mailing or Transmission dated _____ ), which is after the expiration of the statutory period for payment of the issue fee (and publication fee) set in the Notice of Allowance (PTOL-85).

    (b) ☐ The submitted fee of $_____ is insufficient. A balance of $_____ is due.
        The issue fee required by 37 CFR 1.18 is $_____. The publication fee, if required by 37 CFR 1.18(d), is $_____.

    (c) ☐ The issue fee and publication fee, if applicable, has not been received.

3. ☐ Applicant's failure to timely file corrected drawings as required by, and within the three-month period set in, the Notice of Allowability (PTO-37).

    (a) ☐ Proposed corrected drawings were received on _____ (with a Certificate of Mailing or Transmission dated _____ ), which is after the expiration of the period for reply.

    (b) ☐ No corrected drawings have been received.

4. ☐ The letter of express abandonment which is signed by the attorney or agent of record or other party authorized under 37 CFR 1.33(b). See 37 CFR 1.138(b).

5. ☐ The letter of express abandonment which is signed by an attorney or agent (acting in a representative capacity under 37 CFR 1.34) upon the filing of a continuing application.

6. ☐ The decision by the Board of Patent Appeals and Interference rendered on _____ and because the period for seeking court review of the decision has expired and there are no allowed claims.

7. ☐ The reason(s) below:

| | |
|---|---|
| /JENNIFER CHRISS/<br>Supervisory Patent Examiner, Art Unit 1786 | /REL/ |

Petitions to revive under 37 CFR 1.137, or requests to withdraw the holding of abandonment under 37 CFR 1.181, should be promptly filed to minimize any negative effects on patent term.

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 12/460,763 | 07/27/2009 | Bradie Terracino | WS - 119 | 2753 |

| | | |
|---|---|---|
| 71490 7590 07/03/2013 | EXAMINER | |
| WILLIAMS G. SYKES | LOPEZ, RICARDO E. | |
| 3669 SEAGULL BLUFF DRIVE | | |
| VIRGINIA BEACH, VA 23455 | ART UNIT | PAPER NUMBER |
| | 1786 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 07/03/2013 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A (Rev. 04/07)

| *Office Action Summary* | Application No. 12/460,763 | Applicant(s) TERRACINO ET AL. | |
|---|---|---|---|
| | Examiner RICARDO E. LOPEZ | Art Unit 1786 | AIA (First Inventor to File) Status No |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE *3* MONTH(S) OR THIRTY (30) DAYS, WHICHEVER IS LONGER, FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
- Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1) ☒ Responsive to communication(s) filed on 20 March 2013.
   ☐ A declaration(s)/affidavit(s) under 37 CFR 1.130(b) was/were filed on _____.

2a) ☐ This action is FINAL.   2b) ☒ This action is non-final.

3) ☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____; the restriction requirement and election have been incorporated into this action.

4) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims**

5) ☒ Claim(s) *1-8 and 17-24* is/are pending in the application.
   5a) Of the above claim(s) _____ is/are withdrawn from consideration.

6) ☐ Claim(s) _____ is/are allowed.

7) ☒ Claim(s) *1-8 and 17-24* is/are rejected.

8) ☐ Claim(s) _____ is/are objected to.

9) ☐ Claim(s) _____ are subject to restriction and/or election requirement.

* If any claims have been determined allowable, you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see http://www.uspto.gov/patents/init_events/pph/index.jsp or send an inquiry to PPHfeedback@uspto.gov.

**Application Papers**

10) ☐ The specification is objected to by the Examiner.

11) ☐ The drawing(s) filed on _____ is/are: a) ☐ accepted or b) ☐ objected to by the Examiner.
   Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).
   Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

**Priority under 35 U.S.C. § 119**

12) ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

   **Certified copies:**
   a) ☐ All   b) ☐ Some *  c) ☐ None of the:
   1. ☐ Certified copies of the priority documents have been received.
   2. ☐ Certified copies of the priority documents have been received in Application No. _____.
   3. ☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).
   * See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1) ☒ Notice of References Cited (PTO-892)

2) ☐ Information Disclosure Statement(s) (PTO/SB/08)
   Paper No(s)/Mail Date _____.

3) ☐ Interview Summary (PTO-413)
   Paper No(s)/Mail Date. _____.

4) ☐ Other: _____.

Case 5:22-cv-00015-FL   Document 43-7   Filed 10/31/23   Page 5 of 206   Ex. 6   0004

# DETAILED ACTION

## Continued Examination Under 37 CFR 1.114

1.      A request for continued examination under 37 CFR 1.114, including the fee set

forth in 37 CFR 1.17(e), was filed in this application after final rejection.  Since this

application is eligible for continued examination under 37 CFR 1.114, and the fee set

forth in 37 CFR 1.17(e) has been timely paid, the finality of the previous Office action

has been withdrawn pursuant to 37 CFR 1.114. Applicant's Amendments (to Claims and

Specification), and Accompanying Remarks filed on March 20, 2013 have been entered

and carefully considered. Claims 1 – 8 and 17 – 24 are all the pending claims in this

application. In view of amendment and after careful consideration of Applicant's

arguments, the Examiner has maintained the 103 rejections over Zegler as detailed in

the Office Action dated November 29, 2012. The invention as currently claimed is not

found to be patentable for reasons herein below.

## Claim Rejections - 35 USC § 103

2.      The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all

obviousness rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set
> forth in section 102 of this title, if the differences between the subject matter sought to be patented and
> the prior art are such that the subject matter as a whole would have been obvious at the time the
> invention was made to a person having ordinary skill in the art to which said subject matter pertains.
> Patentability shall not be negatived by the manner in which the invention was made.

3.        Claims 1 – 8 and 17 – 24 are rejected under Zegler et al. US 5,567,497 (Zegler)

in view of Bell US 2,274,468 or in view of Harrison et al. US 3,565,661 (Harrison).


4.        Considering claims 1 – 8 and 17 – 24, Zegler teaches a floor covering 10, which

comprises (i) a floor covering layer, exemplified by a thermoplastic-backed carpet 20

illustrated in FIG. 2, comprising a face layer, exemplified in FIG. 2 by a tufted carpet and

a thermoplastic lower backing layer 34, and (ii) a thermoplastic contact layer 40 that is

fusible compatible with and fused to the lower backing layer 34. As used herein, the

term "fusible compatible" when referring to two thermoplastics in adjacent layers means

thermoplastics which can be permanently fused to one another under heat and pressure

without any external attachment enhancer, such as a mechanical fastener or an

adhesive. The term "fused" when referring to two contacting thermoplastic layers

indicates that the layers are permanently bonded without the use of any external

attachment enhancer. Therefore, lower backing layer 34 and contact layer 40 after they

have been fused together may be consider as a "single lower" resilient layer, which the

Examiner equates to the claimed single lower layer. Further, Zegler teaches that

the thermoplastic contact layer 40 includes on its lower surface a plurality of shallow

thermoplastic projections, exemplified by dimples or nodules in FIG. 4 - 8, which extend

away from the face layer 30. These thermoplastic projections are sufficiently elastic to

impart skid resistance to said floor covering [Col. 3, lines 34 – 52 and FIG. 4].

        Furthermore, Zegler teaches that the lower surface of the contact layer 40

includes a plurality of shallow projections extending away from the floor covering face

layer. The individual projections extend in the direction away from the visual surface of

the floor covering sufficiently that they will penetrate carpet yarns when the floor

covering overlies a carpeted surface. Projections which extend between about 0.010

inches and 0.1 inches are preferred [Col. 4, lines 51 – 60]. Further, Zegler also teaches

referring to FIGS. 5 and 7, the contact layer 70 comprises an open weave fabric scrim

72 and irregularly-sized semi-ovoid thermoplastic nodules 71 located on the scrim fibers

73, although those skilled in this art will appreciate that a number of suitable shapes for

nodules are suitable, including semi-spherical, prismatic, pyramidal, and the like.

Recesses 74 are located in the space bounded by the nodules 71, the scrim fibers 73,

and the lower surface of the lower backing layer 64. The arrangement of the nodules 71

on the scrim 72, and accordingly on contact layer 70, is random, but it will be

appreciated by those skilled in the art that any number of regular or irregular nodule

patterns are suitable and is limited only by the pattern of scrim fibers 73 [Col. 6, lines 33

– 47].

   Although Zegler teaches that the face layer can be any material that would be

suitable for use as the visual or working surface of an overlying floor covering [Col. 3,

lines 52 – 54]; it does not specifically recognize that the face layer is an absorbent,

plain woven layer, free of projecting cut pile. However, this is remedied by Bell or

Harrison et al.

   With regard to the limitations requiring a canvas, this is remedied by Bell.  Bell

teaches making a floor covering or a non-slip mat wherein the backing layer is a

canvas.  Therefore, a person a having ordinary skill in the art at the time the invention

was made would have found it obvious to use a canvas as one of the layers in their mat.
One would have been motivated in doing so in order to create a mat that was flexible.

        With regard to the limitations requiring woven cotton, this is remedied by Harrison
et al.  Harrison et al. teaches making a floor covering or a non-slip mat wherein the
backing layer is woven cotton.  Therefore, a person a having ordinary skill in the art at
the time the invention was made would have found it obvious to use woven cotton as
one of the layers in their mat.  One would have been motivated in doing so in order to
create a mat that was flexible and could easily absorb any coating that could be further
applied to it, or simply to be absorbent in nature.

        As to the new limitation requiring the drop cloth to be conformable, this is also
rendered obvious by the combination Zegler in view of Harrison, because both
references recognize flexibility as a desired property of the suggested floor covering or
drop cloth. In Harrison's disclosure at [Col. 1, lines 48 – 51] it is taught that the base
material in sheet form may be woven cotton fabric, felt, paper, metal foil, woven
fiberglass or synthetic mesh material, or any flexible sheet material which can be
supplied in roll form. In Zegler's case, the disclosure at [Col. 4, lines 10 – 13] teaches
that a preferred thermoplastic suitable for the lower backing layer is a plastisol
containing polymers and copolymers of a vinyl compound, which the Examiner
considers to be inherently flexible.

Ex. 6   0008

*Response to Arguments*

5.      Applicant's Amendments and Accompanying Remarks filed on March 20, 2013

have been entered and carefully considered. In view of amendment and after careful

consideration of Applicant's arguments, the Examiner has maintained the 103 rejections

over Zegler as detailed in the Office Action dated November 29, 2012. The invention as

currently claimed is not found to be patentable for reasons herein above.

6.      Regarding Applicant's arguments with respect to claims 1 – 8 and 17 – 24, these

have been considered but are not persuasive for the following reasons.

        Applicant traverses the rejections of amended claims over the art cited in

previous Office Action on the basis that the cited prior art, Zegler, Bell and Harrison,

teaches floor coverings that are used on flat surfaces. These prior art patents do not

teach painter's drop cloths or the ability of the floor coverings to be conformable to

irregular surfaces such as stairs. Zegler teaches "skid-resistance floor covering suitable

for use on hard surface or carpeted floors". There is no teaching of conformability or

ability to use the floor covering on steps or irregular surfaces. Harrison teaches a floor

covering with an abrasive substance in grit form. Again there is no teaching of

conformability or ability to use the floor covering on steps or irregular surfaces. Bell

teaches a floor covering with a flexible backing cloth but when the ribs are attached to

the top of the backing cloth the flexibility is lost.

In response to these arguments, the Examiner submits that as set forth above the cited prior art recognizes flexibility as a desired property of the suggested floor covering or drop cloth. In Harrison's disclosure at [Col. 1, lines 48 – 51] it is taught that the base material in sheet form may be woven cotton fabric, felt, paper, metal foil, woven fiberglass or synthetic mesh material, or any <u>flexible sheet material</u> which can be supplied in roll form. In Zegler's case, the disclosure at [Col. 4, lines 10 – 13] teaches that a preferred thermoplastic suitable for the lower backing layer is <u>a plastisol containing polymers and copolymers of a vinyl compound</u>, which the Examiner considers to be inherently flexible.

As to the arguments directed to the allegedly difference between a floor covering and a drop cloth, the Examiner submits that the intended use of the claimed article (painter's drop cloth), does not distinguish the claimed article from prior art, and notes that it has been held that a claim containing a "recitation with respect to the manner in which a claimed article is intended to be employed does not differentiate the claimed article from a prior art article if the prior art article teaches all the structural limitations of the claim. Exparte Masham, 2 USPQ2d 1647 (Bd. Pat. App. & Inter. 1987). In the instant case, the article suggested by the combination Zegler in view of Harrison, as set forth above meets all compositional and structural characteristics of the claimed article, including the new limitation of being conformable.

7.      Applicant in the Remarks requested the Examiner to consider the "secondary

evidence of long term need" shown during interview on January 24, 2013 and the

secondary evidence of long term need mailed to the Examiner on February 18, 2013.


8.      In response to this request, the Examiner notes first that the evidence shown

during interview, which consisted of 7 samples of drop cloths available in the

marketplace, as well as a sample of the instant invention (which was left with the

Examiner); and a video (photographs were mailed at the later date) showing Applicant's

claimed article being used as painter's drop cloth on stairs, as a dance floor mat and as

an auto repair shop protective cloth mat; along with the empirical comparative test

performed by Applicant at the time of interview can hardly be considered "secondary

evidence of a long term need" as defined by the MPEP at 716.04. In fact the very same

samples shown during interview contradict Applicant's claim of "long felt need in the

art", because among said samples there were conformable painter's drop clothes

having some degree of coefficient of friction in the lower surface; and therefore

considered and marketed by their manufacturers as non-skid drop cloths.

        Further, for the record the Examiner notes that the evidence mentioned just

above has been considered in maintaining the rejections as set forth above, and that it

is deemed to be not persuasive in rebutting the 103 obviousness rejections of record.

Furthermore, the Examiner makes of record three of the photographs mentioned above.

### *Conclusion*

9.      Any inquiry concerning this communication or earlier communications from the examiner should be directed to RICARDO E. LOPEZ whose telephone number is (571)-270-1150. The examiner can normally be reached on Monday to Thursday 8:00 am-5:30pm EST, and every other Friday from 8:00 am to 4:30 pm..

10.     If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, Jennifer Chriss can be reached on (571)-272-7783. The fax phone number for the organization where this application or proceeding is assigned is 571-273-8300.

11.     Information regarding the status of an application may be obtained from the Patent Application Information Retrieval (PAIR) system. Status information for published applications may be obtained from either Private PAIR or Public PAIR. Status information for unpublished applications is available through Private PAIR only. For more information about the PAIR system, see http://pair-direct.uspto.gov. Should you have questions on access to the Private PAIR system, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a USPTO Customer Service Representative or access to the automated information system, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.


/REL/
Ricardo E. Lopez
Patent Examiner, Art Unit 1786

| *Notice of References Cited* | | Application/Control No. 12/460,763 | | Applicant(s)/Patent Under Reexamination TERRACINO ET AL. | |
|---|---|---|---|---|---|
| | | Examiner RICARDO E. LOPEZ | | Art Unit 1786 | Page 1 of 1 |

**U.S. PATENT DOCUMENTS**

| * | | Document Number Country Code-Number-Kind Code | Date MM-YYYY | Name | Classification |
|---|---|---|---|---|---|
| | A | US- | | | |
| | B | US- | | | |
| | C | US- | | | |
| | D | US- | | | |
| | E | US- | | | |
| | F | US- | | | |
| | G | US- | | | |
| | H | US- | | | |
| | I | US- | | | |
| | J | US- | | | |
| | K | US- | | | |
| | L | US- | | | |
| | M | US- | | | |

**FOREIGN PATENT DOCUMENTS**

| * | | Document Number Country Code-Number-Kind Code | Date MM-YYYY | Country | Name | Classification |
|---|---|---|---|---|---|---|
| | N | | | | | |
| | O | | | | | |
| | P | | | | | |
| | Q | | | | | |
| | R | | | | | |
| | S | | | | | |
| | T | | | | | |

**NON-PATENT DOCUMENTS**

| * | | Include as applicable: Author, Title Date, Publisher, Edition or Volume, Pertinent Pages) |
|---|---|---|
| | U | Photographs 1, 2 and 3 of claimed article being used. 06/2013 |
| | V | |
| | W | |
| | X | |

*A copy of this reference is not being furnished with this Office action. (See MPEP § 707.05(a).)
Dates in MM-YYYY format are publication dates. Classifications may be US or foreign.

U.S. Patent and Trademark Office
PTO-892 (Rev. 01-2001)　　　　　　　　**Notice of References Cited**　　　　　　　Part of Paper No. 20130624

| | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| ***Search Notes*** | 12460763 | TERRACINO ET AL. |
| [barcode] | **Examiner** | **Art Unit** |
| | Ricardo E. Lopez | 1786 |

| CPC- SEARCHED | | |
|---|---|---|
| Symbol | Date | Examiner |
| | | |

| CPC COMBINATION SETS  - SEARCHED | | |
|---|---|---|
| Symbol | Date | Examiner |
| | | |

| US CLASSIFICATION SEARCHED | | | |
|---|---|---|---|
| Class | Subclass | Date | Examiner |
| 428 | 88, 95 | 07/23/2012 | REL |

| SEARCH NOTES | | |
|---|---|---|
| Search Notes | Date | Examiner |
| east notes attached | 03/22/2010 | AP |
| updated | 9/11/2010 | AP |
| EAST Search History Attached | 07/23/2012 | REL |
| Inventor and Assignee search | 07/23/2012 | REL |
| Updated EAST Search History Attached | 06/25/2013 | REL |

| INTERFERENCE SEARCH | | | |
|---|---|---|---|
| US Class/ CPC Symbol | US Subclass / CPC Group | Date | Examiner |
| | | | |

| | |
|---|---|
| | |

Case 5:22-cv-00015-FL   Document 43-7   Filed 10/31/23   Page 15 of 206   Ex. 6  0014

**EAST Search History**

**EAST Search History (Prior Art)**

| Ref # | Hits | Search Query | DBs | Default Operator | Plurals | Time Stamp |
|---|---|---|---|---|---|---|
| S1 | 1 | ("20110017341").PN. | US-PGPUB; USPAT; USOCR | OR | OFF | 2012/07/20 12:42 |
| S2 | 5 | (("6946183") or ("2274468") or ("3565661")).PN. | US-PGPUB; USPAT; USOCR | OR | OFF | 2012/07/20 14:00 |
| S8 | 44 | ((nonskid or nonslip or non-slip or non-skid or antiskid or anti-skid or protective or drop) with (drop cloth or covering or pad or mat or cloth) same (projection or protrusion or nodules or nub or dimple or tread or suction cup or vaccum cup or cleat)) same ((fabric or cloth or woven) same (cotton or canvas)) | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | ADJ | ON | 2012/07/23 11:33 |
| S9 | 13 | S8 and (hollow or depression or pit or indentation or dent or dint or bump) | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | ADJ | ON | 2012/07/23 11:37 |
| S10 | 656 | (nonskid or nonslip) same (covering or pad or mat) | US-PGPUB; USPAT; USOCR | OR | ON | 2012/07/23 12:07 |
| S11 | 859 | (nonskid or nonslip) same (covering or pad or mat) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT | OR | ON | 2012/07/23 12:07 |
| S12 | 205 | S11 and (hollow or depression or pit or indentation or dent or dint or bump) | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | ADJ | ON | 2012/07/23 12:08 |
| S13 | 27 | S12 and (dimple or convex) | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | ADJ | ON | 2012/07/23 12:08 |
| S14 | 3 | (("5567497") or ("5173346") or ("4917932")).PN. | US-PGPUB; USPAT; USOCR | OR | OFF | 2012/07/23 12:15 |
| S15 | 8 | (zegler near2 stephen).in. | US-PGPUB; USPAT; USOCR | OR | OFF | 2012/07/23 15:25 |
| S16 | 2529 | 428/95,88.ccls. | US-PGPUB; USPAT; USOCR | OR | OFF | 2012/07/23 15:26 |
| S17 | 10 | S16 and ((nonskid or nonslip) same (covering or pad or mat)) | US-PGPUB; USPAT; | OR | OFF | 2012/07/23 15:27 |

Case 5:22-cv-00015-FL   Document 43-7   Filed 10/31/23   Page 16 of 206

Ex. 6

0015

| | | | | USOCR | | | |
|---|---|---|---|---|---|---|---|
| S18 | 1 | ("20080131680").PN. | | US-PGPUB; USPAT; USOCR | OR | OFF | 2013/06/24 11:52 |
| S19 | 18 | (drop near3 (cloth or mat))same skid | | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | ADJ | ON | 2013/06/25 10:37 |
| S20 | 274 | (floor near3 cover$3) same skid | | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | ADJ | ON | 2013/06/25 10:48 |
| S21 | 30 | (floor near3 cover$3) same (skid and woven) | | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | ADJ | ON | 2013/06/25 10:48 |

**6/25/2013 4:41:24 PM**
**C:\Users\rlopez\Documents\EAST\Workspaces\Non-skid cloth.wsp**

Case 5:22-cv-00015-FL   Document 43-7   Filed 10/31/23   Page 17 of 206   Ex. 6   0016

PTO/SB/30 (07-09)
Approved for use through 07/31/2012. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

# Request for Continued Examination (RCE) Transmittal

Address to:
Mail Stop RCE
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

| | |
|---|---|
| Application Number | 12/460,763 |
| Filing Date | 7/27/2009 |
| First Named Inventor | Terracino, Bradie |
| Art Unit | 1786 |
| Examiner Name | Ricardo E. Lopez |
| Attorney Docket Number | WS-119 |

**This is a Request for Continued Examination (RCE) under 37 CFR 1.114 of the above-identified application.**

Request for Continued Examination (RCE) practice under 37 CFR 1.114 does not apply to any utility or plant application filed prior to June 8, 1995, or to any design application. See Instruction Sheet for RCEs (not to be submitted to the USPTO) on page 2.

1. **Submission required under 37 CFR 1.114** Note: If the RCE is proper, any previously filed unentered amendments and amendments enclosed with the RCE will be entered in the order in which they were filed unless applicant instructs otherwise. If applicant does not wish to have any previously filed unentered amendment(s) entered, applicant must request non-entry of any such amendment(s).

   a. ☐ Previously submitted. If a final Office action is outstanding, any amendments filed after the final Office action may be considered as a submission even if this box is not checked.

      i. ☐ Consider the arguments in the Appeal Brief or Reply Brief previously filed on _____

      ii. ☐ Other _____

   b. ☑ Enclosed

      i. ☑ Amendment/Reply       iii. ☐ Information Disclosure Statement (IDS)

      ii. ☐ Affidavit(s)/ Declaration(s)       iv. ☐ Other _____

2. **Miscellaneous**

   a. ☐ Suspension of action on the above-identified application is requested under 37 CFR 1.103(c) for a period of _____ months. (Period of suspension shall not exceed 3 months; Fee under 37 CFR 1.17(i) required)

   b. ☐ Other _____

3. **Fees** The RCE fee under 37 CFR 1.17(e) is required by 37 CFR 1.114 when the RCE is filed.

   a. ☐ The Director is hereby authorized to charge the following fees, any underpayment of fees, or credit any overpayments, to Deposit Account No. _____

      i. ☐ RCE fee required under 37 CFR 1.17(e)

      ii. ☐ Extension of time fee (37 CFR 1.136 and 1.17)

      iii. ☐ Other _____

   b. ☐ Check in the amount of $ _____ enclosed

   c. ☑ Payment by credit card (Form PTO-2038 enclosed)

**WARNING: Information on this form may become public. Credit card information should not be included on this form. Provide credit card information and authorization on PTO-2038.**

| SIGNATURE OF APPLICANT, ATTORNEY, OR AGENT REQUIRED | | | |
|---|---|---|---|
| Signature | /william g. sykes/ | Date | 3/20/2013 |
| Name (Print/Type) | William G. Sykes | Registration No. | 50704 |

| CERTIFICATE OF MAILING OR TRANSMISSION | |
|---|---|
| I hereby certify that this correspondence is being deposited with the United States Postal Service with sufficient postage as first class mail in an envelope addressed to: Mail Stop RCE, Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450 or facsimile transmitted to the U.S. Patent and Trademark Office on the date shown below. | |
| Signature | /william g. sykes/ |
| Name (Print/Type) | William G. Sykes       Date  3/20/2013 |

This collection of information is required by 37 CFR 1.114. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Mail Stop RCE, Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**
*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

PTO/SB/30 (07-09)
Approved for use through 07/31/2012. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

## Instruction Sheet for RCEs
(not to be submitted to the USPTO)

### NOTES:

An RCE is not a new application, and filing an RCE will not result in an application being accorded a new filing date.

**Filing Qualifications:**
The application must be a utility or plant application filed on or after June 8, 1995. The application cannot be a provisional application, a utility or plant application filed before June 8, 1995, a design application, or a patent under reexamination. See 37 CFR 1.114(e).

**Filing Requirements:**
*Prosecution in the application must be closed.* Prosecution is closed if the applicat ion is under appeal, or the last Office action is a final action, a notice of allowance, or an action that otherwise closes prosecution in the application (e.g., an Office action under *Ex parte Quayle*). See 37 CFR 1.114(b).

*A submission and a fee are required at the time the RCE is filed.* If reply to an Office action under 35 U.S.C. 132 is outstanding (e.g., the application is under final rejection), the submission must meet the reply requirements of 37 CFR 1.111. If there is no outstanding Office action, the submission can be an information disclosure statement, an amendment, new arguments, or new evidence. See 37 CFR 1.114(c). The submission may be a previously filed amendment ( e.g., an amendment after final rejection).

### WARNINGS:

**Request for Suspension of Action:**
All RCE filing requirements must be met before suspension of action is granted. A request for a suspension of action under 37 C FR 1.103(c) does <u>not</u> satisfy the submission requirement and does not permit the filing of the required submission to be suspended.

**Improper RCE will NOT toll Any Time Period:**

*Before Appeal -* If the RCE is improper (e.g., prosecution in the application is not closed or the submission or fee has not been filed) and the application is not under appeal, the time period set f orth in the last Off ice action will continue to run and the application will be abandoned after the statutory time period has expired if a reply to the Office action is not timely filed. No additional time will be given to correct the improper RCE.

*Under Appeal -* If the RCE is improper (e.g., the submission or the fee has not been filed) and the application is under appeal, the improper RCE is effective to withdraw the appeal. Withdrawal of the appeal results in the allowance or abandonment of the application depending on the status of the clai ms. If there are no allowed claims, the application is abandoned. If there is at least one allowed claim, the application will be passed to issue on the allowed claim(s). See MPEP 1215.01.

**See MPEP 706.07(h) for further information on the RCE practice.**

Case 5:22-cv-00015-FL   Document 43-7   Filed 10/31/23   Page 19 of 206   Ex. 6   0018

Privacy Act Statement

The **Privacy Act of 1974 (P.L. 93-579)** requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. Accordingly, pursuant to the requirements of the Act, please be advised that: (1) the general authority for the collection of this information is 35 U.S.C. 2(b)(2); (2) furnishing of the information solicited is voluntary; and (3) the principal purpose for which the information is used by the U.S. Patent and Trademark Office is to process and/or examine your submission related to a patent application or patent. If you do not furnish the requested information, the U.S. Patent and Trademark Office may not be able to process and/or examine your submission, which may result in termination of proceedings or abandonment of the application or expiration of the patent.

The information provided by you in this form will be subject to the following routine uses:

1. The information on this form will be treated confidentially to the extent allowed under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C 552a). Records from this system of records may be disclosed to the Department of Justice to determine whether disclosure of these records is required by the Freedom of Information Act.
2. A record from this system of records may be disclosed, as a routine use, in the course of presenting evidence to a court, magistrate, or administrative tribunal, including disclosures to opposing counsel in the course of settlement negotiations.
3. A record in this system of records may be disclosed, as a routine use, to a Member of Congress submitting a request involving an individual, to whom the record pertains, when the individual has requested assistance from the Member with respect to the subject matter of the record.
4. A record in this system of records may be disclosed, as a routine use, to a contractor of the Agency having need for the information in order to perform a contract. Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. 552a(m).
5. A record related to an International Application filed under the Patent Cooperation Treaty in this system of records may be disclosed, as a routine use, to the International Bureau of the World Intellectual Property Organization, pursuant to the Patent Cooperation Treaty.
6. A record in this system of records may be disclosed, as a routine use, to another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)).
7. A record from this system of records may be disclosed, as a routine use, to the Administrator, General Services, or his/her designee, during an inspection of records conducted by GSA as part of that agency's responsibility to recommend improvements in records management practices and programs, under authority of 44 U.S.C. 2904 and 2906. Such disclosure shall be made in accordance with the GSA regulations governing inspection of records for this purpose, and any other relevant (*i.e.*, GSA or Commerce) directive. Such disclosure shall not be used to make determinations about individuals.
8. A record from this system of records may be disclosed, as a routine use, to the public after either publication of the application pursuant to 35 U.S.C. 122(b) or issuance of a patent pursuant to 35 U.S.C. 151. Further, a record may be disclosed, subject to the limitations of 37 CFR 1.14, as a routine use, to the public if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspection or an issued patent.
9. A record from this system of records may be disclosed, as a routine use, to a Federal, State, or local law enforcement agency, if the USPTO becomes aware of a violation or potential violation of law or regulation.

Ex. 6   0019

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Appl. No.       :    12/460,763              Conf. No. 2753

Applicant       :    Bradie Terracino et al.

Filed           :    July 27, 2009

TC/A.U.         :    1786

Examiner        :    Ricardo E. Lopez

Docket No.      :    WS-119

Title           :    NON-SKID PROTECTIVE CLOTH OR PAD

Customer No.    :    71490


## R E S P O N S E


Commissioner for Patents
P.O. Box 1450
Alexandria VA 22313-1450


S I R:

    In response to the Office Action of November 29, 2012
please amend the above-identified patent application as
follows:

    **Amendments to the Specification** begin on page 2.

    **Listing of the Claims** begins on page 5 of this paper.


    **Remarks/Arguments** begin on page 11 of this paper.




Docket No. WS-119        Page 1 of 14

Application. No. 12/460,763
Amendment dated September 6, 2012
Reply to Office Action of August 2, 2012


**Amendments to the Specification**:

 Kindly amend the specification as indicated.

 Kindly amend the paragraph beginning on page 1, line 3 as indicated:


 The invention pertains to protective cloths or pads and more particularly, to a protective <u>conformable painter's drop</u> cloth or pad that has a non-skid backing to hold the <u>conformable painter's drop</u> cloth or pad in position during use.


 Kindly amend the paragraph beginning on page 7, line 2 as indicated:


 In accordance with the present invention there is provided a two-layer, non-skid protective pad for use as a <u>conformable</u> painter's drop cloth or as a protective pad for surfaces such as boat decks, airplane wings or other surfaces where a non-skid pad is essential.  The pad has a woven upper member, typically of a cotton canvas-like material, and a lower, resilient member.  The two layers are typically stitched together.  The lower, resilient member typically comprises downward-projecting dimples, often of two or more different sizes.  The dimples are joined by a grid of resilient material.  In alternate embodiments, an impervious member may be inserted between the upper and lower members.


Docket No. WS-119  Page 2 of 14

Application. No. 12/460,763
Amendment dated September 6, 2012
Reply to Office Action of August 2, 2012


    Kindly amend the paragraph beginning on page 7, line 15
as indicated:


    It is, therefore, an object of the invention to provide a
protective conformable painter's drop cloth or pad that
includes a resilient, non-skid surface to prevent movement of
the cloth or pad on the surface upon which it is placed.


    Kindly amend the paragraph beginning on page 8, line 1 as
indicated:


    It is another object of the invention to provide a
protective painter's drop cloth or pad which is conformable to
irregular surfaces such as stairs and remains in position once
placed thereupon.


    Kindly amend the paragraph beginning on page 13, line 13
as indicated:


    Cloth 100 may also be utilized to protect a delicate
surface from being scratched or marred.  One environment where
conformable painter's drop cloth 100 is particularly useful is
when conforming to on a set of stairs.  Once positioned, the
conformable painter's drop cloth 100 remains in place, thereby
providing a safe, stable surface on the stairs as workman
ascend and descend the stairs.  It will be recognized that the
choice of materials, weights, thicknesses, etc. will determine

Docket No. WS-119        Page 3 of 14

Application. No. 12/460,763
Amendment dated September 6, 2012
Reply to Office Action of August 2, 2012

the overall flexibility of <u>painter's drop</u> cloth 100 for
applications such as stairs.

**Listing of Claims:**

This listing of claims will replace all prior versions, and listings, of claims in the application:

Claim 1. (currently amended)  A non-skid protective conformable painter's drop cloth or pad, consisting of:

a)  a single, absorbent, plain woven upper layer free from any projecting cut pile and having an upper and a lower major surface;

b)  a single lower, resilient layer having an upper and a lower major surface, said upper major surface of said single lower resilient layer being disposed adjacent said lower layer of said single, absorbent, woven upper layer;  and

c)  means for fastening said single, absorbent, upper, woven layer to said single lower resilient layer.

Claim 2. (currently amended) The non-skid protective conformable painter's drop cloth or pad as recited in claim 1,

wherein said single, absorbent, woven, upper layer comprises a plain woven cotton fabric.

Claim 3. (currently amended)  The non-skid protective conformable painter's drop cloth or pad as recited in claim 1, wherein said single, absorbent, woven, upper layer comprises canvas.

Claim 4. (currently amended) The non-skid protective conformable painter's drop cloth or pad as recited in claim 1, wherein said single lower, resilient layer comprises a network of downward projecting dimples interconnected by a resilient grid.

Claim 5. (currently amended) The non-skid protective conformable painter's drop cloth or pad as recited in claim 4, wherein said downward projecting dimples comprise dimples of at least two different diameters.

Claim 6. (currently amended) The non-skid protective conformable painter's drop cloth or pad as recited in claim 4,

Case 5:22-cv-00015-FL   Document 43-7   Filed 10/31/23   Page 26 of 206   Ex. 6 0025

wherein said downward projecting dimples comprise dimples of at least two different heights.

Claim 7. (currently amended) The non-skid protective conformable painter's drop cloth or pad as recited in claim 4, wherein said downward projecting dimples are separated one from another by an inter-dimple space.

Claim 8. (currently amended) The non-skid protective conformable painter's drop cloth or pad as recited in claim 1, wherein said means for fastening comprises at least one from the group: stitching, adhesive, hook-and-loop fasteners, and mechanical fasteners.

Claims 9 – 16 (cancelled)

Claim 17. (currently amended) A non-skid protective conformable painter's drop cloth or pad, consisting of:

a)     a single, absorbent, plain woven upper layer free from any projecting cut pile and having an upper and a lower major surface;

Docket No. WS-119      Page 7 of 14

b)    a single lower, resilient layer having an upper and a lower major surface, said upper major surface of said single lower resilient layer being disposed adjacent said lower layer of said single, absorbent, plain woven upper layer;

c)    an impervious member interposed between said single, absorbent, plain woven upper layer and said single lower, resilient member;

d)    means for fastening said single, absorbent, upper, woven layer to said interposed impervious member and said single lower resilient layer.

Claim 18. (currently amended) The non-skid protective conformable painter's drop cloth or pad as recited in claim 17, wherein said single, absorptive woven, upper layer comprises a woven cotton fabric.

Claim 19. (currently amended) The non-skid protective conformable painter's drop cloth or pad as recited in claim

Case 5:22-cv-00015-FL   Document 43-7   Filed 10/31/23   Page 28 of 206
Ex. 6  0027

17, wherein said woven, single, absorbent upper layer

comprises canvas.


Claim 20. (currently amended) The non-skid protective

conformable painter's drop cloth or pad as recited in claim

17, wherein said single lower, resilient layer comprises a

network of downward projecting dimples interconnected by a

resilient grid.


Claim 21. (currently amended) The non-skid protective

conformable painter's drop cloth or pad as recited in claim

20, wherein said downward projecting dimples comprise dimples

of at least two different diameters.


Claim 22. (currently amended) The non-skid protective

conformable painter's drop cloth or pad as recited in claim

20, wherein said downward projecting dimples comprise dimples

of at least two different heights.


Claim 23. (currently amended) The non-skid protective

conformable painter's drop cloth or pad as recited in claim

Case 5:22-cv-00015-FL   Document 43-7   Filed 10/31/23   Page 29 of 206   Ex. 6 0028

20, wherein said downward projecting dimples are separated one from another by an inter-dimple space.

    Claim 24. (currently amended)  The non-skid protective conformable painter's drop cloth or pad as recited in claim 17, wherein said means for fastening comprises at least one from the group: stitching, adhesive, hook-and-loop fasteners, and mechanical fasteners.

Case 5:22-cv-00015-FL   Document 43-7   Filed 10/31/23   Page 30 of 206   Ex. 6  0029

**REMARKS/ARGUMENTS**

Reconsideration of the above-identified application is
respectfully requested in view of the following remarks.  The
specification has been amended.  Claims 1 - 8 and Claims 17 -
24 have been amended.  Claims 9 - 16 were previously
cancelled.

The applicants amended the specification and claims to
better point out the teaching of applicants' invention as a
conformable non-skid painter's drop cloth.  The painter's drop
cloth is conformable to irregular surfaces such as stairs.
Conformable to irregular surfaces is used in the specification
to show the painter's drop cloth is flexible.  As shown below
the original specification on page 7 line 2 teaches a
painter's drop cloth:

"In accordance with the present invention there is
provided a two-layer, non-skid protective pad for use as a
**painter's drop cloth** or as a protective pad for surfaces such
as boat decks, airplane wings or other surfaces where a non-
skid pad is essential.  The pad has a woven upper member,
typically of a cotton canvas-like material, and a lower,
resilient member.  The two layers are typically stitched
together.  The lower, resilient member typically comprises
downward-projecting dimples, often of two or more different
sizes.  The dimples are joined by a grid of resilient

Docket No. WS-119        Page 11 of 14

material.  In alternate embodiments, an impervious member may
be inserted between the upper and lower members."

The original specification on page 8 line 1 teaches the
cloth is conformable:

"It is another object of the invention to provide a
protective cloth or pad which is **conformable to irregular
surfaces such as stairs** and remains in position once placed
thereupon."

The cited prior art, Zegler, Bell and Harrison, teaches
floor coverings that are used on flat surfaces.  These prior
art patents do not teach painter's drop cloths or the ability
of the floor coverings to be conformable to irregular surfaces
such as stairs.  Zegler teaches "skid-resistance floor
covering suitable for use on hard surface or carpeted floors".
There is no teaching of conformability or ability to use the
floor covering on steps or irregular surfaces.  Harrison
teaches a floor covering with an abrasive substance in grit
form.  Again there is no teaching of conformability or ability
to use the floor covering on steps or irregular surfaces.
Bell teaches a floor covering with a flexible backing cloth
but when the ribs are attached to the top of the backing cloth
the flexibility is lost.  The ribs are not flexible.

Applicants request Mr. Lopez to consider the secondary
evidence they provided at the January 24, 2013 office meeting

and the secondary evidence they mailed to Mr. Lopez on

February 18, 2013.  This secondary evidence shows the long

term need of the applicant's conformable painter's drop cloth.

The most relevant secondary evidence was paint cloth samples

from seven (7) different companies and videos showing the

applicants testing their conformable painter's non-skid drop

cloth and other drop cloths.  Conformability to irregular

surfaces such as stairs and the ability of the painter's drop

cloth being non-skid has been a long term need and a major

unsolved problem.  The value in these samples and test is to

show the long term need of applicant's drop cloth.  The large

number of manufacturers trying to solve the problem helps to

show the long term need for a conformable non-skid painter's

drop cloth.  These are some of the largest manufacturing

companies in the USA such as DuPont and 3M.  These companies

have tried to solve the long term need of a conformable non-

skid painter's drop cloth but have failed as seen by the

applicant's demonstrations.  Painters have used painter's drop

cloths for hundreds of years.  One of the applicants is a

painter and has been a painter for 47 years and he testified

to the long term need for a conformable non-skid painter's

drop cloth.  Presently and in the past painter's have been

Docket No. WS-119     Page 13 of 14

using paper and tape to cover the stairs while they are painting the ceiling and or walls. The tape and paper method is expensive and very time consuming. The painter's drop cloths currently in the market are not skid proof and conformable to the shape of the stairs and are dangerous to use. The secondary evidence provided by and testified to by the applicants proves the long term need for a conformable non-skid painter's drop cloth. The applicants' conformable non-skid painter's drop cloth satisfies this long term need.

Applicants respectfully requests that as claims 1 – 8 and 17 – 24 continue to be in condition for allowance that these claims be allowed and the application now be passed to issue.

Respectfully submitted,

I hereby certify that this correspondence is being deposited with the United States Patent and Trademark Office:

Mail Stop Amendment
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

On ___March 20, 2013___
                    (Date of Deposit)

/william g. sykes/   3/20/2013
William G. Sykes, Esq. Reg. No. 50,704   (Date)
Attorney

/william g. sykes/
William G. Sykes, Esq.
Registration No. 50,704
Attorney for Applicants
3699 Seagull Bluff Drive
Virginia Beach, VA 23455

Phone: (757) 490-8586
Fax: (757) 363-3405

| Electronic Patent Application Fee Transmittal | |
|---|---|
| **Application Number:** | 12460763 |
| **Filing Date:** | 27-Jul-2009 |
| **Title of Invention:** | Non-skid protective cloth or pad |
| **First Named Inventor/Applicant Name:** | Bradie Terracino |
| **Filer:** | William Gray Sykes |
| **Attorney Docket Number:** | WS - 119 |
| Filed as Small Entity | |

## Utility under 35 USC 111(a) Filing Fees

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Basic Filing:** | | | | |
| **Pages:** | | | | |
| **Claims:** | | | | |
| **Miscellaneous-Filing:** | | | | |
| **Petition:** | | | | |
| **Patent-Appeals-and-Interference:** | | | | |
| **Post-Allowance-and-Post-Issuance:** | | | | |
| **Extension-of-Time:** | | | | |

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Miscellaneous:** | | | | |
| RCE - 2nd and Subsequent Request | 2820 | 1 | 850 | 850 |
| **Total in USD ($)** | | | | **850** |

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 15311355 |
| **Application Number:** | 12460763 |
| **International Application Number:** | |
| **Confirmation Number:** | 2753 |
| **Title of Invention:** | Non-skid protective cloth or pad |
| **First Named Inventor/Applicant Name:** | Bradie Terracino |
| **Customer Number:** | 71490 |
| **Filer:** | William Gray Sykes |
| **Filer Authorized By:** | |
| **Attorney Docket Number:** | WS - 119 |
| **Receipt Date:** | 20-MAR-2013 |
| **Filing Date:** | 27-JUL-2009 |
| **Time Stamp:** | 16:06:59 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | yes |
| Payment Type | Credit Card |
| Payment was successfully received in RAM | $850 |
| RAM confirmation Number | 2767 |
| Deposit Account | |
| Authorized User | |

### File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|

| 1 | Request for Continued Examination (RCE) | sb0030_3_20_2013_F.pdf | 82783<br><br>fb316a4elbc57e1150c1a9f3218765cdb07f 55bf | no | 3 |
|---|---|---|---|---|---|

**Warnings:**

This is not a USPTO supplied RCE SB30 form.

**Information:**

| 2 | Amendment After Final | 12460763_Terracino_4th_Ame ndment_F.pdf | 40673<br><br>c2d304753ba1f61a1303c063db804cd59fb 4a007 | no | 14 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 3 | Fee Worksheet (SB06) | fee-info.pdf | 29993<br><br>5fdccd01aca53d4b840f0284e25a9a1fb3d2e 53e1 | no | 2 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| | | **Total Files Size (in bytes):** | 153449 | | |
|---|---|---|---|---|---|

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

**National Stage of an International Application under 35 U.S.C. 371**
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

Ex. 6   0037

PTO/SB/06 (07-06)
Approved for use through 1/31/2007. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

**PATENT APPLICATION FEE DETERMINATION RECORD**
Substitute for Form PTO-875

| Application or Docket Number | Filing Date | |
|---|---|---|
| 12/460,763 | 07/27/2009 | ☐ To be Mailed |

## APPLICATION AS FILED – PART I

| | | (Column 1) | (Column 2) | SMALL ENTITY ☒ | | OR | OTHER THAN SMALL ENTITY | |
|---|---|---|---|---|---|---|---|---|
| | FOR | NUMBER FILED | NUMBER EXTRA | RATE ($) | FEE ($) | | RATE ($) | FEE ($) |
| ☐ | BASIC FEE (37 CFR 1.16(a), (b), or (c)) | N/A | N/A | N/A | | | N/A | |
| ☐ | SEARCH FEE (37 CFR 1.16(k), (i), or (m)) | N/A | N/A | N/A | | | N/A | |
| ☐ | EXAMINATION FEE (37 CFR 1.16(o), (p), or (q)) | N/A | N/A | N/A | | | N/A | |
| | TOTAL CLAIMS (37 CFR 1.16(i)) | minus 20 = | * | X $ = | | OR | X $ = | |
| | INDEPENDENT CLAIMS (37 CFR 1.16(h)) | minus 3 = | * | X $ = | | | X $ = | |
| ☐ | APPLICATION SIZE FEE (37 CFR 1.16(s)) | If the specification and drawings exceed 100 sheets of paper, the application size fee due is $250 ($125 for small entity) for each additional 50 sheets or fraction thereof. See 35 U.S.C. 41(a)(1)(G) and 37 CFR 1.16(s). | | | | | | |
| ☐ | MULTIPLE DEPENDENT CLAIM PRESENT (37 CFR 1.16(j)) | | | | | | | |
| | * If the difference in column 1 is less than zero, enter "0" in column 2. | | | TOTAL | | | TOTAL | |

## APPLICATION AS AMENDED – PART II

| | | (Column 1) | (Column 2) | (Column 3) | SMALL ENTITY | | OR | OTHER THAN SMALL ENTITY | |
|---|---|---|---|---|---|---|---|---|---|
| | | CLAIMS REMAINING AFTER AMENDMENT | HIGHEST NUMBER PREVIOUSLY PAID FOR | PRESENT EXTRA | RATE ($) | ADDITIONAL FEE ($) | | RATE ($) | ADDITIONAL FEE ($) |
| **AMENDMENT** | **03/20/2013** | | | | | | | | |
| | Total (37 CFR 1.16(i)) | * 16 | Minus | ** 20 | = 0 | X $40= | 0 | OR | X $ = | |
| | Independent (37 CFR 1.16(h)) | * 2 | Minus | *** 3 | = 0 | X $210= | 0 | OR | X $ = | |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | | | OR | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | | OR | | |
| | | | | | TOTAL ADD'L FEE | 0 | | TOTAL ADD'L FEE | | |

| | | (Column 1) | (Column 2) | (Column 3) | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | | CLAIMS REMAINING AFTER AMENDMENT | HIGHEST NUMBER PREVIOUSLY PAID FOR | PRESENT EXTRA | RATE ($) | ADDITIONAL FEE ($) | | RATE ($) | ADDITIONAL FEE ($) |
| **AMENDMENT** | Total (37 CFR 1.16(i)) | * | Minus | ** | = | X $ = | | OR | X $ = | |
| | Independent (37 CFR 1.16(h)) | * | Minus | *** | = | X $ = | | OR | X $ = | |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | | | OR | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | | OR | | |
| | | | | | TOTAL ADD'L FEE | | | TOTAL ADD'L FEE | | |

* If the entry in column 1 is less than the entry in column 2, write "0" in column 3.
** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20".
*** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3".
The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1.

Legal Instrument Examiner:
/KAREN WASHINGTON/

This collection of information is required by 37 CFR 1.16. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**
*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 12/460,763 | 07/27/2009 | Bradie Terracino | WS - 119 | 2753 |

71490          7590          02/21/2013
WILLIAMS G. SYKES
3669 SEAGULL BLUFF DRIVE
VIRGINIA BEACH, VA 23455

| EXAMINER |
|---|
| LOPEZ, RICARDO E. |

| ART UNIT | PAPER NUMBER |
|---|---|
| 1786 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 02/21/2013 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A  (Rev. 04/07)

| | **Application No.** | **Applicant(s)** |
|---|---|---|
| ***Applicant-Initiated Interview Summary*** | 12/460,763 | TERRACINO ET AL. |
| | **Examiner** | **Art Unit** | |
| | RICARDO E. LOPEZ | 1786 | |

All participants (applicant, applicant's representative, PTO personnel):

(1) *RICARDO E. LOPEZ*.                    (3)*Bradie Terracino*.

(2) *William Sykes* .                       (4)*Robert Terracino*.

Date of Interview: *24 January 2013*.

Type:  ☐ Telephonic  ☐ Video Conference
        ☒ Personal [copy given to: ☐ applicant  ☐ applicant's representative]

Exhibit shown or demonstration conducted:  ☒ Yes  ☐ No.
   If Yes, brief description: *A square foot sample of the claimed article. Photographs showing applications of the claimed article; and non-skid products currently being sold in the market place.* .

Issues Discussed  ☐101 ☐112 ☐102 ☒103 ☐Others
(For each of the checked box(es) above, please describe below the issue and detailed description of the discussion)

Claim(s) discussed: *1-8 and 17-24*.

Identification of prior art discussed: *Prior Art of Record*.

Substance of Interview
(For each issue discussed, provide a detailed description and indicate if agreement was reached. Some topics may include: identification or clarification of a reference or a portion thereof, claim interpretation, proposed amendments, arguments of any applied references etc...)

*The interview was granted by the Examiner in order to provide guidance as to amendment to be entered with an RCE. During interview, the Exhibits noted above were discussed. Further, the Examiner explained in detail the grounds of rejection under 103 over the references Zegler in view of Bell or Harrison.Applicant enquired as to secondary evidence based on unexpected results and Long felt Need. The Examiner indicated that based on the prior art of record the unexpected results approach will not provide persuasive evidence, and that long felt need would be consider as to providing sufficient probative value according to MPEP 716.01(b). The Examiner suggested to incorporate in the claims language related to structural characteristics and numerical values for physical properties of the claimed article (indicating the need for support in the specification as filed). The Examiner confirmed his position during a follow up phone call to Applicant, after reviewing the case (including Exhibits) with his Supervisor.* .

**Applicant recordation instructions:** The formal written reply to the last Office action must include the substance of the interview. (See MPEP section 713.04). If a reply to the last Office action has already been filed, applicant is given a non-extendable period of the longer of one month or thirty days from this interview date, or the mailing date of this interview summary form, whichever is later, to file a statement of the substance of the interview

**Examiner recordation instructions:** Examiners must summarize the substance of any interview of record. A complete and proper recordation of the substance of an interview should include the items listed in MPEP 713.04 for complete and proper recordation the identification of the general thrust of each argument or issue discussed, a general indication of any other pertinent matters discussed regarding patentability and the general results or outcome of the interview, to include an indication as to whether or not agreement was reached on the issues raised.

☐ Attachment

| /REL/ | /Jennifer A Chriss/ Supervisory Patent Examiner, Art Unit 1786 |
|---|---|

U.S. Patent and Trademark Office
PTOL-413 (Rev. 8/11/2010)                    Interview Summary                    Paper No. 20130211

# Summary of Record of Interview Requirements

**Manual of Patent Examining Procedure (MPEP), Section 713.04, Substance of Interview Must be Made of Record**
A complete written statement as to the substance of any face-to-face, video conference, or telephone interview with regard to an application must be made of record in the application whether or not an agreement with the examiner was reached at the interview.

**Title 37 Code of Federal Regulations (CFR) § 1.133 Interviews**
Paragraph (b)

In every instance where reconsideration is requested in view of an interview with an examiner, a complete written statement of the reasons presented at the interview as warranting favorable action must be filed by the applicant. An interview does not remove the necessity for reply to Office action as specified in §§ 1.111, 1.135. (35 U.S.C. 132)

37 CFR §1.2 Business to be transacted in writing.
All business with the Patent or Trademark Office should be transacted in writing. The personal attendance of applicants or their attorneys or agents at the Patent and Trademark Office is unnecessary. The action of the Patent and Trademark Office will be based exclusively on the written record in the Office. No attention will be paid to any alleged oral promise, stipulation, or understanding in relation to which there is disagreement or doubt.

——————

The action of the Patent and Trademark Office cannot be based exclusively on the written record in the Office if that record is itself incomplete through the failure to record the substance of interviews.

It is the responsibility of the applicant or the attorney or agent to make the substance of an interview of record in the application file, unless the examiner indicates he or she will do so. It is the examiner's responsibility to see that such a record is made and to correct material inaccuracies which bear directly on the question of patentability.

Examiners must complete an Interview Summary Form for each interview held where a matter of substance has been discussed during the interview by checking the appropriate boxes and filling in the blanks. Discussions regarding only procedural matters, directed solely to restriction requirements for which interview recordation is otherwise provided for in Section 812.01 of the Manual of Patent Examining Procedure, or pointing out typographical errors or unreadable script in Office actions or the like, are excluded from the interview recordation procedures below. Where the substance of an interview is completely recorded in an Examiners Amendment, no separate Interview Summary Record is required.

The Interview Summary Form shall be given an appropriate Paper No., placed in the right hand portion of the file, and listed on the "Contents" section of the file wrapper. In a personal interview, a duplicate of the Form is given to the applicant (or attorney or agent) at the conclusion of the interview. In the case of a telephone or video-conference interview, the copy is mailed to the applicant's correspondence address either with or prior to the next official communication. If additional correspondence from the examiner is not likely before an allowance or if other circumstances dictate, the Form should be mailed promptly after the interview rather than with the next official communication.

The Form provides for recordation of the following information:
– Application Number (Series Code and Serial Number)
– Name of applicant
– Name of examiner
– Date of interview
– Type of interview (telephonic, video-conference, or personal)
– Name of participant(s) (applicant, attorney or agent, examiner, other PTO personnel, etc.)
– An indication whether or not an exhibit was shown or a demonstration conducted
– An identification of the specific prior art discussed
–   An indication whether an agreement was reached and if so, a description of the general nature of the agreement (may be by attachment of a copy of amendments or claims agreed to be allowable). Note: Agreement as to allowability is tentative and does not restrict further action by the examiner to the contrary.
– The signature of the examiner who conducted the interview (if Form is not an attachment to a signed Office action)

It is desirable that the examiner orally remind the applicant of his or her obligation to record the substance of the interview of each case. It should be noted, however, that the Interview Summary Form will not normally be considered a complete and proper recordation of the interview unless it includes, or is supplemented by the applicant or the examiner to include, all of the applicable items required below concerning the substance of the interview.

A complete and proper recordation of the substance of any interview should include at least the following applicable items:
1) A brief description of the nature of any exhibit shown or any demonstration conducted,
2) an identification of the claims discussed,
3) an identification of the specific prior art discussed,
4) an identification of the principal proposed amendments of a substantive nature discussed, unless these are already described on the Interview Summary Form completed by the Examiner,
5) a brief identification of the general thrust of the principal arguments presented to the examiner,
   (The identification of arguments need not be lengthy or elaborate. A verbatim or highly detailed description of the arguments is not required. The identification of the arguments is sufficient if the general nature or thrust of the principal arguments made to the examiner can be understood in the context of the application file. Of course, the applicant may desire to emphasize and fully describe those arguments which he or she feels were of particular significance to the examiner.)
6) a general indication of any other pertinent matters discussed, and
7) if appropriate, the general results or outcome of the interview unless already described in the Interview Summary Form completed by the examiner.
Examiners are expected to carefully review the applicant's record of the substance of an interview. If the record is not complete and accurate, the examiner will give the applicant an extendable one month time period to correct the record.

## Examiner to Check for Accuracy

If the claims are allowable for other reasons of record, the examiner should send a letter setting forth the examiner's version of the statement attributed to him or her. If the record is complete and accurate, the examiner should place the indication, "Interview Record OK" on the paper recording the substance of the interview along with the date and the examiner's initials.

# william Sykes Law™
*www.williamsykeslaw.com*

3669 Seagull Bluff Drive • Virginia Beach, Virginia 23455 • Office: 757·490·8586 • Fax: 757·363·3405 • *william@williamsykeslaw.com*

FEB 2 1 2013

**FAXED 571-273-8300 & MAILED:**

February 18, 2013

### IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | | |
|---|---|---|---|
| Appl. No. | : | 12/460,763 | Conf. No. 2753 |
| Applicant | : | Bradie Terracino et al. | |
| Filed | : | July 27, 2009 | |
| TC/A.U. | : | 1786 | |
| Examiner | : | Ricardo E. Lopez | |
| Docket No. | : | WS-119 | |
| Title | : | NON-SKID PROTECTIVE CLOTH OR PAD | |
| Customer No. | : | 71490 | |

Dear Mr. Lopez:

We really appreciate the time you spent with us on January 24, 2013. We showed you six (6) different paint clothes that are trying to solve the slipping problem. As you can see from our demonstration many companies have tried to solve the slipping problem, even 3M, but no one has. You also witnessed our demonstration proving that our invention has solved the problem. Our paint cloth does not slip. Slipping paint clothes are a serious problem and they have caused many accidents.

The other day when we spoke you said there is a non-slip paint cloth, called CoverGrip, in the market that is just like our paint cloth. I looked up the website you gave me and we ordered this paint cloth. The design of this paint cloth is not like our design. This cloth has rubber spots sprayed on to a single layer of cloth. This is the same design as the gloves that have been in the market for years. The gloves are a single layer of material with rubber spots sprayed on the outside of the glove.

We tested the CoverGrip paint cloth and compared it to our paint cloth. The test results proves that our paint cloth does not slip and the CoverGrip paint does slip. We performed three different test and the results are the same. I am mailing you a disc with our three short videos showing our three test. I am also mailing you a sample of the CoverGrip paint cloth. Can you please look at our short videos before making your final decision?

1 | P a g e

Please, give me a call if you have any questions.

Thank you!
William G. Sykes
757-490-8586

Case 5:22-cv-00015-FL   Document 43-7   Filed 10/31/23   Page 44 of 206   Ex. 6   0043



**Office Meeting, January 24, 2013**

**Paint cloths sliding is the problem the invention solves:**

> Look at the picture of the paint cloth on the steps.
> Look at the picture of the granddaughter twirling.
> Bob has been a painter for 47 years - He can explain the danger and problem.
> I owned a paint business.
> Bradie - can explain the danger, problem and her solution.

**Prior to the invention - the solution on stairs - was to use paper and tape.**

**Previous failure of others - Many have tried to solve the problem but failed:**

> "Non-Slip" drop cloths - our demonstration

1    Trimaco & Dupont     One Tuff     4'x15' slip resistant runner.
2    Reaves Butyl    Door Drop     non slip backing
3    Reaves Butyl    5'x5' Drop     non slip backing
4    Trimaco Stay Put     vinyl dropcloth    New slip resistant
5    3M Flex & Form    conformable staircase runner
6    Kimberly Clark    4'x20'    drop cloth

**Demonstrate our invention:**

> It produces <u>unexpected or surprising results</u>.

**Solution of a long-felt need:**

> How long and how many painters have needed this cloth. (Forever)

**Commercial Success: (Bradie can explain)**

> Sherman & Williams
> 3M - They have tried to make one but failed
> Francis Calvert - Show his email

3 | P a g e

**ARTIFACT SHEET**

Enter artifact number below. Artifact number is application number + artifact type code (see list below) + sequential letter (A, B, C …). The first artifact folder for an artifact type receives the letter A, the second B, etc..
Examples: 59123456PA, 59123456PB, 59123456ZA, 59123456ZB

<u>**12460763ZA**</u>

Indicate quantity of a single type of artifact received but not scanned. Create individual artifact folder/box and artifact number for each Artifact Type.

CD(s) containing:
    computer program listing
    Doc Code: Computer    Artifact Type Code: P
    pages of specification
    and/or sequence listing
    and/or table
    Doc Code: Artifact    Artifact Type Code: S
    content unspecified or combined
    Doc Code: Artifact    Artifact Type Code: U

Stapled Set(s) Color Documents or B/W Photographs
    Doc Code: Artifact    Artifact Type Code: C

Microfilm(s)
    Doc Code: Artifact    Artifact Type Code: F

Video tape(s)
    Doc Code: Artifact    Artifact Type Code: V

Model(s)
    Doc Code: Artifact    Artifact Type Code: M

Bound Document(s)
    Doc Code: Artifact    Artifact Type Code: B

Confidential Information Disclosure Statement or Other Documents marked Proprietary, Trade Secrets, Subject to Protective Order, Material Submitted under MPEP 724.02, etc.
    Doc Code: Artifact    Artifact Type Code X

**1**   Other, description: **DVD**
    Doc Code: Artifact    Artifact Type Code: Z

March 8, 2004

Ex. 6 0045

**ARTIFACT SHEET**

Enter artifact number below. Artifact number is application number + artifact type code (see list below) + sequential letter (A, B, C ...). The first artifact folder for an artifact type receives the letter A, the second B, etc.. Examples: 59123456PA, 59123456PB, 59123456ZA, 59123456ZB

**12460763MA**

Indicate quantity of a single type of artifact received but not scanned. Create individual artifact folder/box and artifact number for each Artifact Type.

CD(s) containing:
computer program listing
Doc Code: Computer          Artifact Type Code: P
pages of specification
and/or sequence listing
and/or table          Artifact Type Code: S
Doc Code: Artifact
content unspecified or combined          Artifact Type Code: U
Doc Code: Artifact

Stapled Set(s) Color Documents or B/W Photographs
Doc Code: Artifact     Artifact Type Code: C

Microfilm(s)
Doc Code: Artifact     Artifact Type Code: F

Video tape(s)
Doc Code: Artifact     Artifact Type Code: V

**1** Model(s)
Doc Code: Artifact     Artifact Type Code: M

Bound Document(s)
Doc Code: Artifact     Artifact Type Code: B

Confidential Information Disclosure Statement or Other Documents marked Proprietary, Trade Secrets, Subject to Protective Order, Material Submitted under MPEP 724.02, etc.
Doc Code: Artifact     Artifact Type Code X

Other, description: _____
Doc Code: Artifact     Artifact Type Code: Z

March 8, 2004

# William Sykes Law
*www.williamsykeslaw.com*

3669 Seagull Bluff Drive • Virginia Beach, Virginia 23455 • Office: 757-490-8586 • Fax: 757-363-3405 • *william@williamsykeslaw.com*

**FAXED 571-273-8300 & MAILED:**

February 18, 2013

### IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | | |
|---|---|---|---|
| Appl. No. | : | 12/460,763 | Conf. No. 2753 |
| Applicant | : | Bradie Terracino et al. | |
| Filed | : | July 27, 2009 | |
| TC/A.U. | : | 1786 | |
| Examiner | : | Ricardo E. Lopez | |
| Docket No. | : | WS-119 | |
| Title | : | NON-SKID PROTECTIVE CLOTH OR PAD | |
| Customer No. | : | 71490 | |

Dear Mr. Lopez:

We really appreciate the time you spent with us on January 24, 2013. We showed you six (6) different paint clothes that are trying to solve the slipping problem. As you can see from our demonstration many companies have tried to solve the slipping problem, even 3M, but no one has. You also witnessed our demonstration proving that our invention has solved the problem. Our paint cloth does not slip. Slipping paint clothes are a serious problem and they have caused many accidents.

The other day when we spoke you said there is a non-slip paint cloth, called CoverGrip, in the market that is just like our paint cloth. I looked up the website you gave me and we ordered this paint cloth. The design of this paint cloth is not like our design. This cloth has rubber spots sprayed on to a single layer of cloth. This is the same design as the gloves that have been in the market for years. The gloves are a single layer of material with rubber spots sprayed on the outside of the glove.

We tested the CoverGrip paint cloth and compared it to our paint cloth. The test results proves that our paint cloth does not slip and the CoverGrip paint cloth does slip. We performed three different test and the results are the same. I am mailing you a disc with our three short videos showing our three test. I am also mailing you a sample of the CoverGrip paint cloth. Can you please look at our short videos before making your final decision?

1 | P a g e

Case 5:22-cv-00015-FL   Document 43-7   Filed 10/31/23   Page 48 of 206
Ex. 6
0047

Please, give me a call if you have any questions.

Thank you!
William G. Sykes
757-490-8586

BEST AVAILABLE COPY 2 | P a g e

Ex. 6   0048

## Office Meeting, January 24, 2013

### Paint cloths sliding is the problem the invention solves:

Look at the picture of the paint cloth on the steps.
Look at the picture of the granddaughter twirling.
Bob has been a painter for 47 years - He can explain the danger and problem.
I owned a paint business.
Bradie - can explain the danger, problem and her solution.

### Prior to the invention - the solution on stairs - was to use paper and tape.

### Previous failure of others - Many have tried to solve the problem but failed:

"Non-Slip" drop cloths - our demonstration

1   Trimaco & Dupont    One Tuff    4'x15' slip resistant runner.
2   Reaves Butyl    Door Drop      non slip backing
3   Reaves Butyl    5'x5' Drop      non slip backing
4   Trimaco Stay Put        vinyl dropcloth    New slip resistant
5   3M Flex & Form    conformable staircase runner
6   Kimberly Clark    4'x20'  drop cloth

### Demonstrate our invention:

It produces unexpected or surprising results.

### Solution of a long-felt need:

How long and how many painters have needed this cloth. (Forever)

### Commercial Success: (Bradie can explain)

Sherman & Williams
3M - They have tried to make one but failed
Francis Calvert - Show his email

PAGE 3/3 ' RCVD AT 2/18/2013 3:32:57 PM [Eastern Standard Time] ' SVR:W-PTOFAX-001/9 ' DNIS:2738300 ' CSID: ' DURATION (mm-ss):00-49

Case 5:22-cv-00015-FL   Document 43-7   Filed 10/31/23   Page 50 of 266   Ex. 26  0049

# William Sykes Law
*www.williamsykeslaw.com*



2669 Seagull Bluff Drive • Virginia Beach, Virginia 23455 • Office: 757•490•8586 • Fax: 757•363•3405 • *william@williamsykeslaw.com*

**MAILED & FAXED (571-273-8300)**

January 15, 2013

Ricardo E. Lopez,
Primary Examiner
Commissioner Fro Patents
P. O. Box 1450
Alexandria, VA 22313-1450

| Re: | Appl. No. | : | 12/460,763 |
|-----|-----------|---|------------|
| | Applicant | : | Bradie Terracino et al. |
| | Filed | : | July 27, 2009 |
| | Examiner | : | Ricardo E. Lopez |
| | Title | : | NON-SKID PROTECTIVE CLOTH OR PAD |

Dear Mr. Lopez:

Thank you for allowing us to meet with you and Jennifer Chriss on January 24, 2013 in your office at 1:00 pm. We want to show you our invention and the other products currently in the market that are trying to solve the same problem that our invention solves. You will see that the current market products do not solve the problem and our invention does. We will explain how our invention provides a solution to a long-felt unsolved need and how our invention produces many unexpected and surprising results. We will explain the difference between our invention and the prior art. We will also show you evidence of our invention's current commercial success.

Our demonstration will be short and to the point and take very little time. Please give me a call if you have any questions or need any additional information.

Sincerely,

William G. Sykes



Will**Sykes Law**
*www.williamsykeslaw.com*

RECEIVED
CENTRAL FAX CENTER
JAN 1 5 2013

3669 Seagull Bluff Drive • Virginia Beach, Virginia 23455 • Office: 757-490-8586 • Fax: 757-363-3405 • *william@williamsykeslaw.com*

## MAILED & FAXED (571-273-8300)

January 15, 2013

Ricardo E. Lopez,
Primary Examiner
Commissioner Fro Patents
P. O. Box 1450
Alexandria, VA 22313-1450

| Re: | Appl. No. | : | 12/460,763 |
|-----|-----------|---|------------|
| | Applicant | : | Bradie Terracino et al. |
| | Filed | : | July 27, 2009 |
| | Examiner | : | Ricardo E. Lopez |
| | Title | : | NON-SKID PROTECTIVE CLOTH OR PAD |

Dear Mr. Lopez:

Thank you for allowing us to meet with you and Jennifer Chriss on January 24, 2013 in your office at 1:00 pm. We want to show you our invention and the other products currently in the market that are trying to solve the same problem that our invention solves. You will see that the current market products do not solve the problem and our invention does. We will explain how our invention provides a solution to a long-felt unsolved need and how our invention produces many unexpected and surprising results. We will explain the difference between our invention and the prior art. We will also show you evidence of our invention's current commercial success.

Our demonstration will be short and to the point and take very little time. Please give me a call if you have any questions or need any additional information.

Sincerely,

William G. Sykes

Case 5:22-cv-00015-FL   Document 43-7   Filed 10/31/23   Page 52 of 206   EX.2 0051

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 12/460,763 | 07/27/2009 | Bradie Terracino | WS - 119 | 2753 |

71490          7590          11/29/2012
WILLIAMS G. SYKES
3669 SEAGULL BLUFF DRIVE
VIRGINIA BEACH, VA 23455

| EXAMINER |
|---|
| LOPEZ, RICARDO E. |

| ART UNIT | PAPER NUMBER |
|---|---|
| 1786 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 11/29/2012 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A (Rev. 04/07)

| | Application No. | Applicant(s) |
| --- | --- | --- |
| **Office Action Summary** | 12/460,763 | TERRACINO ET AL. |
| | Examiner | Art Unit | |
| | RICARDO E. LOPEZ | 1786 | |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE 3 MONTH(S) OR THIRTY (30) DAYS, WHICHEVER IS LONGER, FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133). Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1) ☒ Responsive to communication(s) filed on 06 September 2012.

2a) ☒ This action is **FINAL**.        2b) ☐ This action is non-final.

3) ☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____ ; the restriction requirement and election have been incorporated into this action.

4) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims**

5) ☒ Claim(s) 1-8 and 17-24 is/are pending in the application.

5a) Of the above claim(s) _____ is/are withdrawn from consideration.

6) ☐ Claim(s) _____ is/are allowed.

7) ☒ Claim(s) 1-8 and 17-24 is/are rejected.

8) ☐ Claim(s) _____ is/are objected to.

9) ☐ Claim(s) _____ are subject to restriction and/or election requirement.

\* If any claims have been determined <u>allowable</u>, you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see http://www.uspto.gov/patents/init_events/pph/index.jsp or send an inquiry to PPHfeedback@uspto.gov.

**Application Papers**

10) ☐ The specification is objected to by the Examiner.

11) ☐ The drawing(s) filed on _____ is/are: a) ☐ accepted or b) ☐ objected to by the Examiner.

Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).

Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

**Priority under 35 U.S.C. § 119**

12) ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

a) ☐ All   b) ☐ Some * c) ☐ None of:

1. ☐ Certified copies of the priority documents have been received.

2. ☐ Certified copies of the priority documents have been received in Application No. _____ .

3. ☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

\* See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1) ☐ Notice of References Cited (PTO-892)

2) ☐ Information Disclosure Statement(s) (PTO/SB/08)
Paper No(s)/Mail Date _____ .

3) ☐ Interview Summary (PTO-413)
Paper No(s)/Mail Date _____ .

4) ☐ Other: _____ .

Case 5:22-cv-00015-FL   Document 43-7   Filed 10/31/23   Page 54 of 206

Ex. 6   0053

**DETAILED ACTION**

1.      Applicant's Amendments and Accompanying Remarks filed on September 06,

2012 has been entered and carefully considered. Claims 1 – 8 and 17 – 24 are all the

pending claims in this application. After careful consideration of Applicant's arguments,

the Examiner has maintained the 103 rejections over Zegler as detailed in the Office

Action dated August 02, 2012. The invention as currently claimed is not found to be

patentable for reasons herein below.


*Claim Rejections - 35 USC § 103*


2.      The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all

obviousness rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set
> forth in section 102 of this title, if the differences between the subject matter sought to be patented and
> the prior art are such that the subject matter as a whole would have been obvious at the time the
> invention was made to a person having ordinary skill in the art to which said subject matter pertains.
> Patentability shall not be negatived by the manner in which the invention was made.

3.      Claims 1 – 8 and 17 – 24 are rejected under Zegler et al. US 5,567,497 (Zegler)

in view of Bell US 2,274,468 or in view of Harrison et al. US 3,565,661 (Harrison).


4.      Considering claims 1 – 8 and 17 – 24, Zegler teaches a floor covering 10, which

comprises (i) a floor covering layer, exemplified by a thermoplastic-backed carpet 20

illustrated in FIG. 2, comprising a face layer, exemplified in FIG. 2 by a tufted carpet and

a thermoplastic lower backing layer 34, and (ii) a thermoplastic contact layer 40 that is

fusible compatible with and fused to the lower backing layer 34. As used herein, the

term "fusible compatible" when referring to two thermoplastics in adjacent layers means

thermoplastics which can be permanently fused to one another under heat and pressure

without any external attachment enhancer, such as a mechanical fastener or an

adhesive. The term "fused" when referring to two contacting thermoplastic layers

indicates that the layers are permanently bonded without the use of any external

attachment enhancer. Therefore, lower backing layer 34 and contact layer 40 after they

have been fused together may be consider as a "single lower" resilient layer, which the

Examiner equates to the claimed single lower layer. Further, Zegler teaches that

the thermoplastic contact layer 40 includes on its lower surface a plurality of shallow

thermoplastic projections, exemplified by dimples or nodules in FIG. 4 - 8, which extend

away from the face layer 30. These thermoplastic projections are sufficiently elastic to

impart skid resistance to said floor covering [Col. 3, lines 34 – 52 and FIG. 4].

Furthermore, Zegler teaches that the lower surface of the contact layer 40

includes a plurality of shallow projections extending away from the floor covering face

layer. The individual projections extend in the direction away from the visual surface of

the floor covering sufficiently that they will penetrate carpet yarns when the floor

covering overlies a carpeted surface. Projections which extend between about 0.010

inches and 0.1 inches are preferred [Col. 4, lines 51 – 60]. Further, Zegler also teaches

referring to FIGS. 5 and 7, the contact layer 70 comprises an open weave fabric scrim

72 and irregularly-sized semi-ovoid thermoplastic nodules 71 located on the scrim fibers

Ex. 6   0055

73, although those skilled in this art will appreciate that a number of suitable shapes for

nodules are suitable, including semi-spherical, prismatic, pyramidal, and the like.

Recesses 74 are located in the space bounded by the nodules 71, the scrim fibers 73,

and the lower surface of the lower backing layer 64. The arrangement of the nodules 71

on the scrim 72, and accordingly on contact layer 70, is random, but it will be

appreciated by those skilled in the art that any number of regular or irregular nodule

patterns are suitable and is limited only by the pattern of scrim fibers 73 [Col. 6, lines 33

– 47].

Although Zegler teaches that the face layer can be any material that would be

suitable for use as the visual or working surface of an overlying floor covering [Col. 3,

lines 52 – 54]; it does not specifically recognize that the face layer is an absorbent,

plain woven layer, free of projecting cut pile. However, this is remedied by Bell or

Harrison et al.

With regard to the limitations requiring a canvas, this is remedied by Bell.  Bell

teaches making a floor covering or a non-slip mat wherein the backing layer is a

canvas.  Therefore, a person a having ordinary skill in the art at the time the invention

was made would have found it obvious to use a canvas as one of the layers in their mat.

One would have been motivated in doing so in order to create a mat that was flexible.

With regard to the limitations requiring woven cotton, this is remedied by Harrison

et al.  Harrison et al. teaches making a floor covering or a non-slip mat wherein the

backing layer is woven cotton.  Therefore, a person a having ordinary skill in the art at

the time the invention was made would have found it obvious to use woven cotton as

one of the layers in their mat.  One would have been motivated in doing so in order to

create a mat that was flexible and could easily absorb any coating that could be further

applied to it, or simply to be absorbent in nature.


***Response to Arguments***


5.       Applicant's Amendments and Accompanying Remarks filed on September 06,

2012 has been entered and carefully considered. After careful consideration of

arguments, the Examiner has maintained the 103 rejections over Zegler as detailed in

the Office Action dated August 02, 2012. The invention as currently claimed is not found

to be patentable for reasons herein above.


6.       Regarding Applicant's arguments with respect to claims 1 – 8 and 17 – 24, these

have been considered but are not persuasive for the following reasons.

         Applicant traverses the rejections in previous Office Action on the basis that

nowhere does ZEGLER teach or suggest "a single, absorbent, plain woven upper layer

free from any projecting cut pile..." Further, Applicant's opinion is that it would not be

obvious to modify the ZEGLER structure as such a modification would result in the

ZEGLER structure(s) being unsuitable for their original intended use(s). In response to

these arguments, the Examiner submits that one cannot show nonobviousness by

attacking references individually where the rejections are based on combinations of

references.  See *In re Keller*, 642 F.2d 413, 208 USPQ 871 (CCPA 1981); *In re Merck & Co.,* 800 F.2d 1091, 231 USPQ 375 (Fed. Cir. 1986).

In the instant case as set forth above, Zegler teaches that the face layer can be any material that would be suitable for use as the visual or working surface of an overlying floor covering [Col. 3, lines 52 – 54]. It is the combination of the Zegler with Bell or with Harrison et al. that suggests the claimed structure.

7.      Applicant also reminds the Examiner of the ultimate use of Applicants' novel cloth structure as a painter's drop cloth, and notes that as has been previously emphasized, Applicants' disclosed and claimed structure allows it safe use on stairways when it remains in place without slipping.

In response to these arguments the Examiner notes that the intended use of the claimed article is not included as a limitation in any of the claims; and reminds Applicant that, even if this was the case, it has been held that a claim containing a "recitation with respect to the manner in which a claimed article is intended to be employed does not differentiate the claimed article from a prior art article if the prior art article teaches all the structural limitations of the claim. Exparte Masham, 2 USPQ2d 1647 (Bd. Pat. App. & Inter. 1987).

8.      Applicant also argues that nothing in the teaching of BELL and or HARRISON overcomes the limitations of the ZEGLER as a reference. Consequently, Applicants

believe that their claims previously presented are patentably distinct from any structure

taught or suggested by ZEGLER in view of HARRISON and further in view of BELL.

In response to these arguments, the Examiner first clarifies that the rejections are

based on the combinations of Zegler in view of Bell, or Zegler in view of Harrison.

Further, the Examiner notes that as set forth above, with regard to the limitations

requiring a canvas, this is remedied by Bell, because Bell teaches making a floor

covering or a non-slip mat wherein the backing layer is a canvas. With regard to the

limitations requiring woven cotton, this is remedied by Harrison et al., because Harrison

et al. teaches making a floor covering or a non-slip mat wherein the backing layer is

woven cotton. Additionally, the Examiner has provided reasonable motivations to

combine said references.


9.      Applicant also believes that a two-layer fused thermoplastic layer is not

necessarily functionally equivalent to Applicants' "single lower, resilient layer"; and notes

that as best understood by Applicant, ridges 41 might well be interpreted as yet a third

layer.

In response, the Examiner submits that these arguments are based on an

unsubstantiated statement, and therefore do not provide any evidence as to rebut the

prima facie case of obviousness.


10.      The Examiner acknowledges Applicant's offer to provide a sample of the

claimed article; and notes that said sample might indeed help to explain the differences

between the claimed article and the articles suggested by the combination of

references. However, the Examiner also notes that said differences (assuming that the

differences exist) need to be incorporated in the language of the claims.

## *Conclusion*

11.     **THIS ACTION IS MADE FINAL.**  Applicant is reminded of the extension of time

policy as set forth in 37 CFR 1.136(a).

        A shortened statutory period for reply to this final action is set to expire THREE

MONTHS from the mailing date of this action.  In the event a first reply is filed within

TWO MONTHS of the mailing date of this final action and the advisory action is not

mailed until after the end of the THREE-MONTH shortened statutory period, then the

shortened statutory period will expire on the date the advisory action is mailed, and any

extension fee pursuant to 37 CFR 1.136(a) will be calculated from the mailing date of

the advisory action.  In no event, however, will the statutory period for reply expire later

than SIX MONTHS from the mailing date of this final action.

12.     Any inquiry concerning this communication or earlier communications from the
examiner should be directed to RICARDO E. LOPEZ whose telephone number is (571)-
270-1150.  The examiner can normally be reached on Monday to Thursday 8:00 am-
5:30pm EST, and every other Friday from 8:00 am to 4:30 pm..

13.     If attempts to reach the examiner by telephone are unsuccessful, the examiner's
supervisor, Jennifer Chriss can be reached on (571)-272-7783. The fax phone number
for the organization where this application or proceeding is assigned is 571-273-8300.

Ex. 6   0060

14.     Information regarding the status of an application may be obtained from the
Patent Application Information Retrieval (PAIR) system.  Status information for
published applications may be obtained from either Private PAIR or Public PAIR.
Status information for unpublished applications is available through Private PAIR only.
For more information about the PAIR system, see http://pair-direct.uspto.gov. Should
you have questions on access to the Private PAIR system, contact the Electronic
Business Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a
USPTO Customer Service Representative or access to the automated information
system, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.

/Jennifer A Chriss/
Supervisory Patent Examiner, Art Unit 1786

/REL/
Ricardo E. Lopez
Patent Examiner, Art Unit 1786

Ex. 6   0061

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Appl. No.      :   12/460,763              Conf. No. 2753

Applicant      :   Bradie Terracino et al.

Filed          :   July 27, 2009

TC/A.U.        :   1786

Examiner       :   Ricardo E. Lopez

Docket No.     :   WS-119

Title          :   NON-SKID PROTECTIVE CLOTH OR PAD

Customer No.   :   71490


## R E S P O N S E


Commissioner for Patents
P.O. Box 1450
Alexandria VA 22313-1450


S I R:

    In response to the Office Action of August 2, 2012 please
amend the above-identified patent application as follows:


    **Listing of the Claims** begins on page 2 of this paper.


    **Remarks/Arguments** begin on page 7 of this paper.


Docket No. WS-119      Page 1 of 15

Ex. 6  0062

**Listing of Claims**:

This listing of claims will replace all prior versions, and listings, of claims in the application:

Claim 1. (previously presented)  A non-skid protective cloth or pad, consisting of:

a)   a single, absorbent, plain woven upper layer free from any projecting cut pile and having an upper and a lower major surface;

b)   a single lower, resilient layer having an upper and a lower major surface, said upper major surface of said single lower resilient layer being disposed adjacent said lower layer of said single, absorbent, woven upper layer;  and

c)   means for fastening said single, absorbent, upper, woven layer to said single lower resilient layer.

Case 5:22-cv-00015-FL   Document 43-7   Filed 10/31/23   Page 64 of 206   Ex. 6  0063

Claim 2. (previously presented) The non-skid protective cloth or pad as recited in claim 1, wherein said single, absorbent, woven, upper layer comprises a plain woven cotton fabric.

Claim 3. (previously presented)  The non-skid protective cloth or pad as recited in claim 1, wherein said single, absorbent, woven, upper layer comprises canvas.

Claim 4. (previously presented) The non-skid protective cloth or pad as recited in claim 1, wherein said single lower, resilient layer comprises a network of downward projecting dimples interconnected by a resilient grid.

Claim 5. (original) The non-skid protective cloth or pad as recited in claim 4, wherein said downward projecting dimples comprise dimples of at least two different diameters.

Claim 6. (original) The non-skid protective cloth or pad as recited in claim 4, wherein said downward projecting dimples comprise dimples of at least two different heights.

Case 5:22-cv-00015-FL   Document 43-7   Filed 10/31/23   Page 65 of 206   Ex. 6   0064

Claim 7. (original) The non-skid protective cloth or pad as recited in claim 4, wherein said downward projecting dimples are separated one from another by an inter-dimple space.

Claim 8. (original) The non-skid protective cloth or pad as recited in claim 1, wherein said means for fastening comprises at least one from the group: stitching, adhesive, hook-and-loop fasteners, and mechanical fasteners.

Claims 9 – 16 (cancelled)

Claim 17. (previously presented) A non-skid protective cloth or pad, consisting of:

a) a single, absorbent, plain woven upper layer free from any projecting cut pile and having an upper and a lower major surface;

b) a single lower, resilient layer having an upper and a lower major surface, said upper major surface of said single

Case 5:22-cv-00015-FL   Document 43-7   Filed 10/31/23   Page 66 of 206

Ex. 6   0065

lower resilient layer being disposed adjacent said lower layer

of said single, absorbent, plain woven upper layer;

    c)   an impervious member interposed between said single,

absorbent, plain woven upper layer and said single lower,

resilient member;

    d)   means for fastening said single, absorbent, upper,

woven layer to said interposed impervious member and said

single lower resilient layer.

    Claim 18. (previously presented) The non-skid protective

cloth or pad as recited in claim 17, wherein said single,

absorptive woven, upper layer comprises a woven cotton fabric.

    Claim 19. (previously presented) The non-skid protective

cloth or pad as recited in claim 17, wherein said woven,

single, absorbent upper layer comprises canvas.

    Claim 20. (previously presented) The non-skid protective

cloth or pad as recited in claim 17, wherein said single

Case 5:22-cv-00015-FL   Document 43-7   Filed 10/31/23   Page 67 of 206   EX. 6   0066

lower, resilient layer comprises a network of downward

projecting dimples interconnected by a resilient grid.


Claim 21. (previously presented) The non-skid protective

cloth or pad as recited in claim 20, wherein said downward

projecting dimples comprise dimples of at least two different

diameters.


Claim 22. (previously presented) The non-skid protective

cloth or pad as recited in claim 20, wherein said downward

projecting dimples comprise dimples of at least two different

heights.


Claim 23. (previously presented) The non-skid protective

cloth or pad as recited in claim 20, wherein said downward

projecting dimples are separated one from another by an inter-

dimple space.


Claim 24. (previously presented)  The non-skid protective

cloth or pad as recited in claim 17, wherein said means for

fastening comprises at least one from the group: stitching,

adhesive, hook-and-loop fasteners, and mechanical fasteners.

Case 5:22-cv-00015-FL   Document 43-7   Filed 10/31/23   Page 68 of 206

Ex. 6  0067

Application. No. 12/460,763
Amendment dated September 6, 2012
Reply to Office Action of August 2, 2012

REMARKS/ARGUMENTS

Reconsideration of the above-identified application is
respectfully requested in view of the following remarks.
Claims 9 – 16 were previously cancelled. No claims have been
amended. Claims 1 - 8 and 17 - 24 remain in the case.

Claims 1 – 8 and 17 – 24 were rejected under 35 U.S.C.
§103(a) as being unpatentable over United States Patent No.
5,567,497 for SKID-RESISTANT FLOOR COVERING AND METHOD OF
MAKING SAME issued October 22, 1996 to Stephen A. Zegler et
al., hereinafter ZEGLER, in view of United States Patent No.
2,274,468 for FLOOR COVERING issued February 24, 1942 to Harry
W. Bell and further in view of United States Patent No.
3,565,661 for FLOOR COVERING AND THE LIKE issued February 23,
1971 to Alan Morley Harrison et al., hereinafter HARRISON.

Docket No. WS-119        Page 7 of 15

ZEGLER teaches a multi-layer floor covering adapted for creating a non-skid surface on a variety of floor coverings. Such floor coverings "can take many other forms, including but not limited to a carpet tile, a carpeted mat, and a rubber-faced anti-fatigue mat." [Column 3, lines 30 - 32]  In ZEGLER Fig. 2 which Examiner Lopez has relied upon describes a face layer:

"The face layer can be any material that would be suitable for use as the visual or working surface of an overlying floor covering. Generally the face layer is a decorative surface, such as a tufted carpet, woven carpet, linoleum tile, or vinyl flooring, but could also comprise a non-decorative surface, such as a rubber surface for use in an anti-fatigue work mat.  The exemplary thermoplastic-backed carpet 20 of Fig. 2 comprises as its face layer the **tufted carpet** 30, which comprises a fabric primary backing layer 31 and tufted yarns 32 secured through and to the fabric backing layer 31 to provide a **tufted pile face surface 33**. The primary backing layer 31 is illustrated as a **woven polypropylene cloth**, but those skilled in this art will understand that the primary backing can be any fabric or non-fabric backing known

Case 5:22-cv-00015-FL   Document 43-7   Filed 10/31/23   Page 70 of 206
Ex. 6  0069

to be suitable for **<u>retaining carpet yarns 32</u>**." [Column 3,
lines 53 – 67] [Emphasis added]


In both their independent claims 1 and 17, Applicants
claim:


"1.   A non-skid protective cloth or pad, consisting of:


a)   a single, absorbent, plain woven upper layer free
from any projecting cut pile and having an upper and a lower
major surface;


b)   a single lower, resilient layer having an upper and
a lower major surface, said upper major surface of said single
lower resilient layer being disposed adjacent said lower layer
of said single, absorbent, woven upper layer;  and


c)   means for fastening said single, absorbent, upper,
woven layer to said single lower resilient layer."


Nowhere does ZEGLER teach or suggest "a single,
absorbent, plain woven upper layer free from any projecting

Docket No. WS-119      Page 9 of 15

cut pile…"  The Examiner is reminded of the ultimate use of

Applicants' novel cloth structure as a painter's drop cloth.

As has been previously emphasized, Applicants' disclosed and

claimed structure allows it safe use on stairways when it

remains in place without slipping.  It is important that the

cloth conform to the steps.  Applicants believe that no

structure disclosed or suggested by ZEGLER would allow such

flexibility.  It would not, in Applicant's opinion, be obvious

to modify the ZEGLER structure as such a modification would

result in the ZEGLER structure(s) being unsuitable for their

original intended use(s).


For convenience, ZEGLER Fig. 2 is shown below.



Case 5:22-cv-00015-FL   Document 43-7   Filed 10/31/23   Page 72 of 206   Ex. 6   0071

Application. No. 12/460,763
Amendment dated September 6, 2012
Reply to Office Action of August 2, 2012

Applicants wish to point out that the ZEGLER structure illustrated in Fig. 2 is inverted with regard to Applicants' claimed structure. ZEGLER fails to teach a single upper layer. Rather ZEGLER shows multiple upper layers: "…comprises as its face layer the tufted carpet 30, which comprises a **fabric primary backing layer 31 and tufted yarns 32 secured through and to the fabric backing layer 31** to provide a tufted pile face surface 33." [Column 3, limes 61 – 63] [Emphasis added] This is at least two layers.

Further, Applicants recite an "absorbent" upper layer. While ZEGLER as best that Applicants can determine, including an absorbent upper layer for a pile carpet would be inviting disaster. For example, the first time a glass of red wine was spilled thereupon, the carpet would be ruined.

Still further, Applicants recite: "a plain woven upper layer". ZEGLER neither teaches nor suggests a plain woven upper layer.

Finally, Applicants recite "free from any projecting cut pile". ZEGLER teaches a tufted carpet with "tufted yarns 32

Docket No. WS-119     Page 11 of 15

secured through and to the fabric backing layer 31 to provide a tufted pile face surface 33." [Column 3, lines 61 – 63]

In summary, Applicants recite four characteristics for his upper layer: single-layer, woven, absorbent, and free from protruding cut pile. ZEGLER neither teaches nor suggests any one of these characteristics.

Nothing in the teaching of BELL and or HARRISON overcomes the limitations of the ZEGLER as a reference. Consequently, Applicants believe that their claims previously presented are patentably distinct from any structure taught or suggested by ZEGLER in view of HARRISON and further in view of BELL.

Now, regarding Applicants' second, bottom layer, claim 1 recites:

"b)   a **single** lower, resilient layer having an upper and a lower major surface, said upper major surface of said single lower resilient layer being disposed adjacent said lower layer of said single, absorbent, woven upper layer." [Emphasis added]

Docket No. WS-119      Page 12 of 15

Again, ZEGLER fails to teach or suggest such a structure.
ZEGLER teaches a two-layer backing layer consisting of "a
thermoplastic lower backing layer 34, and (ii) a thermoplastic
contact layer 40 that is fusibly compatible with and fused to
the lower backing layer 34. As used herein, the term "fusibly
compatible" when referring to two thermoplastics in adjacent
layers means thermoplastics which can be permanently fused to
one another under heat and pressure without any external
attachment enhancer, such as a mechanical fastener or an
adhesive." [Column 3, lines 36 – 44]

Applicants believe that a two-layer fused thermoplastic
layer is not necessarily functionally equivalent to
Applicants' "single lower, resilient layer."

However, ZEGLER discloses that "the thermoplastic contact
layer 40 includes on its lower surface a plurality of shallow
thermoplastic projections, exemplified by ridges 41 in Fig. 2,
which extend away from the face layer 30. These thermoplastic
projections are sufficiently elastic to impart skid resistance
to said floor covering." [Column 3, lines 47 – 52]

Docket No. WS-119      Page 13 of 15

As best understood by Applicants, ridges 41 might well be interpreted as yet a third layer.

As already mentioned, no teaching of either BELL and/or HARRISON when combined with the teaching of ZEGLER overcomes these fundamental structural differences between Applicants' novel, two-layer structure and that of ZEGLER.

Consequently, Applicants believe that his claims previously presented are patentably distinct from any structure taught or suggested by ZEGLER in view of HARRISON and further in view of BELL.

Applicants would be glad to provide Examiner Lopez with a sample of their novel material in the belief that the numerous structural differences between their material and any teaching of the prior art yet presented will be readily apparent. Either a small sample or a larger, working sample can be provided as required. Kindly contact the undersigned to arrange for submission of a sample.

Docket No. WS-119      Page 14 of 15

Application. No. 12/460,763
Amendment dated September 6, 2012
Reply to Office Action of August 2, 2012

Applicants respectfully requests that as claims 1 - 8 and
17 - 24 continue to be in condition for allowance that these
claims be allowed and the application now be passed to issue.

Respectfully submitted,

I hereby certify that this correspondence is being
deposited with the United States Postal Service as
first class mail in an envelope addressed to:

Mail Stop Amendment
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

On _____
                    (Date of Deposit)
_____
William G. Sykes, Esq.  Reg. No. 50,704     (Date)
Attorney

/william g. sykes/
William G. Sykes, Esq.
Registration No. 50,704
Attorney for Applicants
3699 Seagull Bluff Drive
Virginia Beach, VA 23455

Phone: (757) 490-8586
Fax: (757) 363-3405

Docket No. WS-119      Page 15 of 15

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 13674978 |
| **Application Number:** | 12460763 |
| **International Application Number:** | |
| **Confirmation Number:** | 2753 |
| **Title of Invention:** | Non-skid protective cloth or pad |
| **First Named Inventor/Applicant Name:** | Bradie Terracino |
| **Customer Number:** | 71490 |
| **Filer:** | William Gray Sykes |
| **Filer Authorized By:** | |
| **Attorney Docket Number:** | WS - 119 |
| **Receipt Date:** | 06-SEP-2012 |
| **Filing Date:** | 27-JUL-2009 |
| **Time Stamp:** | 15:35:29 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| Submitted with Payment | no |
|---|---|

### File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | Applicant Arguments/Remarks Made in an Amendment | Amendment3rd12460763Filed.pdf | 287643<br>754a21740332ed85e94fa76ab747800fb4cb2296 | no | 15 |

| Warnings: | |
|---|---|
| Information: | |

Ex. 6 0077

| Total Files Size (in bytes): | 287643 |
|---|---|

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

New Applications Under 35 U.S.C. 111
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

National Stage of an International Application under 35 U.S.C. 371
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

New International Application Filed with the USPTO as a Receiving Office
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

PTO/SB/06 (07-06)
Approved for use through 1/31/2007. OMB 0651-0032
U.S. Patent and Trademark Office: U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

**PATENT APPLICATION FEE DETERMINATION RECORD**
Substitute for Form PTO-875

| Application or Docket Number | Filing Date | ☐ To be Mailed |
|---|---|---|
| 12/460,763 | 07/27/2009 | |

## APPLICATION AS FILED – PART I

| | (Column 1) | (Column 2) | SMALL ENTITY ☒ | | OR | OTHER THAN SMALL ENTITY | |
|---|---|---|---|---|---|---|---|
| FOR | NUMBER FILED | NUMBER EXTRA | RATE ($) | FEE ($) | | RATE ($) | FEE ($) |
| ☐ BASIC FEE (37 CFR 1.16(a), (b), or (c)) | N/A | N/A | N/A | | | N/A | |
| ☐ SEARCH FEE (37 CFR 1.16(k), (i), or (m)) | N/A | N/A | N/A | | | N/A | |
| ☐ EXAMINATION FEE (37 CFR 1.16(o), (p), or (q)) | N/A | N/A | N/A | | | N/A | |
| TOTAL CLAIMS (37 CFR 1.16(i)) | minus 20 = | * | X $ = | | OR | X $ = | |
| INDEPENDENT CLAIMS (37 CFR 1.16(h)) | minus 3 = | * | X $ = | | | X $ = | |
| ☐ APPLICATION SIZE FEE (37 CFR 1.16(s)) | If the specification and drawings exceed 100 sheets of paper, the application size fee due is $250 ($125 for small entity) for each additional 50 sheets or fraction thereof. See 35 U.S.C. 41(a)(1)(G) and 37 CFR 1.16(s). | | | | | | |
| ☐ MULTIPLE DEPENDENT CLAIM PRESENT (37 CFR 1.16(j)) | | | | | | | |
| * If the difference in column 1 is less than zero, enter "0" in column 2. | | | TOTAL | | | TOTAL | |

## APPLICATION AS AMENDED – PART II

| | | (Column 1) | (Column 2) | (Column 3) | | SMALL ENTITY | OR | OTHER THAN SMALL ENTITY | |
|---|---|---|---|---|---|---|---|---|---|
| **AMENDMENT** | **09/06/2012** | CLAIMS REMAINING AFTER AMENDMENT | HIGHEST NUMBER PREVIOUSLY PAID FOR | PRESENT EXTRA | | RATE ($) | ADDITIONAL FEE ($) | RATE ($) | ADDITIONAL FEE ($) |
| | Total (37 CFR 1.16(i)) | * 16 | Minus | ** 20 | = 0 | X $30 = | 0 | OR X $ = | |
| | Independent (37 CFR 1.16(h)) | * 2 | Minus | *** 3 | = 0 | X $125 = | 0 | OR X $ = | |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | | | OR | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | | OR | |
| | | | | | | TOTAL ADD'L FEE | 0 | TOTAL ADD'L FEE | |

| | | (Column 1) | (Column 2) | (Column 3) | | | OR | | |
|---|---|---|---|---|---|---|---|---|---|
| **AMENDMENT** | | CLAIMS REMAINING AFTER AMENDMENT | HIGHEST NUMBER PREVIOUSLY PAID FOR | PRESENT EXTRA | | RATE ($) | ADDITIONAL FEE ($) | RATE ($) | ADDITIONAL FEE ($) |
| | Total (37 CFR 1.16(i)) | * | Minus | ** | = | X $ = | | OR X $ = | |
| | Independent (37 CFR 1.16(h)) | * | Minus | *** | = | X $ = | | OR X $ = | |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | | | OR | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | | OR | |
| | | | | | | TOTAL ADD'L FEE | | TOTAL ADD'L FEE | |

* If the entry in column 1 is less than the entry in column 2, write "0" in column 3.
** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20".
*** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3".
The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1.

Legal Instrument Examiner:
/GAIL WOOTEN/

This collection of information is required by 37 CFR 1.16. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**
If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 12/460,763 | 07/27/2009 | Bradie Terracino | WS - 119 | 2753 |

71490          7590          08/02/2012
WILLIAMS G. SYKES
3669 SEAGULL BLUFF DRIVE
VIRGINIA BEACH, VA 23455

| EXAMINER |
|---|
| LOPEZ, RICARDO E. |

| ART UNIT | PAPER NUMBER |
|---|---|
| 1786 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 08/02/2012 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A (Rev. 04/07)

| | Application No. | Applicant(s) |
| --- | --- | --- |
| **Office Action Summary** | 12/460,763 | TERRACINO ET AL. |
| | Examiner | Art Unit | |
| | RICARDO E. LOPEZ | 1786 | |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTH(S) OR THIRTY (30) DAYS,
WHICHEVER IS LONGER, FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed
  after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
  Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any
  earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1) ☒ Responsive to communication(s) filed on <u>03 December 2010</u>.

2a) ☐ This action is **FINAL**.      2b) ☒ This action is non-final.

3) ☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on
_____ ; the restriction requirement and election have been incorporated into this action.

4) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is
closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims**

5) ☒ Claim(s) <u>1-8 and 17-24</u> is/are pending in the application.

     5a) Of the above claim(s) _____ is/are withdrawn from consideration.

6) ☐ Claim(s) _____ is/are allowed.

7) ☒ Claim(s) <u>1-8 and 17-24</u> is/are rejected.

8) ☐ Claim(s) _____ is/are objected to.

9) ☐ Claim(s) _____ are subject to restriction and/or election requirement.

**Application Papers**

10) ☐ The specification is objected to by the Examiner.

11) ☐ The drawing(s) filed on _____ is/are: a) ☐ accepted or b) ☐ objected to by the Examiner.

     Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).

     Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

12) ☐ The oath or declaration is objected to by the Examiner. Note the attached Office Action or form PTO-152.

**Priority under 35 U.S.C. § 119**

13) ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

     a) ☐ All   b) ☐ Some * c) ☐ None of:

       1. ☐ Certified copies of the priority documents have been received.

       2. ☐ Certified copies of the priority documents have been received in Application No. _____ .

       3. ☐ Copies of the certified copies of the priority documents have been received in this National Stage
application from the International Bureau (PCT Rule 17.2(a)).

     * See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1) ☒ Notice of References Cited (PTO-892)

2) ☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)

3) ☒ Information Disclosure Statement(s) (PTO/SB/08)
Paper No(s)/Mail Date <u>07/27/2009</u>.

4) ☐ Interview Summary (PTO-413)
Paper No(s)/Mail Date. _____ .

5) ☐ Notice of Informal Patent Application

6) ☐ Other: _____ .

Case 5:22-cv-00015-FL    Document 43-7    Filed 10/31/23    Page 82 of 206
EX. 6 0081

**DETAILED ACTION**

***Continued Examination Under 37 CFR 1.114***

1.        A request for continued examination under 37 CFR 1.114, including the fee set

forth in 37 CFR 1.17(e), was filed in this application after final rejection.  Since this

application is eligible for continued examination under 37 CFR 1.114, and the fee set

forth in 37 CFR 1.17(e) has been timely paid, the finality of the previous Office action

has been withdrawn pursuant to 37 CFR 1.114.  Applicant's Amendments and

Accompanying Remarks filed on October 25, 2011 has been entered and carefully

considered. Claims 1 – 8 and 17 – 24 are all the pending claims in this application. In

view of amendment to the claims and the specification, the Examiner has withdrawn the

112 first Paragraph rejections, and the 103 rejections over Malpass et al. as detailed in

the Office Action dated September 14, 2011. The invention as currently claimed is not

found to be patentable for reasons herein below.

***Claim Rejections - 35 USC § 103***

2.        The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all

obviousness rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set
> forth in section 102 of this title, if the differences between the subject matter sought to be patented and
> the prior art are such that the subject matter as a whole would have been obvious at the time the
> invention was made to a person having ordinary skill in the art to which said subject matter pertains.
> Patentability shall not be negatived by the manner in which the invention was made.

3.       Claims 1 – 8 and 17 – 24 are rejected under Zegler et al. US 5,567,497 (Zegler)

in view of Bell US 2,274,468 or in view of Harrison et al. US 3,565,661 (Harrison).


4.       Considering claims 1 – 8 and 17 – 24, Zegler teaches a floor covering 10, which

comprises (i) a floor covering layer, exemplified by a thermoplastic-backed carpet 20

illustrated in FIG. 2, comprising a face layer, exemplified in FIG. 2 by a tufted carpet and

a thermoplastic lower backing layer 34, and (ii) a thermoplastic contact layer 40 that is

fusible compatible with and fused to the lower backing layer 34. As used herein, the

term "fusible compatible" when referring to two thermoplastics in adjacent layers means

thermoplastics which can be permanently fused to one another under heat and pressure

without any external attachment enhancer, such as a mechanical fastener or an

adhesive. The term "fused" when referring to two contacting thermoplastic layers

indicates that the layers are permanently bonded without the use of any external

attachment enhancer. Therefore, lower backing layer 34 and contact layer 40 after they

have been fused together may be consider as a "single lower" resilient layer, which the

Examiner equates to the claimed single lower layer. Further, Zegler teaches that

the thermoplastic contact layer 40 includes on its lower surface a plurality of shallow

thermoplastic projections, exemplified by dimples or nodules in FIG. 4 - 8, which extend

away from the face layer 30. These thermoplastic projections are sufficiently elastic to

impart skid resistance to said floor covering [Col. 3, lines 34 – 52 and FIG. 4].



Furthermore, Zegler teaches that the lower surface of the contact layer 40 includes a plurality of shallow projections extending away from the floor covering face layer. The individual projections extend in the direction away from the visual surface of the floor covering sufficiently that they will penetrate carpet yarns when the floor covering overlies a carpeted surface. Projections which extend between about 0.010 inches and 0.1 inches are preferred [Col. 4, lines 51 – 60]. Further, Zegler also teaches referring to FIGS. 5 and 7, the contact layer 70 comprises an open weave fabric scrim

72 and irregularly-sized semi-ovoid thermoplastic nodules 71 located on the scrim fibers

73, although those skilled in this art will appreciate that a number of suitable shapes for

nodules are suitable, including semi-spherical, prismatic, pyramidal, and the like.

Recesses 74 are located in the space bounded by the nodules 71, the scrim fibers 73,

and the lower surface of the lower backing layer 64. The arrangement of the nodules 71

on the scrim 72, and accordingly on contact layer 70, is random, but it will be

appreciated by those skilled in the art that any number of regular or irregular nodule

patterns are suitable and is limited only by the pattern of scrim fibers 73 [Col. 6, lines 33

– 47].

        Although Zegler teaches that the face layer can be any material that would be

suitable for use as the visual or working surface of an overlying floor covering [Col. 3,

lines 52 – 54]; it does not specifically recognize that the face layer is an absorbent,

plain woven layer, free of projecting cut pile. However, this is remedied by Bell or

Harrison et al.

        With regard to the limitations requiring a canvas, this is remedied by Bell.  Bell

teaches making a floor covering or a non-slip mat wherein the backing layer is a

canvas.  Therefore, a person a having ordinary skill in the art at the time the invention

was made would have found it obvious to use a canvas as one of the layers their mat.

One would have been motivated in doing so in order to create a mat that was flexible.

        With regard to the limitations requiring woven cotton, this is remedied by Harrison

et al.  Harrison et al. teaches making a floor covering or a non-slip mat wherein the

backing layer is woven cotton.  Therefore, a person a having ordinary skill in the art at

the time the invention was made would have found it obvious to used woven cotton as

one of the layers their mat. One would have been motivated in doing so in order to

create a mat that was flexible and could easily absorb any coating that could be further

applied to it, or simply to be absorbent in nature.

### Response to Arguments

5.      Applicant's Amendments and Accompanying Remarks filed on October 25, 2011

has been entered and carefully considered. In view of amendment to the claims and the

specification, the Examiner has withdrawn the 112 first Paragraph rejections, and the

103 rejections over Malpass et al. as detailed in the Office Action dated September 14,

2011. The invention as currently claimed is not found to be patentable for reasons

herein below.

Applicant's arguments with respect to claims 1 – 8 and 17 – 24 have been

considered but are moot in view of new grounds of rejection.

### Conclusion

6.      Any inquiry concerning this communication or earlier communications from the
examiner should be directed to RICARDO E. LOPEZ whose telephone number is (571)-
270-1150.  The examiner can normally be reached on Monday to Thursday 8:00 am-
5:30pm EST, and every other Friday from 8:00 am to 4:30 pm..

7.      If attempts to reach the examiner by telephone are unsuccessful, the examiner's
supervisor, Jennifer Chriss can be reached on (571)-272-7783. The fax phone number
for the organization where this application or proceeding is assigned is 571-273-8300.

8.      Information regarding the status of an application may be obtained from the
Patent Application Information Retrieval (PAIR) system.  Status information for
published applications may be obtained from either Private PAIR or Public PAIR.
Status information for unpublished applications is available through Private PAIR only.
For more information about the PAIR system, see http://pair-direct.uspto.gov. Should
you have questions on access to the Private PAIR system, contact the Electronic
Business Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a
USPTO Customer Service Representative or access to the automated information
system, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.

/Jennifer A Chriss/
Supervisory Patent Examiner, Art Unit 1786

/REL/
Ricardo E. Lopez
Patent Examiner, Art Unit 1786

| | | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|---|
| ***Notice of References Cited*** | | 12/460,763 | TERRACINO ET AL. |
| | | Examiner | Art Unit | |
| | | RICARDO E. LOPEZ | 1786 | Page 1 of 1 |

**U.S. PATENT DOCUMENTS**

| * | | Document Number Country Code-Number-Kind Code | Date MM-YYYY | Name | Classification |
|---|---|---|---|---|---|
| * | A | US-5,567,497 | 10-1996 | Zegler et al. | 428/95 |
| | B | US- | | | |
| | C | US- | | | |
| | D | US- | | | |
| | E | US- | | | |
| | F | US- | | | |
| | G | US- | | | |
| | H | US- | | | |
| | I | US- | | | |
| | J | US- | | | |
| | K | US- | | | |
| | L | US- | | | |
| | M | US- | | | |

**FOREIGN PATENT DOCUMENTS**

| * | | Document Number Country Code-Number-Kind Code | Date MM-YYYY | Country | Name | Classification |
|---|---|---|---|---|---|---|
| | N | | | | | |
| | O | | | | | |
| | P | | | | | |
| | Q | | | | | |
| | R | | | | | |
| | S | | | | | |
| | T | | | | | |

**NON-PATENT DOCUMENTS**

| * | | Include as applicable: Author, Title Date, Publisher, Edition or Volume, Pertinent Pages) |
|---|---|---|
| | U | |
| | V | |
| | W | |
| | X | |

*A copy of this reference is not being furnished with this Office action. (See MPEP § 707.05(a).)
Dates in MM-YYYY format are publication dates. Classifications may be US or foreign.

U.S. Patent and Trademark Office
PTO-892 (Rev. 01-2001)       **Notice of References Cited**       Part of Paper No. 20120723

PTO/SB/08a (08-09)
Approved for use through 07/31/2009. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| Substitute for form 1449/PTO | **Complete if Known** | |
|---|---|---|
| **INFORMATION DISCLOSURE STATEMENT BY APPLICANT** *(Use as many sheets as necessary)* | Application Number | |
| | Filing Date | |
| | First Named Inventor | Terracino, Bradie et al. |
| | Art Unit | |
| | Examiner Name | |
| Sheet \| 1 \| of \| 1 | Attorney Docket Number | WS - 119 |

### U. S. PATENT DOCUMENTS

| Examiner Initials* | Cite No.[1] | Document Number Number-Kind Code[2] (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | | US- 1928943 | 10-03-1933 | McKay | |
| | | US- 3488684 | 10-03-1933 | Wrightson | |
| | | US- 1728545 | 09-17-1929 | Haushalter | |
| | | US- 152541 | 06-30-1874 | Allerton | |
| | | US- 200990068431 | 03-12-2009 | Hoernigmann | |
| | | US- 20080131680 | 06-05-2008 | Bilton | |
| | | US- 20070275209 | 11-29-2007 | Netravali | |
| | | US- 20070220673 | 09-27-2007 | Nichols | |
| | | US- 20060162073 | 07-27-2006 | Nichols | |
| | | US- 7069607 | 07-04-2006 | Nichols | |
| | | US- 6961969 | 11-08-2005 | Nichols | |
| | | US- 6911407 | 06-28-2005 | Sherrod | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |

### FOREIGN PATENT DOCUMENTS

| Examiner Initials* | Cite No.[1] | Foreign Patent Document Country Code[3] Number[4] Kind Code[5] (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages Or Relevant Figures Appear | T[6] |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

| Examiner Signature | /Ricardo Lopez/ | Date Considered | 07/23/2012 |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant. [1] Applicant's unique citation designation number (optional). [2] See Kinds Codes of USPTO Patent Documents at www.uspto.gov or MPEP 901.04. [3] Enter Office that issued the document, by the two-letter code (WIPO Standard ST.3). [4] For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document. [5] Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST.16 if possible. [6] Applicant is to place a check mark here if English language Translation is attached.
This collection of information is required by 37 CFR 1.97 and 1.98. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 2 hours to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**
*If you need assistance in completing the form, call 1-800-PTO-9199 (1-800-786-9199) and select option 2.*

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH.  /R.L./

**EAST Search History**

**EAST Search History (Prior Art)**

| Ref # | Hits | Search Query | DBs | Default Operator | Plurals | Time Stamp |
|---|---|---|---|---|---|---|
| L2 | 8 | (zegler near2 stephen).in. | US-PGPUB; USPAT; USOCR | OR | OFF | 2012/07/23 15:25 |
| L3 | 2529 | 428/95,88.ccls. | US-PGPUB; USPAT; USOCR | OR | OFF | 2012/07/23 15:26 |
| L4 | 10 | l3 and ((nonskid or nonslip) same (covering or pad or mat)) | US-PGPUB; USPAT; USOCR | OR | OFF | 2012/07/23 15:27 |
| S1 | 1 | ("20110017341").PN. | US-PGPUB; USPAT; USOCR | OR | OFF | 2012/07/20 12:42 |
| S2 | 5 | (("6946183") or ("2274468") or ("3565661")).PN. | US-PGPUB; USPAT; USOCR | OR | OFF | 2012/07/20 14:00 |
| S8 | 44 | ((nonskid or nonslip or non-slip or non-skid or antiskid or anti-skid or protective or drop) with (drop cloth or covering or pad or mat or cloth) same (projection or protrusion or nodules or nub or dimple or tread or suction cup or vaccum cup or cleat)) same ((fabric or cloth or woven) same (cotton or canvas)) | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | ADJ | ON | 2012/07/23 11:33 |
| S9 | 13 | S8 and (hollow or depression or pit or indentation or dent or dint or bump) | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | ADJ | ON | 2012/07/23 11:37 |
| S10 | 656 | (nonskid or nonslip) same (covering or pad or mat) | US-PGPUB; USPAT; USOCR | OR | ON | 2012/07/23 12:07 |
| S11 | 859 | (nonskid or nonslip) same (covering or pad or mat) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT | OR | ON | 2012/07/23 12:07 |
| S12 | 205 | S11 and (hollow or depression or pit or indentation or dent or dint or bump) | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | ADJ | ON | 2012/07/23 12:08 |
| S13 | 27 | S12 and (dimple or convex) | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | ADJ | ON | 2012/07/23 12:08 |
| S14 | 3 | (("5567497") or ("5173346") or ("4917932")).PN. | US-PGPUB; USPAT; | OR | OFF | 2012/07/23 12:15 |

Case 5:22-cv-00015-FL   Document 43-7   Filed 10/31/23   Page 91 of 206   Ex. 6   0090

|  |  |  | USOCR |  |  |  |  |
|--|--|--|--|--|--|--|--|

**7/23/2012 3:28:12 PM**
**C:\ Users\ rlopez\ Documents\ EAST\ Workspaces\ Non-skid cloth.wsp**

Case 5:22-cv-00015-FL   Document 43-7   Filed 10/31/23   Page 92 of 206   Ex. 6   0091

| Search Notes | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 12460763 | TERRACINO ET AL. |
| | **Examiner** | **Art Unit** |
| | Ricardo E. Lopez | 1786 |

| SEARCHED | | | |
|---|---|---|---|
| **Class** | **Subclass** | **Date** | **Examiner** |
| 428 | 88, 95 | 07/23/2012 | REL |

| SEARCH NOTES | | |
|---|---|---|
| **Search Notes** | **Date** | **Examiner** |
| east notes attached | 03/22/2010 | AP |
| updated | 9/11/2010 | AP |
| EAST Search History Attached | 07/23/2012 | REL |
| Inventor and Assignee search | 07/23/2012 | REL |

| INTERFERENCE SEARCH | | | |
|---|---|---|---|
| **Class** | **Subclass** | **Date** | **Examiner** |
| | | | |

| | |
|---|---|
| | |

U.S. Patent and Trademark Office                   Part of Paper No. : 20120723



*www.williamsykeslaw.com*



2669 Seagull Bluff Drive • Virginia Beach, Virginia 23455 • Office: 757•490•8586 • Fax: 757•363•3405 • *william@williamsykeslaw.com*

---

## MAILED & FAXED (571-273-8300)

February 17, 2012

Arti Singh-Pandey,
Primary Examiner
Commissioner Fro Patents
P. O. Box 1450
Alexandria, VA 22313-1450


Re:  Appl. No.      :   12/460,763
     Applicant      :   Bradie Terracino et al.
     Filed          :   July 27, 2009
     Examiner       :   Arti Singh-Pandey
     Title          :   NON-SKID PROTECTIVE CLOTH OR PAD

Dear Ms. Singh-Pandey:

   Can you please call or email (William@williamsykeslaw.com) me a status of this case?  The RCE was filed on December 3, 2010.  I understand that you have been on a special assignment.  Late last year you said even with your special assignment you will have our last amendment reviewed by January 2012.

   Bradie and Bob Terracino have invested a lot of money in this patent application, their prototype and marketing.  They are both retired and on a fixed income.  They are depending on this invention for future income.  Please just give us a status report so Bradie and Bob can plan their next move.

   Thank you in advance for the status update.

                                        Sincerely,

                                        William G. Sykes

cc:   Bradie Terracino



william**Sykes** Law
*www.williamsykeslaw.com*

3669 Seagull Bluff Drive • Virginia Beach, Virginia 23455 • Office: 757•490•8586 • Fax: 757•363•3405 • *william@williamsykeslaw.com*

## MAILED & FAXED (571-273-8300)

February 17, 2012

Arti Singh-Pandey,
Primary Examiner
Commissioner Fro Patents
P. O. Box 1450
Alexandria, VA 22313-1450

| Re: | Appl. No. | : | 12/460,763 |
|-----|-----------|---|------------|
| | Applicant | : | Bradie Terracino et al. |
| | Filed | : | July 27, 2009 |
| | Examiner | : | Arti Singh-Pandey |
| | Title | : | NON-SKID PROTECTIVE CLOTH OR PAD |

Dear Ms. Singh-Pandey:

Can you please call or email (William@williamsykeslaw.com) me a status of this case? The RCE was filed on December 3, 2010. I understand that you have been on a special assignment. Late last year you said even with your special assignment you will have our last amendment reviewed by January 2012.

Bradie and Bob Terracino have invested a lot of money in this patent application, their prototype and marketing. They are both retired and on a fixed income. They are depending on this invention for future income. Please just give us a status report so Bradie and Bob can plan their next move.

Thank you in advance for the status update.

Sincerely,

William G. Sykes

cc: Bradie Terracino

Case 5:22-cv-00015-FL   Document 43-7   Filed 10/31/23   Page 95 of 266
Ex. 6
0094



William Sykes Law
*www.williamsykeslaw.com*

RECEIVED
CENTRAL FAX CENTER
MAY 2 5 2011

3669 Seagull Bluff Drive • Virginia Beach, Virginia 23455 • Office: 757-490-8586 • Fax: 757-363-3405 • *william@williamsykeslaw.com*

## MAILED & FAXED (571-273-8300)

May 25, 2011

Arti Singh-Pandey,
Primary Examiner
Commissioner Fro Patents
P. O. Box 1450
Alexandria, VA 22313-1450

Re:    Appl. No.        :    12/460,763
       Applicant        :    Bradie Terracino et al.
       Filed            :    July 27, 2009
       Examiner         :    Arti Singh-Pandey
       Title            :    NON-SKID PROTECTIVE CLOTH OR PAD

Dear Ms. Singh-Pandey:

  Can you please call or email (William@williamsykeslaw.com) me the status of this case?  The public records show that the RCE filed December 3, 2010 was filed as a new case.  The status of this application should not be a new case.

  Thank you in advance for the status update.

         Sincerely,

         William G. Sykes

cc:    Bradie Terracino

Case 5:22-cv-00015-FL   Document 43-7   Filed 10/31/23   Page 96 of 266

Ex. 6
0095

# william Sykes Law

*www.williamsykeslaw.com*

RECEIVED
CENTRAL FAX CENTER
MAY 2 5 2011

3669 Seagull Bluff Drive • Virginia Beach, Virginia 23455 • Office: 757-490-8586 • Fax: 757-363-3405 • *william@williamsykeslaw.com*

## MAILED & FAXED (571-273-8300)

May 25, 2011

Arti Singh-Pandey,
Primary Examiner
Commissioner Fro Patents
P. O. Box 1450
Alexandria, VA 22313-1450

Re:    Appl. No.        :    12/460,763
       Applicant        :    Bradie Terracino et al.
       Filed            :    July 27, 2009
       Examiner         :    Arti Singh-Pandey
       Title            :    NON-SKID PROTECTIVE CLOTH OR PAD

Dear Ms. Singh-Pandey:

        Can you please call or email (William@williamsykeslaw.com) me the status of this case?  The public records show that the RCE filed December 3, 2010 was filed as a new case.  The status of this application should not be a new case.

        Thank you in advance for the status update.

                                         Sincerely,

                                         William G. Sykes

cc:    Bradie Terracino

Case 5:22-cv-00015-FL   Document 43-7   Filed 10/31/23   Page 97 of 266

Ex. 6   0096



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NUMBER | FILING OR 371(C) DATE | FIRST NAMED APPLICANT | ATTY. DOCKET NO./TITLE |
|---|---|---|---|
| 12/460,763 | 07/27/2009 | Bradie Terracino | WS - 119 |

**CONFIRMATION NO. 2753**

71490
WILLIAMS G. SYKES
3669 SEAGULL BLUFF DRIVE
VIRGINIA BEACH, VA 23455

**PUBLICATION NOTICE**

*OC000000045700391*

**Title:** Non-skid protective cloth or pad
**Publication No.** US-2011-0017341-A1
**Publication Date:** 01/27/2011

## NOTICE OF PUBLICATION OF APPLICATION

The above-identified application will be electronically published as a patent application publication pursuant to 37 CFR 1.211, et seq. The patent application publication number and publication date are set forth above.

The publication may be accessed through the USPTO's publically available Searchable Databases via the Internet at www.uspto.gov. The direct link to access the publication is currently http://www.uspto.gov/patft/.

The publication process established by the Office does not provide for mailing a copy of the publication to applicant. A copy of the publication may be obtained from the Office upon payment of the appropriate fee set forth in 37 CFR 1.19(a)(1). Orders for copies of patent application publications are handled by the USPTO's Office of Public Records. The Office of Public Records can be reached by telephone at (703) 308-9726 or (800) 972-6382, by facsimile at (703) 305-8759, by mail addressed to the United States Patent and Trademark Office, Office of Public Records, Alexandria, VA 22313-1450 or via the Internet.

In addition, information on the status of the application, including the mailing date of Office actions and the dates of receipt of correspondence filed in the Office, may also be accessed via the Internet through the Patent Electronic Business Center at www.uspto.gov using the public side of the Patent Application Information and Retrieval (PAIR) system. The direct link to access this status information is currently http://pair.uspto.gov/. Prior to publication, such status information is confidential and may only be obtained by applicant using the private side of PAIR.

Further assistance in electronically accessing the publication, or about PAIR, is available by calling the Patent Electronic Business Center at 1-866-217-9197.

Office of Data Managment, Application Assistance Unit (571) 272-4000, or (571) 272-4200, or 1-888-786-0101

page 1 of 1

Case 5:22-cv-00015-FL   Document 43-7   Filed 10/31/23   Page 98 of 206
EX. 6   0097

PTO/SB/30 (07-09)
Approved for use through 07/31/2012. OMB 0651-0031
U.S. Patent and Trademark Office: U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

RCE 134

**Request for Continued Examination (RCE) Transmittal**

Address to:
Mail Stop RCE
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

O PAP
DEC 0 3 2010
PATENT & TRADEMARK

| | |
|---|---|
| Application Number | 12/460,763 |
| Filing Date | 7/27/2009 |
| First Named Inventor | Terracino, Bradie |
| Art Unit | 1786 |
| Examiner Name | Singh-Pandey, Artir |
| Attorney Docket Number | WS-119 |

**This is a Request for Continued Examination (RCE) under 37 CFR 1.114 of the above-identified application.**

Request for Continued Examination (RCE) practice under 37 CFR 1.114 does not apply to any utility or plant application filed prior to June 8, 1995, or to any design application. See Instruction Sheet for RCEs (not to be submitted to the USPTO) on page 2.

1. **Submission required under 37 CFR 1.114** Note: If the RCE is proper, any previously filed unentered amendments and amendments enclosed with the RCE will be entered in the order in which they were filed unless applicant instructs otherwise. If applicant does not wish to have any previously filed unentered amendment(s) entered, applicant must request non-entry of such amendment(s).

  a. [✓] Previously submitted. If a final Office action is outstanding, any amendments filed after the final Office action may be considered as a submission even if this box is not checked.

   i. [ ] Consider the arguments in the Appeal Brief or Reply Brief previously filed on

   ii. [ ] Other _____

  b. [ ] Enclosed

   i. [ ] Amendment/Reply          iii. [ ] Information Disclosure Statement (IDS)

   ii. [ ] Affidavit(s)/ Declaration(s)          iv. [ ] Other _____

2. **Miscellaneous**

  a. [ ] Suspension of action on the above-identified application is requested under 37 CFR 1.103(c) for a period of _____ months. (Period of suspension shall not exceed 3 months; Fee under 37 CFR 1.17(i) required)

  b. [ ] Other _____

3. **Fees** The RCE fee under 37 CFR 1.17(e) is required by 37 CFR 1.114 when the RCE is filed.

  a. [ ] The Director is hereby authorized to charge the following fees, any underpayment of fees, or credit any overpayments, to Deposit Account No. _____

   i. [✓] RCE fee required under 37 CFR 1.17(e)

   ii. [ ] Extension of time fee (37 CFR 1.136 and 1.17)

   iii. [ ] Other _____

  b. [✓] Check in the amount of $ 405.00 _____ enclosed

  c. [ ] Payment by credit card (Form PTO-2038 enclosed)

**WARNING: Information on this form may become public. Credit card information should not be included on this form. Provide credit card information and authorization on PTO-2038.**

12/06/2010 EHAILU 00000010 12460763
01 FC:2801                                    405.00 OP

**SIGNATURE OF APPLICANT, ATTORNEY, OR AGENT REQUIRED**

| | | | |
|---|---|---|---|
| Signature | | Date | 11/30/2010 |
| Name (Print/Type) | William G. Sykes | Registration No. | 50704 |

**CERTIFICATE OF MAILING OR TRANSMISSION**

I certify that this correspondence is being deposited with the United States Postal Service with sufficient postage as first class mail in an envelope addressed to: Mail Stop RCE, Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450 or facsimile transmitted to the U.S. Patent and Trademark Office on the date shown below.

| | | | |
|---|---|---|---|
| Signature | | | |
| Name (Print/Type) | William G. Sykes | Date | 11/30/2010 |

This collection of information is required by 37 CFR 1.114. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Mail Stop RCE, Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.
*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 12/460,763 | 07/27/2009 | Bradie Terracino | WS - 119 | 2753 |

71490          7590          11/16/2010
WILLIAMS G. SYKES
3669 SEAGULL BLUFF DRIVE
VIRGINIA BEACH, VA 23455

| EXAMINER |
|---|
| SINGH-PANDEY, ARTI R |

| ART UNIT | PAPER NUMBER |
|---|---|
| 1786 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 11/16/2010 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A (Rev. 04/07)

| | Application No. | Applicant(s) |
|---|---|---|
| ***Advisory Action***<br>***Before the Filing of an Appeal Brief*** | 12/460,763 | TERRACINO ET AL. |
| | **Examiner** | **Art Unit** | |
| | Arti Singh-Pandey | 1786 | |

*--The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

THE REPLY FILED <u>25 October 2010</u> FAILS TO PLACE THIS APPLICATION IN CONDITION FOR ALLOWANCE.

1. ☒ The reply was filed after a final rejection, but prior to or on the same day as filing a Notice of Appeal. To avoid abandonment of this application, applicant must timely file one of the following replies: (1) an amendment, affidavit, or other evidence, which places the application in condition for allowance; (2) a Notice of Appeal (with appeal fee) in compliance with 37 CFR 41.31; or (3) a Request for Continued Examination (RCE) in compliance with 37 CFR 1.114. The reply must be filed within one of the following time periods:

   a) ☐ The period for reply expires _____ months from the mailing date of the final rejection.

   b) ☒ The period for reply expires on: (1) the mailing date of this Advisory Action, or (2) the date set forth in the final rejection, whichever is later. In no event, however, will the statutory period for reply expire later than SIX MONTHS from the mailing date of the final rejection.

      Examiner Note: If box 1 is checked, check either box (a) or (b). ONLY CHECK BOX (b) WHEN THE FIRST REPLY WAS FILED WITHIN TWO MONTHS OF THE FINAL REJECTION. See MPEP 706.07(f).

Extensions of time may be obtained under 37 CFR 1.136(a). The date on which the petition under 37 CFR 1.136(a) and the appropriate extension fee have been filed is the date for purposes of determining the period of extension and the corresponding amount of the fee. The appropriate extension fee under 37 CFR 1.17(a) is calculated from: (1) the expiration date of the shortened statutory period for reply originally set in the final Office action; or (2) as set forth in (b) above, if checked. Any reply received by the Office later than three months after the mailing date of the final rejection, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

NOTICE OF APPEAL

2. ☐ The Notice of Appeal was filed on _____. A brief in compliance with 37 CFR 41.37 must be filed within two months of the date of filing the Notice of Appeal (37 CFR 41.37(a)), or any extension thereof (37 CFR 41.37(e)), to avoid dismissal of the appeal. Since a Notice of Appeal has been filed, any reply must be filed within the time period set forth in 37 CFR 41.37(a).

AMENDMENTS

3. ☒ The proposed amendment(s) filed after a final rejection, but prior to the date of filing a brief, will not be entered because

   (a) ☒ They raise new issues that would require further consideration and/or search (see NOTE below);

   (b) ☐ They raise the issue of new matter (see NOTE below);

   (c) ☐ They are not deemed to place the application in better form for appeal by materially reducing or simplifying the issues for appeal; and/or

   (d) ☐ They present additional claims without canceling a corresponding number of finally rejected claims.

      NOTE: _____. (See 37 CFR 1.116 and 41.33(a)).

4. ☐ The amendments are not in compliance with 37 CFR 1.121. See attached Notice of Non-Compliant Amendment (PTOL-324).

5. ☒ Applicant's reply has overcome the following rejection(s): <u>see below</u>.

6. ☐ Newly proposed or amended claim(s) _____ would be allowable if submitted in a separate, timely filed amendment canceling the non-allowable claim(s).

7. ☒ For purposes of appeal, the proposed amendment(s): a) ☒ will not be entered, or b) ☐ will be entered and an explanation of how the new or amended claims would be rejected is provided below or appended.

   The status of the claim(s) is (or will be) as follows:

   Claim(s) allowed: _____.

   Claim(s) objected to: _____.

   Claim(s) rejected: <u>1-8 and 17-24</u>.

   Claim(s) withdrawn from consideration: <u>9-16</u>.

AFFIDAVIT OR OTHER EVIDENCE

8. ☐ The affidavit or other evidence filed after a final action, but before or on the date of filing a Notice of Appeal will not be entered because applicant failed to provide a showing of good and sufficient reasons why the affidavit or other evidence is necessary and was not earlier presented. See 37 CFR 1.116(e).

9. ☐ The affidavit or other evidence filed after the date of filing a Notice of Appeal, but prior to the date of filing a brief, will not be entered because the affidavit or other evidence failed to overcome all rejections under appeal and/or appellant fails to provide a showing a good and sufficient reasons why it is necessary and was not earlier presented. See 37 CFR 41.33(d)(1).

10. ☐ The affidavit or other evidence is entered. An explanation of the status of the claims after entry is below or attached.

REQUEST FOR RECONSIDERATION/OTHER

11. ☒ The request for reconsideration has been considered but does NOT place the application in condition for allowance because:

   See Continuation Sheet.

12. ☐ Note the attached Information *Disclosure Statement*(s). (PTO/SB/08) Paper No(s). _____

13. ☐ Other: _____.

/Arti Singh-Pandey/<br>Primary Examiner<br>Art Unit: 1786

U.S. Patent and Trademark Office<br>
PTOL-303 (Rev. 08-06)        Advisory Action Before the Filing of an Appeal Brief        Part of Paper No. 20101113

EX. 6 0100

Continuation of 11. does NOT place the application in condition for allowance because:  The Examiner has carefully reviewed Applicant's proposed amendments to the claims in the response dated 10/25/2010.  Applicant has cancelled claims 9-16 and the viable and proposed claims are 1-8 and 17-24.

Applicant's definition are noted for Canvas and plain weave.

Paragraph 5 of the final office action dated 09/14/2010 would be withdrawn as the proposed amendment to the specification would remedy this.

The proposed amendments of "free from any projecting pile"  is found to be convincing.  Applicant's proposed amendment to the specification and showing that the figures provide support for the limitation is inconclusive.. The figures that were provided in the initial filing of the application are line diagrams to show the layers, and not the usual undulated cross section of the fabric which show a woven , nonwoven and pile or no pile, and therefore, not found to be convincing.  Thus, more evidence would be required as the specification, claims and figures do not have support for the pile as the proposed claims shown.  Additionally, even if a pile were present it could be just as high as the weave of the woven and not actually appear as "hairy" mat.  Just some food for thought.  Thus, the rejection made under 35 USC 112 as shown in paragraphs 6 and 7 would also be maintained.

    Secondly, the proposed amendments change the scope of the claims in that they now define a dimple with actual shape as being convex, this would require further search and consideration.                                  .

2

Case 5:22-cv-00015-FL   Document 43-7   Filed 10/31/23   Page 102 of 206

Ex. 6   0101

 DO NOT ENTER: /A.S.P./
11/13/2010



 IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | | |
|---|---|---|---|
| Appl. No. | : | 12/460,763 | Conf. No. 2753 |
| Applicant | : | Bradie Terracino et al. | |
| Filed | : | July 27, 2009 | |
| TC/A.U. | : | 1786 | |
| Examiner | : | Artir Singh-Pandey | |
| Docket No. | : | WS-119 | |
| Title | : | NON-SKID PROTECTIVE CLOTH OR PAD | |
| Customer No. | : | 71490 | |

## AMENDMENT AFTER FINAL OFFICE ACTION
## IN ACCORDANCE WITH 37 C.F.R. § 1.116

Commissioner for Patents
P.O. Box 1450
Alexandria VA 22313-1450

S I R :

    In response to the Office Action of September 14, 2010 please amend the above-identified patent application as follows:

    **Amendments to the Specification** begin of page 2 of this paper.

    **Amendments to the Claims** are reflected in the listing of claims, which begins on page 5 of this paper.

    **Remarks/Arguments** begin on page 7 of this paper.

Docket No. WS-119      Page 1 of 13

Ex. 6 0102



| | | | |
|---|---|---|---|
| Appl. No. | : | 12/460,763 | Conf. No. 2753 |
| Applicant | : | Bradie Terracino et al. | |
| Filed | : | July 27, 2009 | |
| TC/A.U. | : | 1786 | |
| Examiner | : | Artir Singh-Pandey | |
| Docket No. | : | WS-119 | |
| Title | : | NON-SKID PROTECTIVE CLOTH OR PAD | |
| Customer No. | : | 71490 | |

### AMENDMENT AFTER FINAL OFFICE ACTION
### IN ACCORDANCE WITH 37 C.F.R. § 1.116

Commissioner for Patents
P.O. Box 1450
Alexandria VA 22313-1450

S I R:

    In response to the Office Action of September 14, 2010 please amend the above-identified patent application as follows:

    **Amendments to the Specification** begin of page 2 of this paper.

    **Amendments to the Claims** are reflected in the listing of claims, which begins on page 5 of this paper.

    **Remarks/Arguments** begin on page 7 of this paper.

Case 5:22-cv-00015-FL   Document 43-7   Filed 10/31/23   Page 104 of 206   Ex. 6 0103

**Amendments to the Specification**:

Kindly amend the specification as indicated.

Kindly amend the paragraph beginning in Page 7, line 2 as indicated:

In accordance with the present invention there is provided a two-layer, non-skid protective pad for use as a painter's drop cloth or as a protective pad for surfaces such as boat decks, airplane wings or other surfaces where a non-skid pad is essential. The pad has a woven upper member, typically of a cotton canvas-like material, and a lower, resilient member. The two layers are typically stitched together. The lower, resilient member typically comprises downward-projecting dimples, often of two or more different sizes. As used herein the word dimple is used to refer to outwardly projecting convex structures as clearly shown in FIGURES 1 and 3. The dimples are joined by a grid of resilient material. In alternate embodiments, an impervious member may be inserted between the upper and lower members.

Kindly amend the paragraph beginning on Page 10, line 8 as indicated.

Pad 100 has two layers – a woven upper layer 102 and a lower, resilient layer 104. Woven upper layer 102 is typically an absorbent, woven cotton material such as canvas or another canvas-like material, and as may clearly be seen in FIGURES 1 and 3, woven upper layer 102 is free from any projecting cut pile. For purposes of disclosure, an 8-ounce material has been chosen. Canvas may be treated with a waterproofing material, if desired. Such a treatment, however, renders the upper woven layer 102 non-absorbent which may impair the function of upper woven layer 102 to absorb paint or other material spilled thereupon. It will, however, be recognized by those of skill in the art that other weight materials may be chosen depending upon the desired application in which cloth 100 is to be utilized. It will further be recognized that woven materials other than cotton may be selected to meet a particular operating circumstance or environment. Consequently, the invention is not limited to the 8-ounce canvas chosen for purposes of disclosure. Rather the invention covers any suitable material and weight.

Kindly amend the paragraph beginning on Page 11, line 17 as indicated.

Referring now also to FIGURE 2, Lower resilient layer 104 has a plurality of downward-projecting dimples 106a, 106b. As used herein the word dimple is used to refer to outwardly projecting convex structures as clearly shown in FIGURES 1

Case 5:22-cv-00015-FL   Document 43-7   Filed 10/31/23   Page 106 of 206   Ex. 6   0105

and 3. Dimples 106a are typically larger than dimples 106b. As shown in FIGURE 1, larger dimples 106a are shown having a greater height than smaller dimples 106b. In alternate embodiments, larger and smaller dimples 106a and 106b, respectively, may have a substantially identical height. In still other embodiments, smaller dimples 106b may have a height larger than larger dimples 106a.

Case 5:22-cv-00015-FL   Document 43-7   Filed 10/31/23   Page 107 of 206   Ex. 6 0106

**Amendments to the Claims**:

This listing of claims will replace all prior versions, and listings, of claims in the application:

**Listing of Claims**:

Claim 1. (currently amended)  A non-skid protective cloth or pad, consisting of:

a)       a single, absorbent, plain woven upper layer free from any ~~protecting~~ projecting cut pile and having an upper and a lower major surface;

b)       a single lower, resilient layer having an upper and a lower major surface, said upper major surface of said single lower resilient layer being disposed adjacent said lower layer of said single, absorbent, woven upper layer;  and

c)       means for fastening said single, absorbent, upper, woven layer to said single lower resilient layer.

Case 5:22-cv-00015-FL   Document 43-7   Filed 10/31/23   Page 108 of 206

Ex. 6 0107

Claim 2. (previously presented) The non-skid protective cloth or pad as recited in claim 1, wherein said single, absorbent, woven, upper layer comprises a plain woven cotton fabric.

Claim 3. (previously presented)  The non-skid protective cloth or pad as recited in claim 1, wherein said single, absorbent, woven, upper layer comprises canvas.

Claim 4. (previously presented) The non-skid protective cloth or pad as recited in claim 1, wherein said single lower, resilient layer comprises a network of downward projecting dimples interconnected by a resilient grid.

Claim 5. (original) The non-skid protective cloth or pad as recited in claim 4, wherein said downward projecting dimples comprise dimples of at least two different diameters.

Claim 6. (original) The non-skid protective cloth or pad as recited in claim 4, wherein said downward projecting dimples comprise dimples of at least two different heights.

Case 5:22-cv-00015-FL   Document 43-7   Filed 10/31/23   Page 109 of 206   Ex. 6 0108

Claim 7. (original) The non-skid protective cloth or pad as recited in claim 4, wherein said downward projecting dimples are separated one from another by an inter-dimple space.

Claim 8. (original) The non-skid protective cloth or pad as recited in claim 1, wherein said means for fastening comprises at least one from the group: stitching, adhesive, hook-and-loop fasteners, and mechanical fasteners.

Claims 9 – 16 (cancelled)

Claim 17. (currently amended) A non-skid protective cloth or pad, consisting of:

a) a single, absorbent, plain woven upper layer free from any ~~protecting~~ projecting cut pile and having an upper and a lower major surface;

b) a single lower, resilient layer having an upper and a lower major surface, said upper major surface of said single lower resilient layer being disposed adjacent said lower layer of said single, absorbent, plain woven upper layer;

Case 5:22-cv-00015-FL   Document 43-7   Filed 10/31/23   Page 110 of 206

Ex. 6 0109

    c)     an impervious member interposed between said single, absorbent, plain woven upper layer and said single lower, resilient member;

    d)     means for fastening said single, absorbent, upper, woven layer to said interposed impervious member and said single lower resilient layer.

Claim 18. (previously presented) The non-skid protective cloth or pad as recited in claim 17, wherein said single, absorptive woven, upper layer comprises a woven cotton fabric.

Claim 19. (previously presented) The non-skid protective cloth or pad as recited in claim 17, wherein said woven, single, absorbent upper layer comprises canvas.

Claim 20. (previously presented) The non-skid protective cloth or pad as recited in claim 17, wherein said single lower, resilient layer comprises a network of downward projecting dimples interconnected by a resilient grid.

Case 5:22-cv-00015-FL   Document 43-7   Filed 10/31/23   Page 111 of 206   EX. 6 0110

Claim 21. (previously presented) The non-skid protective cloth or pad as recited in claim 20, wherein said downward projecting dimples comprise dimples of at least two different diameters.

Claim 22. (previously presented) The non-skid protective cloth or pad as recited in claim 20, wherein said downward projecting dimples comprise dimples of at least two different heights.

Claim 23. (previously presented) The non-skid protective cloth or pad as recited in claim 20, wherein said downward projecting dimples are separated one from another by an inter-dimple space.

Claim 24. (previously presented)  The non-skid protective cloth or pad as recited in claim 17, wherein said means for fastening comprises at least one from the group: stitching, adhesive, hook-and-loop fasteners, and mechanical fasteners.

Case 5:22-cv-00015-FL   Document 43-7   Filed 10/31/23   Page 112 of 206

Ex. 6 0111

## REMARKS/ARGUMENTS

Reconsideration of the above-identified application is respectfully requested in view of the foregoing amendments and following remarks. Claims 9 – 16 were previously cancelled. Claims 1 and 17 have been amended. Claims 1 - 8 and 17 - 24 remain in the case.

Examiner's objection to the definition of canvas used in the previous amendment is noted. Applicant respectfully substitutes the following definition of canvas from the Free Meriam Webster on-line dictionary (http://mw1.meriam-webster.com/dictionary/canvas?show=0&t=1287157798): "1) A heavy, coarse, closely woven fabric of cotton, hemp, or flax, used for tents and sails."

Applicant apologizes for the typographical error on page 10 of the Remarks in which the term "adsorbent" was accidentally substitutes for the term "absorbent". The correct term is absorbent.

Claims 1 –8 and 17 – 24 were rejected under 35 U.S.C. §112, first paragraph, as failing to comply with the written description requirement. Specifically the Examiner asserts that there is no specification support for the term "free from any

Case 5:22-cv-00015-FL   Document 43-7   Filed 10/31/23   Page 113 of 206
Ex. 6   0112

protecting cut pile." In actuality, the recitation should have been: "...free from any projecting cut pile." Claims 1 and 17 have been amended to recite "projecting cut pile". Further, the specification has been amended to recite: "Woven upper layer 102 is typically an absorbent, woven cotton material such as canvas or another canvas-like material, and as may clearly be seen in FIGURES 1 and 3, woven upper layer 102 is free from any projecting cut pile." No new matter has been added as the amendment merely better describes the description of layer 102 as shown in the drawings originally filed in the case. This amendment of the specification along with the amendment of claims 1 and 17 is believed to overcome the rejection of claims 1 − 8 and 17 - 24 under 35 U.S.C. §112, first paragraph.

Claims 1 − 8 and 17 − 24 were rejected under 35 U.S.C. §103(a) as being unpatentable over United States Patent No. 6,946,183 for SLIP RESISTANT MAT issued September 20, 2005 to Ian S. Malpass et al., hereinafter MALPASS, in view of United States Patent No. 2,274,468 for FLOOR COVERING issued February 24, 1942 to Harry W. Bell and further in view of United States Patent No. 3,565,661 for FLOOR COVERING AND THE LIKE issued February 23, 1971 to Alan Morley Harrison et al., hereinafter HARRISON.

MALPASS teaches a slip resistant mat having suction cup structures downwardly projecting from a lower surface thereof. Applicant's FIGURES 1 and 3 clearly shown downwardly projecting convex structures that she mistakenly referred

Case 5:22-cv-00015-FL   Document 43-7   Filed 10/31/23   Page 114 of 206   Ex. 6 0113

to as "dimples". A check of a dictionary definition of dimple revels that the term literally refers to a convex structure. However, based on MPEP 2111.05, Section IV, "An applicant is entitled to be his or her own lexicographer and may rebut the presumption that claim terms are to be given their ordinary and customary meaning by clearly setting forth a definition of the term that is different from its ordinary and customary meaning(s)." *In re Paulsen*, 30 F.3d 1475, 1480, 31 USPQ2d 1671, 1674 (Fed. Cir. 1994)

Applicant's specification has been amended to recite: <u>As used herein the word dimple is used to refer to outwardly projecting convex structures as clearly shown in FIGURES 1 and 3.</u>

Therefore, Applicant's claimed dimples, when interpreted in light of Applicant's specification, preclude the concave structures of MALPASS. Applicant believes that while the suction cups of MALPASS may be effective for the semi-permanent holding of a bath mat against the bottom surface of a bath tub (a very desirable feature), such suction cups would work perhaps too well in holding Applicant's novel drop cloth against a surface to be protected. Applicant's structure as described and now claimed provides the dual benefits of holding a drop cloth in place, even when the drop cloth is draped over a stair or other surface to be protected where a portion of the drop cloth is being pulled downwardly by gravity and allowing ease in moving the drop cloth from one location to another when

Case 5:22-cv-00015-FL   Document 43-7   Filed 10/31/23   Page 115 of 206   EX. 6 0114

necessary without leaving rings or other markings on a floor or other surface as a suction cup might.

Nothing in the teaching of BELL and or HARRISON overcomes the limitation of the MALPASS suction cups. Consequently, Applicant believes that the amendment of the specification as noted along with the amendment of claims 1 and 17 overcomes the rejection of claims 1 – 8 and 17 – 24 under 35 U.S.C. §103(a) as being unpatentable over MALPASS in view of BELL and further in view of HARRISON.

Applicant respectfully requests that as claims 1 – 8 and 17 – 24 are in condition for allowance that these claims be allowed and the application now be passed to issue.

Respectfully submitted,

I hereby certify that this correspondence is being deposited with the United States Postal Service as first class mail in an envelope addressed to:

Mail Stop AF
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

On _____ Oct 20, 2010
(Date of Deposit)

William G. Sykes, Esq.  Reg. No. 50,704   10/19/2010
Attorney                                    (Date)

William G. Sykes, Esq.
Registration No. 50,704
Attorney for Applicant
3699 Seagull Bluff Drive
Virginia Beach, VA 23455

Phone: (757) 490-8586
Fax: (757) 363-3405

Case 5:22-cv-00015-FL   Document 43-7   Filed 10/31/23   Page 116 of 206

Ex. 6

0115

PTO/SB/06 (07-06)
Approved for use through 1/31/2007. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

| PATENT APPLICATION FEE DETERMINATION RECORD Substitute for Form PTO-875 | Application or Docket Number 12/460,763 | Filing Date 07/27/2009 | ☐ To be Mailed |

## APPLICATION AS FILED – PART I

| | (Column 1) | (Column 2) | SMALL ENTITY ☒ | OR | OTHER THAN SMALL ENTITY | |
|---|---|---|---|---|---|---|
| FOR | NUMBER FILED | NUMBER EXTRA | RATE ($) | FEE ($) | RATE ($) | FEE ($) |
| ☐ BASIC FEE (37 CFR 1.16(a), (b), or (c)) | N/A | N/A | N/A | | N/A | |
| ☐ SEARCH FEE (37 CFR 1.16(k), (i), or (m)) | N/A | N/A | N/A | | N/A | |
| ☐ EXAMINATION FEE (37 CFR 1.16(o), (p), or (q)) | N/A | N/A | N/A | | N/A | |
| TOTAL CLAIMS (37 CFR 1.16(i)) | minus 20 = * | | X $ = | | X $ = | |
| INDEPENDENT CLAIMS (37 CFR 1.16(h)) | minus 3 = * | | X $ = | | X $ = | |
| ☐ APPLICATION SIZE FEE (37 CFR 1.16(s)) | If the specification and drawings exceed 100 sheets of paper, the application size fee due is $250 ($125 for small entity) for each additional 50 sheets or fraction thereof. See 35 U.S.C. 41(a)(1)(G) and 37 CFR 1.16(s). | | | | | |
| ☐ MULTIPLE DEPENDENT CLAIM PRESENT (37 CFR 1.16(j)) | | | | | | |
| * If the difference in column 1 is less than zero, enter "0" in column 2. | | | TOTAL | | TOTAL | |

## APPLICATION AS AMENDED – PART II

| | | (Column 1) | | (Column 2) | (Column 3) | SMALL ENTITY | OR | OTHER THAN SMALL ENTITY | |
|---|---|---|---|---|---|---|---|---|---|
| AMENDMENT | 10/25/2010 | CLAIMS REMAINING AFTER AMENDMENT | | HIGHEST NUMBER PREVIOUSLY PAID FOR | PRESENT EXTRA | RATE ($) | ADDITIONAL FEE ($) | RATE ($) | ADDITIONAL FEE ($) |
| | Total (37 CFR 1.16(i)) | * 16 | Minus | ** 20 | = 0 | X $26 = | 0 | OR X $ = | |
| | Independent (37 CFR 1.16(h)) | * 2 | Minus | *** 3 | = 0 | X $110 = | 0 | OR X $ = | |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | | | OR | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | | OR | |
| | | | | | | TOTAL ADD'L FEE | 0 | OR TOTAL ADD'L FEE | |

| | | (Column 1) | | (Column 2) | (Column 3) | SMALL ENTITY | OR | OTHER THAN SMALL ENTITY | |
|---|---|---|---|---|---|---|---|---|---|
| AMENDMENT | | CLAIMS REMAINING AFTER AMENDMENT | | HIGHEST NUMBER PREVIOUSLY PAID FOR | PRESENT EXTRA | RATE ($) | ADDITIONAL FEE ($) | RATE ($) | ADDITIONAL FEE ($) |
| | Total (37 CFR 1.16(i)) | * | Minus | ** | = | X $ = | | OR X $ = | |
| | Independent (37 CFR 1.16(h)) | * | Minus | *** | = | X $ = | | OR X $ = | |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | | | OR | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | | OR | |
| | | | | | | TOTAL ADD'L FEE | | OR TOTAL ADD'L FEE | |

* If the entry in column 1 is less than the entry in column 2, write "0" in column 3.
** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20".
*** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3".
The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1.

Legal Instrument Examiner:
/NICOLE C. LAWRENCE/

This collection of information is required by 37 CFR 1.16. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**
*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 12/460,763 | 07/27/2009 | Bradie Terracino | WS - 119 | 2753 |

71490          7590          10/21/2010
WILLIAMS G. SYKES
3669 SEAGULL BLUFF DRIVE
VIRGINIA BEACH, VA 23455

| EXAMINER |
|---|
| SINGH-PANDEY, ARTI R |

| ART UNIT | PAPER NUMBER |
|---|---|
| 1786 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 10/21/2010 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A  (Rev. 04/07)

| Interview Summary | Application No. | Applicant(s) | |
|---|---|---|---|
| | 12/460,763 | TERRACINO ET AL. | |
| | **Examiner** | **Art Unit** | |
| | Arti Singh-Pandey | 1786 | |

All participants (applicant, applicant's representative, PTO personnel):

(1) _Arti Singh-Pandey_.                               (3)_____.

(2) _Wiliam Sykes_.                                   (4)_____.

   Date of Interview: _19 October 2010_.

   Type:  a)☒ Telephonic  b)☐ Video Conference
         c)☐ Personal [copy given to: 1)☐ applicant  2)☐ applicant's representative]

Exhibit shown or demonstration conducted:  d)☐ Yes    e)☐ No.
   If Yes, brief description: _____.

Claim(s) discussed: _____.

Identification of prior art discussed: _____.

Agreement with respect to the claims f)☐ was reached.  g)☐ was not reached.  h)☒ N/A.

Substance of Interview including description of the general nature of what was agreed to if an agreement was reached, or any other comments: _Applicant will file a response via fax, and has cancelled the interview scheduled for 10/20/2010 until the amendment has been reviewed. Examiner suggested filing of an RCE if the amendment would require further search and consideration._

(A fuller description, if necessary, and a copy of the amendments which the examiner agreed would render the claims allowable, if available, must be attached. Also, where no copy of the amendments that would render the claims allowable is available, a summary thereof must be attached.)

THE FORMAL WRITTEN REPLY TO THE LAST OFFICE ACTION MUST INCLUDE THE SUBSTANCE OF THE INTERVIEW. (See MPEP Section 713.04). If a reply to the last Office action has already been filed, APPLICANT IS GIVEN A NON-EXTENDABLE PERIOD OF THE LONGER OF ONE MONTH OR THIRTY DAYS FROM THIS INTERVIEW DATE, OR THE MAILING DATE OF THIS INTERVIEW SUMMARY FORM, WHICHEVER IS LATER, TO FILE A STATEMENT OF THE SUBSTANCE OF THE INTERVIEW. See Summary of Record of Interview requirements on reverse side or on attached sheet.

| /Arti Singh-Pandey/ | |
|---|---|
| Primary Examiner, Art Unit 1786 | |

Case 5:22-cv-00015-FL   Document 43-7   Filed 10/31/23   Page 119 of 206   EX. 6 0118

# Summary of Record of Interview Requirements

**Manual of Patent Examining Procedure (MPEP), Section 713.04, Substance of Interview Must be Made of Record**
A complete written statement as to the substance of any face-to-face, video conference, or telephone interview with regard to an application must be made of record in the application whether or not an agreement with the examiner was reached at the interview.

**Title 37 Code of Federal Regulations (CFR) § 1.133 Interviews**
Paragraph (b)

In every instance where reconsideration is requested in view of an interview with an examiner, a complete written statement of the reasons presented at the interview as warranting favorable action must be filed by the applicant. An interview does not remove the necessity for reply to Office action as specified in §§ 1.111, 1.135. (35 U.S.C. 132)

37 CFR §1.2 Business to be transacted in writing.
All business with the Patent or Trademark Office should be transacted in writing. The personal attendance of applicants or their attorneys or agents at the Patent and Trademark Office is unnecessary. The action of the Patent and Trademark Office will be based exclusively on the written record in the Office. No attention will be paid to any alleged oral promise, stipulation, or understanding in relation to which there is disagreement or doubt.

_____

The action of the Patent and Trademark Office cannot be based exclusively on the written record in the Office if that record is itself incomplete through the failure to record the substance of interviews.

It is the responsibility of the applicant or the attorney or agent to make the substance of an interview of record in the application file, unless the examiner indicates he or she will do so. It is the examiner's responsibility to see that such a record is made and to correct material inaccuracies which bear directly on the question of patentability.

Examiners must complete an Interview Summary Form for each interview held where a matter of substance has been discussed during the interview by checking the appropriate boxes and filling in the blanks. Discussions regarding only procedural matters, directed solely to restriction requirements for which interview recordation is otherwise provided for in Section 812.01 of the Manual of Patent Examining Procedure, or pointing out typographical errors or unreadable script in Office actions or the like, are excluded from the interview recordation procedures below. Where the substance of an interview is completely recorded in an Examiners Amendment, no separate Interview Summary Record is required.

The Interview Summary Form shall be given an appropriate Paper No., placed in the right hand portion of the file, and listed on the "Contents" section of the file wrapper. In a personal interview, a duplicate of the Form is given to the applicant (or attorney or agent) at the conclusion of the interview. In the case of a telephone or video-conference interview, the copy is mailed to the applicant's correspondence address either with or prior to the next official communication. If additional correspondence from the examiner is not likely before an allowance or if other circumstances dictate, the Form should be mailed promptly after the interview rather than with the next official communication.

The Form provides for recordation of the following information:
– Application Number (Series Code and Serial Number)
– Name of applicant
– Name of examiner
– Date of interview
– Type of interview (telephonic, video-conference, or personal)
– Name of participant(s) (applicant, attorney or agent, examiner, other PTO personnel, etc.)
– An indication whether or not an exhibit was shown or a demonstration conducted
– An identification of the specific prior art discussed
– An indication whether an agreement was reached and if so, a description of the general nature of the agreement (may be by attachment of a copy of amendments or claims agreed as being allowable). Note: Agreement as to allowability is tentative and does not restrict further action by the examiner to the contrary.
– The signature of the examiner who conducted the interview (if Form is not an attachment to a signed Office action)

It is desirable that the examiner orally remind the applicant of his or her obligation to record the substance of the interview of each case. It should be noted, however, that the Interview Summary Form will not normally be considered a complete and proper recordation of the interview unless it includes, or is supplemented by the applicant or the examiner to include, all of the applicable items required below concerning the substance of the interview.
A complete and proper recordation of the substance of any interview should include at least the following applicable items:
1) A brief description of the nature of any exhibit shown or any demonstration conducted,
2) an identification of the claims discussed,
3) an identification of the specific prior art discussed,
4) an identification of the principal proposed amendments of a substantive nature discussed, unless these are already described on the Interview Summary Form completed by the Examiner,
5) a brief identification of the general thrust of the principal arguments presented to the examiner,
   (The identification of arguments need not be lengthy or elaborate. A verbatim or highly detailed description of the arguments is not required. The identification of the arguments is sufficient if the general nature or thrust of the principal arguments made to the examiner can be understood in the context of the application file. Of course, the applicant may desire to emphasize and fully describe those arguments which he or she feels were or might be persuasive to the examiner.)
6) a general indication of any other pertinent matters discussed, and
7) if appropriate, the general results or outcome of the interview unless already described in the Interview Summary Form completed by the examiner.
Examiners are expected to carefully review the applicant's record of the substance of an interview. If the record is not complete and accurate, the examiner will give the applicant an extendable one month time period to correct the record.

## Examiner to Check for Accuracy

If the claims are allowable for other reasons of record, the examiner should send a letter setting forth the examiner's version of the statement attributed to him or her. If the record is complete and accurate, the examiner should place the indication, "Interview Record OK" on the paper recording the substance of the interview along with the date and the examiner's initials.

Ex. 6 0119

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 12/460,763 | 07/27/2009 | Bradie Terracino | WS - 119 | 2753 |

71490          7590          09/14/2010
WILLIAMS G. SYKES
3669 SEAGULL BLUFF DRIVE
VIRGINIA BEACH, VA 23455

| EXAMINER |
|---|
| SINGH-PANDEY, ARTI R |

| ART UNIT | PAPER NUMBER |
|---|---|
| 1786 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 09/14/2010 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A  (Rev. 04/07)

| | Application No. | Applicant(s) | |
|---|---|---|---|
| **Office Action Summary** | 12/460,763 | TERRACINO ET AL. | |
| | **Examiner** | **Art Unit** | |
| | Arti Singh-Pandey | 1786 | |

-- *The MAILING DATE of this communication appears on the cover sheet with the correspondence address* --

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTH(S) OR THIRTY (30) DAYS,
WHICHEVER IS LONGER, FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed
  after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
  Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any
  earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1)☒ Responsive to communication(s) filed on <u>21 June 2010</u>.

2a)☒ This action is **FINAL**.  2b)☐ This action is non-final.

3)☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is
closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims**

4)☐ Claim(s) _____ is/are pending in the application.

4a) Of the above claim(s) _____ is/are withdrawn from consideration.

5)☐ Claim(s) _____ is/are allowed.

6)☒ Claim(s) <u>1-8 and 17-24</u> is/are rejected.

7)☐ Claim(s) _____ is/are objected to.

8)☐ Claim(s) _____ are subject to restriction and/or election requirement.

**Application Papers**

9)☐ The specification is objected to by the Examiner.

10)☐ The drawing(s) filed on _____ is/are: a)☐ accepted or b)☐ objected to by the Examiner.

Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).

Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

11)☐ The oath or declaration is objected to by the Examiner. Note the attached Office Action or form PTO-152.

**Priority under 35 U.S.C. § 119**

12)☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

a)☐ All  b)☐ Some * c)☐ None of:

1.☐ Certified copies of the priority documents have been received.

2.☐ Certified copies of the priority documents have been received in Application No. _____.

3.☐ Copies of the certified copies of the priority documents have been received in this National Stage
application from the International Bureau (PCT Rule 17.2(a)).

* See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1)☒ Notice of References Cited (PTO-892)

2)☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)

3)☐ Information Disclosure Statement(s) (PTO/SB/08)
Paper No(s)/Mail Date _____.

4)☐ Interview Summary (PTO-413)
Paper No(s)/Mail Date. _____.

5)☐ Notice of Informal Patent Application

6)☐ Other: _____.

U.S. Patent and Trademark Office
PTOL-326 (Rev. 08-06)    Office Action Summary    Part of Paper No./Mail Date 20100911

EX. 6 0121

## DETAILED ACTION

### *Response to Amendment*

1.      The Examiner has carefully considered Applicant's amendments and
accompanying remarks dated 06/21/2010.  Applicant's amendments to the claims have
been entered; however create a new matter situation, for which a rejection is set forth
below.  Applicant has amended claims 1-4, added new claims 17-24 and cancelled
claims 9-16.  The previously applied art rejections is withdrawn  and new art rejection is
set forth below as the claims were amended.

### *Response to Arguments*

2.      Applicant's arguments with respect to claims 1-8 and 17-24 have been
considered but are moot in view of the new ground(s) of rejection.

3.      There is a bit of confusion, in the remarks section on starting on page 9 of the
response.  Applicant has amended the preamble language of the claim by closing up
the recitation and making it a two layered structure.  Applicant **DOES** have support for
this recitation, but **does not** have support for the limitation of "free from any cut pile".
This could also be construed as a negative limitation.  The claims containing this
recitation have all been rejected below.  This can be remedied by deleting such
language.

4.      The submission of the definitions of "Canvas" and "Plain weave" from Wikipedia
is not a reliable source, as Wikipedia can be altered by anyone and there is no known
date of this definition.  If Applicant intends to define any term, other than it being what is

Ex. 6        0122

generally know in the art, dated paperwork from a dictionary or reference may be

submitted and made a part of the record.

5.      Lastly, on page 10 of the remarks, Applicant states that the term "adsorbent" has

been, but in actuality the claims have been amended to say "absorbent" please clarify

which it is.

### Claim Rejections - 35 USC § 112

6.      The following is a quotation of the first paragraph of 35 U.S.C. 112:

> The specification shall contain a written description of the invention, and of the manner and process of
> making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the
> art to which it pertains, or with which it is most nearly connected, to make and use the same and shall
> set forth the best mode contemplated by the inventor of carrying out his invention.

7.      Claims 1-8 and 17-24 are rejected under 35 U.S.C. 112, first paragraph, as

failing to comply with the written description requirement.  The claim(s) contains subject

matter which was not described in the specification in such a way as to reasonably

convey to one skilled in the relevant art that the inventor(s), at the time the application

was filed, had possession of the claimed invention.  The limitation in the independent

claims 1 and 17 which recite in the third sentence, "free from any protecting cut pile"

does not have support from any part of the specification, claims or drawings.  In fact

there is no prior mention of pile at all.  All dependant claims are rejected as being

dependant upon Claims 1 and 17.

### Claim Rejections - 35 USC § 103

8.      The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all

obviousness rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set
> forth in section 102 of this title, if the differences between the subject matter sought to be patented and
> the prior art are such that the subject matter as a whole would have been obvious at the time the

invention was made to a person having ordinary skill in the art to which said subject matter pertains.
Patentability shall not be negatived by the manner in which the invention was made.

9.      Claims 1-8 and 17-24 are rejected under 35 U.S.C. 103(a) as being unpatentable

over USPN 6,946,183 issued to Malpass et al. in view of USPN 2274468 issued to Bell

or USPN 3565661 issued to Harrison et al.

10.     USPN 6,946,183 issued to Malpass et al. teaches a slip resistant floor mat

composed of one or more layers of material and a bottom layer or base layer, which

incorporates a plurality of recessions with inset suction cups (abstract).  The Examiner

is equating the suction cups to be equivalent to the dimples that are claims by Applicant

in Claims 5, 6, 21 and 22.  In column 2, the instant patent shows that the size, shape

and position of the recessions can be found in a variety of arrangements, and that their

width and height may vary.  Therefore, with regard to Applicant's limitations in Claim 5,

6, 21 and 22.  Malpass et al's motivation for using the varying heights and widths is for

improved performance of sticking to the surface (column 2, lines 67+).  Between these

suction cups is spacing, which is equivalent to Applicant's inter-dimple space.

        The floor mat comprises one or more layers laminated to the base layer which

includes the suction cups (column3, lines 4+).  These layers may be made of different

materials and can comprise an intermediate layers, which are typically sheets of

rubber and the uppermost layers can be rubber, carpet, yarn or another fabric.  The

Examiner is equating the intermediate layer to be equivalent either the impervious

layer or it could act as the attachment layer between the upper fabric and the lower

resilient rubber layer.  The Examiner is equating the rubber layer to be equivalent to

the lower resilient layer.  Malpass et al. teach what is set forth above but do not specify

the chemical make up of the fabric layer.  This is remedied by Bell or Harrison et al.

With regard to the limitations requiring a canvas, this is remedied by Bell.  Bell

teaches making a floor covering or a non-slip mat wherein the backing layer is a

canvas.  Therefore, a person a having ordinary skill in the art at the time the invention

was made would have found it obvious to used a canvas as one of the layers their mat.

One would have been motivated in doing so in order to create a mat that was flexible.

With regard to the limitations requiring woven cotton, this is remedied by Harrison

et al.  Harrison et al. teaches making a floor covering or a non-slip mat wherein the

backing layer is woven cotton.  Therefore, a person a having ordinary skill in the art at

the time the invention was made would have found it obvious to used woven cotton as

one of the layers their mat.  One would have been motivated in doing so in order to

create a mat that was flexible and could easily absorb any coating that could be further

applied to it, or simply to be absorbent in nature.

***Conclusion***

11.     Applicant's amendment necessitated the new ground(s) of rejection presented in

this Office action.  Accordingly, **THIS ACTION IS MADE FINAL**.  See MPEP

§ 706.07(a).  Applicant is reminded of the extension of time policy as set forth in 37

CFR 1.136(a).

A shortened statutory period for reply to this final action is set to expire THREE

MONTHS from the mailing date of this action.  In the event a first reply is filed within

TWO MONTHS of the mailing date of this final action and the advisory action is not

mailed until after the end of the THREE-MONTH shortened statutory period, then the

shortened statutory period will expire on the date the advisory action is mailed, and any

extension fee pursuant to 37 CFR 1.136(a) will be calculated from the mailing date of

the advisory action.  In no event, however, will the statutory period for reply expire later

than SIX MONTHS from the date of this final action.

Any inquiry concerning this communication or earlier communications from the

examiner should be directed to Arti Singh-Pandey whose telephone number is 571-272-

1483.  The examiner can normally be reached on M-R 8-6.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's

supervisor, Donald Tarazano can be reached on 571-272-1515.  The fax phone number

for the organization where this application or proceeding is assigned is 571-273-8300.

Information regarding the status of an application may be obtained from the

Patent Application Information Retrieval (PAIR) system.  Status information for

published applications may be obtained from either Private PAIR or Public PAIR.

Status information for unpublished applications is available through Private PAIR only.

For more information about the PAIR system, see http://pair-direct.uspto.gov. Should

you have questions on access to the Private PAIR system, contact the Electronic

Business Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a

USPTO Customer Service Representative or access to the automated information

system, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.

/Arti  Singh-Pandey/
Primary Examiner
Art Unit 1786

AP

| | | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|---|
| ***Notice of References Cited*** | | 12/460,763 | TERRACINO ET AL. |
| | | Examiner | Art Unit | Page 1 of 1 |
| | | Arti Singh-Pandey | 1786 | |

**U.S. PATENT DOCUMENTS**

| * | | Document Number Country Code-Number-Kind Code | Date MM-YYYY | Name | Classification |
|---|---|---|---|---|---|
| * | A | US-3,565,661 | 02-1971 | | 428/172 |
| * | B | US-1,552,852 | 09-1925 | INNES HARRY C | 428/76 |
| * | C | US-2,274,468 | 02-1942 | BELL HARRY W | 112/421 |
| * | D | US-6,946,183 | 09-2005 | Malpass et al. | 428/99 |
| * | E | US-2006/0001545 | 01-2006 | Wolf, Brian | 340/573.1 |
| | F | US- | | | |
| | G | US- | | | |
| | H | US- | | | |
| | I | US- | | | |
| | J | US- | | | |
| | K | US- | | | |
| | L | US- | | | |
| | M | US- | | | |

**FOREIGN PATENT DOCUMENTS**

| * | | Document Number Country Code-Number-Kind Code | Date MM-YYYY | Country | Name | Classification |
|---|---|---|---|---|---|---|
| | N | | | | | |
| | O | | | | | |
| | P | | | | | |
| | Q | | | | | |
| | R | | | | | |
| | S | | | | | |
| | T | | | | | |

**NON-PATENT DOCUMENTS**

| * | | Include as applicable: Author, Title Date, Publisher, Edition or Volume, Pertinent Pages) |
|---|---|---|
| | U | |
| | V | |
| | W | |
| | X | |

*A copy of this reference is not being furnished with this Office action. (See MPEP § 707.05(a).)
Dates in MM-YYYY format are publication dates. Classifications may be US or foreign.

U.S. Patent and Trademark Office
PTO-892 (Rev. 01-2001)          **Notice of References Cited**          Part of Paper No. 20100911

Case 5:22-cv-00015-FL   Document 43-7   Filed 10/31/23   Page 129 of 206   Ex. 6 0128

| Index of Claims | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 12460763 | TERRACINO ET AL. |
| | **Examiner** | **Art Unit** |
| | Arti Singh-Pandey | 1794 |

| ✓ | Rejected | - | Cancelled | N | Non-Elected | A | Appeal |
|---|---|---|---|---|---|---|---|
| = | Allowed | ÷ | Restricted | I | Interference | O | Objected |

| ☐ Claims renumbered in the same order as presented by applicant | ☐ CPA | ☐ T.D. | ☐ R.1.47 |
|---|---|---|---|

| CLAIM | | DATE | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Final | Original | 03/29/2010 | 09/11/2010 | | | | | | |
| | 1 | ✓ | ✓ | | | | | | |
| | 2 | ✓ | ✓ | | | | | | |
| | 3 | ✓ | ✓ | | | | | | |
| | 4 | ✓ | ✓ | | | | | | |
| | 5 | ✓ | ✓ | | | | | | |
| | 6 | ✓ | ✓ | | | | | | |
| | 7 | ✓ | ✓ | | | | | | |
| | 8 | ✓ | ✓ | | | | | | |
| | 9 | ✓ | - | | | | | | |
| | 10 | ✓ | - | | | | | | |
| | 11 | ✓ | - | | | | | | |
| | 12 | ✓ | - | | | | | | |
| | 13 | ✓ | - | | | | | | |
| | 14 | ✓ | - | | | | | | |
| | 15 | ✓ | - | | | | | | |
| | 16 | ✓ | - | | | | | | |
| | 17 | | ✓ | | | | | | |
| | 18 | | ✓ | | | | | | |
| | 19 | | ✓ | | | | | | |
| | 20 | | ✓ | | | | | | |
| | 21 | | ✓ | | | | | | |
| | 22 | | ✓ | | | | | | |
| | 23 | | ✓ | | | | | | |
| | 24 | | ✓ | | | | | | |

| *Search Notes* | **Application/Control No.** | **Applicant(s)/Patent Under Reexamination** |
|---|---|---|
| | 12460763 | TERRACINO ET AL. |
| | **Examiner** | **Art Unit** |
| | Arti Singh-Pandey | 1794 |

| **SEARCHED** | | | |
|---|---|---|---|
| **Class** | **Subclass** | **Date** | **Examiner** |
| | | | |

| **SEARCH NOTES** | | |
|---|---|---|
| **Search Notes** | **Date** | **Examiner** |
| east notes attached | 03/22/2010 | AP |
| updated | 9/11/2010 | AP |

| **INTERFERENCE SEARCH** | | | |
|---|---|---|---|
| **Class** | **Subclass** | **Date** | **Examiner** |
| | | | |

| | |
|---|---|
| | |

**EAST Search History**

**EAST Search History (Prior Art)**

| Ref # | Hits | Search Query | DBs | Default Operator | Plurals | Time Stamp |
|---|---|---|---|---|---|---|
| L1 | 41 | ((nonskid or nonslip or non-slip or non-skid or antiskid or anti-skid or protective or drop) with (drop cloth or covering or pad or mat or cloth) same (projection or protrusion or nodules or nub or dimple or tread or suction cup or vaccum cup or cleat)) same ((fabric or cloth or woven) same (cotton or canvas)) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT | ADJ | ON | 2010/09/12 15:23 |
| L2 | 27 | ((nonskid or nonslip or non-slip or non-skid or antiskid or anti-skid or protective or drop) with (drop cloth or covering or pad or mat or cloth) same (projection or protrusion or nodules or nub or dimple or tread or suction cup or vaccum cup or cleat)) same ((fabric or cloth or woven) same (cotton)) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT | ADJ | ON | 2010/09/12 15:30 |
| L3 | 0 | l2 not l1 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT | ADJ | ON | 2010/09/12 15:30 |
| S1 | 26 | (("1928943") or ("3488684") or ("0172545") or ("0152451") or ("200990068431") or ("20080131680") or ("20070275209") or ("20070220673") or ("20060162073") or ("7069607") or ("6961969") or ("6911407")).PN. | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | OR | OFF | 2010/03/26 23:04 |

Ex. 6 0131

| S2 | 0 | bradie adj3 terracino | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT | ADJ | ON | 2010/03/27 00:19 |
|----|---|----|----|----|----|----|
| S3 | 0 | robert adj terracino | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT | ADJ | ON | 2010/03/27 00:19 |
| S4 | 361 | non skid pad | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT | ADJ | ON | 2010/03/27 00:20 |
| S5 | 0 | S4 and (cheryl juska or arti singh) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT | ADJ | ON | 2010/03/27 00:20 |
| S6 | 0 | S4 and arti | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT | ADJ | ON | 2010/03/27 00:20 |
| S7 | 0 | arti rani singh | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT | ADJ | ON | 2010/03/27 00:21 |
| S8 | 0 | arti singh | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT | ADJ | ON | 2010/03/27 00:21 |
| S9 | 71 | S4 and (projection or nub or dimple or tread or suction cup or vaccum cup) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT | ADJ | ON | 2010/03/27 00:22 |
| S10 | 2 | woven and S9 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT | ADJ | ON | 2010/03/27 00:22 |
| S11 | 18 | S4 same (projection or nub or dimple or tread or suction cup or vaccum cup) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT | ADJ | ON | 2010/03/27 00:23 |

| | | | | | | |
|---|---|---|---|---|---|---|
| S12 | 0 | non skid pad amd "milliken" | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT | ADJ | ON | 2010/03/27 00:25 |
| S13 | 1 | non skid pad and "milliken" | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT | ADJ | ON | 2010/03/27 00:25 |
| S14 | 867 | non skid pad | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT | WITH | ON | 2010/03/27 00:26 |
| S15 | 65 | S14 same (projection or nub or dimple or tread or suction cup or vaccum cup) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT | ADJ | ON | 2010/03/27 00:27 |
| S16 | 979 | pad and "milliken" | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT | ADJ | ON | 2010/03/27 00:47 |
| S17 | 776 | (nonskid or nonslip) same (covering or pad or mat) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT | ADJ | ON | 2010/03/29 10:16 |
| S18 | 2521735 | (carrier or cloth or fabric same cotton or canvas) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT | ADJ | ON | 2010/03/29 10:16 |
| S19 | 2732735 | (carrier or cloth or woven or fabric same cotton or canvas) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT | ADJ | ON | 2010/03/29 10:17 |
| S20 | 167 | S17 and S19 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT | ADJ | ON | 2010/03/29 10:17 |
| S21 | 770463 | cleats or tread or spike or protrusion | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT | ADJ | ON | 2010/03/29 10:17 |

Ex. 6 0133

| S22 | 30 | S20 and S21 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT | ADJ | ON | 2010/03/29 10:18 |
|-----|-----|-----|-----|-----|-----|-----|
| S23 | 306433 | ("428").CLAS. | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | OR | OFF | 2010/03/29 10:18 |
| S24 | 5 | S22 and S23 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT | ADJ | ON | 2010/03/29 10:18 |
| S25 | 776 | (nonskid or nonslip) same (covering or pad or mat) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT | ADJ | ON | 2010/03/29 11:52 |
| S26 | 2732735 | (carrier or cloth or woven or fabric same cotton or canvas) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT | ADJ | ON | 2010/03/29 11:52 |
| S27 | 167 | S25 and S26 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT | ADJ | ON | 2010/03/29 11:52 |
| S28 | 770463 | cleats or tread or spike or protrusion | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT | ADJ | ON | 2010/03/29 11:52 |
| S29 | 30 | S27 and S28 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT | ADJ | ON | 2010/03/29 11:52 |
| S30 | 2 | ("6296919").PN. | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | OR | OFF | 2010/03/29 11:53 |
| S31 | 110343 | (nonskid or nonslip or non-slip or non-skid or antiskid or anti-skid or protective or drop) with (covering or pad or mat or cloth) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT | ADJ | ON | 2010/09/11 22:19 |
| S32 | 13329 | S31 and (projection or nub or dimple or tread or suction cup or vaccum cup or cleat) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT | ADJ | ON | 2010/09/11 22:30 |

| S33 | 2866 | S31 same (projection or nub or dimple or tread or suction cup or vaccum cup or cleat) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT | ADJ | ON | 2010/09/11 22:31 |
| S34 | 1227 | S31 with (projection or nub or dimple or tread or suction cup or vaccum cup or cleat) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT | ADJ | ON | 2010/09/11 22:31 |
| S35 | 2793 | ((nonskid or nonslip or non-slip or non-skid or antiskid or anti-skid or protective or drop) with (covering or pad or mat or cloth)) same (woven) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT | ADJ | ON | 2010/09/11 22:31 |
| S36 | 68 | S35 same (projection or nub or dimple or tread or suction cup or vaccum cup or cleat) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT | ADJ | ON | 2010/09/11 22:31 |
| S37 | 72 | S35 same (projection or protrusion or nub or dimple or tread or suction cup or vaccum cup or cleat) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT | ADJ | ON | 2010/09/11 22:35 |
| S38 | 3852870 | (stitchS3 or bondS3 or fastener or adhesive) or ("hook and loop") | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT | ADJ | ON | 2010/09/11 22:36 |
| S39 | 44 | S37 and S38 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT | ADJ | ON | 2010/09/11 22:36 |
| S40 | 72 | S35 same (projection or protrusion or nodules or nub or dimple or tread or suction cup or vaccum cup or cleat) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT | ADJ | ON | 2010/09/11 22:38 |
| S41 | 44 | S40 and S38 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT | ADJ | ON | 2010/09/11 22:38 |

| S42 | 3618 | (nonskid or nonslip or non-slip or non-skid or antiskid or anti-skid or protective or drop) with (drop cloth or covering or pad or mat or cloth) same (projection or protrusion or nodules or nub or dimple or tread or suction cup or vaccum cup or cleat) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT | ADJ | ON | 2010/09/11 22:43 |
|-----|------|------|------|-----|-----|------|
| S43 | 38820 | woven same (cotton or canvas) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT | ADJ | ON | 2010/09/11 22:44 |
| S44 | 45 | S42 and S43 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT | ADJ | ON | 2010/09/11 22:44 |
| S45 | 40 | S38 and S44 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT | ADJ | ON | 2010/09/11 22:44 |
| S46 | 28 | S45 not S41 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT | ADJ | ON | 2010/09/11 22:44 |
| S47 | 10 | (drop cloth) same (projection or protrusion or nodules or nub or dimple or tread or suction cup or vaccum cup or cleat) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT | ADJ | ON | 2010/09/11 23:27 |
| S48 | 113 | (tarp or bath mat) with (drop cloth or covering or pad or mat or cloth) same (projection or protrusion or nodules or nub or dimple or tread or suction cup or vaccum cup or cleat) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT | ADJ | ON | 2010/09/11 23:29 |
| S49 | 108 | (tarp or bath mat) with (projection or protrusion or nodules or nub or dimple or tread or suction cup or vaccum cup or cleat) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT | ADJ | ON | 2010/09/11 23:29 |

Ex. 6 0136

| S50 | 65 | S38 and S49 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT | ADJ | ON | 2010/09/11 23:30 |
| S51 | 2 | ("6946183").PN. | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | OR | OFF | 2010/09/12 14:21 |

**EAST Search History (Interference)**

< This search history is empty>

**9/12/2010 3:36:19 PM**
**C:\ Documents and Settings\ asingh\ My Documents\ EAST\ Workspaces\ 12460763.wsp**

6-22-10                    IFW

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Appl. No.        :    12/460,763              Conf. No. 2753

Applicant        :    Bradie Terracino et al.

Filed            :      July 27, 2009

TC/A.U.          :    1786

Examiner         :    Artir Singh-Pandey

Docket No.       :    WS-119

Title            :      NON-SKID PROTECTIVE CLOTH OR PAD

Customer No.     :    71490

## A M E N D M E N T

Commissioner for Patents
P.O. Box 1450
Alexandria VA 22313-1450


S I R:

     In response to the Office Action of April 1, 2010 please
amend the above-identified patent application as follows:


     **Amendments to the Claims** are reflected in the listing of
claims, which begins on page 2 of this paper.


     **Remarks/Arguments** begin on page 7 of this paper.


Docket No. WS-119        Page 1 of 12

**Amendments to the Claims:**

This listing of claims will replace all prior versions, and listings, of claims in the application:

**Listing of Claims:**

Claim 1. (currently amended)  A non-skid protective cloth or pad, ~~comprising~~ <u>consisting of</u>:

a)  a <u>single, absorbent, plain</u> woven upper layer <u>free from any protecting cut pile and</u> having an upper and a lower major surface;

b)  a <u>single</u> lower, resilient layer having an upper and a lower major surface, said upper major surface of said <u>single</u> lower resilient layer being disposed adjacent said lower layer of said <u>single, absorbent,</u> woven upper layer;  and

Docket No. WS-119      Page 2 of 12

    c)   means for fastening said <u>single, absorbent,</u> upper,

woven layer to said <u>single</u> lower resilient layer.

Claim 2. (currently amended) The non-skid protective

cloth or pad as recited in claim 1, wherein said <u>single,</u>

<u>absorbent,</u> woven, upper layer comprises a <u>plain</u> woven cotton

fabric.

Claim 3. (currently amended)  The non-skid protective

cloth or pad as recited in claim 1, wherein said <u>single,</u>

<u>absorbent,</u> woven, upper layer comprises canvas.

Claim 4. (currently amended) The non-skid protective

cloth or pad as recited in claim 1, wherein said <u>single</u> lower,

resilient layer comprises a network of downward projecting

dimples interconnected by <u>a</u> resilient grid.

Claim 5. (original) The non-skid protective cloth or pad

as recited in claim 4, wherein said downward projecting

dimples comprise dimples of at least two different diameters.

Case 5:22-cv-00015-FL   Document 43-7   Filed 10/31/23   Page 141 of 206
Ex. 6 0140

Claim 6. (original) The non-skid protective cloth or pad as recited in claim 4, wherein said downward projecting dimples comprise dimples of at least two different heights.

Claim 7. (original) The non-skid protective cloth or pad as recited in claim 4, wherein said downward projecting dimples are separated one from another by an inter-dimple space.

Claim 8. (original) The non-skid protective cloth or pad as recited in claim 1, wherein said means for fastening comprises at least one from the group: stitching, adhesive, hook-and-loop fasteners, and mechanical fasteners.

Claims 9 – 16 (cancelled)

Claim 17. (newly added) A non-skid protective cloth or pad, consisting of:

Case 5:22-cv-00015-FL   Document 43-7   Filed 10/31/23   Page 142 of 206
Ex. 6  0141

a)  a single, absorbent, plain woven upper layer free from any protecting cut pile and having an upper and a lower major surface;

b)  a single lower, resilient layer having an upper and a lower major surface, said upper major surface of said single lower resilient layer being disposed adjacent said lower layer of said single, absorbent, plain woven upper layer;

c)  an impervious member interposed between said single, absorbent, plain woven upper layer and said single lower, resilient member;

d)  means for fastening said single, absorbent, upper, woven layer to said interposed impervious member and said single lower resilient layer.

Claim 18. (newly added) The non-skid protective cloth or pad as recited in claim 17, wherein said single, absorptive woven, upper layer comprises a woven cotton fabric.

Case 5:22-cv-00015-FL   Document 43-7   Filed 10/31/23   Page 143 of 206   Ex. 6 0142

Claim 19. (newly added) The non-skid protective cloth or pad as recited in claim 17, wherein said woven, single, absorbent upper layer comprises canvas.

Claim 20. (newly added) The non-skid protective cloth or pad as recited in claim 17, wherein said single lower, resilient layer comprises a network of downward projecting dimples interconnected by a resilient grid.

Claim 21. (newly added) The non-skid protective cloth or pad as recited in claim 20, wherein said downward projecting dimples comprise dimples of at least two different diameters.

Claim 22. (newly added) The non-skid protective cloth or pad as recited in claim 20, wherein said downward projecting dimples comprise dimples of at least two different heights.

Claim 23. (newly added) The non-skid protective cloth or pad as recited in claim 20, wherein said downward projecting

Case 5:22-cv-00015-FL   Document 43-7   Filed 10/31/23   Page 144 of 206
Ex. 6 0143

dimples are separated one from another by an inter-dimple
space.

Claim 24. (newly added)  The non-skid protective cloth or
pad as recited in claim 17, wherein said means for fastening
comprises at least one from the group: stitching, adhesive,
hook-and-loop fasteners, and mechanical fasteners.

<u>REMARKS/ARGUMENTS</u>

Reconsideration of the above-identified application is
respectfully requested in view of the foregoing amendments and
the following remarks.  Claims 9 - 16 have been cancelled,
without prejudice.  Claims 17 - 24 have been newly added.
Claims 1 - 4, have been amended.  Claims 1 - 8 and 17 - 24
remain in the case.

The present invention features an absorbent painter's
drop cloth having a bottom gripping surface adapted to hold
the drop cloth in place on stairs and other such locations to
ensure the safety of a painter or other tradesman working

Docket No. WS-119     Page 7 of 12

thereon by preventing slippage of the drop cloth on the
environmental surface. The upper surface of the drop cloth
features an absorbent upper surface to ensure paint or other
such material spilled on the cloth is absorbed whereby
tracking of the spilled paint in minimized or prevented.

Claims 1 - 16 were rejected under 35 U.S.C. §103(a) as
being unpatentable over United States Patent No. 6,296,919 for
CUSHIONED CARPETED FLOOR MAT WITH AT LEAST ONE CUSHIONING
INTEGRATED RUBBER PROTRUSION, issued October 2, 2001 to James
N. Rockwell, Jr. et al. (hereinafter ROCKWELL), in view of
United States Patent No. 6,610,382 for FRICTION CONTROL
ARTICLE FOR WET AND DRY APPLICATIONS, issued August 26, 2003
to James J. Kobe et al. (hereinafter KOBE).

ROCKWELL teaches a multi layer composite floor mat. As
may be seen in ROCKWELL FIGURE 4, a carpet pile component 20
is formed from a carrier fabric 30 and cut pile fabric 32.
The carpet pile component is vulcanized to a first rubber
sheet 16 having rubber strips 18 placed adjacent the perimeter
of the floor mat.

Docket No. WS-119      Page 8 of 12

Ex. 6 0145

KOBE teaches a friction control article having a plurality of upstanding stems supported on one or more backing layers 22, 24 36 as seen in KOBE FIGURE 1.

As previously mentioned, the ROCKWELL upper component (i.e., carpet pile component 20) consisting of cut carpet piles 32 supported on a carrier fabric 30.

Applicants have amended claim 1 to change from an open claiming form (i.e., comprising) to a closed claim form (i.e., consisting of). Further, Applicants have amended claim 1 to recite that the upper component of their two layer structure consists of "a single, absorbent, plain woven upper layer free from any protecting cut pile and having an upper and a lower major surface." Applicants base their amendment upon a definition of canvas found on the Internet at Wikipedia.com.

"Modern canvas is usually made of cotton, although historically speaking, it was made from hemp. It differs from other heavy cotton fabrics, such as denim, in being plain weave rather than twill weave."

Case 5:22-cv-00015-FL   Document 43-7   Filed 10/31/23   Page 147 of 206   Ex. 6 0146

Wikipedia further defines plain weave as:

"Plain weave (also called tabby weave or taffeta weave) is the most basic of three fundamental types of textile weaves. It is strong and hard-wearing, used for fashion and furnishing fabrics. In plain weave, the warp and weft are aligned so they form a simple criss-cross pattern. Each weft thread crosses the warp threads by going over one, then under the next, and so on. The next weft thread goes under the warp threads that its neighbor went over, and vice versa."

Applicants have added "adsorbent" to their recitation of element (a). This is clearly supported by the instant specification" "Woven upper layer 102 is typically an absorbent, woven cotton material such as canvas or another canvas-like material." [Page 10, lines 8 – 10] Applicants believe that the amendment of claim 1, element (a) clearly results in a recitation that is patentably distinct from any teaching or suggestion of ROCKWELL. Further, no teaching or suggestion of KOBE modifies ROCKWELL in a manner to suggest Applicants' first, absorbent, plain woven upper layer.

Applicants have further amended element (b) of claim 1 to recite: "a single lower, resilient layer having an upper and a

Case 5:22-cv-00015-FL   Document 43-7   Filed 10/31/23   Page 148 of 206
Ex. 6 0147

lower major surface…".  Neither ROCKWELL nor KOBE teach or

suggest a single lower layer.

The thin, two layer structure described and now claimed

allows Applicant's drop cloth to readily conform to irregular

surfaces, specifically stairs to protect the surfaces thereof

while providing a safe, non skid surface for painters or other

tradesmen to work on.

The amendment of claim 1 clearly overcomes its rejection

under 35 U.S.C. §103(a) as being unpatentable over ROCKWELL in

view of KOBE.

Claims 2 – 8 depend from claim 1 and merely recite

additional limitations to a now allowable claim.

Consequently, the amendment of claim 1 is seen to also

overcome the rejection of claims 2 – 8 under 35 U.S.C. §103(a)

as being unpatentable over ROCKWELL in view of KOBE.

Claims 9 – 16 have been cancelled, thereby rendering

their rejection under 35 U.S.C. §103(a) as being unpatentable

over ROCKWELL in view of KOBE moot.

Docket No. WS-119      Page 11 of 12

Application. No. 12/460,763
Amendment dated June 12, 2010
Reply to Office Action of April 1, 2010


Newly added claims 17 - 24 have been structured in a manner similar to claims 1 - 8 and are also believed to define over ROCKWELL and/or KOBE.

Applicant respectfully requests that as all non-allowed claims are now cancelled that the application now be passed to issue.

*Express Mail*

Respectfully submitted,

I hereby certify that this correspondence is being deposited with the United States Postal Service as first class mail in an envelope addressed to:

Mail Stop _____
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

On _6/21/2010_
(Date of Deposit)

William G. Sykes, Esq. Reg. No. 50,704    (Date)
Attorney

William G. Sykes, Esq.
Registration No. 50,704
Attorney for Applicant
3699 Seagull Bluff Drive
Virginia Beach, VA 23455

Phone: (757) 490-8586
Fax: (757) 363-3405


Docket No. WS-119    Page 12 of 12

PTO/SB/06 (07-06)
Approved for use through 1/31/2007. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

| PATENT APPLICATION FEE DETERMINATION RECORD<br>Substitute for Form PTO-875 | Application or Docket Number<br>12/460,763 | Filing Date<br>07/27/2009 | ☐ To be Mailed |
|---|---|---|---|

### APPLICATION AS FILED – PART I

| | (Column 1) | (Column 2) | SMALL ENTITY ☒ | | OR | OTHER THAN<br>SMALL ENTITY | |
|---|---|---|---|---|---|---|---|
| **FOR** | NUMBER FILED | NUMBER EXTRA | RATE ($) | FEE ($) | | RATE ($) | FEE ($) |
| ☒ BASIC FEE (37 CFR 1.16(a), (b), or (c)) | N/A | N/A | N/A | 165 | | N/A | |
| ☒ SEARCH FEE (37 CFR 1.16(k), (i), or (m)) | N/A | N/A | N/A | 270 | | N/A | |
| ☒ EXAMINATION FEE (37 CFR 1.16(o), (p), or (q)) | N/A | N/A | N/A | 110 | | N/A | |
| TOTAL CLAIMS (37 CFR 1.16(i)) | minus 20 = | * | X $ = | | OR | X $ = | |
| INDEPENDENT CLAIMS (37 CFR 1.16(h)) | minus 3 = | * | X $ = | | | X $ = | |
| ☐ APPLICATION SIZE FEE (37 CFR 1.16(s)) | If the specification and drawings exceed 100 sheets of paper, the application size fee due is $250 ($125 for small entity) for each additional 50 sheets or fraction thereof. See 35 U.S.C. 41(a)(1)(G) and 37 CFR 1.16(s). | | | | | | |
| ☐ MULTIPLE DEPENDENT CLAIM PRESENT (37 CFR 1.16(j)) | | | | | | | |
| * If the difference in column 1 is less than zero, enter "0" in column 2. | | | TOTAL | 545 | | TOTAL | |

### APPLICATION AS AMENDED – PART II

| | | (Column 1)<br>CLAIMS REMAINING AFTER AMENDMENT | | (Column 2)<br>HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3)<br>PRESENT EXTRA | SMALL ENTITY | | OR | OTHER THAN<br>SMALL ENTITY | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | RATE ($) | ADDITIONAL FEE ($) | | RATE ($) | ADDITIONAL FEE ($) |
| **AMENDMENT** | 06/21/2010 Total (37 CFR 1.16(i)) | · 15 | Minus | ** 20 | = 0 | X $26 = | 0 | OR | X $ = | |
| | Independent (37 CFR 1.16(h)) | · 2 | Minus | *** 3 | = 0 | X $110 = | 0 | OR | X $ = | |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | | OR | | |
| | | | | | | TOTAL ADD'L FEE | 0 | OR | TOTAL ADD'L FEE | |

| | | (Column 1)<br>CLAIMS REMAINING AFTER AMENDMENT | | (Column 2)<br>HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3)<br>PRESENT EXTRA | RATE ($) | ADDITIONAL FEE ($) | OR | RATE ($) | ADDITIONAL FEE ($) |
|---|---|---|---|---|---|---|---|---|---|---|
| **AMENDMENT** | Total (37 CFR 1.16(i)) | * | Minus | ** | = | X $ = | | OR | X $ = | |
| | Independent (37 CFR 1.16(h)) | * | Minus | *** | = | X $ = | | OR | X $ = | |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | | | OR | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | | OR | | |
| | | | | | | TOTAL ADD'L FEE | | OR | TOTAL ADD'L FEE | |

* If the entry in column 1 is less than the entry in column 2, write "0" in column 3.
** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20".
*** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3".
The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1.

Legal Instrument Examiner:
/KATINA TOBIN/

This collection of information is required by 37 CFR 1.16. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**
If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.

Case 5:22-cv-00015-FL   Document 43-7   Filed 10/31/23   Page 151 of 206
Ex. 6 0150

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 12/460,763 | 07/27/2009 | Bradie Terracino | WS - 119 | 2753 |

71490          7590          04/01/2010
WILLIAMS G. SYKES
3669 SEAGULL BLUFF DRIVE
VIRGINIA BEACH, VA 23455

| EXAMINER |
|---|
| SINGH-PANDEY, ARTI R |

| ART UNIT | PAPER NUMBER |
|---|---|
| 1786 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 04/01/2010 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A  (Rev. 04/07)

| | **Application No.** | **Applicant(s)** |
|---|---|---|
| **Office Action Summary** | 12/460,763 | TERRACINO ET AL. |
| | **Examiner** | **Art Unit** | |
| | Arti Singh-Pandey | 1794 | |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTH(S) OR THIRTY (30) DAYS, WHICHEVER IS LONGER, FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133). Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1)☒ Responsive to communication(s) filed on <u>27 July 2009</u>.

2a)☐ This action is **FINAL**.  2b)☒ This action is non-final.

3)☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims**

4)☒ Claim(s) <u>1-16</u> is/are pending in the application.

　　4a) Of the above claim(s) _____ is/are withdrawn from consideration.

5)☐ Claim(s) _____ is/are allowed.

6)☒ Claim(s) <u>1-16</u> is/are rejected.

7)☐ Claim(s) _____ is/are objected to.

8)☐ Claim(s) _____ are subject to restriction and/or election requirement.

**Application Papers**

9)☐ The specification is objected to by the Examiner.

10)☐ The drawing(s) filed on _____ is/are: a)☐ accepted or b)☐ objected to by the Examiner.

　　Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).

　　Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

11)☐ The oath or declaration is objected to by the Examiner. Note the attached Office Action or form PTO-152.

**Priority under 35 U.S.C. § 119**

12)☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

　　a)☐ All  b)☐ Some * c)☐ None of:

　　　1.☐ Certified copies of the priority documents have been received.

　　　2.☐ Certified copies of the priority documents have been received in Application No. _____.

　　　3.☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

　　* See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1)☒ Notice of References Cited (PTO-892)

2)☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)

3)☒ Information Disclosure Statement(s) (PTO/SB/08) Paper No(s)/Mail Date <u>7/27/2009</u>.

4)☐ Interview Summary (PTO-413) Paper No(s)/Mail Date. _____.

5)☐ Notice of Informal Patent Application

6)☐ Other: _____.

Case 5:22-cv-00015-FL   Document 43-7   Filed 10/31/23   Page 153 of 206

EX. 6
0152

## DETAILED ACTION

### *Claim Rejections - 35 USC § 103*

1.      The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all

obviousness rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set
> forth in section 102 of this title, if the differences between the subject matter sought to be patented and
> the prior art are such that the subject matter as a whole would have been obvious at the time the
> invention was made to a person having ordinary skill in the art to which said subject matter pertains.
> Patentability shall not be negatived by the manner in which the invention was made.

2.      Claims 1-13 are rejected under 35 U.S.C. 103(a) as being unpatentable over US

6296919 issued to Rockwell Jr. et al. in view of US 6610382 issued to Kobe et al.

 Rockwell et al teach the multilayered composite structure n layer and then additional

provide a non-slip, cushioned, anti-fatigue carpeted floor covering article which permits

cleaning of a pedestrian's footwear.  Furthermore, it is an object of the invention to

provide a carpeted floor covering article for which the portion which provides the

cushioning characteristics simultaneously provides non-slip benefits.  An additional

object of this invention is to provide a non-slip, cushioned, antifatigue carpeted floor

covering article in which the cushioning aspects are provided by at least one integrated

rubber protrusion produced during the necessary vulcanization process.  Still a further

object of the invention is to provide a non-slip, cushioned carpeted floor covering article

which possesses sufficient flexibility to withstand periodical laundering in industrial

washing and drying machines.  Yet another object of this invention is to provide a floor

covering article which can substantially reduce a person's fatigue after standing on

such an article for appreciable periods of time as compared with other standard floor

covering articles. The cushioned floor covering article comprises a carrier fabric; a pile

material tufted into the carrier fabric which forms a pile surface on one side of the

carrier fabric; and a vulcanized expanded backing sheet of rubber attached to the other

side of the carrier fabric, wherein at least one protrusion integrated within said backing

sheet is present on the side of the backing opposite the side to which the carrier fabric

is attached.  Therefore, Rockwell Jr,. et al teaches the required layers but does to

allude to the physical properties of the gripping protrusions.  This is remedied by Kobe

et al.

3.      Kobe et al. discloses an improved friction control or gripping surface that has a

pleasant and soft feel, high frictional properties and good gripping performance in both

wet and dry conditions.  The gripping surface is a soft micro-structured surface having

an array of flexible upstanding stems of a variety of shapes produced from a

thermoplastic elastomer.  The size, spatial distribution, flexibility of the stems, stem

array pattern, and the properties of the elastomer material all contribute to the soft feel

of the surface, vibration dampening, and the gripping performance under wet and dry

conditions.  The various embodiments of the present friction or slip control surface may

include micro-channels, an absorbent layer and hydrophilic/hydrophobic regions all for

directing fluids away from the upstanding stems, leaving them dry and providing high

frictional performance even in wet conditions.  The present slip control article may be

formed in a sheet structure, such as a wrap that can be applied to another article.

Alternatively, the slip control article may be incorporated into a variety of molded or

manufactured articles, including sport grips for golf clubs, baseball bats, racquets,

bicycle handles, exercise equipment, household articles, construction and surgical tools,

non-slip walking surfaces for swimming pool decks, diving boards, bathtubs (column 1).

The Examiner is equating the gripping surface to be equivalent to the resilient layer and

the stems to be the downward protruding dimples.  The woven layer is equivalent to

absorbent layer or the backing layer.  There may be an adhesive applied to one side of

the backing layer for means of attachment to an additional layer (columns 1 and 2).

Mechanical fasteners can also be used to attach.  The arrays of upstanding stems come

in various shapes and sizes and are taught in column 3.  Said stems are constructed of

an elastomeric material and may be of several layers depending on the desired end

use.  If more friction control is required the number of stems may be increased.

Therefore, a person having ordinary skill in the art at the time the invention was made

would have found it obvious to have used the gripping stems and they various shapes

and configurations as taught by Kobe in the composite of Rockwell Jr. et al.  One would

have been motivated to do so in order to provide better suction control on the surface to

which is it has been applied too.

### Conclusion

Any inquiry concerning this communication or earlier communications from the

examiner should be directed to Arti Singh-Pandey whose telephone number is 571-272-

1483.  The examiner can normally be reached on M-R 8-6.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's

supervisor, Donald Tarazano can be reached on 571-272-1515.  The fax phone number

for the organization where this application or proceeding is assigned is 571-273-8300.

Ex. 6 0155

Information regarding the status of an application may be obtained from the

Patent Application Information Retrieval (PAIR) system.  Status information for

published applications may be obtained from either Private PAIR or Public PAIR.

Status information for unpublished applications is available through Private PAIR only.

For more information about the PAIR system, see http://pair-direct.uspto.gov. Should

you have questions on access to the Private PAIR system, contact the Electronic

Business Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a

USPTO Customer Service Representative or access to the automated information

system, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.


/Arti  Singh-Pandey/
Primary Examiner
Art Unit 1794

AP

| | | Application/Control No. | Applicant(s)/Patent Under Reexamination | |
|---|---|---|---|---|
| ***Notice of References Cited*** | | 12/460,763 | TERRACINO ET AL. | |
| | | Examiner | Art Unit | |
| | | Arti Singh-Pandey | 1794 | Page 1 of 1 |

**U.S. PATENT DOCUMENTS**

| * | | Document Number Country Code-Number-Kind Code | Date MM-YYYY | Name | Classification |
|---|---|---|---|---|---|
| * | A | US-6,296,919 | 10-2001 | Rockwell et al. | 428/85 |
| * | B | US-6,093,469 | 07-2000 | Callas, Michael T. | 428/95 |
| * | C | US-6,610,382 | 08-2003 | Kobe et al. | 428/119 |
| | D | US- | | | |
| | E | US- | | | |
| | F | US- | | | |
| | G | US- | | | |
| | H | US- | | | |
| | I | US- | | | |
| | J | US- | | | |
| | K | US- | | | |
| | L | US- | | | |
| | M | US- | | | |

**FOREIGN PATENT DOCUMENTS**

| * | | Document Number Country Code-Number-Kind Code | Date MM-YYYY | Country | Name | Classification |
|---|---|---|---|---|---|---|
| | N | | | | | |
| | O | | | | | |
| | P | | | | | |
| | Q | | | | | |
| | R | | | | | |
| | S | | | | | |
| | T | | | | | |

**NON-PATENT DOCUMENTS**

| * | | Include as applicable: Author, Title Date, Publisher, Edition or Volume, Pertinent Pages) |
|---|---|---|
| | U | |
| | V | |
| | W | |
| | X | |

*A copy of this reference is not being furnished with this Office action. (See MPEP § 707.05(a).)
Dates in MM-YYYY format are publication dates. Classifications may be US or foreign.

U.S. Patent and Trademark Office
PTO-892 (Rev. 01-2001)                    **Notice of References Cited**                    Part of Paper No. 20100329

Ex. 6 0157

| Index of Claims | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 12460763 | TERRACINO ET AL. |
| | Examiner | Art Unit |
| | Arti Singh-Pandey | 1794 |

| ✓ | Rejected | - | Cancelled | N | Non-Elected | A | Appeal |
|---|---|---|---|---|---|---|---|
| = | Allowed | ÷ | Restricted | I | Interference | O | Objected |

| ☐ Claims renumbered in the same order as presented by applicant | | ☐ CPA | ☐ T.D. | ☐ R.1.47 |
|---|---|---|---|---|

| CLAIM | | DATE | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Final | Original | 03/29/2010 | | | | | | | | |
| | 1 | ✓ | | | | | | | | |
| | 2 | ✓ | | | | | | | | |
| | 3 | ✓ | | | | | | | | |
| | 4 | ✓ | | | | | | | | |
| | 5 | ✓ | | | | | | | | |
| | 6 | ✓ | | | | | | | | |
| | 7 | ✓ | | | | | | | | |
| | 8 | ✓ | | | | | | | | |
| | 9 | ✓ | | | | | | | | |
| | 10 | ✓ | | | | | | | | |
| | 11 | ✓ | | | | | | | | |
| | 12 | ✓ | | | | | | | | |
| | 13 | ✓ | | | | | | | | |
| | 14 | ✓ | | | | | | | | |
| | 15 | ✓ | | | | | | | | |
| | 16 | ✓ | | | | | | | | |

Ex. 6 0158

| | | |
|---|---|---|
| ***Search Notes*** <br> ‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖ | **Application/Control No.** <br><br> 12460763 | **Applicant(s)/Patent Under Reexamination** <br> TERRACINO ET AL. |
| | **Examiner** <br><br> Arti Singh-Pandey | **Art Unit** <br><br> 1794 |

| SEARCHED | | | |
|---|---|---|---|
| **Class** | **Subclass** | **Date** | **Examiner** |
| | | | |

| SEARCH NOTES | | |
|---|---|---|
| **Search Notes** | **Date** | **Examiner** |
| east notes attached | 03/22/2010 | AP |

| INTERFERENCE SEARCH | | | |
|---|---|---|---|
| **Class** | **Subclass** | **Date** | **Examiner** |
| | | | |

| | |
|---|---|
| | |

U.S. Patent and Trademark Office                                                          Part of Paper No. : 20100329



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

## BIB DATA SHEET

**CONFIRMATION NO. 2753**

| SERIAL NUMBER | FILING or 371(c) DATE | CLASS | GROUP ART UNIT | ATTORNEY DOCKET NO. |
|---|---|---|---|---|
| 12/460,763 | 07/27/2009 **RULE** | 002 | 1794 | WS - 119 |

**APPLICANTS**
Bradie Terracino, Virginia Beach, VA;
Robert Terracino, Virginia Beach, VA;

** CONTINUING DATA **************************

** FOREIGN APPLICATIONS **************************

** IF REQUIRED, FOREIGN FILING LICENSE GRANTED ** ** SMALL ENTITY **
08/07/2009

| Foreign Priority claimed ☐ Yes ☑ No | ☐ Met after Allowance | STATE OR COUNTRY | SHEETS DRAWINGS | TOTAL CLAIMS | INDEPENDENT CLAIMS |
|---|---|---|---|---|---|
| 35 USC 119(a-d) conditions met ☐ Yes ☑ No | | | | | |
| Verified and /ARTI R SINGH-PANDEY/ | | VA | 3 | 16 | 1 |
| Acknowledged Examiner's Signature | Initials | | | | |

**ADDRESS**
WILLIAMS G. SYKES
3669 SEAGULL BLUFF DRIVE
VIRGINIA BEACH, VA 23455
UNITED STATES

**TITLE**
Non-skid protective cloth or pad

| FILING FEE RECEIVED 545 | FEES: Authority has been given in Paper No._____ to charge/credit DEPOSIT ACCOUNT No._____ for following: | ☐ All Fees |
|---|---|---|
| | | ☐ 1.16 Fees (Filing) |
| | | ☐ 1.17 Fees (Processing Ext. of time) |
| | | ☐ 1.18 Fees (Issue) |
| | | ☐ Other _____ |
| | | ☐ Credit |

BIB (Rev. 05/07).

**EAST Search History**

**EAST Search History (Prior Art)**

| Ref # | Hits | Search Query | DBs | Default Operator | Plurals | Time Stamp |
|---|---|---|---|---|---|---|
| L3 | 776 | (nonskid or nonslip) same (covering or pad or mat) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT | ADJ | ON | 2010/03/29 11:52 |
| L4 | 2732735 | (carrier or cloth or woven or fabric same cotton or canvas) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT | ADJ | ON | 2010/03/29 11:52 |
| L5 | 167 | L3 and L4 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT | ADJ | ON | 2010/03/29 11:52 |
| L6 | 770463 | cleats or tread or spike or protrusion | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT | ADJ | ON | 2010/03/29 11:52 |
| L7 | 30 | L5 and L6 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT | ADJ | ON | 2010/03/29 11:52 |
| L8 | 2 | ("6296919").PN. | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | OR | OFF | 2010/03/29 11:53 |
| S1 | 26 | (("1928943") or ("3488684") or ("0172545") or ("0152451") or ("200990068431") or ("20080131680") or ("20070275209") or ("20070220673") or ("20060162073") or ("7069607") or ("6961969") or ("6911407")).PN. | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | OR | OFF | 2010/03/26 23:04 |
| S2 | 0 | bradie adj3 terracino | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT | ADJ | ON | 2010/03/27 00:19 |

| S3 | 0 | robert adj terracino | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT | ADJ | ON | 2010/03/27 00:19 |
|----|---|---------------------|-------------------------------------------------|-----|----|-----------------|
| S4 | 361 | non skid pad | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT | ADJ | ON | 2010/03/27 00:20 |
| S5 | 0 | S4 and (cheryl juska or arti singh) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT | ADJ | ON | 2010/03/27 00:20 |
| S6 | 0 | S4 and arti | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT | ADJ | ON | 2010/03/27 00:20 |
| S7 | 0 | arti rani singh | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT | ADJ | ON | 2010/03/27 00:21 |
| S8 | 0 | arti singh | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT | ADJ | ON | 2010/03/27 00:21 |
| S9 | 71 | S4 and (projection or nub or dimple or tread or suction cup or vaccum cup) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT | ADJ | ON | 2010/03/27 00:22 |
| S10 | 2 | woven and S9 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT | ADJ | ON | 2010/03/27 00:22 |
| S11 | 18 | S4 same (projection or nub or dimple or tread or suction cup or vaccum cup) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT | ADJ | ON | 2010/03/27 00:23 |
| S12 | 0 | non skid pad amd "milliken" | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT | ADJ | ON | 2010/03/27 00:25 |

| S13 | 1 | non skid pad and "milliken" | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT | ADJ | ON | 2010/03/27 00:25 |
| S14 | 867 | non skid pad | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT | WITH | ON | 2010/03/27 00:26 |
| S15 | 65 | S14 same (projection or nub or dimple or tread or suction cup or vaccum cup) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT | ADJ | ON | 2010/03/27 00:27 |
| S16 | 979 | pad and "milliken" | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT | ADJ | ON | 2010/03/27 00:47 |
| S17 | 776 | (nonskid or nonslip) same (covering or pad or mat) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT | ADJ | ON | 2010/03/29 10:16 |
| S18 | 2521735 | (carrier or cloth or fabric same cotton or canvas) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT | ADJ | ON | 2010/03/29 10:16 |
| S19 | 2732735 | (carrier or cloth or woven or fabric same cotton or canvas) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT | ADJ | ON | 2010/03/29 10:17 |
| S20 | 167 | S17 and S19 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT | ADJ | ON | 2010/03/29 10:17 |
| S21 | 770463 | cleats or tread or spike or protrusion | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT | ADJ | ON | 2010/03/29 10:17 |
| S22 | 30 | S20 and S21 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT | ADJ | ON | 2010/03/29 10:18 |

Ex. 6 0163

| S23 | 306433 | ("428").CLAS. | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | OR | OFF | 2010/03/29 10:18 |
| S24 | 5 | S22 and S23 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT | ADJ | ON | 2010/03/29 10:18 |

**EAST Search History (Interference)**

< This search history is empty>

**3/29/2010 12:00:22 PM**
**C:\ Documents and Settings\ asingh\ My Documents\ EAST\ Workspaces\ 12460763.wsp**

PTO/SB/08a (08-09)
Approved for use through 07/31/2009. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

Substitute for form 1449/PTO

**INFORMATION DISCLOSURE STATEMENT BY APPLICANT**

*(Use as many sheets as necessary)*

| Complete if Known | |
|---|---|
| Application Number | |
| Filing Date | |
| First Named Inventor | Terracino, Bradie et al. |
| Art Unit | |
| Examiner Name | |
| Attorney Docket Number | WS - 119 |

Sheet | 1 | of | 1

## U. S. PATENT DOCUMENTS

| Examiner Initials* | Cite No.[1] | Document Number<br>Number-Kind Code[2] (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| /A.S.P./ | | US- 1928943 | 10-03-1933 | McKay | |
| /A.S.P./ | | US- 3488684 | 10-03-1933 | Wrightson | |
| /A.S.P./ | | US- 1728545 | 09-17-1929 | Haushalter | |
| /A.S.P./ | | US- 152451 | 06-30-1874 | Allerton | |
| /A.S.P./ | | US- 200990068431 | 03-12-2009 | Hoernigmann | |
| /A.S.P./ | | US- 20080131680 | 06-05-2008 | Bilton | |
| /A.S.P./ | | US- 20070275209 | 11-29-2007 | Netravali | |
| /A.S.P./ | | US- 20070220673 | 09-27-2007 | Nichols | |
| /A.S.P./ | | US- 20060162073 | 07-27-2006 | Nichols | |
| /A.S.P./ | | US- 7069607 | 07-04-2006 | Nichols | |
| /A.S.P./ | | US- 6961969 | 11-08-2005 | Nichols | |
| /A.S.P./ | | US- 6911407 | 06-28-2005 | Sherrod | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |

## FOREIGN PATENT DOCUMENTS

| Examiner Initials* | Cite No.[1] | Foreign Patent Document<br>Country Code[3]-Number[4]-Kind Code[5] (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages Or Relevant Figures Appear | T[6] |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

| Examiner Signature | /Arti Singh-Pandey/ | Date Considered | 03/26/2010 |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant. [1] Applicant's unique citation designation number (optional). [2] See Kinds Codes of USPTO Patent Documents at www.uspto.gov or MPEP 901.04. [3] Enter Office that issued the document, by the two-letter code (WIPO Standard ST.3). [4] For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document. [5] Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST.16 if possible. [6] Applicant is to place a check mark here if English language Translation is attached.

This collection of information is required by 37 CFR 1.97 and 1.98. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 2 hours to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.
If you need assistance in completing the form, call 1-800-PTO-9199 (1-800-786-9199) and select option 2.

 UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NUMBER | FILING or 371(c) DATE | GRP ART UNIT | FIL FEE REC'D | ATTY.DOCKET.NO | TOT CLAIMS | IND CLAIMS |
|---|---|---|---|---|---|---|
| 12/460,763 | 07/27/2009 | 3765 | 545 | WS - 119 | 16 | 1 |

**CONFIRMATION NO. 2753**

71490
WILLIAMS G. SYKES
3669 SEAGULL BLUFF DRIVE
VIRGINIA BEACH, VA 23455

**FILING RECEIPT**

*OC000000037287678*

Date Mailed: 08/12/2009

Receipt is acknowledged of this non-provisional patent application. The application will be taken up for examination in due course. Applicant will be notified as to the results of the examination. Any correspondence concerning the application must include the following identification information: the U.S. APPLICATION NUMBER, FILING DATE, NAME OF APPLICANT, and TITLE OF INVENTION. Fees transmitted by check or draft are subject to collection. Please verify the accuracy of the data presented on this receipt. **If an error is noted on this Filing Receipt, please submit a written request for a Filing Receipt Correction. Please provide a copy of this Filing Receipt with the changes noted thereon. If you received a "Notice to File Missing Parts" for this application, please submit any corrections to this Filing Receipt with your reply to the Notice. When the USPTO processes the reply to the Notice, the USPTO will generate another Filing Receipt incorporating the requested corrections**

**Applicant(s)**

Bradie Terracino, Virginia Beach, VA;
Robert Terracino, Virginia Beach, VA;

**Power of Attorney:** The patent practitioners associated with Customer Number 71490

**Domestic Priority data as claimed by applicant**

**Foreign Applications**

Permission to Access - A proper **Authorization to Permit Access to Application by Participating Offices** (PTO/SB/39 or its equivalent) has been received by the USPTO.

**If Required, Foreign Filing License Granted:** 08/07/2009

The country code and number of your priority application, to be used for filing abroad under the Paris Convention, is **US 12/460,763**

**Projected Publication Date:** 01/27/2011

**Non-Publication Request:** No

**Early Publication Request:** No
** SMALL ENTITY **

page 1 of 3

Ex. 6 0166

**Title**

Non-skid protective cloth or pad

**Preliminary Class**

002

## PROTECTING YOUR INVENTION OUTSIDE THE UNITED STATES

Since the rights granted by a U.S. patent extend only throughout the territory of the United States and have no effect in a foreign country, an inventor who wishes patent protection in another country must apply for a patent in a specific country or in regional patent offices. Applicants may wish to consider the filing of an international application under the Patent Cooperation Treaty (PCT). An international (PCT) application generally has the same effect as a regular national patent application in each PCT-member country. The PCT process **simplifies** the filing of patent applications on the same invention in member countries, but **does not result** in a grant of "an international patent" and does not eliminate the need of applicants to file additional documents and fees in countries where patent protection is desired.

Almost every country has its own patent law, and a person desiring a patent in a particular country must make an application for patent in that country in accordance with its particular laws. Since the laws of many countries differ in various respects from the patent law of the United States, applicants are advised to seek guidance from specific foreign countries to ensure that patent rights are not lost prematurely.

Applicants also are advised that in the case of inventions made in the United States, the Director of the USPTO must issue a license before applicants can apply for a patent in a foreign country. The filing of a U.S. patent application serves as a request for a foreign filing license. The application's filing receipt contains further information and guidance as to the status of applicant's license for foreign filing.

Applicants may wish to consult the USPTO booklet, "General Information Concerning Patents" (specifically, the section entitled "Treaties and Foreign Patents") for more information on timeframes and deadlines for filing foreign patent applications. The guide is available either by contacting the USPTO Contact Center at 800-786-9199, or it can be viewed on the USPTO website at http://www.uspto.gov/web/offices/pac/doc/general/index.html.

For information on preventing theft of your intellectual property (patents, trademarks and copyrights), you may wish to consult the U.S. Government website, http://www.stopfakes.gov. Part of a Department of Commerce initiative, this website includes self-help "toolkits" giving innovators guidance on how to protect intellectual property in specific countries such as China, Korea and Mexico. For questions regarding patent enforcement issues, applicants may call the U.S. Government hotline at 1-866-999-HALT (1-866-999-4158).

## LICENSE FOR FOREIGN FILING UNDER

### Title 35, United States Code, Section 184

### Title 37, Code of Federal Regulations, 5.11 & 5.15

**GRANTED**

The applicant has been granted a license under 35 U.S.C. 184, if the phrase "IF REQUIRED, FOREIGN FILING LICENSE GRANTED" followed by a date appears on this form. Such licenses are issued in all applications where the conditions for issuance of a license have been met, regardless of whether or not a license may be required as

set forth in 37 CFR 5.15. The scope and limitations of this license are set forth in 37 CFR 5.15(a) unless an earlier license has been issued under 37 CFR 5.15(b). The license is subject to revocation upon written notification. The date indicated is the effective date of the license, unless an earlier license of similar scope has been granted under 37 CFR 5.13 or 5.14.

This license is to be retained by the licensee and may be used at any time on or after the effective date thereof unless it is revoked. This license is automatically transferred to any related applications(s) filed under 37 CFR 1.53(d). This license is not retroactive.

The grant of a license does not in any way lessen the responsibility of a licensee for the security of the subject matter as imposed by any Government contract or the provisions of existing laws relating to espionage and the national security or the export of technical data. Licensees should apprise themselves of current regulations especially with respect to certain countries, of other agencies, particularly the Office of Defense Trade Controls, Department of State (with respect to Arms, Munitions and Implements of War (22 CFR 121-128)); the Bureau of Industry and Security, Department of Commerce (15 CFR parts 730-774); the Office of Foreign AssetsControl, Department of Treasury (31 CFR Parts 500+) and the Department of Energy.

**NOT GRANTED**

No license under 35 U.S.C. 184 has been granted at this time, if the phrase "IF REQUIRED, FOREIGN FILING LICENSE GRANTED" DOES NOT appear on this form. Applicant may still petition for a license under 37 CFR 5.12, if a license is desired before the expiration of 6 months from the filing date of the application. If 6 months has lapsed from the filing date of this application and the licensee has not received any indication of a secrecy order under 35 U.S.C. 181, the licensee may foreign file the application pursuant to 37 CFR 5.15(b).

page 3 of 3

Ex. 6 0168



# UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NUMBER | FILING OR 371(C) DATE | FIRST NAMED APPLICANT | ATTY. DOCKET NO./TITLE |
|---|---|---|---|
| 12/460,763 | 07/27/2009 | Bradie Terracino | WS - 119 |

**CONFIRMATION NO. 2753**

71490
WILLIAMS G. SYKES
3669 SEAGULL BLUFF DRIVE
VIRGINIA BEACH, VA 23455

**POA ACCEPTANCE LETTER**


OC000000037267654

Date Mailed: 08/12/2009

## NOTICE OF ACCEPTANCE OF POWER OF ATTORNEY

This is in response to the Power of Attorney filed 07/27/2009.

The Power of Attorney in this application is accepted. Correspondence in this application will be mailed to the above address as provided by 37 CFR 1.33.

/rsantos/

Office of Data Management, Application Assistance Unit (571) 272-4000, or (571) 272-4200, or 1-888-786-0101

page 1 of 1

0919
07270 U.S.PTO

PTO/SB/05 (08-08)
Approved for use through 06/30/2010. OMB 0651-0032
U.S. Patent and Trademark Office. U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

# UTILITY
# PATENT APPLICATION
# TRANSMITTAL

*(Only for new nonprovisional applications under 37 CFR 1.53(b))*

| | |
|---|---|
| *Attorney Docket No.* | WS - 119 |
| *First Inventor* | Terracino, Bradie et el. |
| *Title* | Non-Skid Protective Cloth or Pad |
| *Express Mail Label No.* | |

**APPLICATION ELEMENTS**
*See MPEP chapter 600 concerning utility patent application contents.*

*ADDRESS TO:*  **Commissioner for Patents**
P.O. Box 1450
Alexandria VA 22313-1450

1. ☑ **Fee Transmittal Form** (e.g., PTO/SB/17)

2. ☑ **Applicant claims small entity status.**
See 37 CFR 1.27.

3. ☑ **Specification** [Total Pages ___20___ ]
Both the claims and abstract must start on a new page
(For information on the preferred arrangement, see MPEP 608.01(a))

4. ☑ **Drawing(s)** (35 U.S.C. 113) [Total Sheets ___3___ ]

5. **Oath or Declaration** [Total Sheets _____ ]
   a. ☑ Newly executed (original or copy)
   b. ☐ A copy from a prior application (37 CFR 1.63(d))
      (for continuation/divisional with Box 18 completed)
      i. ☐ DELETION OF INVENTOR(S)
         Signed statement attached deleting inventor(s)
         name in the prior application, see 37 CFR
         1.63(d)(2) and 1.33(b).

6. ☐ **Application Data Sheet.** See 37 CFR 1.76

7. ☐ **CD-ROM or CD-R** in duplicate, large table or
   Computer Program (Appendix)
   ☐ Landscape Table on CD

8. **Nucleotide and/or Amino Acid Sequence Submission**
   (if applicable, items a. – c. are required)
   a. ☐ Computer Readable Form (CRF)
   b. Specification Sequence Listing on:
      i. ☐ CD-ROM or CD-R (2 copies); or
      ii. ☐ Paper
   c. ☐ Statements verifying identity of above copies

**ACCOMPANYING APPLICATION PARTS**

9. ☐ **Assignment Papers** (cover sheet & document(s))
   Name of Assignee _____

10. ☐ **37 CFR 3.73(b) Statement**          ☐ **Power of**
    (when there is an assignee)                **Attorney**

11. ☐ **English Translation Document** (if applicable)

12. ☑ **Information Disclosure Statement** (PTO/SB/08 or PTO-1449)
    ☐ Copies of citations attached

13. ☐ **Preliminary Amendment**

14. ☐ **Return Receipt Postcard** (MPEP 503)
    (Should be specifically itemized)

15. ☐ **Certified Copy of Priority Document(s)**
    (if foreign priority is claimed)

16. ☐ **Nonpublication Request** under 35 U.S.C. 122(b)(2)(B)(i).
    Applicant must attach form PTO/SB/35 or equivalent.

17. ☐ Other: _____

18. If a CONTINUING APPLICATION, check appropriate box, and supply the requisite information below and in the first sentence of the
specification following the title, or in an Application Data Sheet under 37 CFR 1.76:

☐ Continuation    ☐ Divisional    ☐ Continuation-in-part (CIP)    of prior application No.: ...........................

*Prior application information:*    *Examiner* _____    *Art Unit:* _____

## 19. CORRESPONDENCE ADDRESS

☑ The address associated with Customer Number: | 71490 |    **OR**    ☐ Correspondence address below

| Name | |
|---|---|
| Address | |

| City | | State | | Zip Code | |
|---|---|---|---|---|---|
| Country | | Telephone | | Email | |

| Signature | *(signature)* | Date | 7/22/2009 |
|---|---|---|---|
| Name (Print/Type) | William G. Sykes | Registration No. (Attorney/Agent) | 50704 |

This collection of information is required by 37 CFR 1.53(b). The information is required to obtain or retain a benefit by the public which is to file (and by the
USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14. This collection is estimated to take 12 minutes to
complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any
comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer,
U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED
FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**
*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*



william**Sykes** Law

*www.williamsykeslaw.com*

3669 Seagull Bluff Drive • Virginia Beach, Virginia 23455 • Office: 757·490·8586 • Fax: 757·363·3405 • *william@williamsykeslaw.com*

July 22, 2009

Commissioner for Patents
P. O. Box 1450
Alexandria, VA 22313-1450

Re:    Utility Patent Application
        Non-Skid Protective Cloth or Pad
        Inventor:  Terracino, Bradie and Robert
        Attorney Registration No.  50704

Dear Madam or Sir:

        Enclosed is the utility patent application for Bradie and Robert Terracino including the following:

        Utility Patent Application Transmittal
        Fee Transmittal for FY 2009
        Check #4103, 07/22/2009, $545.00
        Self Addressed, Stamped Post Card
        Power of Attorney
        Information Disclosure Statement by Applicant
        Declaration for Utility Patent Application
        Specification, Claims and Abstract
        Three (3) Drawing Sheets

        Please give me a call if you need any additional information.  Thank you!

                                        Sincerely,

                                        William G. Sykes

cc:    Bradie and Robert Terracino

Ex. 6 0171

PTO/SB/17 (10-08)
Approved for use through 06/30/2010. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number

# FEE TRANSMITTAL

Effective on 12/08/2004.
Fees pursuant to the Consolidated Appropriations Act, 2005 (H.R. 4818).

**For FY 2009**

☑ Applicant claims small entity status. See 37 CFR 1.27

| | | |
|---|---|---|
| TOTAL AMOUNT OF PAYMENT | ($) | 545.00 |

**Complete if Known**

| | |
|---|---|
| Application Number | |
| Filing Date | |
| First Named Inventor | Terracino, Bradie et al. |
| Examiner Name | |
| Art Unit | |
| Attorney Docket No. | WS - 119 |

## METHOD OF PAYMENT (check all that apply)

✓ Check ☐ Credit Card ☐ Money Order ☐ None ☐ Other (please identify):_____

☐ Deposit Account   Deposit Account Number:_____   Deposit Account Name:_____

For the above-identified deposit account, the Director is hereby authorized to: (check all that apply)

☐ Charge fee(s) indicated below     ☐ Charge fee(s) indicated below, except for the filing fee

☐ Charge any additional fee(s) or underpayments of fee(s)     ☐ Credit any overpayments
under 37 CFR 1.16 and 1.17

WARNING: Information on this form may become public. Credit card information should not be included on this form. Provide credit card
information and authorization on PTO-2038.

## FEE CALCULATION

### 1. BASIC FILING, SEARCH, AND EXAMINATION FEES

| | FILING FEES | | SEARCH FEES | | EXAMINATION FEES | | |
|---|---|---|---|---|---|---|---|
| **Application Type** | Fee ($) | Small Entity Fee ($) | Fee ($) | Small Entity Fee ($) | Fee ($) | Small Entity Fee ($) | Fees Paid ($) |
| Utility | 330 | 165 | 540 | 270 | 220 | 110 | 545.00 |
| Design | 220 | 110 | 100 | 50 | 140 | 70 | |
| Plant | 220 | 110 | 330 | 165 | 170 | 85 | |
| Reissue | 330 | 165 | 540 | 270 | 650 | 325 | |
| Provisional | 220 | 110 | 0 | 0 | 0 | 0 | |

### 2. EXCESS CLAIM FEES

| Fee Description | Fee ($) | Small Entity Fee ($) |
|---|---|---|
| Each claim over 20 (including Reissues) | 52 | 26 |
| Each independent claim over 3 (including Reissues) | 220 | 110 |
| Multiple dependent claims | 390 | 195 |

| Total Claims | Extra Claims | Fee ($) | Fee Paid ($) | | Multiple Dependent Claims | |
|---|---|---|---|---|---|---|
| | | | | | Fee ($) | Fee Paid ($) |
| _____ - 20 or HP = _____ | x _____ | = _____ | | | _____ | _____ |

HP = highest number of total claims paid for, if greater than 20.

| Indep. Claims | Extra Claims | Fee ($) | Fee Paid ($) |
|---|---|---|---|
| _____ - 3 or HP = _____ | x _____ | = _____ | |

HP = highest number of independent claims paid for, if greater than 3.

### 3. APPLICATION SIZE FEE

If the specification and drawings exceed 100 sheets of paper (excluding electronically filed sequence or computer
listings under 37 CFR 1.52(e)), the application size fee due is $270 ($135 for small entity) for each additional 50
sheets or fraction thereof. See 35 U.S.C. 41(a)(1)(G) and 37 CFR 1.16(s).

| Total Sheets | Extra Sheets | Number of each additional 50 or fraction thereof | Fee ($) | Fee Paid ($) |
|---|---|---|---|---|
| _____ - 100 = _____ | / 50 = _____ | (round up to a whole number) x | _____ | = _____ |

### 4. OTHER FEE(S)

| | Fees Paid ($) |
|---|---|
| Non-English Specification,   $130 fee (no small entity discount) | |
| Other (e.g., late filing surcharge):_____ | |

## SUBMITTED BY

| Signature | _(signature)_ | Registration No. (Attorney/Agent) | 50704 | Telephone | 757-490-8586 |
|---|---|---|---|---|---|
| Name (Print/Type) | William G. Sykes | | | Date | 7/22/2008 |

This collection of information is required by 37 CFR 1.136. The information is required to obtain or retain a benefit by the public which is to file (and by the
USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 30 minutes to complete,
including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments
on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent
and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS
ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**
If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.

# *APPLICATION*

# *FOR*

# *UNITED STATES LETTERS PATENT*

**Title:** Non-Skid Protective Cloth or Pad

**Inventor:** Bradie Terracino
Robert Terracino

Ex. 6 0173

## *NON-SKID* PROTECTIVE CLOTH OR PAD

<u>Field of the Invention</u>:

The invention pertains to protective cloths or pads and, more particularly, to a protective cloth or pad that has a non-skid backing to hold the cloth or pad in position during use.

BACKGROUND OF THE INVENTION

Protective cloths and pads are well known and widely used. Such items range from simple thin polyethylene sheets used to protect surfaces during painting or similar operations to woven fabric drop cloths to quilted protective pads used by furniture movers and the like. For simplicity, the term drop cloth as used herein refers to any and all such cloths and pads, regardless of material or construction.

Docket No.: WS-119                1

In a typical use, drop cloths are placed on floors to provide protection. A common and serious problem is that frequently the drop cloths of the prior art may slip and slide relative to the floor upon which they are laid. Such slippage may range from a mild annoyance to a serious safety hazard when a drop cloth is placed upon a level floor. However, once such a drop cloth is used on a surface other than a level floor, the consequences of such slippage become much more serious. For example, drop cloths are commonly used to protect stairs. If the drop cloth slips, it is not uncommon for a person ascending or descending the stairs to slip and potentially tumble to the bottom of the stairs. Serious injuries frequently result from such a fall.

Discussion of the Related Art:

Several attempts have been made in the prior art to provide a non-slip surface for drop cloths and the like. For example, United States Patent No. 152,451 for IMPROVEMENTS IN WATER-PROOF FABRICS, issued June 17, 1874

Docket No.: WS-119                2

to George M. Allerton discloses a woven woolen cloth having one surface covered with a rubber film.

United States Patent No. 1,728,545 for LINEMAN'S BLANKET, issued September 17, 1929 to Fred L. Haushalter provides a dielectric structure formed by a rubber insulating sheet and a fabric backing sheet to prevent stretching of the rubber.

United States Patent No. 1,928,943 for MATTRESS PROTECTOR, issued October 3, 1933 to John L. McKay teaches a waterproof sheet having eyelets disposed near its corners. Loops attached to the eyelets are used to secure the mattress protector, thereby preventing the slipping pf the mattress protector on the mattress it is protecting.

United States Patent No. 3,488,684 for FLOOR COVERING, issued January 6, 1970 to John C. Wrightson shows a quilted, three-layer construction having a non-skid bottom layer for use as decorative rug.

Docket No.: WS-119          3

Ex. 6 0176

Published United States Patent Application No. 2001/0002615 for PROTECTIVE COVER SYSTEM, published June 7, 2001 upon application by Reginald Michael Lacross et al. discloses a covering system in which a cover constructed of a flexible sheet material is suitable for placement on a floor between a door frame and a room.

United States Patent No. 6,911,407 for NON-SLIP ABSORBENT ARTICLE, issued June 28, 2005 to Earle H. Sherrod et al. shows a multi-layer absorbent article suitable for use as a bed pad, a baby changing pad, a table cloth, etc. A non-adhesive, skid-resistant coating is applied to the bottom layer of the article.

United States Patent Nos. 6,961,969, 7,069,607, and 7,137,157, each for ABSORBENT TOWEL WITH PROJECTIONS, issued November 8, 2005, July 4, 2006, and November 21, 2006, respectively, to Susan Nichols each provide a towel having a base layer with raised projections to provide a higher coefficient of static friction relative to an

Docket No.: WS-119          4

external surface relative to other bottom surfaces common in the prior art.

United States Published Patent Application No. 2006/0162073 for ABSORBENT TOWEL WITH PROJECTIONS, published July 27, 2006 upon application by Susan Nichols shows a towel having a base layer with raised projections to provide a higher coefficient of static friction relative to an external surface relative to other bottom surfaces common in the prior art.

United States Published Patent Application No. 2007/0220673 for CLOTHING ARTICLE HAVING RAISED PROJECTIONS, published September 27, 2007 upon application by Susan Nichols shows a towel having a base layer with raised projections to provide a higher coefficient of static friction than the base layer relative to an external surface.

United States Published Patent Application No. 2007/0275209 for NON-SKID DROP CLOTH, published November

Docket No.: WS-119                    5

Ex. 6 0178

29, 2007 upon application by Anal Netravali et al. discloses a single layer plastic sheet having raised dimples on one or both sides.

United States Published Patent Application No. 2008/0131680 for ABSORBENT NON-SKID DROP CLOTH, published June 5, 2008 upon application by Richard James Bliton et al. teaches a multi-layer article having a lofted, non-woven layer and a non-skid barrier layer bonded thereto.

United States Published Patent Application No. 2009/0068431 for ONE-SIDED TACKY POLYOLEFIN FILM, published March 12, 2009 upon application by Martin F. Hoenigmann provides a plastic sheet with a tacky surface designed to prevent slippage of the sheet

None of the patents and published patent applications, taken singly, or in any combination are seen to teach or suggest the novel non-skid protective cloth or pad of the present invention.

Docket No.: WS-119                6

## SUMMARY OF THE INVENTION

In accordance with the present invention there is
provided a two-layer, non-skid protective pad for use as a
painter's drop cloth or as a protective pad for surfaces
such as boat decks, airplane wings or other surfaces where
a non-skid pad is essential. The pad has a woven upper
member, typically of a cotton canvas-like material, and a
lower, resilient member. The two layers are typically
stitched together. The lower, resilient member typically
comprises downward-projecting dimples, often of two or more
different sizes. The dimples are joined by a grid of
resilient material. In alternate embodiments, an
impervious member may be inserted between the upper and
lower members.

It is, therefore, an object of the invention to
provide a protective cloth or pad that includes a
resilient, non-skid surface to prevent movement of the
cloth or pad on the surface upon which it is placed.

Docket No.: WS-119          7

It is another object of the invention to provide a protective cloth or pad which is conformable to irregular surfaces such as stairs and remains in position once placed thereupon.

It is an additional object of the invention to provide a protective cloth or pad that has a resilient lower member having a grid of downward protruding, interconnected dimples.

It is a further object of the invention to provide a protective cloth or pad having a woven fabric upper member.

It is a still further object of the invention to provide a protective cloth or pad that, optionally, may contain an interposed impervious member.

Docket No.: WS-119          8

Ex. 6 0181

BRIEF DESCRIPTION OF THE DRAWINGS

Various objects, features, and attendant advantages of the present invention will become more fully appreciated as the same becomes better understood when considered in conjunction with the accompanying drawings, in which like reference characters designate the same or similar parts throughout the several views, and wherein:

FIGURE 1 is a side, elevational, cross-sectional, schematic view of a portion of the non-skid protective cloth or pad in accordance with the invention;

FIGURE 2 is a bottom plan view of the resilient layer of the non-skid protective cloth or pad of FIGURE 1; and

FIGURE 3 is a bottom plan view of the resilient layer of the non-skid protective cloth or pad of FIGURE 1 but containing an interposed impervious layer.

Docket No.: WS-119                    9

DETAILED DESCRIPTION OF THE PREFERRED EMBODIMENT

The present invention provides non-skid protective cloth or pad for a variety of applications.

Referring first to FIGURE 1, there is shown a side, elevational, cross-sectional, schematic view of a portion of the non-skid protective cloth or pad in accordance with the invention, generally at reference number 100.

Pad 100 has two layers — a woven upper layer 102 and a lower, resilient layer 104. Woven upper layer 102 is typically an absorbent, woven cotton material such as canvas or another canvas-like material. For purposes of disclosure, an 8-ounce material has been chosen. Canvas may be treated with a waterproofing material, if desired. Such a treatment, however, renders the upper woven layer 102 non-absorbent which may impair the function of upper woven layer 102 to absorb paint or other material spilled

Docket No.: WS-119          10

Ex. 6 0183

thereupon. It will, however, be recognized by those of skill in the art that other weight materials may be chosen depending upon the desired application in which cloth 100 is to be utilized. It will further be recognized that woven materials other than cotton may be selected to meet a particular operating circumstance or environment. Consequently, the invention is not limited to the 8-ounce canvas chosen for purposes of disclosure. Rather the invention covers any suitable material and weight.

A lower, resilient layer 104 is bonded to woven upper layer 102, typically by through stitching 112. It will be recognized that methods and/or materials other than stitching may be utilized to secure upper woven layer 102 to lower, resilient layer 104. Some possible choices include, but are not limited to adhesive fastening, hook-and-loop fasteners, mechanical fasteners, etc.

Referring now also to FIGURE 2, Lower resilient layer 104 has a plurality downward-projecting dimples 106a, 106b. Dimples 106a are typically larger than dimples 106b. As

Docket No.: WS-119               11

Ex. 6 0184

shown in FIGURE 1, larger dimples 106a are shown having a
greater height than smaller dimples 106b.  In alternate
embodiments, larger and smaller dimples 106a and 106b,
respectively, may have a substantially identical height.
In still other embodiments, smaller dimples 106b may have a
height larger than larger dimples 106a.

Dimples 106a, 106b are interconnected by resilient web
segments 108.  An inter-dimples space 110 remains between
dimples.  As seen in FIGURE 1, inter-dimple space is shown
schematically to be between a larger dimple 106a and a
smaller dimple 106b.  However, inter-dimple space 110 may
be between any two larger dimples 106a or between any two
smaller dimples 106b as well as between larger dimple 106a
and smaller dimple 106b as shown for purposes of
disclosure.

In operation, cloth 100 is placed on a surface to be
protected, not shown, resilient layer 104 towards the
surface.  Dimples 106a, 106b grip the surface, especially

Docket No.: WS-119          12

when compressed by the weight of a person, not shown, directly over a particular portion of cloth 100.

One exemplary use of cloth 100 is to protect a surface from paint, varnish, stain, etc. The choice of material for upper woven layer 102 allows paint or other material to be at least partially absorbed by the layer. Unlike impervious drop cloths (i.e., thin plastic sheets), the partially absorbed paint is typically less prone to tracking by a person stepping in the spilled paint than is paint spilled on a non-absorbing cloth of the prior art. In addition, cloth 100 may be laundered to remove soluble paint or other materials.

Cloth 100 may also be utilized to protect a delicate surface from being scratched or marred. One environment where cloth 100 is particularly useful is on a set of stairs. Once positioned, cloth 100 remains in place, thereby providing a safe, stable surface on the stairs as workmen ascend and descend the stairs. It will be recognized that the choice of materials, weights,

Docket No.: WS-119                13

Ex. 4   0186

thicknesses, etc. will determine the overall flexibility of cloth 100 for applications such as stairs.

An example of the use of cloth 100 as a protective pad, maintenance routines periodically require mechanics to walk on the upper surface of an airplane wing. The use of cloth 100 on the wing not only protects the delicate wing surface but provides a much more secure surface upon which the mechanic may walk or stand. Even though the surface of the wing is typically curved, the novel construction of cloth 100 greatly improves the security of the mechanic.

Another exemplary use of cloth 100 is to protect delicate surfaces of boat decks in an environment where they frequently become wet and slippery. Cloth 100 remains in place on the deck, even wet, and provides a non-slip upper surface (i.e., the upper surface of upper woven layer 102) upon which boat passengers may walk. Because cloth 100 typically lacks an impermeable membrane, air may flow though cloth 100, thereby allowing the cloth and the surface therebelow to dry.

Docket No.: WS-119          14

In an alternate embodiment, a third layer, typically an impermeable layer 114 may be interposed between woven upper layer 102 and resilient layer 104.  This is shown in FIGURE 3.

Since other modifications and changes varied to fit particular operating requirements and environments will be apparent to those skilled in the art, the invention is not considered limited to the example chosen for purposes of disclosure, and covers all changes and modifications which do not constitute departures from the true spirit and scope of this invention.

Having thus described the invention, what is desired to be protected by Letters Patent is presented in the subsequently appended claims.

Docket No.: WS-119          15

Ex. 6 0188

What is claimed is:

1. A non-skid protective cloth or pad, comprising:

a) a woven, upper layer having an upper and a lower major surface;

b) a lower, resilient layer having an upper and a lower major surface, said upper major surface of said lower resilient layer being disposed adjacent said lower layer of said woven upper layer; and

c) means for fastening said upper, woven layer to said lower resilient layer.

2. The non-skid protective cloth or pad as recited in claim 1, wherein said woven, upper layer comprises a woven cotton fabric.

3. The non-skid protective cloth or pad as recited in claim 1, wherein said woven, upper layer comprises canvas.

Docket No.: WS-119                16

Ex. 6 0189

4. The non-skid protective cloth or pad as recited in claim 1, wherein said lower, resilient layer comprises a network of downward projecting dimples interconnected by resilient grid.

5. The non-skid protective cloth or pad as recited in claim 4, wherein said downward projecting dimples comprise dimples of at least two different diameters.

6. The non-skid protective cloth or pad as recited in claim 4, wherein said downward projecting dimples comprise dimples of at least two different heights.

7. The non-skid protective cloth or pad as recited in claim 4, wherein said downward projecting dimples are separated one from another by an inter-dimple space.

8. The non-skid protective cloth or pad as recited in claim 1, wherein said means for fastening comprises at least one from the group: stitching, adhesive, hook-and-loop fasteners, and mechanical fasteners.

Docket No.: WS-119          17

Ex. 6 0190

9.  The non-skid protective cloth or pad as recited in claim 1, further comprising:

    d)  an impervious member interposed between said upper, woven layer and said lower, resilient member. wherein said woven, upper layer comprises a woven cotton fabric.

10.  The non-skid protective cloth or pad as recited in claim 9, wherein said woven, upper layer comprises a woven cotton fabric.

11.  The non-skid protective cloth or pad as recited in claim 9, wherein said woven, upper layer comprises canvas.

12.  The non-skid protective cloth or pad as recited in claim 9, wherein said lower, resilient layer comprises a network of downward projecting dimples interconnected by resilient grid.

Docket No.: WS-119            18

Ex. 6 0191

13. The non-skid protective cloth or pad as recited in claim 12, wherein said downward projecting dimples comprise dimples of at least two different diameters.

14. The non-skid protective cloth or pad as recited in claim 12, wherein said downward projecting dimples comprise dimples of at least two different heights.

15. The non-skid protective cloth or pad as recited in claim 12, wherein said downward projecting dimples are separated one from another by an inter-dimple space.

16. The non-skid protective cloth or pad as recited in claim 9, wherein said means for fastening comprises at least one from the group: stitching, adhesive, hook-and-loop fasteners, and mechanical fasteners.

Docket No.: WS-119            19

Ex. 6 0192

## ABSTRACT OF THE DISCLOSURE

A two-layer, non-skid protective cloth or pad for use as a painter's drop cloth or as a protective pad for surfaces such as boat decks, airplane wings or other surfaces where a non-skid pad is essential. The pad has a woven upper member, typically of a cotton canvas-like material, and a lower, resilient member. The two layers are typically stitched together. The lower, resilient member typically comprises downward-projecting dimples, often of two or more different sizes. The dimples are joined by a grid of resilient material. In alternate embodiments, an impervious member may be inserted between the upper and lower members.

Docket No.: WS-119          20



100

102

112

104

108     108     106b     110

106a

*Figure 1*

106a    106b    104



108

*Figure 2*

Ex. 6 0195



*Figure 3*

PTO/SB/81 (01-09)
Approved for use through 11/30/2011. OMB 0651-0035
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

| POWER OF ATTORNEY | Application Number | |
|---|---|---|
| **OR** | Filing Date | |
| REVOCATION OF POWER OF ATTORNEY | First Named Inventor | Terracino, Bradie |
| WITH A NEW POWER OF ATTORNEY | Title | Non-Skid Protective Cloth or |
| **AND** | Art Unit | |
| CHANGE OF CORRESPONDENCE ADDRESS | Examiner Name | |
| | Attorney Docket Number | WS - 119 |

I hereby revoke all previous powers of attorney given in the above-identified application.

☐ A Power of Attorney is submitted herewith.

**OR**

☒ I hereby appoint Practitioner(s) associated with the following Customer Number as my/our attorney(s) or agent(s) to prosecute the application identified above, and to transact all business in the United States Patent and Trademark Office connected therewith:

> 71490

**OR**

☐ I hereby appoint Practitioner(s) named below as my/our attorney(s) or agent(s) to prosecute the application identified above, and to transact all business in the United States Patent and Trademark Office connected therewith:

| Practitioner(s) Name | Registration Number |
|---|---|
| | |
| | |
| | |
| | |

Please recognize or change the correspondence address for the above-identified application to:

☐ The address associated with the above-mentioned Customer Number.

**OR**

☐ The address associated with Customer Number: [          ]

**OR**

| ☐ Firm or Individual Name | |
|---|---|
| Address | |
| City | State | Zip |
| Country | |
| Telephone | Email |

I am the:

☒ Applicant/Inventor.

**OR**

☐ Assignee of record of the entire interest. See 37 CFR 3.71.
Statement under 37 CFR 3.73(b) (Form PTO/SB/96) submitted herewith or filed on _____.

| SIGNATURE of Applicant or Assignee of Record | | | |
|---|---|---|---|
| Signature | *Bradie Terracino* | Date | 7/22/09 |
| Name | Bradie Terracino | Telephone | 757-301-9501 |
| Title and Company | Inventor | | |

NOTE: Signatures of all the inventors or assignees of record of the entire interest or their representative(s) are required. Submit multiple forms if more than one signature is required, see below*.

☒ *Total of __2__ forms are submitted.

This collection of information is required by 37 CFR 1.31, 1.32 and 1.33. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14. This collection is estimated to take 3 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

PTO/SB/81 (01-09)
Approved for use through 11/30/2011. OMB 0651-0035
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

| POWER OF ATTORNEY OR REVOCATION OF POWER OF ATTORNEY WITH A NEW POWER OF ATTORNEY AND CHANGE OF CORRESPONDENCE ADDRESS | Application Number | |
| | Filing Date | |
| | First Named Inventor | Terracino, Bradie |
| | Title | Non-Skid Protective Cloth or |
| | Art Unit | |
| | Examiner Name | |
| | Attorney Docket Number | WS - 119 |

I hereby revoke all previous powers of attorney given in the above-identified application.

☐ A Power of Attorney is submitted herewith.

OR

☒ I hereby appoint Practitioner(s) associated with the following Customer Number as my/our attorney(s) or agent(s) to prosecute the application identified above, and to transact all business in the United States Patent and Trademark Office connected therewith:

71490

OR

☐ I hereby appoint Practitioner(s) named below as my/our attorney(s) or agent(s) to prosecute the application identified above, and to transact all business in the United States Patent and Trademark Office connected therewith:

| Practitioner(s) Name | Registration Number |
| | |
| | |
| | |
| | |

Please recognize or change the correspondence address for the above-identified application to:

☐ The address associated with the above-mentioned Customer Number.

OR

☐ The address associated with Customer Number:

OR

| ☐ Firm or Individual Name | |
| Address | |
| | |
| City | | State | | Zip | |
| Country | |
| Telephone | | Email | |

I am the:

☒ Applicant/Inventor.

OR

☐ Assignee of record of the entire interest. See 37 CFR 3.71.
Statement under 37 CFR 3.73(b) (Form PTO/SB/96) submitted herewith or filed on _____

| SIGNATURE of Applicant or Assignee of Record | | | |
| Signature | *(signature)* | Date | 7/22/2009 |
| Name | Robert Terracino | Telephone | 757-301-9501 |
| Title and Company | Inventor | | |

NOTE: Signatures of all the inventors or assignees of record of the entire interest or their representative(s) are required. Submit multiple forms if more than one signature is required, see below*.

☒ *Total of ___2___ forms are submitted.

This collection of information is required by 37 CFR 1.31, 1.32 and 1.33. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14. This collection is estimated to take 3 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

Doc Code: Oath
Document Description: Oath or declaration filed

PTO/SB/01 (04-09)
Approved for use through 08/30/2010. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| **DECLARATION FOR UTILITY OR DESIGN PATENT APPLICATION (37 CFR 1.63)** | Attorney Docket Number | WS - 119 |
|---|---|---|
| | First Named Inventor | Terracino, Bradie |
| | *COMPLETE IF KNOWN* | |
| ☒ Declaration Submitted With Initial Filing  **OR**  ☐ Declaration Submitted After Initial Filing (surcharge (37 CFR 1.16(f)) required) | Application Number | |
| | Filing Date | |
| | Art Unit | |
| | Examiner Name | |

I hereby declare that: (1) Each inventor's residence, mailing address, and citizenship are as stated below next to their name; and (2) I believe the inventor(s) named below to be the original and first inventor(s) of the subject matter which is claimed and for which a patent is sought on the invention titled:

NON - SKID PROTECTIVE CLOTH OR PAD

*(Title of the Invention)*

the application of which

☒    is attached hereto

OR

☐    was filed on (MM/DD/YYYY) _____ as United States Application Number or PCT International

Application Number _____ and was amended on (MM/DD/YYYY) _____ (if applicable).

I hereby state that I have reviewed and understand the contents of the above identified application, including the claims, as amended by any amendment specifically referred to above.

I acknowledge the duty to disclose information which is material to patentability as defined in 37 CFR 1.56, including for continuation-in-part applications, material information which became available between the filing date of the prior application and  the national or PCT international filing date of the continuation-in-part application.

Authorization To Permit Access To Application by Participating Offices

☒    If checked, the undersigned hereby grants the USPTO authority to provide the European Patent Office (EPO), the Japan Patent Office (JPO), the Korean Intellectual Property Office (KIPO), the World Intellectual Property Office (WIPO), and any other intellectual property offices in which a foreign application claiming priority to the above-identified patent application is filed access to the above-identified patent application. See 37 CFR 1.14(c) and (h).  This box should not be checked if the applicant does not wish the EPO, JPO, KIPO, WIPO, or other intellectual property office in which a foreign application claiming priority to the above-identified patent application is filed to have access to the above-identified patent application.

In accordance with 37 CFR 1.14(h)(3), access will be provided to a copy of the above-identified patent application with respect to:  1) the above-identified patent application-as-filed; 2) any foreign application to which the above-identified patent application claims priority under 35 U.S.C. 119(a)-(d) if a copy of the foreign application that satisfies the certified copy requirement of 37 CFR 1.55 has been filed in the above-identified patent application; and 3) any U.S. application-as-filed from which benefit is sought in the above-identified patent application.

In accordance with 37 CFR 1.14(c), access may be provided to information concerning the date of filing the Authorization to Permit Access to Application by Participating Offices.

[Page 1 of 3]

This collection of information is required by 35 U.S.C. 115 and 37 CFR 1.63. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14. This collection is estimated to take 21 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.

If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.

PTO/SB/01 (04-09)
Approved for use through 06/30/2010. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

## DECLARATION — Utility or Design Patent Application

**Claim of Foreign Priority Benefits**

I hereby claim foreign priority benefits under 35 U.S.C. 119(a)-(d) or (f), or 365(b) of any foreign application(s) for patent, inventor's or plant breeder's rights certificate(s), or 365(a) of any PCT international application which designated at least one country other than the United States of America, listed below and have also identified below, by checking the box, any foreign application for patent, inventor's or plant breeder's rights certificate(s), or any PCT international application having a filing date before that of the application on which priority is claimed.

| Prior Foreign Application Number(s) | Country | Foreign Filing Date (MM/DD/YYYY) | Priority Not Claimed | Certified Copy Attached? YES | NO |
|---|---|---|---|---|---|
| | | | ☐ | ☐ | ☐ |
| | | | ☐ | ☐ | ☐ |
| | | | ☐ | ☐ | ☐ |
| | | | ☐ | ☐ | ☐ |

☐  Additional foreign application number(s) are listed on a supplemental priority data sheet PTO/SB/02B attached hereto.

[Page 2 of 3]

PTO/SB/01 (04-09)
Approved for use through 06/30/2010. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

## DECLARATION — Utility or Design Patent Application

| Direct all correspondence to: | ☒ | The address associated with Customer Number: | 71490 | **OR** | ☐ | Correspondence address below |
|---|---|---|---|---|---|---|

| Name | |
|---|---|
| **Address** | |

| City | | State | | Zip | |
|---|---|---|---|---|---|

| Country | | Telephone | | Email | |
|---|---|---|---|---|---|

**WARNING:**

Petitioner/applicant is cautioned to avoid submitting personal information in documents filed in a patent application that may contribute to identity theft. Personal information such as social security numbers, bank account numbers, or credit card numbers (other than a check or credit card authorization form PTO-2038 submitted for payment purposes) is never required by the USPTO to support a petition or an application. If this type of personal information is included in documents submitted to the USPTO, petitioners/applicants should consider redacting such personal information from the documents before submitting them to the USPTO. Petitioner/applicant is advised that the record of a patent application is available to the public after publication of the application (unless a non-publication request in compliance with 37 CFR 1.213(a) is made in the application) or issuance of a patent. Furthermore, the record from an abandoned application may also be available to the public if the application is referenced in a published application or an issued patent (see 37 CFR 1.14). Checks and credit card authorization forms PTO-2038 submitted for payment purposes are not retained in the application file and therefore are not publicly available. Petitioner/applicant is advised that documents which form the record of a patent application (such as the PTO/SB/01) are placed into the Privacy Act system of records DEPARTMENT OF COMMERCE, COMMERCE-PAT-7, System name: *Patent Application Files*. Documents not retained in an application file (such as the PTO-2038) are placed into the Privacy Act system of COMMERCE/PAT-TM-10, System name: *Deposit Accounts and Electronic Funds Transfer Profiles*.

I hereby declare that all statements made herein of my own knowledge are true and that all statements made on information and belief are believed to be true; and further that these statements were made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment, or both, under 18 U.S.C. 1001 and that such willful false statements may jeopardize the validity of the application or any patent issued thereon.

| **NAME OF SOLE OR FIRST INVENTOR:** | ☐ A petition has been filed for this unsigned inventor |
|---|---|
| Given Name (first and middle [if any]) | Family Name or Surname |
| Bradie | Terracino |

| Inventor's Signature | Date |
|---|---|
| *Bradie Terracino* | 7/22/2009 |

| Residence: City | State | Country | Citizenship |
|---|---|---|---|
| Virginia Beach | Virginia | USA | USA |

| Mailing Address | | | |
|---|---|---|---|
| 3017 Egyptian Lane | | | |

| City | State | Zip | Country |
|---|---|---|---|
| Virginia Beach | Virginia | 23456 | USA |

| ☐ Additional inventors or a legal representative are being named on the | supplemental sheet(s) PTO/SB/02A or 02LR attached hereto |
|---|---|

[Page 3 of 3]

PTO/SB/02A (07-07)
Approved for use through 06/30/2010. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| **DECLARATION** | **ADDITIONAL INVENTOR(S)**<br>Supplemental Sheet | |
|---|---|---|
| | | Page 2 of 2 |

| **Name of Additional Joint Inventor, if any:** | ☐ A petition has been filed for this unsigned inventor | | |
|---|---|---|---|
| Given Name (first and middle (if any)) | Family Name or Surname | | |
| Robert | Terracino | | |
| Inventor's Signature *Robert S Terrac...* | | | Date 7/22/2008 |
| Residence: City Virginia Beach | State Virginia | Country USA | Citizenship USA |
| Mailing Address 3017 Egyptian Lane | | | |
| City Virginia Beach | State Virginia | Zip 23456 | Country USA |

| **Name of Additional Joint Inventor, if any:** | ☐ A petition has been filed for this unsigned inventor | | |
|---|---|---|---|
| Given Name (first and middle (if any)) | Family Name or Surname | | |
| | | | |
| Inventor's Signature | | | Date |
| Residence: City | State | Country | Citizenship |
| Mailing Address | | | |
| City | State | Zip | Country |

| **Name of Additional Joint Inventor, if any:** | ☐ A petition has been filed for this unsigned inventor | | |
|---|---|---|---|
| Given Name (first and middle (if any)) | Family Name or Surname | | |
| | | | |
| Inventor's Signature | | | Date |
| Residence: City | State | Country | Citizenship |
| Mailing Address | | | |
| City | State | Zip | Country |

This collection of information is required by 35 U.S.C. 115 and 37 CFR 1.63. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14. This collection is estimated to take 21 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: **Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

*If you need assistance in completing the form, call 1-800-PTO-9199 (1-800-786-9199) and select option 2.*

PTO/SB/08a (08-09)
Approved for use through 07/31/2009. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

Substitute for form 1449/PTO

# INFORMATION DISCLOSURE
# STATEMENT BY APPLICANT
*(Use as many sheets as necessary)*

| Sheet | 1 | of | 1 |

**Complete if Known**

| Application Number | |
|---|---|
| Filing Date | |
| First Named Inventor | Terracino, Bradie et al. |
| Art Unit | |
| Examiner Name | |
| Attorney Docket Number | WS - 119 |

## U. S. PATENT DOCUMENTS

| Examiner Initials* | Cite No.[1] | Document Number Number-Kind Code[2] *(if known)* | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | | US- 1928943 | 10-03-1933 | McKay | |
| | | US- 3488684 | 10-03-1933 | Wrightson | |
| | | US- 1728545 | 09-17-1929 | Haushalter | |
| | | US- 152451 | 06-30-1874 | Allerton | |
| | | US- 200990068431 | 03-12-2009 | Hoernigmann | |
| | | US- 20080131680 | 06-05-2008 | Bilton | |
| | | US- 20070275209 | 11-29-2007 | Netravali | |
| | | US- 20070220673 | 09-27-2007 | Nichols | |
| | | US- 20060162073 | 07-27-2006 | Nichols | |
| | | US- 7069607 | 07-04-2006 | Nichols | |
| | | US- 6961969 | 11-08-2005 | Nichols | |
| | | US- 6911407 | 06-28-2005 | Sherrod | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |

## FOREIGN PATENT DOCUMENTS

| Examiner Initials* | Cite No.[1] | Foreign Patent Document Country Code[3] *Number[4]* Kind Code[5] *(if known)* | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages Or Relevant Figures Appear | T[6] |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant. [1]Applicant's unique citation designation number (optional). [2]See Kinds Codes of USPTO Patent Documents at www.uspto.gov or MPEP 901.04. [3]Enter Office that issued the document, by the two-letter code (WIPO Standard ST.3). [4]For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document. [5]Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST.16 if possible. [6]Applicant is to place a check mark here if English language Translation is attached.

This collection of information is required by 37 CFR 1.97 and 1.98. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 2 hours to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

*If you need assistance in completing the form, call 1-800-PTO-9199 (1-800-786-9199) and select option 2.*

PATENT APPLICATION SERIAL NO. _____

**U.S. DEPARTMENT OF COMMERCE**
**PATENT AND TRADEMARK OFFICE**
**FEE RECORD SHEET**

07/27/2009 CNGUYEN2 00000040 12460763

01 FC:2011                          165.00 OP
02 FC:2111                          270.00 OP
03 FC:2311                          110.00 OP

PTO-1556
(5/87)

*U.S. Government Printing Office: 2002- 489-267/69033

Ex. 6 0204

PTO/SB/06 (10-07)
Approved for use through 06/30/2010. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

## PATENT APPLICATION FEE DETERMINATION RECORD
### Substitute for Form PTO-875

Application or Docket Number: 12460 762

### APPLICATION AS FILED – PART I

| FOR | (Column 1) NUMBER FILED | (Column 2) NUMBER EXTRA | SMALL ENTITY RATE ($) | FEE ($) | OR | OTHER THAN SMALL ENTITY RATE ($) | FEE ($) |
|---|---|---|---|---|---|---|---|
| BASIC FEE (37 CFR 1.16(a), (b), or (c)) | N/A | N/A | N/A | $165 | | N/A | $330 |
| SEARCH FEE (37 CFR 1.16(k), (i), or (m)) | N/A | N/A | N/A | $270 | | N/A | $540 |
| EXAMINATION FEE (37 CFR 1.16(o), (p), or (q)) | N/A | N/A | N/A | $110 | | N/A | $220 |
| TOTAL CLAIMS (37 CFR 1.16(i)) | 16 | minus 20 = * | X $26 = | | OR | X $52 = | |
| INDEPENDENT CLAIMS (37 CFR 1.16(h)) | 1 | minus 3 = * | X $110 = | | | X $220 = | |
| APPLICATION SIZE FEE (37 CFR 1.16(s)) | If the specification and drawings exceed 100 sheets of paper, the application size fee due is $260 ($130 for small entity) for each additional 50 sheets or fraction thereof. See 35 U.S.C. 41(a)(1)(G) and 37 CFR 1.16(s). | | $135 | | | $270 | |
| MULTIPLE DEPENDENT CLAIM PRESENT (37 CFR 1.16(j)) | | | $195 | | | $390 | |
| * If the difference in column 1 is less than zero, enter "0" in column 2. | | | TOTAL | 545 | | TOTAL | |

### APPLICATION AS AMENDED – PART II

#### AMENDMENT A

| | (Column 1) CLAIMS REMAINING AFTER AMENDMENT | (Column 2) HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3) PRESENT EXTRA | SMALL ENTITY RATE ($) | ADDI-TIONAL FEE ($) | OR | OTHER THAN SMALL ENTITY RATE ($) | ADDI-TIONAL FEE ($) |
|---|---|---|---|---|---|---|---|---|
| Total (37 CFR 1.16(i)) | * | Minus ** | = | X $26 = | | OR | X $52 = | |
| Independent (37 CFR 1.16(h)) | * | Minus *** | = | X $110 = | | OR | X $220 = | |
| Application Size Fee (37 CFR 1.16(s)) | | | | | | | | |
| FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | $195 | | OR | $390 | |
| | | | | TOTAL ADD'L FEE | | OR | TOTAL ADD'L FEE | |

#### AMENDMENT B

| | (Column 1) CLAIMS REMAINING AFTER AMENDMENT | (Column 2) HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3) PRESENT EXTRA | SMALL ENTITY RATE ($) | ADDI-TIONAL FEE ($) | OR | OTHER THAN SMALL ENTITY RATE ($) | ADDI-TIONAL FEE ($) |
|---|---|---|---|---|---|---|---|---|
| Total (37 CFR 1.16(i)) | * | Minus ** | = | X $26 = | | OR | X $52 = | |
| Independent (37 CFR 1.16(h)) | * | Minus *** | = | X $110 = | | OR | X $220 = | |
| Application Size Fee (37 CFR 1.16(s)) | | | | | | | | |
| FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | $195 | | OR | $390 | |
| | | | | TOTAL ADD'L FEE | | OR | TOTAL ADD'L FEE | |

* If the entry in column 1 is less than the entry in column 2, write "0" in column 3.
** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20".
*** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3".
The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1.

This collection of information is required by 37 CFR 1.16. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*