IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-CV-00015-FL

| ROBERT TERRACINO and BRADIE TERRACINO, Plaintiffs, v. TRIMACO, INC., Defendant. | DEFENDANT TRIMACO, INC.'S REPLY CLAIM CONSTRUCTION BRIEF |
|---|---|

Defendant Trimaco, Inc. ("Trimaco") hereby submits this Reply Brief concerning the construction of claim terms of U.S. Patent No. 9,044,917 (the "'917 patent"). In particular, Trimaco is submitting this Reply solely to address the new argument made by Plaintiffs that the patent claim limitations invoking reference to the TAPPI T548 specification cannot be ruled indefinite because Trimaco did not resort to extrinsic evidence. This is wrong as a matter of law.

*Indefiniteness Can Be Determined in Reliance on the Intrinsic Evidence*

The following two limitations are at issue:

> 1. *Whereby when said lower major surface of said single lower resilient layer is placed on a support surface, a Sliding Coefficient of Friction measured in accordance with TAPPI T548 specification is greater than approximately 0.75 (claim 1)*

| Trimaco's construction | Plaintiffs' construction |
|---|---|
| Indefinite | When tested in accordance with TAPPI T548, the claimed non-skid protective cloth or pad has a sliding coefficient of greater than approximately 0.75 T548 pm-90. |

1

2. ***Whereby when tested in accordance with TAPPI T548 specification, an average slide angle is no less than approximately 40° (claim 6)***

| Trimaco's construction | Plaintiffs' construction |
|---|---|
| Indefinite | When tested in accordance with TAPPI T548, the claimed non-skid protective cloth or pad has an average slide angle of no less than approximately 40 degrees. T548 pm-90 |

In Plaintiffs' Opening Claim Construction Brief, they made no attempt to defend the definiteness of these limitations, stating only that the reasons they were definite were "self-explanatory." Dkt. 41. Their Responsive Brief likewise fails to counter Defendant's explanation for why these limitations are indefinite. Rather than put forward any substantive evidence or argument, they maintain only that the Court cannot determine indefiniteness without arriving at the level of skill in the art of the POSITA or without extrinsic evidence. In Plaintiffs' view, because Defendant did not introduce extrinsic evidence, Plaintiffs' win.

Plaintiffs cite no case law for the proposition that the Court cannot entertain arguments regarding indefiniteness without reliance on one of ordinary skill in the art, or extrinsic evidence. Indeed, they are wrong as a matter of law. If *no* person of skill in the art could determine the meaning of a term with reasonable clarity, then extrinsic evidence from one of ordinary skill in the art is unnecessary. *See Interval Licensing LLC v. AOL, Inc.*, 766 F.3d 1364, 1371 n.6 (Fed. Cir. 2014) (affirming district court's indefiniteness ruling that was based solely on the patent claims, the specification (written description), and the prosecution history and noting lack of necessity of considering extrinsic evidence); *accord Signal IP v. Am Honda Motor Co.*, 2015 U.S. Dist. LEXIS 137339, at *72 (C.D. Cal. Apr. 17, 2015) (concluding that term "concentrated" was indefinite because the percentage of concentration was unknown despite study of the intrinsic evidence or the extrinsic evidence of a dictionary definition).

In *Signal IP*, the plaintiff argued, like here, that the Defendant had failed to meet its burden of demonstrating indefiniteness because it had provided no "*extrinsic* evidence showing that the term is indefinite to a skilled artisan." *Id.* at 71 (emphasis added). In ruling against the plaintiff, the court noted that, "Plaintiff was free to submit evidence that the term had an established meaning in the field, but did not do so." Here, Defendant has shown by clear and convincing evidence that the TAPPI specification, as applied to the testing of drop cloths, is indefinite. No one of skill in the art could possibly determine the test method to be applied, or the results that would fall within the scope of the claims.

This result should not come as a surprise. Courts routinely investigate the question of indefiniteness during the claim construction phase. *See, e.g., inMusic Brands, Inc. v. Roland Corp.*, No. 17-00010-JJM, 2019 U.S. Dist. LEXIS 129622, at *2 (D. R.I. June 12, 2019) (noting court's ability to decide issue in connection with claim construction and declining to defer issue to summary judgment stage) (additional citations omitted). The claim construction process itself focuses on the intrinsic evidence, reading the claim terms primarily in light of the patent claims, specification, and prosecution history, and then considering extrinsic evidence, if relevant. *Philips v. AWH Corp.*, 415 F.3d 1303, 1317 (Fed. Cir. 2005).

Defendant outlined precisely why Plaintiffs' limitations concerning the TAPPI specification were indefinite. Plaintiffs failed to respond substantively. This Court should determine that the indefiniteness of these claim limitations renders the patent claims indefinite, and thus invalid, by the clear and convincing evidence of the intrinsic record.

II.  **CONCLUSION**

For the reasons set forth above, the Court should construe the terms the parties dispute as proposed by Trimaco.

3
Case 5:22-cv-00015-FL     Document 52     Filed 12/13/23     Page 3 of 5

Respectfully submitted,

Dated: December 13, 2023

/s/ *Deborah Pollack-Milgate*
Deborah Pollack-Milgate*
BARNES & THORNBURG LLP
11 S. Meridian Street
Indianapolis, IN 46204
Tel. (317) 231-1313
Fax (317) 231-7433
deborah.pollackmilgate@btlaw.com

*by special appearance

John M. Moye (NC State Bar No. 35463)
BARNES & THORNBURG LLP
4208 Six Forks Road, Suite 1010
Raleigh, North Carolina 27609
Tel. (919) 536-6200
Fax (919) 536-6201
jmoye@btlaw.com

*Counsel for Defendant Trimaco, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on December 13, 2023, I electronically filed the foregoing *Defendant Trimaco, Inc.'s Reply Claim Construction Brief* with the Clerk of the Court using the CM/ECF system, which will automatically send email notification of such filing to all counsel of record.

*/s/ Deborah Pollack-Milgate*
Deborah Pollack-Milgate*
BARNES & THORNBURG LLP
11 S. Meridian Street
Indianapolis, IN 46204
Tel. (317) 231-1313
Fax (317) 231-7433
deborah.pollackmilgate@btlaw.com

\*by special appearance

*Attorney for Defendant Trimaco, Inc.*