IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-CV-15-FL

| | |
|---|---|
| ROBERT TERRACINO and BRADIE TERRACINO, Individuals,<br><br>Plaintiffs,<br><br>v.<br><br>TRIMACO, INC.,<br><br>Defendant. | **DEFENDANT'S MEMORANDUM IN SUPPORT OF EXPEDITED MOTION TO COMPEL DISCOVERY** |

Defendant Trimaco, Inc. ("Trimaco"), pursuant to Fed. R. Civ. P. 26, 34, and 37, hereby submits this Memorandum in support of its Expedited Motion to Compel Robert and Bradie Terracino ("Plaintiffs") to produce all documents requested in Defendant's Requests for Production related to Claim Construction (the "Requests") (Exhibit 1), specifically with respect to Request No. 2. Request No. 2 sought documents related to the "Opinion Regarding Infringement of U.S. Patent No. 9,044,917" ("Opinion"), which Plaintiffs attached to their complaint for patent infringement ("Complaint"). Defendant also seeks fees for the expenses incurred in making this Motion, pursuant to Fed. R. Civ. P. 37(a)(5)(A). Further, because discovery on claim construction closed on December 7, 2023, Defendant requests that the Court order Plaintiffs to respond to this Motion within seven days, and upon grant of this Motion, to produce the requested documents well in advance of the February 1, 2024 *Markman* hearing.

## INTRODUCTION

Plaintiffs assert a claim of patent infringement of U.S. Patent No. 9,044,917 ("the '917 Patent") arising from the sale of Trimaco's "Stay Put®" and "Stay Put Plus®" canvas drop cloths. In Plaintiffs' Complaint against Trimaco, Plaintiffs chose to rely on an opinion of counsel for their claim of infringement. *See* Dkt. 1-8. In doing so, Plaintiffs waived both attorney-client privilege and work product immunity for documents that fall within the scope of this subject matter waiver. Accordingly, Defendant requested all documents related to this subject matter waiver. These documents are highly relevant to the claim construction process, including because the Opinion fails to analyze the transitional phrase "consisting of." Despite Plaintiffs' waiver, however, Plaintiffs maintain that any such documents are privileged and refuse to produce them. This refusal comes even after Plaintiffs were more than two months late in lodging any response to Defendant's Requests, despite multiple attempts by Defendant to obtain one.

This Court should compel production of all documents responsive to Defendant's Requests and order Plaintiffs to pay for all reasonable expenses incurred in making this motion, including attorney's fees. In light of the December 7, 2023 close of discovery related to *Markman* discovery and the Court's hearing scheduled for February 1, 2024, moreover, this Court should require a response to Defendant's motion no later than December 27, 2023. Furthermore, Defendant is entitled to obtain these documents in advance of the *Markman* hearing, now scheduled for February 1, 2024.

## BACKGROUND FACTS

Plaintiffs filed their Complaint on January 7th, 2022. *See* Dkt. 1. In the Complaint, Plaintiffs rely on this "Opinion Regarding Infringement of U.S. Patent No. 9,044,917" in their claim for patent infringement against Defendant. *Id.* at ¶ 61, Dkt. 1-8.

Defendant served its Requests on Plaintiffs on August 24th, 2023. Plaintiffs acknowledged receipt of the Requests on the same day. Pursuant to Fed. R. Civ. P. 26 and 34, responses, objections, and/or documents were to be produced within 30 days. Indeed, Defendant confirmed this with explicit instructions in the Requests setting the time for response as within 30 days of service. *See* Ex. 1, at 1. Plaintiffs did not respond to the Requests as required, serving neither objections, responses, nor documents within the time provided.

Counsel for Defendant followed up with regard to the lack of responses and objections on October 30th, 2023. *See* Exhibit 2 at 5. Counsel for Plaintiffs did not respond. On November 15th, 2023, counsel for Defendant informed counsel for Plaintiffs that, in view of the complete lack of response, Defendant would be forced to file a motion to compel. *Id.* at 4. Plaintiffs responded on November 17, 2023, indicating that they would produce "responses tomorrow." *Id.* at 4. That same day, Defendant sought confirmation that Plaintiffs would produce the documents as requested given that Defendant had already begun drafting a motion to compel in the interim and needed to ensure that all requested documents would be produced during the timeline for *Markman* discovery. Defendant informed Plaintiffs that it would file a motion to compel unless documents and responses were provided by November 24, 2023. *Id.* Counsel for Plaintiffs responded: "I am confirming that *we will produce everything that we have responsive to the discovery requests*." *Id.* at 3. Plaintiffs did not provide "responses tomorrow," as they promised, or by November 24, 2023, as Defendant specified. Instead, once more Plaintiffs failed to respond, requiring counsel for Defendant to follow up on November 27, 2023. *Id.* at 2. This time, Plaintiffs promised responses that day, and on November 27, 2023, they provided documents responsive to the discovery requests. *See* Exhibit 3. However, Plaintiffs produced only a total of eleven pages, and nothing in response to Request No. 2. *Id.*

Defendant's Request No. 2 specifically references the Opinion relied on by Plaintiffs and states: "Produce all Documents constituting or concerning any opinion or draft opinions, assessments, or evaluations made by You or on Your behalf, whether written or oral, relating to the scope, claim interpretation, infringement, validity, or enforceability of the Asserted Claims of the '917 Patent, and including but not limited to any such documents related to Docket Entry 1-8, dated January 7, 2022." *See* Ex. 1 at Request No. 2. Despite agreeing to produce all documents as requested, Plaintiffs responded: "All documents that are potentially responsive were created in consultation with litigation counsel and are therefore privileged. Any other documents responsive to this request precede the engagement of expert patent counsel and are the advisory opinion of such expert patent counsel. A privilege log will be provided in support of this response." *See* Ex. 3 at 2. On December 1, 2023, Defendant informed Plaintiffs that their failure to provide documents associated with the Opinion rendered their production deficient and sought confirmation that they would provide the requested documents by December 4, 2023. Ex. 2 at 1. Once again, Plaintiffs failed to respond. After further exchange related to this motion to compel, on December 13, 2023, the Plaintiffs stated that, "there is no additional information responsive to your discovery requests." *See* Exhibit 4 at 2. Defendant sought clarification from Plaintiffs as to whether Plaintiffs were withholding information based on privilege or, alternatively, had failed to maintain documents related to the opinion of counsel such that there were no documents. *Id.* at 1. Once again, Plaintiffs did not respond.[1] As of the date of filing this motion, Plaintiffs have also failed to produce a privilege log, which could have clarified this confusion.

---

[1] This failure to heed deadlines has been a pattern throughout this litigation, in which Plaintiffs routinely fail to follow the deadlines this Court imposes. In due course, and especially should this conduct continue as it has to this day, Trimaco reserves the right to bring an appropriate dispositive sanction motion.

# ARGUMENT

### A. Plaintiffs Have Waived the Attorney-Client Privilege by Relying on an Opinion of Counsel.

"The attorney-client privilege protects the confidentiality of communications between attorney and client made for the purpose of obtaining legal advice." *In re EchoStar Communs. Corp.,* 448 F.3d 1294, 1300 (Fed. Cir. 2006). This privilege is at the discretion of the client. *Id.* The client can waive the attorney-client privilege when, for instance, it uses the advice to establish a defense. *Id.* "It [is] established that if a party interjects the 'advice of counsel' as an essential element of a claim or defense, then all advice received concerning the same subject matter is discoverable, not subject to protection by the attorney-client privilege, and, by logical extension, admissible at trial." *United States ex rel. Drakeford v. Tuomey*, 792 F.3d 364, 391 (4th Cir. 2015). Thus, "[W]hen a party defends its actions by disclosing an attorney-client communication, it waives the attorney-client privilege as to all such communications regarding the same subject matter. *In re EchoStar Communs. Corp.,* 448 F.3d at 1300.[2]

Plaintiffs chose to rely upon the Opinion in their complaint against Defendant. Plaintiffs now seek to shield themselves from disclosure of other materials related to this Opinion under a false guise of attorney-client privilege. Having chosen to waive privilege at the very beginning of this lawsuit, Plaintiffs cannot now hide behind other communications with opinion counsel. This Court should compel Plaintiffs to produce all documents responsive to Defendant's Requests within the scope of their waiver.

---

[2] Federal Circuit law applies in connection with the determination of what materials are discoverable in a patent case "if those materials relate to an issue of substantive patent law." *Id.* at 1298 (citations omitted).

### B. Plaintiffs Have Waived Certain Work Product Immunity by Relying on the Opinion of Counsel.

Likewise, "a party may discover work product if the party waives its immunity." *Id.* at 1302. In determining where to draw the line on the scope of the waiver, a district court "should balance the policies to prevent sword-and-shield litigation tactics with the policy to protect work product." *Id.* This waiver or work product protection extends to "factual" or "non-opinion" work product "concerning the same subject matter as the disclosed work product." *Id.* The court in *Echostar* recognized two categories of work product that are waived in connection with production of an opinion of counsel: "documents that embody a communication between the attorney and client concerning the subject matter of the case, such as a traditional opinion letter;" and "documents that discuss a communication between attorney and client concerning the subject matter of the case but are not themselves communications to or from the client." *Id.*

Plaintiffs have only produced the Opinion itself. Given that Plaintiffs have waived the attorney client privilege and work product immunity by relying on the Opinion, Plaintiffs also waive this same privilege with respect to other documents relating to the Opinion. Even still, Plaintiffs have not yet provided the privilege log that they have promised so Defendant is unable to determine definitively whether additional documents fall within the scope of the waiver.

* * *

This Court should compel Plaintiffs to produce all documents responsive to Defendant's Requests within the scope of waiver.

### CONCLUSION

For the foregoing reasons, Plaintiffs' disclosure and reliance on an Opinion of Counsel has waived attorney-client privilege and work product immunity for all other documents related to the same subject matter, and within the scope of waiver. Pursuant to Fed. R. Civ. P. 37(a)(3)(B)(iv),

Defendant moves this Court to compel Plaintiffs to produce all documents responsive to the Requests. Further, pursuant to Fed. R. Civ. P. 37(a)(5)(A), Defendant requests that Plaintiffs be ordered to pay all reasonable expenses incurred in making this Motion, including attorney's fees.

Respectfully submitted this 18th day of December, 2023.

/s/ Deborah Pollack-Milgate
John M. Moye (NC State Bar No. 35463)
BARNES & THORNBURG LLP
4208 Six Forks Road, Suite 1010
Raleigh, North Carolina 27609
Tel. (919) 536-6200 | Fax (919) 536-6201
jmoye@btlaw.com

Deborah Pollack-Milgate*
Joseph L. Fehribach**
BARNES & THORNBURG LLP
11 S. Meridian Street
Indianapolis, IN 46204
Tel. (317) 231-1313 | Fax (317) 231-7433
deborah.pollackmilgate@btlaw.com
joseph.fehribach@btlaw.com

*by special appearance
**special appearance forthcoming

Counsel for Defendant Trimaco, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on December 18, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Deborah Pollack-Milgate*
Deborah Pollack-Milgate
BARNES & THORNBURG LLP
11 S. Meridian Street
Indianapolis, IN 46204
Tel. (317) 231-1313 | Fax (317) 231-7433
deborah.pollackmilgate@btlaw.com
