IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-CV-15-FL

| | |
|---|---|
| ROBERT TERRACINO and BRADIE TERRACINO,<br><br>    Plaintiffs,<br><br>v.<br><br>TRIMACO, INC.,<br><br>    Defendant. | **REPORT OF THE PARTIES REGARDING MEDIATION** |

    Defendant Trimaco, Inc. ("Trimaco" or "Defendant") and Robert and Bradie Terracino ("Terracinos" or "Plaintiffs"), hereby submit this Report of the Parties Regarding Mediation, in light of the Court's Notice to Counsel dated December 13, 2023. The Parties respectfully submit that, based on the facts contained herein, the deadline for mediation to occur in this matter has not expired.

    On September 15, 2023, Mr. Douglas W. Kenyon was appointed as the mediator in this matter. Following this appointment, Mr. Kenyon reached out to the Parties to discuss scheduling and timing of mediation. Pursuant to the Local Alternative Dispute Resolution Rules, the Case Management Order (Dkt. 32), and Mr. Kenyon's long experience as a mediator in this district, Mr. Kenyon conveyed that mediation did not need to occur prior to the close of discovery, which date has not been set by the Court. Specifically, Mr. Kenyon confirmed in speaking with Ms. Pollack-Milgate that December 7, 2023 was the deadline for completion of discovery related to *Markman* only. Mr. Kenyon spoke with then-local counsel for Plaintiffs after his appointment, and also spoke with lead Plaintiffs' counsel in the past week to confirm his interpretation of the deadline for scheduling mediation.

Mr. Kenyon's assessment is supported by the following facts. *First*, Local Alternative Dispute Resolution Rule 101.1d(a) provides that "[t]he mediated settlement conference shall be held during the discovery period unless the court specifically orders otherwise." Thus, absent an order to the contrary, mediation may be conducted "at any time during the discovery period," but must be completed by the close of the discovery period. *Id.* at Rule 101.1a(a) (mediation may be conducted at any time during the discovery period).

*Second*, based on the Parties' Rule 26(f) Report, the Court limited initial discovery to claim construction issues and set December 7, 2023 as the "claim construction discovery deadline." Dkt. 32 at 2. The Court also indicated that after ruling on "any initial dispositive motion(s)" it would "enter a scheduling order governing deadlines for *further discovery*, procedures for final pretrial conference, and trial, as appropriate." *Id.* at 10 (emphasis added).

*Third*, the Court did not order that mediation be concluded by December 7, 2023. Rather, the Court addressed mediation generally in Section C of the Case Management Order. In Section C.1, the Court stated that mediation is "to be conducted before the close of discovery" and referred the Parties to Local Alternative Dispute Resolution Rule 101.1 et seq. for "required deadlines." *Id.* at 9. As noted, Rule 101.1d(a) requires that mediation be concluded in a matter by the close of discovery.

The Parties remain willing and able to abide by this Court's orders concerning mediation, and respectfully request further guidance from the Court on this issue. In addition, should the Court desire a supplemental submission on this issue, including from Mr. Kenyon, the Parties are willing to provide it.

The Parties confirm that they have spoken with Mr. Kenyon in advance of this submission and that his understanding aligns with that put forward herein.

2

Case 5:22-cv-00015-FL    Document 57    Filed 12/18/23    Page 2 of 4

Respectfully submitted, this 18th day of December, 2023.

/s/ Duncan G. Byers
Duncan G. Byers
Va. Bar ID #48146
BYERS LAW
1769 Jamestown Road, Suite 120
Williamsburg, VA 23185
Tel. (757) 317−2779 | Fax (757) 213−3797
dbyers@dbyerslaw.com

*Special Appearance Counsel for
Plaintiffs Robert and Bradie Terracino*


William Ellis Boyle (NC State Bar No. 33826)
WARD AND SMITH, P.A.
Post Office Box 33009
Wilmington, NC 27636−3009
Tel. (919) 277−9100 | Fax (919) 277−9177
weboyle@wardandsmith.com
docket@wardandsmith.com

*Local Civil Rule 83.1(d) Attorney for
Plaintiffs Robert and Bradie Terracino*

/s/ John M. Moye
John M. Moye (NC State Bar No. 35463)
BARNES & THORNBURG LLP
4208 Six Forks Road, Suite 1010
Raleigh, NC 27609
Tel. (919) 536-6200 | Fax (919) 536-6201
jmoye@btlaw.com

*Local Civil Rule 83.1(d) Attorney for
Defendant Trimaco, Inc.*


Deborah Pollack-Milgate
BARNES & THORNBURG LLP
11 S. Meridian Street
Indianapolis, IN 46204
Tel. (317) 231-1313 | Fax (317) 231-7433
deborah.pollackmilgate@btlaw.com

*Special Appearance Counsel for
Defendant Trimaco, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on December 18, 2023 I electronically filed the foregoing *Report of the Parties Regarding Mediation* with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s John M. Moye*
John M. Moye (NC State Bar No. 35463)
BARNES & THORNBURG LLP
4208 Six Forks Road, Suite 1010
Raleigh, NC 27609-5738
Tel. (919) 802-4436
Fax (919) 536-6201
jmoye@btlaw.com

*Counsel for Defendant Trimaco, Inc.*
