# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# WESTERN DIVISION
## No. 5:22-CV-15-FL

ROBERT TERRACINO and
BRADIE TERRACINO,

    Plaintiffs,

v.

TRIMACO, INC.,

    Defendant.

## OPPOSITION AND REPLY TO MOTION TO COMPEL

COME NOW Plaintiffs, and for their Opposition and Reply to Defendant Trimaco, Inc.'s ("Trimaco" or "Defendant") Motion to Compel state as follows.

### I. SUMMARY

Defendant seeks information that either a) does not exist or b) is not discoverable. A second full review of the documents available has confirmed that there no documents sought that have not already been provided to and/or in the possession of Defendant. Further, the review confirmed that any of the documents sought by Defendant in its Motion to Compel fall outside scope of the discovery under the Court's Case Management Order and by agreement of counsel on both sides to limit discovery solely to the issue of claim interpretation.

### II. THE LIMITED SCOPE OF DISCOVERY AVAILABLE

The scope of discovery at this phase of the case has been limited by agreement of the Parties and by the Court. First, by agreement of counsel there are no expert witnesses that will appear and testify at this claim construction phase of the case. *See* Dkt. 31, ¶¶s 3(a) (bifurcating discovery in the case), 3(b) (if the case proceeds beyond the claim construction phase only then will discovery

include the subject of infringement/non-infringement), 3(c) (limiting discovery in this phase only relevant to claim construction), 3(h) (expert discovery proceeds only if the case proceeds after claim construction). The Court entered its Case Management Order incorporating these limitations. Dkt. 32, A(2). Further, the Court Ordered that ". . . deadlines for retained and other experts shall be determined following the court's order on claim construction. . ." *Id*. at A(9). The Court did, however, require initial disclosures under Fed. R. Civ. P. 26(a)(1). Of necessity, that information would include information – including witnesses – not subject to further discovery until after the claim construction phase.

### III. THE INFORMATION SOUGHT BY DEFENDANT HAS BEEN FULLY RESPONDED TO WITHIN THE SCOPE OF THE CASE MANAGEMENT ORDER

Defendant specifically requests that the Court enter an order compelling the production of certain documents it argues are responsive to its Request for Production No. 2 as follows:

> Produce all Documents constituting or concerning any opinion or draft opinions, assessments, or evaluations made by You or on Your behalf, whether written or oral, relating to the scope, claim interpretation, infringement, validity, or enforceability of the Asserted Claims of the '917 Patent, and including but not limited to any such documents related to Docket Entry 1-8, dated January 7, 2022.

However, as noted in the Court's Case Management Order (incorporating the terms of the Rule 26(f) Report), specifically excluded from this phase of discovery is any discovery Defendant seeks in Request No. 2 except possibly with regards to claim construction. Dkt. 32, (A)(2); Dkt. 31, (3)(b). Further, the information sought covers any potential information related to experts and "other claim construction experts" under Fed. R. Civ. P. 26(a)(2) and Local Patent Rule 304.3(b) which has been specifically excluded from the scope of discovery at this phase of the case. Dkt. 32, (A)(9).

Plaintiffs relied upon the opinion of an expert witness in support of their claim of infringement. But, information related to infringement is specifically excluded from the scope of permissible discovery under the Court's Case Management Order. Defendant is also well aware that Plaintiffs retained Mr. Tanner as an expert witness for infringement issues as disclosed under Fed. R. Civ. P. 26(a)(1) initial disclosures. While this phase of discovery in the case is limited solely to discovery related to claim construction, the Court did not limit the disclosures required under Fed. R. Civ. P. 26(a)(1). Thus, out of an abundance of caution, Plaintiffs listed Mr. Tanner as an expert witness for infringement issues in their. *See* Exhibit 1, p. 5, i(M).

Furthermore, as pointed out by Defendant (Dkt. 56, p. 4) Plaintiffs noted that "[all] documents that are *potentially* responsive were created in consultation with litigation counsel and are therefore privileged." Plaintiffs then followed this response by informing Defendant there were, in fact, no additional responsive documents. Dkt. 56-4, 2. Even if the Court were to compel otherwise currently undiscoverable information under the Court's Case Management Order, it is simply incorrect that Plaintiff waived any attorney-client privilege "by relying upon the advice of counsel" (Dkt. 56, p. 5) and the caselaw relied upon by Defendant shows this. Defendant cites *United States ex rel. Drakeford v. Tuomey, 792 F.3d 364, 391 (4th Cir. 2015)* for the proposition that "it [is] established that if a party interjects the 'advice of counsel' as an essential element of a claim or defense, then all advice received concerning the same subject matter is discoverable, not subject to protection by the attorney-client privilege, and, by logical extension, admissible at trial,'" and that "[t]hus, '[W]hen a party defends its actions by disclosing an attorney-client communication, it waives the attorney-client privilege as to all such communications regarding the same subject matter,'" *citing In re EchoStar Communs. Corp.*, 448 F.3d at 1300. Again, Defendant fails to mention that Plaintiffs identify the Opinion

3

as that of its expert, Daniel A. Tanner, III. Even if any documents related to that Opinion were discoverable at this point, they would be subject to the limitations of the Federal and Local Rules and not a waiver of attorney-client privilege or attorney work product.

Finally, as Defendant noted, Plaintiffs informed Defendant that they were producing "everything that we have responsive to the discovery requests." Dkt. 56-2, p. 3. And then Plaintiffs confirmed that they had, in fact, provided all responsive documents. Dkt. 56-4, p.2 second to last paragraph stating "Finally as I have indicated before I will reiterate that there is no additional information responsive to your discovery requests. What you are seeking does not exist. When I told you that I would provide everything I did so." *Id.*

What is before the Court in this phase of the case is claim interpretation and nothing more. It is a matter of law that is being determined by the Court. The Parties agreed and the Court Ordered that discovery of the kind sought by Defendant is not within the scope of the allowable discovery. Furthermore, as Plaintiffs has informed Defendant there are no other documents to provide related to claims construction.

Given the above, Plaintiffs respectfully propose that Defendant is not entitled to the relief sought and Plaintiffs respectfully request that the Court DENY Defendant's Motion in its entirety.

Respectfully submitted, this 2nd day of January, 2024.

/s/ Duncan G. Byers\_\_\_
Duncan G. Byers
BYERS LAW
1769 Jamestown Road, Suite 120
Williamsburg, Virginia 23185
(757) 317-2779
Fax (757) 231-3797

dbyers@dbyerslaw.com
Va. Bar ID No. 48146
*Special Appearance Counsel for Plaintiffs*
*Robert and Bradie Terracino*


*/s/William Ellis Boyle*
William Ellis Boyle
N.C. State I.D. No.: 33826
email: docket@wardandsmith.com
email: weboyle@wardandsmith.com
Ward and Smith, P.A.
Post Office Box 33009
Wilmington, NC 27636-3009
Telephone: 919.277.9100
Facsimile: 919.277.9177
*Local Civil Rule 83.1(d) Attorney for Plaintiffs*

# CERTIFICATE OF SERVICE

I hereby certify that on January 2, 2024 I electronically filed the foregoing *Opposition and Reply to Defendant's Motion to Compel* with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

This the 2nd day of January, 2024.

/s/ Duncan G. Byers\_\_\_\_\_
Duncan G. Byers
BYERS LAW
1769 Jamestown Road, Suite 120
Williamsburg, Virginia 23185
(757) 317-2779
Fax (757) 231-3797
dbyers@dbyerslaw.com

Va. Bar ID No. 48146
*Special Appearance Counsel for Plaintiffs*
*Robert and Bradie Terracino*


/s/William Ellis Boyle\_\_\_\_\_
William Ellis Boyle
N.C. State I.D. No.: 33826
email: docket@wardandsmith.com
email: weboyle@wardandsmith.com
Ward and Smith, P.A.
Post Office Box 33009
Wilmington, NC 27636-3009
Telephone: 919.277.9100
Facsimile: 919.277.9177
*Local Civil Rule 83.1(d) Attorney for Plaintiffs*

ND:4886-1062-1338, v. 1