IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH
CAROLINA WESTERN DIVISION
No. 5:22-CV-00015-FL

ROBERT TERRACINO and
BRADIE TERRACINO,

    Plaintiffs,

v.

TRIMACO, INC.,

    Defendant.

## PLAINTIFFS' MEMORANDUM IN SUPPORT OF ITS OPPOSITION TO TRIMACO'S RESPONSE REGARDING MARKMAN HEARING (DKT. 65) AND MOTION TO STRIKE

COME NOW Plaintiffs Robert and Bradie Terracino (the "Terracinos" or "Plaintiffs") and pursuant to Fed. R. Civ. P. 12(f) and the Court's rulings from the bench on February 1, 2024, hereby submit this Memorandum in Support of its Opposition and Motion to Strike Defendant Trimaco, Inc's ("Trimaco's" or "Defendant's") Response Regarding Markman Hearing (Dkt. 65) concerning the construction of certain claim terms of U.S. Patent No. 9,044,917 (the "'917 Patent").

### I. BACKGROUND

The Court heard oral argument on the proposed claim constructions for the patent at issue in this matter (the '917 Patent) on Thursday, February 1, 2024. Two of the claims at issue - Claim 1 and Claim 6 – were argued in Defendant's pleadings (Dkts. 40 and 45) and by Defendant at oral argument to be indefinite on the basis of the claimed testing procedure and results in the claims and described in the specification of the '917 Patent. The Transcript of

that hearing is in the Court's records at Dkt. 64.

In response to argument of counsel for Trimaco, the Court granted leave to Trimaco to file supplemental argument in regards to the testing procedures at issue before the Court. Dkt. 64 at 68:2-8. The Court further granted Plaintiffs leave to "have the last word." *Id*. at 68:9-16.

Trimaco filed its Response styled "Supplemental Claim Construction Submission" on February 6, 2024. Dkt. 62. Plaintiffs filed their Response to Trimaco's "Supplemental Claim Construction Submission" on February 12, 2024. Dkt. 63.[1] In direct contravention to the Court providing Plaintiffs with the "last word" on the matter, without discussing any additional pleadings with Plaintiffs, and without leave of Court, Trimaco filed a Response regarding Markman Hearing (Supplement to Claim Construction Hearing) on February 23, 2024. Dkt. 65.

**II.    ARGUMENT**

The Court's rulings from the bench provided for two additional pleadings: a supplemental pleading by Trimaco, and the "last word" pleading by Plaintiffs allowed by the Court. Defendant had no right to file its Response as the Court had not directed that one be filed, had specifically given Plaintiffs the "last word," and Defendant neither objected to the Court's direction nor asked for the ability to file what amounts to a reply brief. Therefore the "briefing on the matter is closed." *See, e.g., Duke Energy Carolinas, LLC v. Frontier Communications of the Carolinas, LLC*, 2014 WL 3854146, *2 (W.D.N.C. Aug. 6, 2014).

As a practical matter, Defendant's Response could be considered either an amended

---

[1] The five days provided by the Court for Plaintiffs' "last word" on the matter expired on Sunday, February 11, 2024 and Plaintiffs' filing was therefore entered on Monday, February 12, 2024.

pleading or a sur-reply. In either case, because the Response could not be made "as of right" and was "filed without leave of court or consent" of Plaintiffs, the Response should be considered "a nullity and without legal effect." *See Koulpasis v. State Farm Fire and Casualty Company*, 202 WL 3548809, *2 (D.S.C. June 30, 2020).

Generally, "[u]nder the Local Rules, replies in non-discovery are disfavored; sur-replies without leave of court are omitted entirely." *United States v. $307,970.00, in U.S. Currency*, 156 F.Supp.3d 708, 722 (E.D.N.C. 2016), *citing* Local Civ. R. 7.1(f)(1). Plaintiffs are unaware of any authority in this jurisdiction relating specifically to the issue at hand, where in a civil action a party has filed supplemental argument not specifically allowed for and/or directed by the Court, nor asked for, in a briefing schedule given from the bench during a claim construction hearing.

However, an analogous procedural posture may be found in the Local Patent Rules regarding the amendment of infringement, noninfringement, or invalidity contentions. In particular Local Patent Rule 303.7 "permit[s] a party to amend its contentions 'within thirty (30) days of the discovery of new information relevant to the issues of infringement, noninfringement, or invalidity.' 'Otherwise, amendment or modification shall be made only by order of the Court, which shall be entered only upon a showing of good cause.'" *Veolia Water Solutions & Technologies Support v. Siemens Industry, Inc.*, 2013 WL 2149209, *3 (E.D.N.C. May 16, 2013) (internal citations omitted).

Here, there is no "discovery of new information relevant to the issues" before the Court. All information, in particular Plaintiffs' impeachment of Defendant's assertion that claims relating to testing in the patent-in-suit, was known to Defendant prior to the claim construction hearing and certainly all known at the time that the Court ordered the two-step

briefing on the matter from the bench. And therefore known to Defendant at the time Defendant submitted its legal arguments in its "Supplemental Claim Construction Submission." Dkt. 62. Even if there were new information, however, the analogous use of Local Patent Rule 303.7 would still require leave of court for Defendant to be permitted to file its Response regarding Markman Hearing (Supplement to Claim Construction Hearing) on February 23, 2024. *Veolia*, 2013 WL 2149209 at *3. And since there is no new information, applying the analogy of Local Patent Rule 303.7 additionally requires a "showing of good cause." Local Patent Rule 303.7. Here, Defendant has neither sought leave of Court nor made a showing of good cause. It simply assumed that it could have the "last word" despite the Court's clear direction from the bench, and without any Federal or Local Rule giving it such right.

Because Trimaco filed its February 23, 2024 Response in direct contravention to the Court's rulings from the bench on February 1, 2024, without consultation with Plaintiffs, without leave of Court and without any showing of good cause, the Court should disregard Trimaco's Response at Dkt. 65 and strike the same from the record.

### III. CONCLUSION

For the reasons set forth herein, Plaintiffs respectfully request that the Court decline to consider Trimaco's Response filed on February 23, 2024 and strike the same from the record.

March 2, 2024

Respectfully submitted,

/s/ Duncan G. Byers
Duncan G. Byers
BYERS LAW
1769 Jamestown Road, Suite 120
Williamsburg, Virginia 23185

(757) 317-2779  
Fax (757) 231-3797  
dbyers@dbyerslaw.com  
Va. Bar ID No. 48146  
*Special Appearance Counsel for Plaintiffs*  
*Robert and Bradie Terracino*

/s/William Ellis Boyle  
William Ellis Boyle  
N.C. State I.D. No.: 33826  
email: docket@wardandsmith.com  
email: weboyle@wardandsmith.com  
Ward and Smith, P.A.  
Post Office Box 33009  
Wilmington, NC 27636-3009  
Telephone: 919.277.9100  
Facsimile: 919.277.9177  
*Local Civil Rule 83.1(d) Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on March 2, 2024 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Duncan G. Byers  
Duncan G. Byers  
BYERS LAW  
1769 Jamestown Road, Suite 120  
Williamsburg, Virginia 23185  
(757) 317-2779  
Fax (757) 231-3797  
dbyers@dbyerslaw.com  

Va. Bar ID No. 48146  
*Special Appearance Counsel for Plaintiffs*  
*Robert and Bradie Terracino*

                */s/William Ellis Boyle*
                William Ellis Boyle
                N.C. State I.D. No.:  33826
                email:  docket@wardandsmith.com
                email:  eboyle@wardandsmith.com
                Ward and Smith, P.A.
                Post Office Box 33009
                Wilmington, NC  27636-3009
                Telephone:  919.277.9100
                Facsimile:  919.277.9177
                *Local Civil Rule 83.1(d) Attorney for Plaintiffs*