IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:22-CV-15-FL

| | |
|---|---|
| ROBERT TERRACINO, et al., ) | |
| ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| TRIMACO, INC., et al., ) | |
| ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on Defendant Trimaco, Inc.'s motion to compel and motion for leave to file a reply. [DE-55, -59]. Plaintiffs filed a response to the motion to compel, [DE-58], and the motions are ripe for decision. For the reasons stated below, the motion to compel is denied and the motion for leave to file a reply is allowed.

Defendant moves to compel a response to Request No. 2 of its Requests for Production Relevant to Claim Construction served on August 24, 2023, and seeks an award of reasonable expenses in making the motion, including attorney's fees. Def.'s Mem. [DE-56] at 1–2. RFP No. 2 sought "all Documents constituting or concerning any opinion or draft opinions, assessments, or evaluations made by You or on Your behalf, whether written or oral, relating to the scope, claim interpretation, infringement, validity, or enforceability of the Asserted Claims of the '917 Patent, and including but not limited to any such documents related to Docket Entry 1-8, dated January 7, 2022." [DE-56-3] at 3.

Plaintiffs initially failed to respond to the discovery request, promised a response by November 18 but failed to provide one, and ultimately produced eleven pages of documents on

November 27, but nothing responsive to RFP No. 2. *Id.* at 3. Plaintiffs' response to RFP No. 2 asserted that (1) all potentially responsive documents were "created in consultation with litigation counsel and are therefore privileged," (2) "[a]ny other documents responsive to this request precede the engagement of expert patent counsel and are the advisory opinion of such expert patent counsel," and (3) a privileged log would be provided. *Id.* Plaintiffs never provided a privilege log. Def.'s Mem. [DE-56] at 4. In correspondence between opposing counsel on the issue, Plaintiffs asserted that "there is no additional information responsive to your discovery requests. What you are seeking does not exist. When I told you that I would provide everything I did so." [DE-56-4] at 3. Defendant sought to clarify whether Plaintiffs meant they were not withholding any documents on the basis of privilege, and Plaintiffs did not respond. *Id.* at 1; Def.'s Mem. [DE-56] at 4.

Plaintiffs in response to the motion to compel assert that Defendant seeks information that does not exist or is not discoverable. Pls.' Resp. [DE-58] at 1. Plaintiffs state that "[a] second full review of the documents available has confirmed that there [are] no documents sought that have not already been provided to and/or [are] in the possession of Defendant." *Id.* Plaintiffs also contend that the documents sought fall outside the scope of discovery, which is limited to the issue of claim interpretation. *Id.* Plaintiffs reiterated that all responsive information had been produced. *Id.* at 4. Defendant in reply questions why Plaintiffs are asserting substantive arguments against disclosure if there is nothing responsive to produce. Def.'s Reply [DE-59-1] at 2–3.

At the court's February 1, 2024 Claim Construction Hearing, the parties discussed the pending motion to compel. Hr'g Tr. [DE-64] at 72:25–75:24. Plaintiffs again asserted (1) that there was no responsive information that was properly discoverable or disclosable, and (2) that there is nothing responsive. *Id.* at 75:2–12.

2

Defendant's reluctance to accept at face value Plaintiffs' statement that there is nothing responsive to produce is understandable given that Plaintiffs' discovery response to RFP No. 2 referenced responsive documents, asserted privilege, and stated a privilege log would be forthcoming. [DE-56-3] at 3. However, given Plaintiffs' subsequent statements—the last of which was made during a hearing with the district court—that there is nothing responsive to produce, the court denies the motion to compel. *See Georgia-Pac. Corp. v. Von Drehle Corp.*, 2007 WL 9637134, at *1–2 (E.D.N.C. Aug. 17, 2007) (finding that absent evidence to the contrary, "[t]he court must take [a party's] word that it has produced all responsive discoverable documents if [the party] says that it has."). Notwithstanding, given the ambiguity created by Plaintiffs' response to RFP No. 2 and their subsequent clarification that what Defendants sought did not exist and there are no responsive documents, Def.'s Mem. [DE-56] at 4, Plaintiffs shall provide Defendant with a supplemental response to RFP No. 2 within seven (7) days.

Accordingly, the motion to compel is denied and the motion for leave to file a reply is allowed.

So ordered, the 26 day of March 2024.

Robert B. Jones, Jr.
United States Magistrate Judge