IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-CV-00015-FL

| | |
|---|---|
| ROBERT TERRACINO and BRADIE TERRACINO,<br><br>Plaintiffs,<br><br>v.<br><br>TRIMACO, INC.,<br><br>Defendant. | **MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LIMITED RECONSIDERATION OF COURT'S *MARKMAN* RULING** |

Defendant Trimaco, Inc. ("Trimaco") hereby submits this Memorandum of Law in Support of its Motion for Reconsideration/Clarification of the Court's Claim Construction Ruling, insofar as the Court ruled that "plaintiffs remain free to argue that defendant's product infringes the [U.S. Patent No. 9,044,917] notwithstanding the addition of a third layer." Dkt. 72, at 12; *see also id*. at 13.

## ARGUMENT

Trimaco respectfully submits that Plaintiffs Robert and Bradie Terracino ("Plaintiffs" or "Terracinos") unmistakably disavowed a claim scope that would include a third layer and, accordingly, they cannot seek to recapture that territory through litigation. *See, e.g., 3M Innovative Properties v. Tradegar Corp.*, 725 F.3d 1315, 1322 (Fed. Cir. 2013), cited in Dkt. 72, at 8; *see also Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*, 535 U.S. 722, 740 (2002), cited in Dkt. 40, at 11 ("A patentee's decision to narrow his claims through amendment may be presumed to be a general disclaimer of the territory between the original claim and the amended claim."). As such, Plaintiffs are not entitled to argue that a third layer infringes their patent claims, and "adjacent" must mean – as Defendant argued – "[t]he upper major surface of the single lower

1

Case 5:22-cv-00015-FL   Document 80   Filed 06/05/24   Page 1 of 5

resilient layer is disposed directly next to or adjoins the lower major surface of the single, absorbent, woven upper layer." Put simply, Plaintiffs told the United States Patent & Trademark Office ("USPTO") that theirs was a two-layered invention, and they should not be permitted to contradict themselves before this Court.

As set forth in Trimaco's Opening Claim Construction Brief, the first patent application filed by the Terracinos included patent claims using the transitional phrase "comprising," which is open-ended, as well as patent claims including a third layer. Dkt. 40, at 3-4, Dkt. 40-1 at 190-92. *Each* of the proposed patent claims, however, was rejected in view of the prior art (U.S. Patent No. 6,296, 919 (Rockwell)), which taught a "*multilayered* composite structure." *Id.* Dkt. 40, at 3-4 (emphasis added). In other words, the USPTO determined that the Terracinos were not entitled to a patent for a three-layered structure. To overcome this rejection–i.e., to obtain something patentable–the Terracinos gave up a multilayered structure, (1) converting "comprising" to "consisting of"; and (2) abandoning any patent claims that included a third layer. *Id.* at 4; Dkt. 40-1, at 140-42. In particular, proposed claim 9, which would have interposed "an impervious member," i.e., an additional layer, between the upper and lower layer, was cancelled. Dkt. 40-1, at 142. The Terracinos stated:

> Applicants have amended claim 1 to change from an open claiming form (i.e., comprising) to a closed claim form (i.e., consisting of). Further, Applicants have amended claim 1 to recite that the upper component of *their two layer structure* consists of "a single, absorbent, plain woven upper layer free from any protecting [sic] cut pile and having an upper and a lower major surface."
>
> The thin, *two layer structure* described and now claimed allows Appellant's drop cloth to readily conform to irregular surfaces . . . The amendment of claim 1 [to consisting of] clearly overcomes its rejection under 35 U.S.C. § 103 (a) as being unpatentable over ROCKWELL in view of KOBE.

Dkt. 40-1, at 147-48 (emphasis added). It was against this backdrop that the Examiner confirmed: "*Applicant has amended the preamble language of the claim by closing up the recitation and making it a two layered structure.*" Dkt. 40, at 4 (emphasis added).

Limiting one's claims to a specific scope, as the Terracinos did here by confirming their invention as a two-layered structure, constitutes a clear disavowal rendering coverage of a third layer impossible. *See, e.g., Abbott Labs. v. Sandoz*, 566 F.3d 1282, 1290 (Fed. Cir. 2009) (noting applicant's specific limiting of the invention to Crystal A and not Crystal B). Distinguishing over the prior art to obtain claims to a two-layered structure—even where the specification discloses a three-layered structure—is dispositive of the issue. *See, e.g., Revolution Eyewear, Inc. v. Aspex Eyewear, Inc.*, 175 Fed. Appx. 350, 355-56 (Fed. Cir. 2006) (finding that distinguishing over prior art was clear disavowal even when doing so would "read out" preferred embodiments ) (citing *inter alia Standard Oil Co. v. Am. Cyanamid Co.*, 774 F.2d 448, 452 (Fed. Cir. 1985); *Omega Eng'g, Inc. v. Raytek Corp.*, 334 F.3d 1314, 1326 (Fed. Cir. 2003)).

## **CONCLUSION**

As a result of their clear disavowal, Terracinos have abandoned any claim to a three-layered structure. Thus, as a matter of prosecution history disclaimer, Terracinos are *not* permitted to argue that a three-layered mat would infringe their patent claims. Similarly, this Court's construction of "adjacent" must not permit a third-layer to be interposed, when this precise configuration was given up during prosecution of the '917 patent.[1]

---

[1] Trimaco, insofar as it can make this determination from the record, did not argue that the definition of "adjacent" required the layers to "touch." Instead, Trimaco argued that the two layers of the mat were "directly next to" or "adjoining" each other, in part because there cannot be a third layer in view of Plaintiffs' clear disavowal. *See, e.g.*, Dkt. 40, at 13; Dkt. 72 at 12.

Respectfully submitted this 5th day of June, 2024.

*/s/ Deborah Pollack-Milgate*
John M. Moye (NC State Bar No. 35463)
BARNES & THORNBURG LLP
4208 Six Forks Road, Suite 1010
Raleigh, NC 27609
Tel. (919) 536-6200 | Fax (919) 536-6201
jmoye@btlaw.com

Deborah Pollack-Milgate*
Joseph L. Fehribach*
BARNES & THORNBURG LLP
11 S. Meridian Street
Indianapolis, IN 46204
Tel. (317) 231-1313 | Fax (317) 231-7433
deborah.pollackmilgate@btlaw.com
joseph.fehribach@btlaw.com

\**by special appearance*

*Counsel for Defendant Trimaco, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on June 5, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will automatically send email notification of such filing to all counsel of record.

*/s/ Deborah Pollack-Milgate*
Deborah Pollack-Milgate
BARNES & THORNBURG LLP
11 S. Meridian Street
Indianapolis, IN 46204
Tel. (317) 231-1313 | Fax (317) 231-7433
deborah.pollackmilgate@btlaw.com

*Attorney for Defendant Trimaco, Inc.*