IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH
CAROLINA WESTERN DIVISION
No. 5:22-CV-00015-FL

ROBERT TERRACINO and
BRADIE TERRACINO,

    Plaintiffs,

v.

TRIMACO, INC.,

    Defendant.

### MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION/CLARIFICATION

COME NOW Plaintiffs Robert and Bradie Terracino ("Plaintiffs" or "Terracinos"), pursuant to the Court's Order of May 20, 2024 (DE 77), and for their Motion for Reconsideration/Clarification state as follows.

I.    **INTRODUCTION AND BACKGROUND**

After the Parties fully briefed the Court and the Court holding its claim construction hearing on February 1, 2024, the Court issued its claim construction Order on April 29, 2024. In that Order, the Court construed the language of Claims 1 and Claim 6. In particular, the Court construed the preambles of Claim 1 and Claim 6 as well as the limitation of Claim 1 related to testing resulting in a "Sliding Coefficient of Friction." The Court determined that the preamble of Claim 1 and Claim 6 are to be construed as "A non-skid protective cloth or pad, limited to" and that the "Sliding Coefficient of Friction" limitation of Claim 1 is indefinite. Pursuant to the Court's Order of May 20, 2024 (DE 77), Plaintiffs respectfully submit this Memorandum in Support of Their Motion for Reconsideration/Clarification and ask the Court to reconsider its claim construction for Claims 1 and 6.

1

In summary, Plaintiffs submit that the Court should reconsider its claim construction in that 1) the Court's claim construction of the preamble of Claims 1 and Plaintiffs' amendment narrowing the preamble to Claims 1 and 6 was premised upon an incorrect interpretation of the prosecution history of the patent at issue; 2) that the Court's finding that the testing limitation of Claim 1 is indefinite should be reconsidered; and 3) that the Court's claim construction requires clarification in that it leaves uncertain the interpretation of limitations in Claims 1 and 6 related to the layers as described in those Claims.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 54(b) provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). Thus, a district court retains the power to reconsider and modify its interlocutory judgments at any time before final judgment. *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514-15 (4th Cir. 2003). Resolution of a motion to reconsider is "committed to the discretion of the district court," bearing in mind that "[t]he ultimate responsibility of the federal courts, at all levels, is to reach the correct judgment under law." *Id.* The Court entered a scheduling Order (DE 77) providing that Plaintiffs may file this, their Motion for Reconsideration, on or before June 5, 2024.

## III. ARGUMENT

### A. Clarification of The Record

As a first matter, with regards to Claim 1, the Court cites to DE 43-7 while reviewing the prosecution history. With respect, there seems to be some confusion as document 43-7 (referred to as "Exhibit 6" in Plaintiff's claim construction brief) is the file wrapper for parent application from

which a continuation-in-part was filed; that continuation-in-part is the patent application that matured into the patent at issue and is filed as DE 43-6. Plaintiffs submit that the apparent confusion may have been created by Plaintiffs' reference to "Exhibit 6" in its Opening Claim Construction Brief rather than to the specific docket entries. Plaintiff is therefore correcting those citations to the correct exhibits (DE 43-6 and 43-7) herein.

As further clarification, DE 43-7 is the file wrapper for U.S. Patent Application No. 12/460,763 (the "'763 Application"). A non-final office action was filed by the examiner on July 3, 2013 (DE 43-7 at 4). Plaintiffs filed a continuation-in-part, U.S. Patent Application No. 14/044,130 on October 2, 2013 (the "'130 Application") claiming the benefit of the '763 application. The file wrapper for the continuation-in-part is at DE 43-6 and is the application that matured into the '917 patent.

**B. The Prosecution History of the '917 Patent Was Misconstrued and On That Basis The Scope of the Preamble of Claims 1 and 6 Was Incorrectly Limited**

While the prosecution history of the '130 Application is intrinsic evidence properly before the Court while determining proper claim construction, Plaintiffs respectfully submit that the Court misconstrued the prosecution history to limit the scope of the preambles of Claims 1 and 6. In particular, the Court relied upon Plaintiffs' amendment of the preamble language from "comprising" to "consisting of" as well as the usual construction of "consisting of" as closed language to determine that the preambles of Claims 1 and 6 should be construed as "A non-skid protective cloth or pad, limited to". DE 72 at 9. As noted by the Court, Plaintiffs contended that the prosecution history showed that the term "consisting of" limited the "upper layer, and only the upper layer." DE 72 at 11.

Plaintiffs submit that the Court's interpretation of Claims 1 and 6 incorrectly limits the scope of Claims 1 and 6 and/or leaves substantial ambiguity as to the meaning of the claims as a

whole.

First, with regards to Plaintiffs amendment to the preambles of Claims 1 and 6, Plaintiffs respectfully submit that the Court's order of events that it relies upon is incorrect. In particular, the closing of the preamble for Claims 1 and 6 was not made in response to a rejection based upon the interposition of an (additional) impervious layer between the upper layer and lower layer. The original claims as filed on July 27, 2009 included an impervious layer between the upper layer and the lower layer. DE 43-7 at 192. The examiner issued a non-final rejection on April 1, 2010 but did not reject the claims for having more than one layer. DE 43-7 at 154-57.

In response, Plaintiffs on June 21, 2010 amended the preamble from "comprising" to "consisting of" but did not amend the claims to remove the additional, impervious layer. DE 43-7 at 140-45. The examiner did note the amendment to the preamble (DE 43-7 at 123) but at no time during the prosecution of the '763 Application did Plaintiffs remove the impervious layer, nor did examiner, in the three years after Plaintiffs amended the preamble, reject Plaintiffs' claims for having a third impervious layer. In the final set of claims submitted in the '763 Application, Plaintiffs still including the additional impervious layer. DE 43-7 at 28.

The original claims in the '130 Application that matured into the '917 Patent included the "consisting of" language in the preamble but still contained a third, impervious layer. DE 43-6 at 179. It was not until May 30, 2014 that the examiner objected to the inclusion of the impervious layer on the basis that it was the equivalent of a "backing layer" attached to a "lower backing layer." DE 43-6 at 127. Plaintiffs traversed examiner's rejection and filed amended claims that continued to include the impervious layer. DE 43-6 at 98.

The examiner issued a final rejection on October 31, 2014, again rejecting the inclusion of the impervious layer on the basis that it was the equivalent of a "backing layer" attached to a "lower backing layer." DE 43-6 at 61. Thus, examiner rejected the claims including the

impervious layer not on the "closing" of the language of the preambles of Claims 1 and 6 but on prior art. In response, in part, to that objection by examiner Plaintiffs cancelled the dependent claims which included the impervious layer. *See* amended claims filed by Plaintiffs on December 27, 2014, DE 43-6 at 42-46.

Plaintiffs, therefore, cancelled claims including a third (impervious) layer in response to an obviousness rejection and not as a result of the "closing" of the preamble language. As the Court noted, "a finding that prior art renders a patent obvious does not necessarily bear on the meaning of any given term," DE 72 at 11, *citing Celgene Corporation v. Peter*, 931 F.3d 1342, 1350-53 (Fed. Cir. 2019).

Plaintiffs therefore respectfully submit that the Court should reconsider its claim construction with regards to the preamble of Claims 1 and 6, and adopt the claim construction proposed by Plaintiffs in that: 1) the prosecution history unmistakably manifests an alternative meaning understood by both Plaintiffs and the examiner in that both Plaintiffs and the examiner understood the amendment of the preamble to "consisting of" was unrelated to the addition of an additional, impervious later between the recited upper and lower layers; 2) the prosecution history is clear that the cancellation of claims reciting a third, impervious layer occurred years after the amendment of the preamble; and 3) the cancellation of claims reciting a third, impervious layer was in response to an obviousness rejection which has no bearing on the meaning of the claims as issued.

**C. The Court Should Reconsider its Finding that the Testing in Accordance with TAPPI T548 is Indefinite**

The Court found that the term "[w]hereby when said lower surface of said major surface of said single resilient layer is placed on a support surface, a Sliding Coefficient of friction measure in accordance with TAPPI T548 specification is greater than approximately 0.75" is indefinite in that

5

"it instructs a person of ordinary skill in the art to use the test to determine a variable that it is not designed to measure. . ." DE 72 at 24. Plaintiffs submit that the Court should reconsider its construction of this claim limitation.

The Court, in support of its claim construction cited *Presidio Components, Inc. v. American Technical Ceramics Corp.*, 875 F.3d 1369, 1377 (Fed. Cir. 2017) for the proposition that the claim limitation does not "describe a way to produce the variable contemplated in the claim." DE 72 at 25. A review of the specification, however, reveals that the "variable contemplated in the claim" is described in sufficient detail for one skilled in the art to understand the claim limitation and apply the test as claimed. The specification of the '917 Patent clearly provides the detail for one skilled in the art to understand the claim as written: "As may readily be seen, five specimens (i.e., samples) were 35 tested in accordance with the TAPPI T548 test procedure. Column 430 shows the angle (i.e., the inclination of elevatable upper portion 404) at which sample 412 slides along sample 416. A Static Coefficient of Friction may readily be calculated from the side angle measured for a particular specimen. These Static Coefficient of Friction values are enumerated in column 432." Specifically, the description in the specification "[c]olumn 430 shows the angle (i.e., the inclination of elevatable upper portion 404) at which sample 412 slides along sample 416. A Static Coefficient of Friction may readily be calculated from the side angle measured for a particular specimen" requires expert testimony for claim interpretation, and therefore cannot be determined by the Court in claim construction. Such expert testimony was specifically excluded from the claim construction in this case. Because the Court determined that the claim construction was a "test that does not describe the way to produce a variable contemplated in the claim" it impermissibly interposes its analysis of an expert opinion where none was provided.

Plaintiffs respectfully submit that a determination of one skilled in the art as to whether or not the claim as written would be understood and the test as applied could be understood is a

question to be determined based upon expert testimony, rather than just claim construction as a matter of law.

### D. The Court's Determination Leaves Indefinite Whether or Not a Layer as Claimed May Include Additional Elements

With regards the impervious layer, Plaintiffs in response to the examiner's office action of 10.31.2014 (DE 43-6 at 54-63) *added* the open-ended term "comprising" to the language of Claim 1 (DE 43-6 at 48-9) (emphasis added). Thus, while Plaintiffs amended the Claim 1 preamble to recite "consisting of" with regards to the layers, there is no language in the claims, specification, or prosecution history that limits the number of elements in the lower layer and during prosecution the language of Claim 1 for the lower layer was specifically expanded and issued with that structure.

In particular, the Court construed the phrase "consisting of" to mean "limited to" such that Claims 1 and 6, under the Court's construction, excludes additional elements in a manner contrary to the prosecution history in that the specification and prosecution history unmistakably manifest an alternate meaning. Further, the Court's construction of Claim 1 appears to interpret the layers as being singular in structure themselves when the prosecution history shows that while Plaintiffs and Examiner agreed that Plaintiffs had "amended the preamble language of the claim by closing up the recitation and making it a two-layered structure" (DE 72 at 11) it is clear from the prosecution history that the "two-layered structure" does not foreclose each of the layers comprising more than one element.

Claim 1 recites "A non-skid protective cloth or pad, consisting of," and "consisting of" creates a "very strong presumption that that claim element is closed and therefore excludes any elements, steps, or ingredients not specified in the claim," *Multilayer Stretch Cling Film Holdings, Inc. v. Berry Plastics Corp.*, 831 F.3d 1350, 1358 (Fed. Cir. 2016). However, the Court's construction of Claim 1 depends upon Plaintiffs' having "amended the preamble language" of

Claim 1 "by closing upon the recitation and making it a two-layered structure." DE 72 at 11, citing DE 43-7 at 123. The Court's Order states that Plaintiffs' contention that the term "consisting of" limits "the upper layer, and only the upper layer" was without merit because of that amendment to the preamble. DE 72 at 11. That amendment was made in response to a non-final office action dated April 1, 2010 (DE 43-7 at 152-165). Plaintiffs amended the claim language such that Claim 1 read, in part, "A non-skid protective cloth or pad, consisting of: a) a single, absorbent, plain woven upper layer . . . b) a single lower, resilient layer . . ." DE 43-7 at 140 (amendments underlined).

However, the position that Plaintiffs have taken is based upon the understanding by the examiner and Plaintiffs that the layers themselves are not limited to a single element and may be constructed by the fusion or combination by other means of more than one element to create a single upper layer and a single lower layer. This interpretation is born out by the interpretation of the language of Claim 1 itself which recites a "lower resilient layer comprising." Thus, while the preamble may be read to limit Claim 1 to two layers, the language describing at least the lower layer is open-ended, using "comprising" and not "consisting of." Therefore, the "layers" are not limited by the use of the term "limited to" but are open ended.

## IV. CONCLUSION

For the reasons stated herein, Plaintiffs respectfully submit that the Court should reconsider its claim construction and adopt Plaintiffs' proposed claim construction.

June 5, 2024

Respectfully submitted,

/s/ Duncan G. Byers
Duncan G. Byers
BYERS LAW
1769 Jamestown Road, Suite 120

8
Case 5:22-cv-00015-FL   Document 82   Filed 06/05/24   Page 8 of 10

Williamsburg, Virginia 23185
(757) 317-2779
Fax (757) 231-3797
dbyers@dbyerslaw.com
Va. Bar ID No. 48146
*Special Appearance Counsel for Plaintiffs*
*Robert and Bradie Terracino*


*/s/William Ellis Boyle*
William Ellis Boyle
N.C. State I.D. No.: 33826
email: docket@wardandsmith.com
email: weboyle@wardandsmith.com
Ward and Smith, P.A.
Post Office Box 33009
Wilmington, NC 27636-3009
Telephone: 919.277.9100
Facsimile: 919.277.9177
*Local Civil Rule 83.1(d) Attorney for Plaintiffs*

9
Case 5:22-cv-00015-FL   Document 82   Filed 06/05/24   Page 9 of 10

## CERTIFICATE OF SERVICE

I hereby certify that on June 5, 2024 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Duncan G. Byers
Duncan G. Byers
BYERS LAW
1769 Jamestown Road, Suite 120
Williamsburg, Virginia 23185
(757) 317-2779
Fax (757) 231-3797
dbyers@dbyerslaw.com
Va. Bar ID
No. 48146
*Special Appearance Counsel for Plaintiffs Robert and Bradie Terracino*

/s/William Ellis Boyle
William Ellis Boyle
N.C. State I.D. No.: 33826
email: docket@wardandsmith.com
email: eboyle@wardandsmith.com
Ward and Smith, P.A.
Post Office Box 33009
Wilmington, NC 27636-3009
Telephone: 919.277.9100
Facsimile: 919.277.9177
*Local Civil Rule 83.1(d) Attorney for Plaintiffs*