IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-CV-00015-FL

| | |
|---|---|
| ROBERT TERRACINO and BRADIE TERRACINO, <br><br> Plaintiffs, <br><br> v. <br><br> TRIMACO, INC., <br><br> Defendant. | DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION/CLARIFICATION |

Defendant Trimaco, Inc. ("Trimaco") hereby submits this Memorandum in Opposition to Plaintiffs' Motion for Reconsideration/Clarification of the Court's *Markman* Ruling. *See* Dkt. 82. As discussed below, the Plaintiffs have pointed to no errors that would warrant the reconsideration they seek. The Plaintiffs' disclaimer of a structure encompassing more than two layers was clear, and the Court correctly determined that Claim 6 is indefinite.

## ARGUMENT

This Court did not err in finding, as a matter of law, that the Plaintiffs limited their invention to a two-layered structure. Plaintiffs' reconsideration motion is an improper attempt to reinterpret the prosecution history when, in fact, the prosecution history shows a clear unmistakable disclaimer.[1] Plaintiffs' arguments attempting a reinterpretation are based on legal error, as shown below.

---

[1] As the Terracinos note, *even in the absence of a disclaimer*, the very strong presumption is that "consisting of" renders the claim closed to additional elements not specified in the claim. Dkt. 82, at 7 (citing *Multilayer Stretch Cling Film Holdings, Inc. v. Berry Plastics Corp.*, 831 F.3d 1350, 1358 (Fed. Cir. 2018)). Thus, there is no need to resort to the prosecution history to reach the Court's construction.

1

## A. The Prosecution History of the Asserted Patent *Includes* the Parent Application.

As if it were a material distinction, Plaintiffs first suggest that they invited error by failing to distinguish between the *parent* application, U.S. Patent Application No. 12/460,763 (the "'763 Application"), and the *child* application, U.S. Patent No. 9,044,917 (the "'917 Patent"). But this is not a material distinction. If a child application includes language incorporating one or more parent applications by reference, "[t]he incorporated patents are 'effectively part of the host [patents] as if [they] were explicitly contained therein' [and, as] a result, the disclaimers of the incorporated patents are part of the asserted patents." *X2Y Attenuators, LLC v. Int'l Trade Comm'n*, 757 F.3d 1358, 1362-63 (Fed. Cir. 2014) (quoting *Telemac Cellular Corp. v. Topp Telecom, Inc.*, 247 F.3d 1316, 1329 (Fed. Cir. 2001) (some internal citations omitted); *see also Cordis Corp. v. Boston Scientific Corp.,* 658 F.3d 1347, 1356 n.5 (Fed. Cir. 2011) ("[A] disclaimer in the parent application carries forward into the construction of the same claim term in the child.").

For purposes of claim construction, moreover, "[w]hen multiple patents derive from the same initial application, the prosecution history regarding a claim limitation in any patent that has issued applies with equal force to subsequently issued patents that contain the same claim limitation." *Elkay Mfg. Co. v. Ebco Mfg., Co.*, 192 F.3d 973, 980 (Fed. Cir. 1999); *see also Watts v. XL Sys., Inc.*, 232 F.3d 877, 884-85 (Fed. Cir. 2000) (applying the limiting statement from the specification of the parent patent to a continuation in part thereof, where the same limiting statement was made); *Wang Labs., Inc. v. Am. Online, Inc.*, 197 F.3d 1377, 1384 (Fed. Cir. 1999) (concluding that statements made in the parent application regarding claim terms, insofar as they relate to subject matter in common with a continuation in part thereof patent, are binding).

U.S. Patent Application No. 14/044,130 (the "'130 Application"), which matured into the '917 Patent, incorporates by reference the '763 application and, therefore, any disclaimer from the

'763 application carries forward into the construction of the same claim term in the '917 Patent. The Plaintiffs' attempt to draw a distinction here is meritless and invites the Court to commit legal error.

    **B. The Presence of Claims Directed to an "Impervious Layer" Do Not Change the Definition of "Consisting of"**

Plaintiffs' next attempt to disavow the plain meaning of "consisting of" by noting that claims reciting "an impervious layer" remained pending during prosecution of the '763 application despite the presence of the term "consisting of" in each independent claim. Dkt. 82, at 3-5. [2]

But this is of no moment. *First*, as this Court noted in its ruling, when it comes to the term "consisting of," the clear presumption is that it is a closed transitional phrase. Dkt. 72, at 9 (citing cases). *Second*, Plaintiffs unmistakably disavowed a claim scope that would include a third layer and, accordingly, they cannot seek to recapture that territory through litigation. *See, e.g., 3M Innovative Props. v. Tradegar Corp.*, 725 F.3d 1315, 1322 (Fed. Cir. 2013), cited in Dkt. 72, at 8; *see also Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*, 535 U.S. 722, 740 (2002), cited in Dkt. 40, at 11 ("A patentee's decision to narrow his claims through amendment may be presumed to be a general disclaimer of the territory between the original claim and the amended claim."). As such, Plaintiffs are not entitled to argue that a third layer infringes their patent claims. As set forth in Trimaco's Opening Claim Construction Brief, the first patent application filed by the Terracinos included patent claims using the transitional phrase "comprising," which is open-

---

[2] Trimaco offers a correction for the record that both parties apparently missed during claim construction. In response to the rejection of Plaintiffs' claims, Plaintiffs offered an alternative in the parent application, namely, a "consisting of" claim that included an impervious layer. Dkt. 40-1 at 143. Thus, while Plaintiffs did abandon claims directed to an impervious layer in a dependent claim, they added additional claims attempting to capture the "impervious layer" in a modified claim form; and Plaintiffs ultimately abandoned this claim when the '763 application expired.

ended, as well as patent claims including a third layer. Dkt. 40, at 3-4, Dkt. 40-1 at 190-92. The Terracinos subsequently disclaimed a multilayered structure to overcome the prior art by converting claim 1 from "comprising" to "consisting of," thereby seeking protection for a two-layered structure. *Id.* at 4; Dkt. 40-1, at 140-42 (also confirming that their layers were "*single layers*"). The Examiner confirmed: "*Applicant has amended the preamble language of the claim by closing up the recitation and making it a two layered structure*." Dkt. 40, at 4 (emphasis added). Indeed, contradicting themselves, Plaintiffs now explicitly acknowledge that they *agreed* to this disclaimer with respect to the parent application. Dkt. 82, at 7. ("Plaintiffs and Examiner agreed that Plaintiffs had 'amended the preamble language of the claim by closing up the recitation and making it a two-layered structure'").

Plaintiffs now attempt to limit their disclaimer based on the fact that in the '130 Application, claims reciting the "impervious layer" also remained pending even after they had clearly disclaimed coverage of a third layer in the parent application. This is a thin reed. The '130 Application initially contained dependent claims reciting the "impervious layer," but those claims were rejected in view of the same prior art used against the '763 application. Dkt. 43-7 at 126.[3] While claims reciting the "impervious layer" remained pending in the '130 Application, that subject matter was abandoned with the '763 application never maturing into a valid U.S. Patent. Dkt. 43-7 at 1-2. *Tellingly, no claim ever issued that included an impervious layer.*

The Plaintiffs also argue that "it is clear from the prosecution history that the 'two-layered structure' does not foreclose each of the layers comprising more than one component." Dkt. 82, at

---

[3] Plaintiffs never should have included the claims adding the "impervious layer" after the term "consisting of" in the '130 Application in the first instance. The Manual of Patent Examining Procedure prohibits dependent claims that add an element or step when the term consisting of is used before it. ("A claim which depends from a claim which "consists of" the recited elements or steps cannot add an element or step.") *See* MPEP 2111.03 (II).

7. This proposition directly flouts the clear prosecution history. The Plaintiffs expressly disclaimed such an embodiment – not only by closing the claim language – but by specifying that the layers they sought to protect consisted of a "single" element. Dkt. 40-1 at 140. To wit:

```
Claim 1.  (currently amended)   A non-skid protective cloth
or pad, comprising consisting of:


a)    a single, absorbent, plain woven upper layer free
from any protecting cut pile and having an upper and a lower
major surface;


b)    a single lower, resilient layer having an upper and
a lower major surface, said upper major surface of said single
lower resilient layer being disposed adjacent said lower layer
of said single, absorbent, woven upper layer;  and
```

Put simply, Plaintiffs told the United States Patent & Trademark Office ("USPTO") that their invention was limited to a two-layered invention, with each layer consisting of a single element. They should not be permitted to contradict themselves before this Court. The only claims allowed by the Patent Office consisted of those that were drafted and allowed based on a two-layered structure only. That is what Plaintiffs are stuck with.

### C. The Court's Determination of "Consisting of" <u>Does Not</u> Render the Claim Indefinite.

Plaintiffs also attempt to sow confusion over the term "comprising" sandwiched in the middle of claim 1 and relating to the "network of downward projecting bumps" when there is no confusion. Claim 1 of the '917 Patent begins with the preamble, "A non-skid protective cloth or pad, consisting of:" and is followed by three main elements, each listed with its own bulleting ("a), b), c)"). Plaintiffs even included a colon and indentations after the term "consisting of" to indicate

that the elements following that recitation are *each* modified by that term. While each of the main elements of claim 1 may include their own features, a proper reading of claim 1 does not support Plaintiffs' position that two elements disclosed as being completely separate[4] (i.e., an upper layer and a lower layer) can somehow be combined together as a single layer. Indeed, Plaintiffs' clear disclaimer of a three-layered cloth or pad, as discussed previously, indicates otherwise. Similarly, Plaintiffs' clear and unmistakable drafting of their claims to refer to "single" layers – once again to overcome the prior art – is dispositive of this issue. Here again, the Plaintiffs invite legal error at the claim construction phase.

### D. Claim 6 of the '917 Patent Is Indefinite.

Plaintiffs assert that the Court's analysis of the claim term: "[w]hereby when said lower surface of said major surface of said single resilient layer is placed on a support surface, a Sliding Coefficient of friction measured in accordance with TAPPI T548 specification is greater than approximately 0.75" interposes expert opinion and, as such, should not have been undertaken. This assertion is unfounded, and unsupported by any recitation to case law.

In its analysis of the claim term requiring a "Sliding Coefficient of Friction," the Court properly considered the intrinsic record of the '917 Patent in making its determination. The Court also properly acknowledged: "'To ascertain the meaning of claims,' the court must consider primarily the 'intrinsic record,' comprised of 'the claims, the specification, and the prosecution history.' *Markman*, 52 F.3d at 979; *Phillips*, 415 F.3d at 1313. Secondarily, the court may consider 'extrinsic evidence' in the form of expert testimony, technical information, and dictionaries." Dkt. 72, at 6. Resorting to expert testimony or opinion with respect to the limitation reciting the "Sliding

---

[4] The '917 Patent describes separate embodiments: one lacking an impervious layer and one including an impervious layer. *See* Figs 1 and 3.

Coefficient of Friction" is thus neither needed nor mandatory. As noted previously by Trimaco, if all persons of ordinary skill would be unable to determine the meaning of a claim term, expert evidence is unnecessary. Dkt. 52, at 2 (citing cases, including *Interval Licensing LLC v. AOL, Inc.*, 766 F.3d 1364, 1371 n.6 (Fed. Cir. 2014)).

In its ruling, the Court correctly noted that the TAPPI T548 test standard is used to measure a *static* coefficient of friction, whereas the term at issue instructs the reader to measure a *sliding* coefficient of friction. Plaintiffs cite multiple passages from the specification of the '917 Patent in their motion in relation to the TAPPI T548 test standard. Dkt. 82, at 6. Each of the passages cited by Plaintiffs discusses only *Static* Coefficient of Friction and provides no guidance for the reader to derive the *Sliding* Coefficient of friction recited in claim 6. In other words, Plaintiffs' own disclosure, which is a part of the intrinsic record before this Court, establishes that the term at issue is, in fact, indefinite.

## CONCLUSION

Plaintiffs' Motion for Reconsideration should be denied because Plaintiffs have disclaimed any claim to a three-layered structure with their use of the term "consisting of," and Claim 6 was properly held indefinite based on the intrinsic record.

Respectfully submitted this 26th day of June, 2024.

*/s/ Deborah Pollack-Milgate*
John M. Moye (NC State Bar No. 35463)
BARNES & THORNBURG LLP
4208 Six Forks Road, Suite 1010
Raleigh, NC 27609
Tel. (919) 536-6200 | Fax (919) 536-6201
jmoye@btlaw.com

Deborah Pollack-Milgate*
Joseph L. Fehribach*
BARNES & THORNBURG LLP
11 S. Meridian Street

Indianapolis, IN 46204
Tel. (317) 231-1313 | Fax (317) 231-7433
deborah.pollackmilgate@btlaw.com
joseph.fehribach@btlaw.com

\**by special appearance*

*Counsel for Defendant Trimaco, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on June 26, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will automatically send email notification of such filing to all counsel of record.

/s/ Deborah Pollack-Milgate
Deborah Pollack-Milgate
BARNES & THORNBURG LLP
11 S. Meridian Street
Indianapolis, IN 46204
Tel. (317) 231-1313 | Fax (317) 231-7433
deborah.pollackmilgate@btlaw.com

*Attorney for Defendant Trimaco, Inc.*