IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:22-CV-15-FL

| | |
|---|---|
| ROBERT TERRACINO, et al., ) | |
| ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| TRIMACO, INC., et al., ) | |
| ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on Defendant Trimaco, Inc.'s renewed motion to compel discovery. [DE-75]. Plaintiffs filed a response in opposition, [DE-78], and the motion is ripe for decision. For the reasons stated below, the motion to compel is denied.

Defendant previously moved to compel a response to Request No. 2 of its Requests for Production Relevant to Claim Construction served on August 24, 2023, which sought "all Documents constituting or concerning any opinion or draft opinions, assessments, or evaluations made by You or on Your behalf, whether written or oral, relating to the scope, claim interpretation, infringement, validity, or enforceability of the Asserted Claims of the '917 Patent, and including but not limited to any such documents related to Docket Entry 1-8, dated January 7, 2022." [DE-55] at 1–2; [DE-56-3] at 3. Plaintiffs, after delay, responded that (1) all potentially responsive documents were "created in consultation with litigation counsel and are therefore privileged," (2) "[a]ny other documents responsive to this request precede the engagement of expert patent counsel and are the advisory opinion of such expert patent counsel," and (3) a privileged log would be provided. [DE-56-3] at 3. In correspondence to opposing counsel, Plaintiffs asserted that "there

is no additional information responsive to your discovery requests. What you are seeking does not exist. When I told you that I would provide everything I did so." [DE-56-4] at 3. Defendant sought to clarify whether Plaintiffs meant they were not withholding any documents on the basis of privilege, and Plaintiffs did not respond. *Id.* at 1; Def.'s Mem. [DE-56] at 4. Plaintiffs, later asserted that Defendant sought information that did not exist or was not discoverable. Pls.' Resp. [DE-58] at 1. Plaintiffs stated that "[a] second full review of the documents available has confirmed that there [are] no documents sought that have not already been provided to and/or [are] in the possession of Defendant." *Id.* Plaintiffs also argued that the documents sought fell outside the scope of discovery limited to the issue of claim interpretation and reiterated that all responsive information had been produced. *Id.* at 1, 4.

The court acknowledged that "Defendant's reluctance to accept at face value Plaintiffs' statement that there is nothing responsive to produce is understandable given that Plaintiffs' discovery response to RFP No. 2 referenced responsive documents, asserted privilege, and stated a privilege log would be forthcoming." [DE-70] at 3. Nevertheless, "given Plaintiffs' subsequent statements—the last of which was made during a hearing with the district court—that there is nothing responsive to produce," the court denied the motion to compel but also ordered Plaintiffs to provide a supplemental response given the ambiguity created by their prior response and statements to the court. *Id.*

Plaintiffs' supplemental response made clear that documents responsive to Request No. 2 do in fact exists and were withheld on the grounds that they were outside the scope of the claim construction and expert discovery period. [DE-76-1]. Plaintiffs further stated that "if and when discovery is expanded to include information beyond the Case Management Order and claim interpretation, there may be documents required to be disclosed in a privilege log or otherwise,

2
Case 5:22-cv-00015-FL   Document 85   Filed 07/25/24   Page 2 of 3

also subject to the restrictions of Fed. R. Civ. P. 26(b)(4)(C)." *Id.* Defendant now asserts that Plaintiff misrepresented to the court that there were no responsive documents, Plaintiffs have waived the attorney-client privilege and work product protection, and Plaintiffs did not previously object to Request No. 2 as irrelevant or improperly seeking expert testimony and those objections are now waived. [DE-76] at 4–7. Plaintiffs' response fails to address Defendant's misrepresentation assertion, states that there were no responsive documents within the scope of discovery under the court's Case Management Order, and proposes that Defendant may serve discovery requests under the post-claim construction scheduling order, [DE-77]. [DE-78] at 2–4.

It appears Plaintiffs have conflated what is responsive with what is discoverable, and the resulting confusion regarding the existence of responsive documents was caused by imprecision rather than misrepresentation. The court finds the best course forward, given that the case has now proceeded past claim construction, is to deem Request No. 2 now re-served on Plaintiffs, who shall respond by no later than **August 5, 2024**. *See* Fed. R. Civ. P. 1. Plaintiffs are reminded that "[a]n objection must state whether any responsive materials are being withheld on the basis of that objection," Fed. R. Civ. P 34(b)(2)(C), and any claims of privilege must comply with Fed. R. Civ. P. 26(b)(5). Counsel shall promptly confer in a good faith and attempt to resolve any discovery dispute that may arise from Plaintiffs' response prior to bringing another motion. Local Civ. R. 7.1(c)(2). Defendant's request for fees is denied where the circumstances would made an award of expenses unjust. Fed. R. Civ. P. 37(a)(5).

So ordered, the 25 day of July, 2024.

Robert B. Jones, Jr.
United States Magistrate Judge

3
Case 5:22-cv-00015-FL   Document 85   Filed 07/25/24   Page 3 of 3