IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-CV-15-FL

ROBERT TERRACINO and
BRADIE TERRACINO, Individuals,

    Plaintiffs,

v.

TRIMACO, INC.,

    Defendant.

**CONSENT PROTECTIVE ORDER**

    To expedite the flow of discovery material in the above-referenced case, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the Parties are entitled to keep confidential, to ensure that only Material a Designating Party is entitled to keep confidential is subject to such treatment, and to ensure that the Parties are permitted reasonably necessary uses of such Material in preparation for and in the conduct of trial, pursuant to Rule 26 of the Federal Rules of Civil Procedure, it is hereby **ORDERED THAT**:

    **A.**    **Definitions**

    1.    "Party": any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Counsel of Record (and their support staff).

    2.    "Material": all information and documents and things, regardless of medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, discovery responses, pleadings, exhibits, or tangible things), that are produced, served, or otherwise provided, whether formally or informally, in this action by the Parties or by non-parties.

3. "Designated Material": Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" under this Protective Order (the "Order").

4. "Designating Party": a Party or non-party that designates Material that it produces, serves, or otherwise provides in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY."

5. "CONFIDENTIAL" Material: Material the Designating Party believes in good faith is not generally known to others, and which the Designating Party (i) would not normally reveal to third parties except in confidence or has undertaken with others to maintain in confidence or (ii) believes in good faith is protected by a right to privacy under federal or state law or any other applicable privilege or right related to confidentiality or privacy.

6. "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" Material: Material the Designating Party believes in good faith is not generally known to others and has significant competitive value such that unrestricted disclosure to others would create a substantial risk of serious financial injury or competitive harm, and which the Designating Party (i) would not normally reveal to third parties except in confidence or has undertaken with others to maintain in confidence or (ii) believes in good faith is significantly sensitive and protected by a right to privacy under federal or state law or any other applicable privilege or right related to confidentiality or privacy. This designation is reserved for Material that constitutes proprietary technical, financial, or commercially sensitive competitive information that the Producing Party maintains as highly confidential in its business, including, by way of example only, certain highly confidential technical information, non-public financial data, documents that would reveal proprietary trade

secrets, or documents the disclosure of which is likely to cause harm to the competitive position of the Producing Party.

7. "Producing Party": a Party or non-party that produces Material in this action.

8. "Receiving Party": a Party that receives Material from a Producing Party.

9. "Counsel of Record": (i) counsel who appears on the pleadings as counsel for a Party; and (ii) partners, of counsel, associates, and employees of such counsel to whom it is reasonably necessary to disclose the information for this litigation, including supporting personnel employed by the attorneys, such as paralegals, legal translators, legal secretaries, legal clerks, and shorthand reporters.

10. "Outside Consultant": a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or Counsel of Record to serve as an expert witness or as a consultant in this action and who is not a current employee of a Party and who, at the time of retention, is not anticipated to become an employee of a Party, and their employees and subcontractors.

11. "Professional Vendors": persons or entities that provide litigation support services (e.g., photocopying; document coding; videotaping; translating; designing and preparing exhibits, graphics, or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors. This definition includes a professional jury or trial consultant retained in connection with this litigation and members of mock juries and focus groups retained by such a consultant to assist them in their work. Professional vendors do not include consultants who fall within the definition of Outside Consultant.

B. **Scope/Applicability of Consent Protective Order**

12. This Order and any amendments or modifications hereto shall govern all Material, or portion thereof, produced or provided, formally or informally, by any Party or non-party to the

litigation, to any other Party. The Material protected includes, but is not limited to, answers to interrogatories, answers to requests for admission, responses to requests for the production of documents, deposition testimony, transcripts and videotapes, deposition exhibits, pleadings, affidavits, briefs, motions, and any other writings or things produced, given, or filed in this action. This Order shall also apply to any copies, excerpts, abstracts, charts, analyses, summaries, descriptions, notes, or other forms of recorded information containing, reflecting, or disclosing any such Designated Material. Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure and the Local Rules of this District, applicable case law, or any orders or deadlines specifically set by this Court. As there is a presumption in favor of open and public judicial proceedings in the federal courts, this Order shall be strictly construed in favor of public disclosure and open proceedings wherever possible.

  **C.**  **Access to Designated Material**

  13.  **"CONFIDENTIAL" Material.** Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any Material designated "CONFIDENTIAL" only to the following individuals in addition to those identified in Paragraph 19 below regarding use of Designated Material at depositions:

   (a)  any Party to this action, including employees, officers, directors, or agents of any Party to whom disclosure is reasonably necessary for the management, supervision, or oversight of this litigation and who have signed the "Agreement to Be Bound by Protective Order" attached hereto as Exhibit A;

   (b)  Counsel of Record;

   (c)  Outside Consultants of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" attached hereto as Exhibit A;

(d) witnesses, during deposition and/or at trial, provided that such witnesses may not retain copies of Designated Material unless permitted by other provisions of this Order and further provided that such witnesses first sign the "Agreement to Be Bound by Protective Order" attached hereto as Exhibit A;

(e) the Court and its personnel;

(f) any designated mediator who is assigned to hear this matter, and his or her staff;

(g) court reporters and videographers; and

(h) Professional Vendors to whom disclosure is reasonably necessary for this litigation.

14. **"HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" Material.** Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose Material designated **"HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY"** only to the following individuals in addition to those identified in Paragraph 19 below regarding use of Designated Material at depositions:

(a) Counsel of Record;

(b) authors, addressees, or listed recipients of Material designated as "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" or individuals who previously had access to Material designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to Paragraph 20 below, provided that such individuals are already bound by this Order or first sign the "Agreement to Be Bound by Protective Order" attached hereto as Exhibit A;

(c) Outside Consultants of the Receiving Party to whom disclosure is reasonably necessary for this litigation, provided such Outside Consultant has signed the "Agreement to Be Bound by Protective Order" attached hereto as <u>Exhibit A</u>;

(d) the Court and its personnel;

(e) any designated mediator who is assigned to hear this matter, and his or her staff;

(f) court reporters and videographers; and

(g) Professional Vendors to whom disclosure is reasonably necessary for this litigation.

15. Each person to whom Designated Material may be disclosed and who is required to sign the "Agreement to Be Bound by Protective Order" attached hereto as <u>Exhibit A</u> shall do so prior to the time such Designated Material is disclosed to him or her. Counsel of Record for a Party who makes any disclosure of Designated Material shall retain the executed certificate and, upon written request, shall provide copies to Counsel of Record for all other Parties at the termination of this action.

16. Pretrial and trial proceedings shall be conducted in a manner, subject to the supervision of the Court, to protect Designated Material from disclosure to persons not authorized to have access to such Designated Material. A Receiving Party intending to disclose or discuss another party's Designated Material at a pretrial or trial proceeding, shall, unless otherwise ordered by the Court or agreed to in writing by the Parties, provide notice to the other parties, and in the case of trial, to the Court, ten (10) days in advance of said proceeding, or if the proceeding is set less than ten (10) days in advance, then promptly after receiving or giving notice of said proceeding.

### D. Use of Designated Material

17. **Use of Designated Material by Receiving Party.** Unless otherwise ordered by the Court or agreed to in writing by the Parties, all Designated Material shall be used by the Receiving Party only for purposes of this litigation and shall not be used in any other way. The Receiving Party shall maintain all Designated Material in a safe and secure area. Information contained or reflected in Designated Materials shall not be disclosed in conversations, presentations by Parties or Counsel of Record, in court, or in other settings that might reveal Designated Material, except in accordance with the terms of this Order.

18. **Use of Designated Material by Designating Party.** Nothing in this Order shall limit any Designating Party's use of its own Designated Material, nor shall it prevent the Designating Party from disclosing its own confidential Designated Material. Such disclosure shall not affect any designations made pursuant to the terms of this Order, so long as the disclosure is made in a manner that is reasonably calculated to maintain the confidentiality of the information.

19. **Use of Designated Material at Depositions.** Except as may be otherwise ordered by the Court, any person may be examined as a witness at depositions and trial and may testify concerning all Designated Material of which such person has prior knowledge. Without in any way limiting the generality of the foregoing:

(a) A present director, officer, agent, employee, designated Rule 30(b)(6) witness, and/or Outside Consultant of a Producing Party may be examined and may testify concerning all Designated Material which has been produced by that party;

(b) A former director, officer, agent, and/or employee of a Producing Party may be interviewed, examined, and may testify concerning all Designated Material of which he or she has prior knowledge, including any Designated Material that refers to matters of which the witness

has personal knowledge, which has been produced by that party and which pertains to the period or periods of his or her employment;

(c) Non-parties may be examined or testify concerning any Designated Material of a Producing Party, which appears on its face or from other documents or testimony to have been received from or communicated to the non-party as a result of any contact or relationship with the Producing Party or a representative of such Producing Party; and

(d) Any person other than a party, deposition witness, his or her attorney(s), and any person qualified to receive Designated Material under this Order shall be excluded from any portion of the deposition when such information is discussed or otherwise disclosed, unless the Producing Party consents to persons other than qualified recipients being present during that portion of the deposition.

20. **Use of Designated Materials by a Party or Witness Who Had Prior Access.** A Party or witness who previously had access to Material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," but who is not under a present nondisclosure agreement with the Producing Party that covers that Material, may be shown the Designated Material if the person is at that time reminded that s/he is already subject to this Order or, in the case of a witness, if a copy of this Order is attached to any subpoena or notice or request served on the witness for the deposition, and the person or witness is advised in writing or, if in a deposition or other proceeding, on the record, of the existence of the Order and that the Order requires the parties to keep confidential any questions, testimony, or documents that are designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY." A Party or witness may not copy, take notes on, or retain copies of any Designated Material used or reviewed at the deposition. The witness may not take out of the deposition room any exhibit that

is marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY."  The Producing Party of any Designated Material used at the deposition may also require that the transcript and exhibits not be copied by the witness or his counsel, that no notes may be made of the transcript or the exhibits. Nothing in this paragraph restricts the Receiving Party's counsel from consulting with their client regarding documents that are merely marked "CONFIDENTIAL" regardless of whether they may have had prior access to the materials.

### E. Procedure for Designating Materials

21. Subject to the limitations set forth in this Order, a Designating Party may designate as "CONFIDENTIAL" Material the Designating Party believes in good faith meets the definition set forth in Paragraph 5 above, and a Designating Party may designate as "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" Material the Designating Party believes in good faith meets the definition set forth in Paragraph 6 above.

22. Any Material (including physical objects) made available for initial inspection by Counsel of Record for the Receiving Party prior to producing copies of selected items shall initially be considered, as a whole, to constitute "CONFIDENTIAL" information and shall be subject to this Order, without waiver of the Producing Party's right to specifically designate portions of the Materials as "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" where appropriate, either prior to inspection or otherwise subject to this Order.  Thereafter, the Producing Party shall have ten (10) calendar days from the inspection to review and designate the appropriate documents as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" Material prior to furnishing copies to the Receiving Party.

23. Except as otherwise provided in this Order or as otherwise stipulated or ordered, Material that qualifies for protection under this Order should be designated in accordance with this Order before the Material is disclosed or produced.

24. Designation in conformity with this Order requires:

(a) For information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), the Producing Party shall affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" on each page that contains Designated Material.

(b) In the case of Material disclosed at a deposition or other pretrial or trial proceedings, the Designating Party may designate any portion of the testimony, document, or other information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" during the deposition or other pretrial or trial proceedings and/or by designating Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" in writing to the court reporter and Counsel of Record for all Parties within thirty (30) calendar days of receipt by Counsel of Record for the Designating Party of the transcript of the deposition or proceeding. Transcript pages containing Designated Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" as instructed by the Designating Party. All deposition or other proceeding transcripts not marked at least "CONFIDENTIAL" during the deposition will nonetheless be treated as "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" until the thirty (30) calendar day period has expired. If no designation is made at the deposition or within such thirty (30) calendar day period (during which period, the transcript shall be treated as "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" Material, unless the disclosing Party consents to less confidential treatment of the information), the entire deposition will be considered devoid of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" Material.

(c) For Material produced in other than documentary form, and for any other tangible items, the Producing Party shall affix in a prominent place on the exterior of the container or containers in which the information or thing is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY."

F. **Challenges to Confidentiality Designations**

25. The parties will use reasonable care and restraint when designating Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY." Nothing in this Order shall prevent a Receiving Party from contending that any or all documents or information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" Material have been improperly designated. A Receiving Party may at any time request that the Designating Party cancel or modify the confidentiality designation with respect to any document or information contained therein.

26. A Party shall not be obligated to challenge the propriety of a "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" designation at the time made, and the failure to do so shall not preclude a subsequent challenge thereto. Such a challenge shall be written, shall be served on counsel for the Designating Party, and shall particularly identify the documents or information that the Receiving Party contends should be differently designated. The parties shall use their best efforts to resolve promptly and informally such disputes. If agreement cannot be reached, either party may seek Court intervention pursuant to Fed. R. Civ. P. 26.

G. **Privilege**

27. Rule 26(b)(5) of the Federal Rules of Civil Procedure shall govern the production of information subject to a claim of privilege or protection as trial preparation material.

### H. Inadvertent Failure to Designate

28. Unless otherwise ordered by the court, an inadvertent failure to designate qualified Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" does not waive the Designating Party's right to secure protection under this Order for such material. Upon discovery of an inadvertent failure to designate, as soon as reasonably possible, a Producing Party shall have the right to correct such failure to designate by providing written notice, accompanied by appropriately marked substitute copies of such Material.

29. The Receiving Party shall not be in violation of this Order for any use or disclosure of such Material made prior to receiving the written notice. Within ten (10) days of receiving written notice, the Receiving Party shall return or destroy the unmarked Material and all copies of such unmarked Material.

### I. Filing Designated Material

30. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY Designated Material may only be filed with the Court under seal. Whenever such Designated Material (or any pleading, motion, or memorandum referring thereto) are proposed to be filed in the Court record under seal, the Party making such a filing agrees to comply with the procedures outlined Local Rule 5.4. CONFIDENTIAL designated materials may be filed unsealed with appropriate redactions. Nothing in this Protective Order modifies the Court's Local Rule 5.4 proclamation that sealing is disfavored.

31. Each time a party seeks to file under seal confidential documents, things, and/or information pursuant to this section, said party shall accompany the request with a motion to seal and a supporting memorandum of law specifying (a) the exact documents, things, and/or information, or portions thereof, for which filing under seal is requested; (b) where it is necessary

for the court to determine the source of the public's right to access before a request to seal may be evaluated, whether any such request to seal seeks to overcome the common law or the First Amendment presumption to access; (c) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interests in access; (d) the reasons why alternatives to sealing are inadequate; and, (e) whether there is consent to the motion. Finally, in addition to the motion and supporting memorandum, said party must set out such findings in a proposed order to seal for the court.

### J. Unauthorized Disclosure of Designated Material

32. If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Designated Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures; (b) use its best efforts to retrieve all copies of the Designated Material; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

### K. Non-party Use of this Consent Protective Order

33. A non-party producing Material voluntarily or pursuant to a subpoena or a court order may designate such Material or information in the same manner and shall receive the same level of protection under this Order as any Party to this lawsuit.

34. A non-party's use of this Order to protect its "CONFIDENTIAL" information or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" information does not entitle that non-party access to "CONFIDENTIAL" information or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" information produced by any Party in this case.

### L. **Duration**

35. Even after the termination of this action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

36. Within thirty days (30) after dismissal or entry of final judgment not subject to further appeal, all Designated Material under this Order, including copies, shall be returned to the producing party unless: (1) the Designated Material has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction in lieu of return; or (3) as to Designated Material bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the Designated Material and certifies to the producing party that it has done so. Notwithstanding the above requirements to return or destroy Designated Material, counsel may retain attorney work product, including an index which refers or relates to Designated Material, so long as that work product does not duplicate verbatim substantial portions of the text or images of confidential documents.

37. After dismissal or entry of final judgment not subject to further appeal, the Clerk may elect to return to counsel for the parties or, after notice, destroy Designated Material filed or offered at trial under seal or otherwise restricted by the Court as to disclosure.

### M. **Miscellaneous**

38. Any of the notice requirements herein may be waived, in whole or in part, but only by a writing signed by Counsel of Record for the Party against whom such waiver will be effective.

39. This Order is entered without prejudice to the right of any Party to apply to the Court at any time for additional protection or to relax or rescind the restrictions of this Order, when convenience or necessity requires. Nothing in this Order abridges the right of any person to seek to assert other objections. No Party waives any right it otherwise would have to object to disclosing

or producing any information, documents, or things on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to the use in evidence of any of the Material covered by this Order. The Court shall take appropriate measures to protect Designated Material at trial and any hearing in this case.

40. Any modification of this Order shall be in writing, signed by Counsel of Record for the Parties, and approved by the Court; any such modification shall become effective upon the date it is entered by the Court. In addition, any Party may move for an order modifying this Order upon good cause shown. Prior to any such application, the Party(ies) seeking to modify this Order will confer with the other Party(ies) in good faith to attempt to reach an agreement with respect to such modification.

41. This Order shall not diminish any existing obligation or right with respect to Designated Material, nor shall it prevent a disclosure to which the Designating Party consents in writing before the disclosure takes place.

42. The Court shall be responsible for the interpretation and enforcement of this Order. The terms of this Order shall be binding upon all current and future Parties to this litigation and their Counsel of Record. Every individual who receives any Designated Material agrees to subject himself or herself to the jurisdiction of this Court for the purpose of any proceedings related to performance under, compliance with, or violation of this Order.

43. The provisions of this Order shall survive the final disposition and termination of this lawsuit.

This the 29th day of August, 2024.

*[signature]*
LOUISE W. FLANAGAN
United States District Judge

CONSENTED TO BY:

| | |
|---|---|
| */s/ W. Ellis Boyle* | */s/ John M. Moye* |
| Duncan G. Byers | John M. Moye (NC State Bar No. 35463) |
| BYERS LAW | BARNES & THORNBURG LLP |
| 1769 Jamestown Road, Suite 120 | 4208 Six Forks Road, Suite 1010 |
| Williamsburg, VA 23185 | Raleigh, NC 27609 |
| Tel: (757) 317-2779 \| Fax (757) 231-3797 | Tel. (919) 536-6200 \| Fax (919) 536-6201 |
| dbyers@dbyerslaw.com | jmoye@btlaw.com |
| | |
| William Ellis Boyle (NC State Bar No. 33826) | Deborah Pollack-Milgate* |
| WARD AND SMITH, P.A. | Joseph L. Fehribach* |
| Post Office Box 33009 | BARNES & THORNBURG LLP |
| Wilmington, NC 27636-3009 | 11 S. Meridian Street |
| docket@wardandsmith.com | Indianapolis, IN 46204 |
| weboyle@wardandsmith.com | Tel. (317) 231-1313 \| Fax (317) 231-7433 |
| | deborah.pollackmilgate@btlaw.com |
| *Attorneys for Plaintiffs* | joseph.fehribach@btlaw.com |
| | |
| | **by special appearance* |
| | |
| | *Attorneys for Defendant Trimaco, Inc.* |

# EXHIBIT A
# ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND
# BY PROTECTIVE ORDER

I, _____ [print or type full name], state:

1. I reside at _____;

2. My present employer is _____;

3. My present occupation or job description is _____;

4. I agree to keep confidential all information provided to me in the matter of *Robert Terracino and Bradie Terracino v. Trimaco, Inc.*, Case No. 5:22-CV-15-FL, which case is pending in the United States District Court for the Eastern District of North Carolina, Western Division, and to be subject to the authority of that Court in the event of any violation or dispute related to this agreement;

5. I have been informed of and have reviewed the Protective Order (the "Order") entered in this case, and I will not divulge any information, documents, or things that are subject to the Order except in accordance with the provisions of the Order; and

6. I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on _____

_____
[printed name]

_____
[signature]