IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:22-CV-015-FL

| ROBERT TERRACINO and BRADIE TERRACINO, | ) ) ) ) | |
|---|---|---|
| Plaintiffs, | ) ) ) ) | |
| v. | ) ) ) | ORDER |
| TRIMACO, INC., f/k/a/ TRIMACO, LLC; CHARLES COBAUGH; and DAVID C. MAY, | ) ) ) ) ) | |
| Defendants. | ) | |

This patent case comes before the court on motions for reconsideration of the court's May 29, 2024, order on claim construction pursuant to Markman v. Westview Instruments, Inc., 517 U.S. 370 (1996), by plaintiffs and by defendant Trimaco, Inc. ("Trimaco"). (DE 79, 81). For the following reasons, the motions are denied.

## BACKGROUND

Plaintiffs commenced this action January 1, 2022, and filed amended complaint April 18, 2022, seeking compensatory and punitive treble damages, and attorneys' fees. (See DE 1, 17).[1] Defendants moved to dismiss and for a more definite statement May 9, 2022. The court granted that motion in part and dismissed it in part, dismissing plaintiffs' claims for fraudulent inducement, breach of contract, unconscionability, and violations of the Federal Defend Trade Secrets Act, 18

---

[1] Hereinafter, references to the complaint ("compl.") are to the operative first amended complaint at DE 17.

1

U.S.C. §§ 1831 et seq., and the North Carolina Unfair and Deceptive Trade Practices Act, N.C.G.S. §§ 75-1.1, et seq., and allowing plaintiffs' claim for patent infringement to proceed.

Plaintiffs assert that defendants, a company and its co-owners, have infringed their patent numbered 9,044,917 ("the '917 patent"). Plaintiffs' patent describes a layered, high-friction drop cloth ("drop cloth") that protects both painters, by minimizing the risk that they will lose their footing on uneven surfaces like stairs and airplane wings, and the floor or other surface on which the painters stand, by absorbing paint that might otherwise drip onto areas not meant to be painted. (See compl. ¶¶ 15-16). Plaintiffs' invention is, in essence, a two-layered drop cloth with an absorbent canvas upper layer stitched to "a bumpy[,] sticky" lower layer. (Tr. (DE 64) at 10).

The parties disputed the following claim terms: "a non-skid protective cloth or pad, consisting of;" "adjacent;" "said downward projecting bumps comprising bumps having at least two different circumferential sizes;" "amorphous;" "said height of bumps having the smaller of said at least two different circumferential sizes being greater than said height of said larger of said at least two circumferential sizes;" "whereby when tested in accordance with TAPPI T548 specification, an average slide angle is no less than approximately 40 degrees;" and "whereby when said lower major surface of said single resilient layer is placed on a support surface, a Sliding Coefficient of friction measure in accordance with TAPPI T548 specification is greater than approximately 0.75." (DE 47 at 2-4). The court assumes familiarity with its April 24, 2024, order construing these disputed terms.

**DISCUSSION**

A.   Standard of Review

Federal Rule of Civil Procedure 54(b) provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all

2

the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). Thus, a district court retains the power to reconsider and modify its interlocutory judgments at any time before final judgment. Am. Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 514-15 (4th Cir. 2003).[2] Resolution of a motion to reconsider is "committed to the discretion of the district court," bearing in mind that "[t]he ultimate responsibility of the federal courts, at all levels, is to reach the correct judgment under law." Id.

B. Analysis

    1. Plaintiffs' Motion for Reconsideration

        a. "Consisting of"

Plaintiffs ask the court to reverse its holding that the term "consisting of" is properly construed as "limited to," (see DE 72 at 9), on the grounds that the court misunderstood the timeline of the prosecution history. However, plaintiffs do not acknowledge that the court's construction of "consisting of" was based primarily on case law giving that term a precise definition. (See April 29, 2024, Order (hereinafter "Order") (DE 72) at 9-10). While the court did consider the prosecution history, the exact timing of the addition of the term "consisting of" is not relevant.[3] Instead, the absence of any clear statement in the record that "consisting of" was intended to take a meaning different from that specified in case law, and plaintiffs' failure to identify any prior instance in which a patentee broke with "conventional claim construction [to] become his own lexicographer" with respect to this term, determined this issue. Conoco, Inc. v.

---

[2] Throughout this order, internal citations and quotation marks are omitted from citations unless otherwise specified.

[3] To the extent that plaintiffs argue that the court should have relied on docket entry 43-6 instead of 43-7 when plaintiffs cited to "exhibit 6," this contention is incorrect at best, and misleading at worst, where the excerpts citing exhibit 6 in plaintiffs' brief map precisely onto docket entry 43-7. (See, e.g., Pls' Claim Construction Brief (DE 43 at 5-6) (quoting DE 43-7 at 123)).

3

Energy & Environmental Intern., L.C., 460 F.3d 1349, 1359 n.4 (Fed. Cir. 2006); (see Order at 10).

      b.      TAPPI T548

Plaintiffs also ask the court to reconsider its holding that the term, "[w]hereby when said lower major surface of said single resilient layer is placed on a support surface, a [s]liding [c]oefficient of friction measure in accordance with TAPPI T548 specification is greater than approximately 0.75," is indefinite. (DE 72 at 24). Plaintiffs argue that expert testimony should have been allowed on this issue.

At claim construction hearing, counsel for the plaintiffs told the court that "all the parties agreed going into this that there would be no expert testimony and it was not necessary for claim construction." (DE 64 at 74-75). In addition, plaintiffs did not address this issue in their briefing. The entirety of plaintiffs' opening brief on this issue reads:

> This limitation is self-explanatory in light of TAPPI T548, attached as Exhibit 8, which describes the testing method used to determine the scope of the claim language at issue. See also the '917 patent, wherein the method and results of the testing were described in the specification.

(Pls' Claim Construction Brief (DE 43) at 14). A motion for reconsideration should not be used to "raise arguments or present evidence that could have been raised" previously. Pac. Ins. Co. v. Am. Nat. Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). In addition, plaintiffs have not made any proffer of expert testimony that could support the contention that a person skilled in the relevant art would read sliding coefficient of friction to mean static coefficient of friction. Accordingly, plaintiffs' motion is denied as to this issue.

      c.      Assembly of lower layer

Finally, plaintiffs contend that notwithstanding the court's construction of the term "consisting of," the "single lower, resilient layer" ('917 patent (DE 43-2) (8:38)) "may be

constructed by the fusion or combination by other means of more than one element." (Pls' Mem. (DE 82) at 8). This issue was not presented squarely to the court. Instead, plaintiffs argued that because the examiner understood in a previous version of the patent that a lower backing layer and contact layer, once fused together, may be considered a single lower resilient layer, the patent office understood that the term "consisting of" did "not foreclose the addition of additional layers." (Pls' claim construction brief (DE 43 at 5)). Where the court did not make any holding as to how the lower layer must be assembled, and that issue has not been briefed fully, it declines to amend its claim construction order to traverse this new ground.

    2.    Defendant Trimaco's Motion for Reconsideration

Defendant Trimaco challenges a single sentence in the court's claim construction order, that "[w]hile plaintiffs remain free to argue that defendants' product infringes the '917 patent notwithstanding the addition of a third layer, those arguments are untimely at this stage." (DE 80 at 1).[4]

The parties repeatedly have conflated improperly claim construction analysis (what the words of the patent mean) with infringement analysis (whether a patent covers a particular product). (See, e.g., Order at 12); see Norian Corp. v. Stryker Corp., 363 F.3d 1321, 1333 (Fed. Cir. 2004) (finding that infringement was not avoided by addition a spatula to a kit consisting of specified chemicals where the spatula was "irrelevant to the invention"); Conoco, Inc., 460 F.3d at 1361 (upholding a district court's finding of infringement, notwithstanding a limitation that a mixture consist of water or a water-alcohol mixture, where that impurity was added for tax reasons and had "little to no effect on the present invention"). In particular, defendant Trimaco does not take into account the doctrine of equivalents, which teaches that a product "that does not literally

---

[4] Defendant Trimaco omits that part of the sentence stating that "those arguments are untimely at this stage." (DE 80 at 1).

infringe . . . the express terms of a patent claim may nonetheless be found to infringe if there is 'equivalence' between the elements of the accused product or process and the claimed elements of the patented invention." Unidynamics Corp. v. Automatic Prod. Int'l, Ltd., 157 F.3d 1311, 1322 (Fed. Cir. 1998) (quoting Warner-Jenkinson Co. v. Hilton Davis Chem. Co., 520 U.S. 17 (1997)), abrogated on other grounds by Egyptian Goddess, Inc. v. Swisa, Inc., 543 F.3d 665 (Fed. Cir. 2008)).  A range of arguments on infringement thus remain open to plaintiffs at the proper time. Accordingly, defendant's motion for reconsideration is denied.

## CONCLUSION

Based on the foregoing, the parties' motions for reconsideration (DE 79, 81) are DENIED.

SO ORDERED, this the 25th day of September, 2024.

_____
LOUISE W. FLANAGAN
United States District Judge