**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-CV-15-FL**

ROBERT TERRACINO and
BRADIE TERRACINO, Individuals,

    Plaintiffs,

v.

TRIMACO, INC.,

    Defendant.

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

John M. Moye
NC Bar No. 35463
BARNES & THORNBURG LLP
4280 Six Forks Road, Suite 1010
Raleigh, NC 27609-5738
Telephone (919) 536-6200 | Fax (919) 536-6201
JMoye@btlaw.com

Deborah Pollack-Milgate*
Joseph L. Fehribach*
BARNES & THORNBURG LLP
11 S. Meridian Street
Indianapolis, IN 46204
Tel. (317) 231-1313 | Fax (317) 231-7433
deborah.pollackmilgate@btlaw.com
joseph.fehribach@btlaw.com

*by special appearance*

*Counsel for Defendant Trimaco, Inc.*

# TABLE OF CONTENTS

Page

INTRODUCTION ............................................................................................................. 1

I. STATEMENT OF FACTS .................................................................................. 2

II. APPLICABLE LAW ........................................................................................... 3

    A. Summary Judgment ................................................................................ 3

    B. Request for Admissions .......................................................................... 4

    C. Patent Infringement ................................................................................. 4

III. ARGUMENT ....................................................................................................... 5

    A. Plaintiffs' Admissions prove that Defendant's Stay Put Drop Cloth products do not infringe the '917 patent. ........................................................................ 5

    B. Plaintiffs' Admissions are not the only evidence supporting a grant of summary judgment in Defendant's favor. ............................................................... 5

IV. CONCLUSION .................................................................................................... 7

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Adventis, Inc. v. Consol. Prop. Holdings, Inc.*,
    124 Fed. Appx. 169 (4th Cir. 2005) (unpublished) ................................................ 4, 5

*Celotex Corp. v. Catrett*,
    477 U.S. 317 (1986) ..................................................................................................... 3

*Duncan Parking Techs., Inc. v. IPS Grp., Inc.*,
    914 F.3d 1347 (Fed. Cir. 2019) ................................................................................... 4

*Goldenberg v. Cytogen, Inc.*,
    373 F.3d 1158 (Fed. Cir. 2004) ................................................................................... 4

*Langer v. Monarch Life Ins. Co.*,
    966 F.2d 786 (3d Cir. 1992) ........................................................................................ 4

*Markman v. Westview Instruments, Inc.*,
    52 F.3d 967 (Fed. Cir. 1995) ....................................................................................... 4

*Siemens Med. Solutions USA, Inc. v. Saint-Gobain Ceramics & Plastics, Inc.*,
    637 F.3d 1269 (Fed. Cir. 2011) ................................................................................... 6

*SmithKline Diagnostics, Inc. v. Helena Labs. Corp.*,
    859 F.2d 878 (Fed. Cir. 1988) ..................................................................................... 5

*Southwall Techs., Inc. v. Cardinal IG Co.*,
    54 F.3d 1570 (Fed. Cir. 1995) ..................................................................................... 5

*Telemac Cellular Corp. v. F.Topp Telecom, Inc.*,
    247 F.3d 1316 (Fed. Cir. 2001) ................................................................................... 2

*United States for Graybar Elec. Co., Inc. v. TEAM Constr., LLC*
    275 F. Supp. 3d 737 (E.D.N.C. 2017) ......................................................................... 4

**Statutes**

35 U.S.C. §271(a) .................................................................................................................. 4

**Other Authorities**

Fed. R. Civ. P. 36 ............................................................................................................... 1, 4

Fed. R. Civ. P. 36(a)(3) ............................................................................................... 1, 3, 4, 5

Fed. R. Civ. P. 36(b) ............................................................................................................4

Fed. R. Civ. P. 56(a) ............................................................................................................3

**INTRODUCTION**

Plaintiffs Robert and Bradie Terracino ("Terracinos" or "Plaintiffs") brought this action against Defendant Trimaco, Inc. ("Trimaco" or "Defendant") asserting a claim of infringement of U.S. Patent No. 9,044,917 ("the '917 patent"), as well as other claims. *See* Dkt. 1. Since then, this Court has heard and ruled on Defendant's motion to dismiss, thereby dismissing all claims against Trimaco except for the claim of patent infringement. *See* Dkt. 28. The Court has also heard and ruled on claim construction concerning the '917 patent, resolving numerous case-dispositive claim construction issues in favor of Defendant and against Plaintiffs. *See* Dkt. 72.

Following claim construction and in response to the Joint Report of the Parties' Planning Meeting and Report, this Court, while noting Defendant's objections, allowed limited additional discovery to proceed. *See* Dkt. 77. Accordingly, the parties have engaged in limited fact discovery and expert discovery. For its part, Defendant served discovery requests on Plaintiffs on July 10, 2024, including Requests for Production, Interrogatories, and Requests for Admission. Plaintiffs failed to timely respond to these requests, including the requests for admission, within the 30-day period required under Fed. R. Civ. P. 36. Plaintiffs have still not responded or objected to any of them; as a result, both Plaintiffs' deadline to respond of August 10th, 2024, and this Court's scheduled close of fact discovery of August 14th, 2024 have lapsed. Plaintiffs have produced no documents during this period.

Having surpassed the required 30-day response deadline, Defendant's Requests for Admissions are now deemed admitted. *See* Fed. Rules of Civ. Proc. Rule 36(a)(3). Thus, as set forth below, Plaintiffs have admitted that Defendant's Stay Put Canvas drop cloths do not infringe the '917 patent. Based on Plaintiffs' admissions, as well as other facts in the record, Defendant respectfully submits that this case is now ripe for summary judgment. Because Defendant is

entitled to judgment as a matter of law, and because any further discovery or proceedings would solely impose a burden on Defendant without changing the outcome of the case, Defendant's motion for summary judgment should be granted.

I. STATEMENT OF FACTS

This Court's ruling on claim construction resolved several case-dispositive claim construction issues in favor of Defendant and against Plaintiffs. By way of example, the Court construed the term "said height of bumps having the smaller of said at least two different circumferential sizes being greater than said height of bumps having said larger of said at least two circumferential sizes" to mean that "*each of the circumferentially smaller bumps must have a greater height than that of the circumferentially larger bumps*." Dkt. 72, at 16 (emphasis added). Additionally, the Court construed the term "said downward projecting bumps comprising bumps having at least two different circumferential sizes" to mean "*said downward projecting bumps comprising bumps having at least two different measurable boundaries or perimeters*." Dkt. 72, at 14 (emphasis added). The constructions of these claim limitations, which appear in independent claims 1 and 6, apply to each of the asserted patent claims, claims 1-10. Therefore, if the Stay Put Canvas drop cloths do not include these elements, then they do not infringe any of the claims 1-10.

Following claim construction, this Court, while noting Defendant's objections, allowed discovery to proceed, stating: "Where a 'patent infringement analysis involves . . . application of the properly construed claim[s] to the accused product,' but no verified information regarding the accused product yet has appeared on the record in this case, a limited period of discovery likely is to be fruitful." *See* Dkt. No. 77 at 1 (citing *Telemac Cellular Corp. v. F.Topp Telecom, Inc.*, 247 F.3d 1316, 1323 (Fed. Cir. 2001)). Thus, Defendant served discovery requests on Plaintiffs on July 10, 2024, including a Second Set of Requests for Production, Interrogatories, and Requests for

Admission. As noted above, Plaintiffs failed to respond to any of these requests, despite numerous discussions of these omissions.[1]

Pertinent to this motion, Defendant's Request for Admissions included two Requests:

> **Request 1.** Admit that for each of Defendant's "Stay Put" drop cloths and "Stay Put Plus" drop cloths, each of the circumferentially smaller bumps does not have a greater height than that of the circumferentially larger bumps.
>
> **Request 2.** Admit that at least some of the downward projecting bumps present on Defendant's "Stay Put" drop cloths and "Stay Put Plus" drop cloths do not have measurable boundaries or perimeters.

*See* Exhibit 1, at 2-3. Under Rule 36(a)(3), because Plaintiffs failed to respond to the Requests for Admission, Plaintiffs have admitted each of them. Therefore, the Plaintiffs have now admitted that there is no infringement.

**II.     APPLICABLE LAW**

    **A.     Summary Judgment**

Summary judgment is appropriate if the moving party demonstrates "that there is no genuine dispute as to any material fact" and the moving party "is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment must initially show an absence of a genuine dispute of material fact or the absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Summary judgment on the issue of patent infringement is appropriate "when no genuine issue of material fact exists, in particular, when no

---

[1] Plaintiffs did produce several documents responsive to Defendant's Request No. 2 pursuant to the Court's Order on Defendant's Renewed Motion to Compel. Dkt. 85.

reasonable jury could find that every limitation recited in the properly construed claim either is or is not found in the accused device." *Goldenberg v. Cytogen, Inc*., 373 F.3d 1158, 1163 (Fed. Cir. 2004).

### B. Request for Admissions

"When a party receives a request for admission, a matter is admitted 'unless, within 30 days after being served,' that party 'serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney.' Fed. R. Civ. P. 36(a)(3). 'The purpose of such admissions is to narrow the array of issues before the court, and thus expedite both the discovery process and the resolution of the litigation.'" *United States for Graybar Elec. Co., Inc. v. TEAM Constr*., LLC, 275 F. Supp. 3d 737, 742 (E.D.N.C. 2017) (citing *Adventis, Inc. v. Consol. Prop. Holdings, Inc.*, 124 Fed. Appx. 169, 172 (4th Cir. 2005) (unpublished)). "[O]nce a matter that is properly subject of an admission under Rule 36(b) has been admitted during discovery, the district court is not free to disregard that admission." *See Adventis,* 124 Fed. Appx. at 173. "Rule 36 admissions are conclusive for purposes of the litigation and are sufficient to support summary judgment." *Id.* (citing *Langer v. Monarch Life Ins. Co*., 966 F.2d 786, 803 (3d Cir. 1992)).

### C. Patent Infringement

Patent infringement occurs when: "whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent." 35 U.S.C. §271(a). The infringement analysis "entails two steps," the first of which is construing the claims, and the second of which "is comparing the properly construed claims" to the accused products. *Duncan Parking Techs., Inc. v. IPS Grp., Inc*., 914 F.3d 1347, 1360 (Fed. Cir. 2019) (quoting *Markman v. Westview Instruments, Inc*., 52 F.3d 967, 976 (Fed. Cir. 1995)). "To establish literal infringement,

every limitation set forth in a claim must be found in an accused product, exactly." *Southwall Techs., Inc. v. Cardinal IG Co.*, 54 F.3d 1570, 1575 (Fed. Cir. 1995). The patentee has the burden of proving infringement by a preponderance of the evidence. *SmithKline Diagnostics, Inc. v. Helena Labs. Corp.,* 859 F.2d 878, 889 (Fed. Cir. 1988).

III. ARGUMENT

A. **Plaintiffs' Admissions prove that Defendant's Stay Put Drop Cloth products do not infringe the '917 patent.**

Because Plaintiffs never responded to the Request for Admissions within the 30-day deadline required by Fed. R. Civ. P. Rule 36(a)(3), the facts are deemed admitted. See *infra*. Thus, Plaintiffs have admitted: (i) that for each of Defendant's "Stay Put" drop cloths and "Stay Put Plus" drop cloths, *each of the circumferentially smaller bumps does not have a greater height than that of the circumferentially larger bumps*, and (ii) that *at least some of the downward projecting bumps* present on Defendant's "Stay Put" drop cloths and "Stay Put Plus" drop cloths do not have *measurable boundaries or perimeters*. In other words, Plaintiffs have admitted that Defendant's Stay Put drop cloth and Stay Put Plus drop cloth do not satisfy several claim limitations as construed by this Court. Plaintiffs' admissions provide conclusive proof that Defendant's Stay Put drop cloth products do not include at least these limitations recited in independent claims 1 and 6 of the '917 patent. Thus, Defendant's Stay Put drop cloths do not infringe any claim of the '917 patent and their admissions are sufficient to support summary judgment in favor of Defendant. *Adventis,* 124 Fed. Appx. at 173.

B. **Plaintiffs' Admissions are not the only evidence supporting a grant of summary judgment in Defendant's favor.**

Plaintiffs' admissions, standing alone, are sufficient to grant summary judgment in Defendant's favor. But Plaintiffs' admissions are supported by other facts in the record. For example, based on Plaintiffs' opinion of counsel, they are foreclosed from asserting infringement

5

against Trimaco. According to Plaintiffs' counsel, "[i]t should be noted that this 'height' relationship need not exist in all circumstances, but just needs to exist in instances, which it does, so as to prove infringement." Dkt. 1-8, at 10. Counsel's conclusion directly contradicts the Court's construction of that limitation and indicates that there are instances where the "height relationship" does not exist in Defendant's drop cloths. This conclusion provides further evidence of non-infringement, in addition to Plaintiffs' own admissions.[2]

Plaintiffs also produced several communications between opinion counsel and trial counsel and which predate the filing of this lawsuit. One such communication included several annotated photographs of a portion of one of Defendant's drop cloths and a message reading, "Dan - I've attached three photos of the canvas backing bumps that we have discussed. The smaller diameter and hopefully taller bumps are labeled 'A' and the wider diameter bumps that look shorter are labeled 'B'." *See* Exhibit 2 at 1-2. In other words, Plaintiffs have known all along that they could only demonstrate the existence of this "height relationship" by pointing to "some hopefully taller bumps" with a small diameter.

This position is also reflected in Plaintiffs' infringement contentions, in which they state that "because the sizes and shapes of the downward projecting bumps are virtually unconstrained, it necessarily follows that 'each [of the downward projecting bumps has a height and that there will be pairs that can be shown that meet the criteria . . . .'" Dkt. 40-6, at 9. As Plaintiffs erroneously summarized, "the claims do not require that *all* of the comparisons meet this criteria." *Id. (emphasis in original).*

---

[2] It should be noted that Plaintiffs' expert report served during expert discovery is recast copy of the opinion of counsel attached to their complaint and does not alter these statements, nor does it address, let alone consider, this Court's claim constructions. *See* Exhibit 3 at pages 3-20.

Plaintiffs have admitted via a non-response that each of the circumferentially smaller bumps in Defendant's "Stay Put" drop cloths and "Stay Put Plus" drop cloths does not have a greater height than that of each of the circumferentially larger bumps, and that at least some of the downward projecting bumps present on Defendant's "Stay Put" drop cloths and "Stay Put Plus" drop cloths do not have measurable boundaries or perimeters.³ There is no genuine issue of material fact that the Stay Put drop cloths do not satisfy these claims limitations, and Defendant is thus entitled to judgment as a matter of law.

## IV. CONCLUSION

For these reasons and the reasons set forth in Trimaco's Motion for Summary Judgment, Trimaco submits that there are no genuine issues of material fact and, therefore, Trimaco is entitled to judgment as a matter of law. Trimaco's Motion for Summary Judgment should be granted in its entirety.

Respectfully submitted, this 9th day of October, 2024.

*/s/ Deborah Pollack-Milgate*
John M. Moye (NC State Bar No. 35463)
BARNES & THORNBURG LLP
4208 Six Forks Road, Suite 1010
Raleigh, North Carolina 27609
Tel. (919) 536-6200 | Fax (919) 536-6201
jmoye@btlaw.com

Deborah Pollack-Milgate*
Joseph L. Fehribach*
BARNES & THORNBURG LLP
11 S. Meridian Street
Indianapolis, IN 46204

---

³ Defendant notes that it would be significantly prejudiced if it were required to obtain an expert to prove the facts that Plaintiffs have now admitted. Furthermore, the burden of proof for patent infringement lies with the Plaintiffs - not Defendant. "Patent infringement, whether literal or by equivalence, is an issue of fact, which the patentee must prove by a preponderance of the evidence." *Siemens Med. Solutions USA, Inc. v. Saint-Gobain Ceramics & Plastics, Inc.*, 637 F.3d 1269, 1279 (Fed. Cir. 2011)).

Tel. (317) 231-1313 | Fax (317) 231-7433
deborah.pollackmilgate@btlaw.com
joseph.fehribach@btlaw.com
*by special appearance*
*Counsel for Defendant Trimaco, Inc.*

# **CERTIFICATE OF SERVICE**

I hereby certify that on October 9, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will automatically send email notification of such filing to all counsel of record.

*/s/ Deborah Pollack-Milgate*
Deborah Pollack-Milgate
BARNES & THORNBURG LLP
11 S. Meridian Street
Indianapolis, IN 46204
Tel. (317) 231-1313 | Fax (317) 231-7433
deborah.pollackmilgate@btlaw.com

*Attorney for Defendant Trimaco, Inc.*
