IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-CV-15-FL

| | |
|---|---|
| ROBERT TERRACINO and<br>BRADIE TERRACINO, Individuals,<br><br>Plaintiffs,<br><br>v.<br><br>TRIMACO, INC.,<br><br>Defendant. | **DEFENDANT'S STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** |

## STATEMENT OF UNDISPUTED MATERIAL FACTS

Pursuant to Rule 56.1 of the Local Rules of the United States District Court for the Eastern District of North Carolina, Defendant Trimaco, Inc. ("Trimaco" or "Defendant"), sets forth the following undisputed material facts in support of its Motion for Summary Judgment.

1. Plaintiffs Robert and Bradie Terracino ("Terracinos" or "Plaintiffs") brought this action against Defendant Trimaco, Inc. ("Trimaco" or "Defendant") asserting a claim of infringement of U.S. Patent No. 9,044,917 ("the '917 patent"), as well as other claims, on January 7, 2022. *See* Dkt. 1.

2. Plaintiffs attached the January 6, 2022, Opinion of Counsel, Mr. Daniel Tanner, in support of their Complaint for patent infringement. Dkt. 1-8 (Appx. Ex. 5).

3. Plaintiffs filed an Amended Complaint on April 18, 2022, to which they again attached the Opinion of Counsel. Dkt. 17-7.

4. This Court has heard and ruled on a motion to dismiss by Defendant, in which the Court dismissed all claims against Trimaco except for the claim of patent infringement. *See* Dkt. 28.

5. The '917 patent includes 10 claims, with claims 1 and 6 being independent claims. Appx. Ex. 1.

6. Claims 1 and 6 each recite: "said height of bumps having the smaller of said at least two different circumferential sizes being greater than said height of bumps having said larger of said at least two circumferential sizes" and "said downward projecting bumps comprising bumps having at least two different circumferential sizes." Appx. Ex. 1.

7. The Court ruled on claim construction concerning the parties' disputed claim terms of the '917 patent, including the afore-mentioned height limitation, on April 29, 2024. Dkt. 72.

8. The Court construed the height limitation term "said height of bumps having the smaller of said at least two different circumferential sizes being greater than said height of bumps having said larger of said at least two circumferential sizes" to mean that "each of the circumferentially smaller bumps must have a greater height than that of the circumferentially larger bumps." Dkt. 72, at 16.

9. Claims 1 and 6 each recite: "said downward projecting bumps comprising bumps having at least two different circumferential sizes." Appx. Ex. 1.

10. The Court construed the term "said downward projecting bumps comprising bumps having at least two different circumferential sizes" to mean "said downward projecting bumps comprising bumps having at least two different measurable boundaries or perimeters." Dkt. 72, at 14.

11. Defendant served discovery on Plaintiffs on July 10, 2024, including Requests for Admission pursuant to Fed. R. Civ. P. 36. *See* Ex. 2.

12. Plaintiffs failed to timely respond to discovery, including the Requests for Admission, within the 30-day period required under Fed. R. Civ. P. 36.

13. Having surpassed the required 30-day response deadline, Defendant's Requests for Admission are deemed admitted. *See* Fed. R. Civ. P. 36(a)(3).

14. Plaintiffs have admitted that for each of Defendant's "Stay Put" drop cloths and "Stay Put Plus" drop cloths, each of the circumferentially smaller bumps does not have a greater height than that of the circumferentially larger bumps. *See* Ex. 2.

15. Thus, the height limitation as construed by this Court—"each of the circumferentially smaller bumps must have a greater height than that of the circumferentially larger bumps"—is admitted to be absent in the Stay Put drop cloths and Stay Put Plus drop cloths ("Accused Products").

16. Further, by non-response, Plaintiffs have also admitted that at least some of the downward projecting bumps present on Defendant's "Stay Put" drop cloths and "Stay Put Plus" drop cloths do not have measurable boundaries or perimeters. *See* Appx. Ex. 2.

17. Therefore, the term "said downward projecting bumps comprising bumps having at least two different circumferential sizes," which was construed to mean "said downward projecting bumps comprising bumps having at least two different measurable boundaries or perimeters," is likewise admitted to be absent from the Accused Products. *See* Appx. Ex. 2.

18. In sum, Plaintiffs have admitted that Defendant's Accused Products do not include at least: "said height of bumps having the smaller of said at least two different circumferential sizes being greater than said height of bumps having said larger of said at least two circumferential sizes" and "said downward projecting bumps comprising bumps having at least two different circumferential sizes" as recited in claims 1 and 6 of the '917 Patent and construed by the Court.

19. Both Plaintiffs' deadline to respond of August 10th, 2024, and this Court's scheduled close of fact discovery of August 14th, 2024 have lapsed without response.

3

20. Tanner's Opinion mistakenly concludes that the limitation "said height of bumps having the smaller of said at least two different circumferential sizes being greater than said height of bumps having said larger of said at least two circumferential sizes" is met because there are "instances" in which the circumferentially smaller bumps are taller than the circumferentially larger bumps. Appx. Ex. 5 at 10 (Dkt. 1-8 at 10).

21. This Opinion rests on a false assumption that this claim limitation requires only instances in which the circumferentially smaller bumps are taller than the circumferentially larger bumps, when the Court has concluded to the contrary that, "each of the circumferentially smaller bumps must have a greater height than that of the circumferentially larger bumps." Dkt. 72, at 16.

22. Thus, Plaintiffs' Opinion of Counsel contradicts the Court's claim construction and concedes that the Accused Products do not meet this limitation.

23. Plaintiffs and their counsel also admitted that the Accused Products do not include the limitation that "each of the circumferentially smaller bumps must have a greater height than that of the circumferentially larger bumps."

24. For example, counsel for Plaintiffs wrote to Mr. Tanner as follows: "Dan - I've attached three photos of the canvas backing bumps that we have discussed. The smaller diameter and hopefully taller bumps are labeled 'A' and the wider diameter bumps that look shorter are labeled 'B'." Appx Ex. 6, at 1-2. In other words, Plaintiffs are aware that at most they can demonstrate that there are "some hopefully taller bumps" with a smaller circumference. *See id.*

25. Plaintiffs' Infringement Contentions also rely on a construction that, contrary to the Court's Order, Dkt. 72, only requires that "some hopefully taller bumps" are smaller circumferentially.

26. As set forth in the contentions: "Moreover, because the sizes and shapes of the downward projecting bumps are virtually unconstrained, it necessarily follows that implicit in the structure of the lower resilient layer of the sample product that 'each [of the downward projecting bumps has a height and that there will be pairs that can be shown that meet the criteria 'said height of bumps having the smaller of said at least two different circumferential sizes being greater than said height of bumps having said larger of said at least two circumferential sizes,' *as the claims do not require that all of the comparisons meet this criteria*.'" App. Ex. 4 (Dkt. 40-6, at 9) (emphasis added).

27. Plaintiffs have never sought to amend these contentions.

28. The author of Plaintiffs' Opinion of Counsel, Daniel Tanner, was not disclosed as an expert at the time of filing the Complaint. *See* Appx. Ex. 5. Plaintiffs' Expert Disclosure under Fed. R. Civ. P. 26(a)(2)(B) is a copy of the Opinion of Counsel and does not consider the Court's claim construction ruling or offer any additional opinion regarding infringement. *See* Appx. Ex. 3.

Respectfully submitted, this 11th day of October, 2024.

*/s/ Deborah Pollack-Milgate*
John M. Moye (NC State Bar No. 35463)
BARNES & THORNBURG LLP
4208 Six Forks Road, Suite 1010
Raleigh, North Carolina 27609
Tel. (919) 536-6200 | Fax (919) 536-6201
jmoye@btlaw.com

Deborah Pollack-Milgate*
Joseph L. Fehribach*
BARNES & THORNBURG LLP
11 S. Meridian Street
Indianapolis, IN 46204
Tel. (317) 231-1313 | Fax (317) 231-7433
deborah.pollackmilgate@btlaw.com
joseph.fehribach@btlaw.com
**by special appearance*
Counsel for Defendant Trimaco, Inc.*

# **CERTIFICATE OF SERVICE**

I hereby certify that on October 11, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will automatically send email notification of such filing to all counsel of record.

/s/ *Deborah Pollack-Milgate*
Deborah Pollack-Milgate
BARNES & THORNBURG LLP
11 S. Meridian Street
Indianapolis, IN 46204
Tel. (317) 231-1313 | Fax (317) 231-7433
deborah.pollackmilgate@btlaw.com

*Attorney for Defendant Trimaco, Inc.*