# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
### WESTERN DIVISION
### No. 5:22-CV-00015-FL

| | |
|---|---|
| ROBERT TERRACINO and BRADIE TERRACINO, <br><br> Plaintiffs, <br><br> v. <br><br> TRIMACO, INC., <br><br> Defendant. | **MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR EXTENSION OF TIME** |

COMES NOW Defendant Trimaco, Inc. ("Trimaco"), by and through the undersigned counsel and pursuant to Rules 7.1(f) and 7.2(a) of the Local Civil Rules for the Eastern District of North Carolina, and submits this Memorandum in Opposition to the Plaintiffs' Motion for Extension of Time. *See* Dkt. 102 & 103. Plaintiffs have failed to articulate good cause for modification of the scheduling order pursuant to Fed. R. Civ. P. 16(b)(4).

## I.     INTRODUCTION

Trimaco served its document production upon Plaintiffs on September 25th, 2024. In its production, Trimaco provided cost and pricing information related to the company's Stay Put and Stay Put Plus drop cloths (the "Accused Products"). *See* Dkt. 103-3 and 104-1. While these documents do contain numerous redactions, Trimaco advised Plaintiffs' counsel that the redacted portions of each document include information that is irrelevant to the present matter—as it is unrelated to the Accused Products—and that all information responsive to Plaintiffs' requests is unredacted.

Meanwhile, just before 4 pm EST on October 11, 2024, counsel for Plaintiffs wrote to Trimaco's counsel—in the eleventh hour of their deadline to submit a formal opinion related to

damages—asserting that Trimaco's production is inadequate. *See* Exhibit 1. This belated assertion is the ostensible basis for Plaintiffs' motion.

For the reasons set forth below, this Court should deny Plaintiffs' Motion for Extension of Time because (i) Trimaco has produced the information that Plaintiffs seek; and (ii) it is Plaintiffs' delinquency, not Trimaco's, that has caused Plaintiffs' deadline to expire.

## II.     FACTS

Plaintiffs and Trimaco have engaged in discovery since July 2024. On July 3, 2024, Plaintiffs served discovery requests, including Requests for Production of Documents, on Trimaco. Likewise, Trimaco served discovery requests including Requests for Production, Interrogatories, and Requests for Admission, on Plaintiffs on July 10, 2024.

Trimaco timely responded to Plaintiffs' requests, while preserving its objections, and stated in its responses that it had performed a search for responsive documents and would produce all responsive and non-privileged documents once a protective order was entered by the Court. A Protective Order was entered by the Court on August 29, 2024. *See* Dkt. 88.[1]

In contrast to Trimaco's timely responses and objections, Plaintiffs *still* have not responded to nor objected to any of Trimaco's discovery requests served on July 10, 2024. Candidly, Trimaco was not sure that Plaintiffs intended to proceed with this litigation given the lack of responsiveness to date.[2] Nevertheless, Trimaco has consistently taken steps to comply with the Court's scheduling

---

[1] Given Plaintiffs' erroneous filing of Exhibit 3 of Document No. 103 (Dkt. 103-3)—a document containing Trimaco's highly confidential information while also being unrelated to the products at issue in this case—Trimaco is relieved that a protective order is in place and that Trimaco's documents have been redacted.

[2] Trimaco's doubts regarding whether the Plaintiffs intended to proceed were reinforced by Plaintiffs' admission—as a result of their failure to respond to Trimaco's Requests for Admission—that the Accused Products do not infringe the asserted patent claims. These

order in this case, and, to that end, it produced all responsive documents on September 25th, 2024. Trimaco's production includes cost, pricing, and revenue information related to the Accused Products. By way of example, the document labeled TRIMACO00001010 includes the relevant cost, pricing, and revenue information related to the Stay Put Plus drop cloth—the very information Plaintiffs now claim to be missing. *See* Dkt. 104-1.

Plaintiffs' deadline to serve a damages report was October 11, 2024, over two weeks after Trimaco produced the documents responsive to Plaintiffs' requests and necessary information for them to compile an expert report related to damages. Plaintiffs, however, waited until the final hours of October 11 to object that the documents produced by Trimaco were insufficient. *See* Exhibit 1. This was after Plaintiffs allowed a prior deadline for submission of their report to expire without seeking an extension. *See* Dkt. 91. In the agreed motion to extend the parties' initial deadlines, the parties reiterated that "the modifications do not modify the deadline for any dispositive motion or trial schedule." *Id.*

In the parties' belated meet and confer in connection with this motion, held after the deadline for submission of the expert report had already expired, counsel for Plaintiffs did not articulate anything specific that they required to complete the report, but rather demanded that Trimaco indicate whether it would produce a redaction log by a date certain. Trimaco has subsequently done so. Trimaco informed counsel for Plaintiffs during the meet and confer that the redacted information was unrelated to the Accused Products.

---

admissions form the primary basis of Trimaco's pending motion for summary judgment, which, if granted, would resolve this matter in its entirety.

### III.    ARGUMENT

Plaintiffs' motion should be denied because it fails to establish good cause for the proposed modification of the scheduling order. First, in their motion, Plaintiffs argue that Trimaco's production is inadequate and that they need "supporting documentation and details of the production and costs of the goods infringing Plaintiffs' patent at issue." *See* Dkt. 103 at 4. This assertion is unfounded, as such information is already included in Trimaco's production. *See infra*. In view of this, Plaintiffs' assertion that they were unable to compile an expert report by the agreed upon deadline is not well-founded.

Second, Trimaco has since supplemented its production with a redaction log indicating that all of the redacted information in its production is *irrelevant* to the present matter, but that it is redacted because it contains Trimaco's highly confidential commercial information. *See* Exhibit 2.[3] Plaintiffs' complaint that they could not prepare an expert report due to redacted information is thus groundless.

Third, the extension Plaintiffs now seek jeopardizes the parties' agreed-upon schedule for completion of expert discovery by November 26, 2024 (Dkt. 93), and the submission of Daubert Motions by December 12, 2024 (Dkt. 77). Trimaco was willing to, and acquiesced in, an earlier extension of time in view of the fact that it had been reluctant to produce its highly confidential documents against the backdrop of Plaintiffs who were not—and still are not—complying with their discovery obligations. At this juncture, however, given the fact that Plaintiffs did not seek an extension in due course, any further extensions should be denied.

---

[3] Had Plaintiffs raised their purported concerns sooner, Trimaco could have worked with them to address their concerns. This would have avoided burdening the Court with further motion practice.

4

Case 5:22-cv-00015-FL    Document 108    Filed 10/25/24    Page 4 of 6

## IV.  CONCLUSION

Put simply, Plaintiffs already have what they claim to seek. They could and should have compiled an expert damages report, yet failed to do so. In view of the foregoing, Trimaco respectfully submits Plaintiffs' motion for an extension of time should be denied.

Respectfully submitted this 25th day of October, 2024.

/s/ John M. Moye
John M. Moye (NC State Bar No. 35463)
BARNES & THORNBURG LLP
4208 Six Forks Road, Suite 1010
Raleigh, North Carolina 27609
Tel. (919) 536-6200 |Fax (919) 536-6201
jmoye@btlaw.com

Deborah Pollack-Milgate*
Joseph L. Fehribach*
BARNES & THORNBURG LLP
11 S. Meridian Street
Indianapolis, IN 46204
Tel. (317) 231-1313 | Fax (317) 231-7433
deborah.pollackmilgate@btlaw.com
joseph.fehribach@btlaw.com

*by special appearance

Counsel for Defendant Trimaco, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on October 25, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will automatically send email notification of such filing to all counsel of record.

/s/ *John M. Moye*
John M. Moye (NC State Bar No. 35463)
BARNES & THORNBURG LLP
4208 Six Forks Road, Suite 1010
Raleigh, North Carolina 27609
Tel. (919) 536-6200 | Fax (919) 536-6201
jmoye@btlaw.com

*Attorney for Defendant Trimaco, Inc.*