IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-CV-15-FL

ROBERT TERRACINO and
BRADIE TERRACINO,

    Plaintiffs,

v.

TRIMACO, INC.,

    Defendant.

**OPPOSITION TO MOTION FOR SUMMARY JUDGMENT AND
MEMORANDUM OF LAW IN SUPPORT OF MOTION TO
WITHDRAW OR AMEND ADMISSIONS**

COME NOW Plaintiffs, Robert and Bradie Terracino, and for their Opposition to Defendant's Motion for Summary Judgment and Memorandum of Law in Support of Motion to Withdraw or Amend Admissions state as follows.

    I.    Background.

Defendant's Motion for Summary Judgment relies wholly on the premise that Plaintiffs have admitted disputed facts and as a result, Defendant is entitled to summary judgment on Plaintiff's infringement claim. While Plaintiffs agree that their responses to Defendant's Requests for Admission are late, Defendant is not entitled to summary judgment for several reasons. First, the Court should grant Plaintiffs' Motion to Withdraw or Amend Admissions filed simultaneously with this Opposition, mooting Defendant's Motion for Summary Judgment. The withdrawal of the admissions would

promote the presentation of the merits of the action, and allowing the withdrawal would not prejudice Defendant.

Even if the Court denies Plaintiffs' Motion to Amend or Withdraw Admissions, Defendant's Motion for Summary Judgment still should be denied. The evidence before the Court including Plaintiffs' patent [DE 17-1] clearly shows that there remains a question of a material fact and review of Defendant's drop cloths at issue in this case. Defendant's own Motion and requests for admission demonstrate this unanswered question. First, the requests for admission are mutually exclusive. The first request for admission asks Plaintiffs to admit that each of the circumferentially smaller bumps does not have a greater height than that of the circumferentially larger bumps. The second asks Plaintiffs to admit that at least some of the projecting bumps on the Defendant's drop cloths do not have measurable boundaries or perimeters. Defendant cannot rely upon both admissions: either the first is true and second is not, vice-versa, or both are false. The comparison between bumps sought by the first request for admission requires that the boundary of the bumps must be measurable. If, however, the boundaries cannot be measured, then the first cannot be true as the second request for admission, if admitted, requires that the boundaries cannot be measured. They both cannot be true at the same time thus demonstrating a material question of fact which precludes summary judgment.

Finally, Defendant's argument that, based upon what it incorrectly characterizes as opinion of counsel, the record shows that summary judgment is appropriate should be discounted for several reasons. Assuming Defendant to be correct that Plaintiffs' expert

Tanner's opinion is "opinion of counsel" then it is not a "fact" that can be relied upon by Defendant in support of its Motion. Second, as noted above, there remains the disputed issue of material fact raised by Defendant's Motion as to the measurement and disposition of the bumps in Plaintiffs' patent claims and the infringing drop cloths which is the very issue that Defendant attempts to point to as its additional evidence in favor of summary judgment.

II. Applicable Summary Judgment Standard.

Summary judgment requires clear and convincing evidence and "all justifiable inferences are to be drawn in [non-movant's] favor." *Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986). And the Court should act "with caution in granting a summary judgment" and should deny summary judgment where "there is reason to believe that the better course would be to proceed to a full trial." *Anderson*, 477 U.S. at 255. Where a court is presented with contradictory facts, the court "should resolve the issue in a separate evidentiary hearing or deferred ruling pending receipt at trial" of evidence, and not grant summary judgment. *Brooks v. Motsenbocker Advanced Developments, Inc.*, 242 Fed.Appx. 889, 890, 2007 WL 2200683, *1 (4th Cir. Aug. 2, 2007), *citing Davis v. Zahradnick*, 600 F.2d 458, 460 (4th Cir. 1979).

III. The Court Should Grant Plaintiffs' Motion to Withdraw or Amend Their Responses to Defendant's Requests for Admission.

Defendant has failed to motion the Court – either through a separate Motion or through its Motion for Summary Judgment – to deem the requests for admission admitted. And Plaintiffs have simultaneously filed with this pleading their Motion to

3

Case 5:22-cv-00015-FL    Document 110    Filed 10/30/24    Page 3 of 9

Withdraw or Amend. Because, as noted above, the purported admissions are mutually exclusive and create a disputed, material fact, it is well within the Court's discretion to allow Plaintiffs to withdraw or amend their responses and the Court should do so for several reasons.

While Defendant relies upon what it characterizes as "opinion of counsel", the only things that properly could be considered by the Court in deciding on Defendant's Motion for Summary Judgment are the two requests for admission that remained unanswered. Defendant's only argument in this regard is that Plaintiffs failed to meet their deadline to respond. However, "more than a failure to meet deadlines is required to deny a party relief from an admission." Rather, the "court's focus must be on the 'effect upon the litigation and prejudice to the resisting party rather than on the moving party's excuses for an erroneous omission." *United States for Graybar Electric Company, Inc. v. TEAM Construction, LLC*, 275 F.Supp.3d 737, 742 (E.D.N.C. 2017).

Therefore the Court should start by considering the effect upon the litigation. In this case, Plaintiffs do not dispute that the question of whether the bumps on Defendant's infringing drop cloths can be measured is a question of material fact. In addition, Plaintiffs do not dispute that the question of whether the circumference of the bumps can be measured is a question of material fact. However, in either instance, the Court is left with a question of material fact that must be answered: is the assertion in Defendant's request for admission no. 1 true, is the assertion in Defendant's request for admission no. 2 true, is one true and the other not, or are neither true? As it stands, without additional evidentiary evidence, the conflict between the two requests for admission remains

unanswered.  In analyzing the Defendant's Motion, the Court is presented with two facts that Defendant relies upon but which cannot both simultaneously be true.  This creates a clear question of material fact.  Without a resolution of the dispute described in Defendant's Motion, no "reasonable juror could determine that defendant has not infringed" Plaintiffs' patent and Defendant cannot be awarded summary judgment.  *See, e.g., Trudell Medical International v. D R Burton Healthcare, LLC*, 2022 WL 16641833, *1 (E.D.N.C. Nov. 2, 2022), *citing Libertarian Party of Virginia v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013).  To resolve the issue of the conflicting assertions of fact relied upon by Defendant requires further evidence.

Permitting Plaintiffs to withdraw or amend its responses to Defendant's requests for admission "would promote the presentation of the merits of the action. . ."  Fed. R. Civ. P. 36(b).  This prong of the applicable test under Fed. R. Civ. P. 36(b) is satisfied when "upholding the admissions would practically eliminate any presentation of the merits of the case."  *Graybar*, 275 F.Supp.3d 737 at 742.  That is true where, as here, Defendant itself has provided the Court with material facts in dispute that must be resolved on the merits.

The Court must also consider the second prong of Rule 36(b) - whether Defendant has proved prejudice as a result of the Court allowing Plaintiff to withdraw or amend its responses to Defendant's requests for admission.  The burden of proving that prejudice rests on Defendant.  *Graybar* at 742.  Defendant has argued that that it would be "significantly prejudiced if it were required to obtain an expert to prove the facts that

5

Case 5:22-cv-00015-FL    Document 110    Filed 10/30/24    Page 5 of 9

Plaintiffs have now admitted" (FN3 on page 7 of its Memo in Support [DE 97]), but that argument is baseless.

First, Defendant waited until the end of fact discovery to serve the requests for admission (July 10, 2024 with the discovery cutoff on August 14, 2024). Second, the expert disclosures required under the Court's Scheduling Order [DE 77] were due on September 13, 2024 and September 27, 2024. The Court entered its Claim Construction Order [DE 72] on April 29, 2024 and fact discovery opened on May 20, 2024. Defendant has therefore known about the issues raised in its requests for admission since at least as early as April 29, 2024 but waited until the very end of fact discovery to request the admissions and never obtained an expert on the issue in the months preceding the close of expert discovery. The prejudice that Defendant is now claiming that it would be subject to has been rejected repeatedly by courts as the admissions in question go to the central elements of the claim. *Graybar*, 275 F.Supp.3d at 746: ("As the admissions in question go to the central elements of the claim, this is not the type of situation where a [party] could be surprised to suddenly encounter significant difficulty in proving his case at trial," *citing McClanahan v. Aetna Life Ins. Co.*, 144 F.R.D. 316, 320 (W.D. Va. 1992)).

Defendant has also never moved the Court to compel discovery responses, reopen discovery, or ask that the Court deem the matters admitted prior to its Motion for Summary Judgment all of which weigh against Defendant's claim of prejudice. *Graybar* at 746. Rather than seeking any of the above relief, Defendant signaled its intent to go directly to filing a Motion for Summary Judgment shortly after the close of discovery (and notably before its deadline to disclose experts) by filing a Motion for Leave to File

Summary Judgment with its Summary Judgment Motion attached on September 12, 2024 [DE 89].  Defendant has also failed in its Motion for Summary Judgment and Memo in Support to mov the Court to deem the facts admitted.

For these reasons, the Court should grant Plaintiffs' Motion to Withdraw or Amend its responses to Defendant's requests for admission, and deny Defendant's Motion for Summary Judgment.

    IV.    Even if the Court Denies Plaintiffs' Motion to Amend Their Responses to Defendant's Requests for Admission, the Court Should Deny Defendant's Motion for Summary Judgment.

As noted above, the alleged admissions that Defendant relies upon are still disputed, and therefore cannot be used to resolve the dispute through summary judgment. Where a court is presented with contradictory facts, the court "should resolve the issue in a separate evidentiary hearing or deferred ruling pending receipt at trial" of evidence, and not grant summary judgment.  *Brooks v. Motsenbocker Advanced Developments, Inc.*, 242 Fed.Appx. 889, 890, 2007 WL 2200683, *1 (4th Cir. Aug. 2, 2007), *citing Davis v. Zahradnick*, 600 F.2d 458, 460 (4th Cir. 1979).

The Court cannot grant Defendant's Motion for Summary Judgment in that Defendant has presented the Court with a clear dispute over material, disputed facts.  The two admissions that Defendant relies upon in support of its Motion are mutually exclusive, and require additional evidence to resolve the dispute between the facts that Defendant relies upon.

V.   Conclusion

Defendant has failed in its Motion for Summary Judgment for several reasons. First, the Court should grant Plaintiffs' Motion to Withdraw or Amend their responses to Defendant's requests for admission, mooting Defendant's Motion for Summary Judgment.  Second, even if the Court were to deny Plaintiffs' Motion to Withdraw or Amend, the Court is precluded from granting Defendant's Motion in that Defendant has admitted, in its Motion, that a question of material fact remains in dispute and therefore summary judgment is improper at this time.

Respectfully submitted, this 30th day of October, 2024.

/s/ Duncan G. Byers
Duncan G. Byers
BYERS LAW
1769 Jamestown Road, Suite 120
Williamsburg, Virginia 23185
(757) 317-2779
Fax (757) 231-3797
dbyers@dbyerslaw.com
Va. Bar ID No. 48146
*Special Appearance Counsel for Plaintiffs Robert and Bradie Terracino*

/s/William Ellis Boyle
William Ellis Boyle
N.C. State I.D. No.:  33826
email:  docket@wardandsmith.com
email:  weboyle@wardandsmith.com
Ward and Smith, P.A.
Post Office Box 33009
Wilmington, NC  27636-3009
Telephone:  919.277.9100
Facsimile:  919.277.9177
*Local Civil Rule 83.1(d) Attorney for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 30, 2024 I electronically filed the foregoing Opposition to Defendant's Motion for Summary Judgment with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Duncan G. Byers
Duncan G. Byers
BYERS LAW
1769 Jamestown Road, Suite 120
Williamsburg, Virginia 23185
(757) 317-2779
Fax (757) 231-3797
dbyers@dbyerslaw.com
Va. Bar ID No. 48146
*Special Appearance Counsel for Plaintiffs Robert and Bradie Terracino*

/s/William Ellis Boyle
William Ellis Boyle
N.C. State I.D. No.: 33826
email: docket@wardandsmith.com
email: weboyle@wardandsmith.com
Ward and Smith, P.A.
Post Office Box 33009
Wilmington, NC 27636-3009
Telephone: 919.277.9100
Facsimile: 919.277.9177
*Local Civil Rule 83.1(d) Attorney for Plaintiffs*