IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-CV-15-FL

ROBERT TERRACINO and
BRADIE TERRACINO, Individuals,

    Plaintiffs,

v.

TRIMACO, INC.,

    Defendant.

## REPLY IN SUPPORT OF
## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

John M. Moye
NC Bar No. 35463
BARNES & THORNBURG LLP
4280 Six Forks Road, Suite 1010
Raleigh, NC 27609-5738
Telephone (919) 536-6200 | Fax (919) 536-6201
JMoye@btlaw.com

Deborah Pollack-Milgate*
Joseph L. Fehribach*
BARNES & THORNBURG LLP
11 S. Meridian Street
Indianapolis, IN 46204
Tel. (317) 231-1313 | Fax (317) 231-7433
deborah.pollackmilgate@btlaw.com
joseph.fehribach@btlaw.com

*by special appearance*

*Counsel for Defendant Trimaco, Inc.*

# TABLE OF CONTENTS

        **Page**

INTRODUCTION ................................................................................................................. 1

ARGUMENT ....................................................................................................................... 1

    A.    Plaintiffs Have Put Forward No Facts to Counter Summary Judgment. ......................... 1

    B.    The Requests for Admission Do Not Create an Issue of Material Fact, Nor Are They Internally Inconsistent.................................................................................................. 3

    C.    Trimaco Has Presented Other Admissible Evidence Supporting Summary Judgment of Non-infringement.................................................................................................. 5

CONCLUSION.................................................................................................................... 6

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Anderson v. Liberty Lobby, Inc.*,
 477 U.S. 242 (1986) ...........................................................................................................1, 2

*Celotex Corp. v. Catrett*,
 477 U.S. 317 (1986) ..............................................................................................................1

*Diprete v. 950 Fairview St., LLC*,
 No. 1:15CV00034, 2016 WL 6137000 (W.D. Va. Oct. 21, 2016) .......................................1

*Erwin v. United States*,
 591 F.3d 313 (4th Cir. 2010) ................................................................................................2

*Goldenberg v. Cytogen, Inc.*,
 373 F.3d 1158 (Fed. Cir. 2004) ............................................................................................4

*Payrange, Inc. v. Kiosoft Techs.*,
 676 F. Supp. 3d 1266 (S.D. Fla. 2023) .................................................................................6

**Statutes**

35 U.S.C. § 112 ...........................................................................................................................4

**Other Authorities**

Fed. R. Civ. P. 26(a)(2) ................................................................................................................5

Fed. R. Civ. P. 56(c) ................................................................................................................1, 2

Fed. R. Evid. 702 .........................................................................................................................5

Local Civil Rule 56.1(a)(4) ..........................................................................................................3

Local Civil Rule 303.6 .................................................................................................................6

## INTRODUCTION

A party opposing a motion for summary judgment must present genuine, disputed, admissible facts to avoid an adverse ruling. Plaintiffs have done no such thing. Having failed to present even a single fact in opposition to summary judgment, Defendant's motion for summary judgment on the issue of no infringement should be granted. Because Plaintiffs have exactly zero evidence supporting a claim of infringement—regardless of their discovery admissions which they now attempt to withdraw almost 4 months later—Trimaco would still be entitled to summary judgment.

## ARGUMENT

### A. Plaintiffs Have Put Forward No Facts to Counter Summary Judgment.

Once the party moving for summary judgment establishes an absence of a genuine issue of material fact, the party opposing the challenge must set forth specific, admissible facts demonstrating a genuine issue of material fact to overcome the challenge. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–24 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Diprete v. 950 Fairview St., LLC*, No. 1:15CV00034, 2016 WL 6137000, at *2–4 (W.D. Va. Oct. 21, 2016) (concluding that opposing party did not properly support asserted facts to show a genuine dispute by failing to cite to the record and by making general references to facts that may or may not exist in the record). If a party fails to do so, having had an adequate opportunity for discovery, Fed. R. Civ. P. 56(c) mandates the entry of summary judgment. *Celotex Corp.*, 477 U.S. at 322.

To properly oppose a motion for summary judgment, a party must support its opposition by the kinds of evidentiary materials listed in Rule 56(c), going beyond the pleadings themselves. *Celotex*, 477 U.S. at 324. Specifically, under Rule 56(c)(1) a party can rely on "particular parts of materials in the record, including depositions, documents, electronically stored information,

affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1).

Furthermore, the opposing party is not permitted to rest on conclusory allegations or denials, and a "mere existence of a scintilla of evidence" is likewise insufficient to defeat a summary judgment motion. *Anderson*, 477 U.S. at 252; *see also Erwin v. United States*, 591 F.3d 313, 319–20 (4th Cir. 2010) (explaining that the party opposing a motion for summary judgment cannot create a material fact by reliance on conclusory allegations or bare denials).

Here, Trimaco has put forward record evidence establishing that its Stay Put products do not infringe the patent in suit, through a combination of the Plaintiffs' admissions, an opinion of counsel, and the Plaintiffs' infringement contentions. Dkt. 99 & Exhibits 1-6 (Appendix of Evidence). In response, Plaintiffs have failed to delineate any admissible evidence in support of their affirmative claim of infringement. They have pointed to no evidence supporting their claim that the Accused Products include a resilient layer with measurable bumps, in which the circumferentially smaller bumps are taller than the circumferentially larger bumps, as is required by every patent claim asserted against Trimaco.

Plaintiffs' response is also procedurally deficient, underscoring the lack of evidence in response to Trimaco's motion. As set forth above, pursuant to Fed. R. Civ. P. 56(c)(1), a party asserting that a fact is genuinely disputed must cite to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations …, admissions, interrogatory answers or other materials." Plaintiffs have failed to put forward a single fact, or to designate any materials in the record in opposition to Trimaco's motion. *See* Dkt. 111 (Plaintiffs' Response to Trimaco's Statement of Material Facts)*, and especially* Dkt. 111 at ¶¶ 13-18 (denying, without more, that Trimaco has established that summary judgment is

2

Case 5:22-cv-00015-FL    Document 113    Filed 11/13/24    Page 5 of 11

proper based on the Court's claim construction rulings). Plaintiffs also failed to comply with Local Civil Rule 56.1(a)(4), declining to include even a single citation in their Opposing Statement (Dkt. 111) to Trimaco's Statement of Undisputed Material Facts (Dkt. 98).

As a result, summary judgment is proper.

**B.     The Requests for Admission Do Not Create an Issue of Material Fact, Nor Are They Internally Inconsistent.**

As a distraction to the lack of evidence, Plaintiffs argue instead that summary judgment must be denied based on a purported inconsistency between the two requests for admission they failed to timely respond to or deny. But these two admissions track the Court's claim construction ruling and are not inconsistent at all.

Here, the Court construed the term "[s]aid height of bumps having the smaller of said at least two different circumferential sizes being greater than said height of bumps having said larger of said at least two circumferential sizes" to mean that "*[e]ach of the circumferentially smaller bumps must have a greater height than that of the circumferentially larger bumps*." Dkt. 72, at 16 (emphasis added). Additionally, the Court construed the term "[s]aid downward projecting bumps comprising bumps having at least two different circumferential sizes" to mean "*[s]aid downward projecting bumps comprising bumps having at least two different measurable boundaries or perimeters*." Dkt. 72, at 14 (emphasis added). In other words, the patent requires the bumps to be measurable. *Id.* The constructions of these claim limitations, which appear in independent claims 1 and 6, apply to each of the asserted patent claims, claims 1-10. Therefore, if the Accused Products do not include these elements—and they do not—then they do not infringe any of the claims 1-10.

As a result, Trimaco served two Requests for Admission which, if admitted, would establish that Plaintiffs cannot support their infringement claims (*see* Dkt. 99-2, emphasis added):

3

**Request 1.** Admit that for each of Defendant's "Stay Put" drop cloths and "Stay Put Plus" drop cloths, *each of the circumferentially smaller bumps does not have a greater height than that of the circumferentially larger bumps*.

**Request 2.** Admit that at least some of the downward projecting bumps present on Defendant's "Stay Put" drop cloths and "Stay Put Plus" drop cloths *do not have measurable boundaries or perimeters*.

These two requests mirrored the Court's claim construction of the operative patent claim limitations, to which Plaintiffs did not object. If even one of these elements is not met, then summary judgment is appropriate, because infringement requires that each limitation be found in the accused device. *See Goldenberg v. Cytogen, Inc.*, 373 F.3d 1158, 1163 (Fed. Cir. 2004). Thus, the question is not whether there is inconsistency between the two limitations, but rather whether one or both of the limitations is absent.[1] Here, there is no evidence to support the existence of either attribute in the Accused Products; there is zero evidence to support the required size differential and zero evidence to demonstrate that all of the bumps are measurable. As a result, the Accused Products do not infringe the asserted '917 Patent.

Plaintiffs' theoretical, irrelevant proposition that Trimaco's two requests for admission are inconsistent is also wrong. There is no evidence that the Accused Products include bumps that are measurable; *and* there is no evidence that each of the circumferentially smaller bumps has a greater height than that of the circumferentially larger bumps. It cannot be true that each of the

---

[1] If the two requests for admission are inconsistent (Trimaco disagrees that they are) then Plaintiffs have raised an indefiniteness issue that would render the patent claims invalid pursuant to 35 U.S.C. § 112.

circumferentially smaller bumps is taller than each of the circumferentially larger bumps if the bumps are not measurable in the first instance. Because Plaintiffs lack evidence of either, summary judgment is appropriate.

      **C.    Trimaco Has Presented Other Admissible Evidence Supporting Summary Judgment of Non-infringement.**

Preliminarily, it bears repeating that Trimaco is entitled to summary judgment considering Plaintiffs' failure to designate any material facts creating a genuine dispute, full stop. Irrespective of Plaintiffs' belatedly filed motion to withdraw their admissions, they are wrong when they assert that the summary judgment motion "relies wholly on the premise that Plaintiffs have admitted disputed facts." Dkt. 110, at 1.

Summary judgment is also proper in light of the additional evidence presented by Trimaco. By way of example, Trimaco relied on Plaintiffs' own purported expert, Mr. Daniel Tanner, who concludes only that there are "instances" in which the circumferentially smaller bumps are taller than the circumferentially larger bumps, thus contradicting the Court's claim construction requiring *each* circumferentially smaller bump to be taller than *each* circumferentially larger bump. Dkt. 72, at 16.

Should this matter continue, Trimaco will likely challenge Plaintiffs' expert, who is and was clearly acting as legal counsel, and is unlikely to be qualified as a technical expert. But taking Plaintiffs at their word—namely, that they intend to present his testimony under Fed. R. Evid. 702— then, pursuant to Fed. R. Civ. P. 26(a)(2), their "expert" opines that the Accused Products infringe the '917 Patent based on a construction of the patent claims rejected by the Court. Mr. Tanner concludes that only some of the circumferentially smaller bumps must be taller than some of the circumferentially larger bumps, and on that basis supports his position. Dkt. 99-5, at 10. By way of further example, Trimaco would be entitled to question Mr. Tanner about Plaintiffs'

counsel's statements regarding some "hopefully taller bumps," against the backdrop of photographs of the Accused Products. Dkt. 99-6, at 1-2. Likewise, Plaintiffs' own infringement contentions rely solely on photographs of the Accused Products in which, contradicting the Court's claim construction, they contend the existence of some circumferentially smaller bumps that are taller than some circumferentially larger bumps establishes infringement. Dkt. 99-4 at 10.

The Court may consider these contentions in reviewing Trimaco's summary judgment motion. *See, e.g., Payrange, Inc. v. Kiosoft Techs.*, 676 F. Supp. 3d 1266, 1278 (S.D. Fla. 2023) (overruling the Plaintiff's objection to consideration by the court of infringement contentions admitting lack of infringement under the Court's claim construction). Plaintiffs, moreover, have never amended their contention as required by the Local Civil Rules for patent matters. Local Civil Rule 303.6. The time to do so has long since expired. *Id.* at 303.6(b).

## CONCLUSION

There is no genuine issue of material fact that the Accused Products do not satisfy certain claim limitations of the '917 Patent, and thus cannot infringe it. Defendant is entitled to judgment as a matter of law.

Respectfully submitted, this 13th day of November, 2024.

*/s/ Deborah Pollack-Milgate*
John M. Moye (NC State Bar No. 35463)
BARNES & THORNBURG LLP
4208 Six Forks Road, Suite 1010
Raleigh, North Carolina 27609
Tel. (919) 536-6200 | Fax (919) 536-6201
jmoye@btlaw.com

Deborah Pollack-Milgate*
Joseph L. Fehribach*
BARNES & THORNBURG LLP
11 S. Meridian Street
Indianapolis, IN 46204
Tel. (317) 231-1313 | Fax (317) 231-7433

deborah.pollackmilgate@btlaw.com
joseph.fehribach@btlaw.com

*by special appearance*

*Counsel for Defendant Trimaco, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on November 13, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will automatically send email notification of such filing to all counsel of record.

*/s/ Deborah Pollack-Milgate*
Deborah Pollack-Milgate
BARNES & THORNBURG LLP
11 S. Meridian Street
Indianapolis, IN 46204
Tel. (317) 231-1313 | Fax (317) 231-7433
deborah.pollackmilgate@btlaw.com

*Attorney for Defendant Trimaco, Inc.*