IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-CV-15-FL

| | |
|---|---|
| ROBERT TERRACINO and<br>BRADIE TERRACINO, Individuals,<br><br>      Plaintiffs,<br><br>v.<br><br>TRIMACO, INC.,<br><br>      Defendant. | |

**<u>OPPOSITION TO PLAINTIFFS' MOTION TO WITHDRAW ADMISSIONS</u>**

John M. Moye
NC Bar No. 35463
BARNES & THORNBURG LLP
4280 Six Forks Road, Suite 1010
Raleigh, NC 27609-5738
Telephone (919) 536-6200 | Fax (919) 536-6201
JMoye@btlaw.com

Deborah Pollack-Milgate*
Joseph L. Fehribach*
BARNES & THORNBURG LLP
11 S. Meridian Street
Indianapolis, IN 46204
Tel. (317) 231-1313 | Fax (317) 231-7433
deborah.pollackmilgate@btlaw.com
joseph.fehribach@btlaw.com

*by special appearance*

*Counsel for Defendant Trimaco, Inc.*

## TABLE OF CONTENTS

|  |  | Page |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | ARGUMENT | 1 |
|  | A. Background Facts | 1 |
|  | B. Plaintiffs' Motion to Withdraw Their Admissions Should be Denied. | 2 |
|  | C. Plaintiffs' Failure to Serve Any Responses to the Requests for Admissions Is an Important Consideration | 3 |
|  | D. Permitting Plaintiffs to Withdraw Their Admissions Will Not Promote the Presentation of the Merits. | 4 |
|  | E. Trimaco Will Be Prejudiced if Withdrawal Is Permitted | 5 |

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Acosta v. Mezcal, Inc.*,
   No. JKB-17-0931, 2018 WL 4188448 (D. Md. Aug. 31, 2018) ........................................ 2, 3, 5

*United States ex rel. Graybar Elec. Co. v. TEAM Constr., LLC*,
   275 F. Supp. 3d 737 (E.D.N.C. 2017) .................................................................................... 2

*Estate of Jones v. City of Martinsburg*,
   No. 3:13-CV-68, 2016 WL 10585014 (N.D. W. Va. Dec. 2, 2016) ........................................ 2

*Metpath Inc. v. Mod. Med.*,
   934 F.2d 319 ............................................................................................................................ 3

*United States v. Renfrow*,
   No. 5:07-CV-117-FL, 2009 WL 903202 (E.D.N.C. Jan. 26, 2009) ........................................ 3

**Other Authorities**

Fed. R. Civ. P. 36(a)(3) ................................................................................................................ 2

Fed. R. Civ. P. 36(a)(4) ................................................................................................................ 5

Rule 36 ..................................................................................................................................... 4, 5

Rule 36(a) .................................................................................................................................... 3

## I. INTRODUCTION

Plaintiffs should not be permitted to withdraw their admissions. They offer no justification for having failed to serve any responses, and no justification for waiting more than two months—until after Trimaco filed for summary judgment, thereby ensuring prejudice to Trimaco—to type a single word: "denied." Under these circumstances, combined with an unexplained disregard for the Federal Rules of Civil Procedure, Plaintiffs' motion should be denied.

## II. ARGUMENT

### A. Background Facts

On July 10, 2024, Trimaco served Interrogatories, Requests for Production of Documents, and Requests for Admissions on Plaintiffs. *See* Ex. A (email string between counsel for Terracinos and Trimaco, dated August 15, 2024 to September 6, 2024) (noting uncontested July 10, 2024 service date). Plaintiffs have not served responses to any of this discovery, timely or otherwise. On August 15, 2024, Trimaco first alerted Plaintiffs to their deficiencies. *Id.* On September 6, 2024, Trimaco asked Plaintiffs whether they were refusing to provide discovery. *Id.* They did not respond. Even though a full *four months* have passed since Trimaco served this discovery, Plaintiffs have not answered a single interrogatory, objected to a single document request, or produced any documents. Plaintiffs have offered no explanation for their failure to engage in the litigation they brought. Plaintiffs did not seek to extend the schedule for completion of fact discovery, and Plaintiffs have sought no extensions from Trimaco.

Instead, for the very first time—after Trimaco filed its summary judgment motion—Plaintiffs have attempted to submit denials to the Requests for Admission to this Court, in an effort to oppose Trimaco's motion for summary judgment. Other than these belated submissions, Plaintiffs **did not** serve responses on Trimaco. In the interim, fact discovery closed on August 14,

2024, and the last deadline for submission of any technical expert reports expired on October 25, 2024. Dkt. 77, 93.

### B. Plaintiffs' Motion to Withdraw Their Admissions Should be Denied.

Fed. R. Civ. P. 36(a)(3) specifies that a request for admission is deemed admitted if the party to whom the request is addressed does not respond, as required, within thirty days. Under the Rule, a matter admitted is conclusively established unless the court permits withdrawal thereof. *Id.* at 36(b). Withdrawal may be permitted if "it would promote presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." *Id.* The decision whether to permit withdrawal or not ultimately lies within the court's broad discretion. *See Estate of Jones v. City of Martinsburg*, No. 3:13-CV-68, 2016 WL 10585014, at *1 (N.D. W. Va. Dec. 2, 2016) (citations omitted). And a court is not required to grant relief when the two-part test is satisfied. *United States ex rel. Graybar Elec. Co. v. TEAM Constr., LLC*, 275 F. Supp. 3d 737, 743 (E.D.N.C. 2017) (citations omitted).

Regarding the first factor, court looks to whether permitting the withdrawal (or amendment) will aid in the "'development of the case in reaching the truth, as in those cases where a party's admission[s] are inadvertently made.'" *Estate of Jones*, 2016 WL 10585014, at *2 (citations omitted). For example, if the admissions are inconsistent with the record, then withdrawal may promote a merits-based presentation of the case. *Acosta v. Mezcal, Inc.*, No. JKB-17-0931, 2018 WL 4188448, at *3–4 (D. Md. Aug. 31, 2018) (denying motion to withdraw admission that was consistent with other evidence in the record, including interrogatory responses).

The party opposing withdrawal bears the burden of establishing prejudice. *Id.* at *2 (quotations omitted). However, "[w]here the merits will not be served by withdrawal, the interests of justice and efficiency weigh against permitting untimely alterations, even in the absence of

prejudice." *Id.* at *3. Where a party fails to provide timely responses or move for an extension, though having the ability to do so, the prejudice need not be great for the motion to be denied. *See Metpath Inc. v. Mod. Med.*, 934 F.2d 319 (Table), at *3 (4th Cir. 1991) (affirming grant of summary judgment and denial of motion to withdraw admissions where party failed to seek extension and was warned that opposing party would file summary judgment). In cases where a party is *pro se*, courts are reluctant to award summary judgment based on failing to respond to requests for admission. *United States v. Renfrow*, No. 5:07-CV-117-FL, 2009 WL 903202, at *3 (E.D.N.C. Jan. 26, 2009). Otherwise, "'Rule 36 admissions are conclusive for purposes of the litigation and are sufficient to support summary judgment.'" *Id.* (citing *Adventis, Inc. v. Consol. Propr. Holdings, Inc.*, 124 Fed. Appx. 169, 173 (4th Cir. 2005).

      **C.**      **Plaintiffs' Failure to Serve Any Responses to the Requests for Admissions Is an Important Consideration.**

Plaintiffs begin by abandoning all efforts to explain why they missed their deadline. Dkt. 110, at 4 (discounting their failure to meet deadlines and arguing "the court should start by considering the effect upon the litigation"). But Plaintiffs' lack of diligence is relevant. For example, in *United States v. Renfrow*, the Fourth Circuit noted that, "unlike a less knowledgeable pro se party as may be found in some cases, defendant appears to have a good general awareness of the requirements of litigation and the Federal Rules of Civil Procedure . . . ." 2009 WL 903202, at *4. Nor should Rule 36(a) be rendered a "mere suggestion," "permitting litigants to follow [a] poor example . . . as a matter of strategy and without risking any serious consequence." *Acosta*, 2018 WL 4188448, at *2.

Here, Plaintiffs are represented by experienced litigation counsel. This is not a "gotcha" moment. Trimaco specifically informed Plaintiffs on multiple occasions that they had failed to respond to the requests for admission and that they were therefore deemed admitted. While

repeatedly pressing Trimaco regarding Trimaco's discovery responses, Plaintiffs took no steps to cure their own deficiencies. *See, e.g.*, Ex. A. If Plaintiffs are not bound by their admissions—despite having been duly warned—then there is no reason for litigants to comply with the requirements of Rule 36. Rule 36 would be a mere suggestion. This should not be condoned, and withdrawal should not be permitted.

### D. Permitting Plaintiffs to Withdraw Their Admissions Will Not Promote the Presentation of the Merits.

Permitting Plaintiffs to withdraw their admissions will not promote the presentation of the merits where, as here, Plaintiffs have no evidence to support infringement—*not even operative contentions*.

The Court construed the term "[s]aid height of bumps having the smaller of said at least two different circumferential sizes being greater than said height of bumps having said larger of said at least two circumferential sizes" to mean that "[*e*]*ach of the circumferentially smaller bumps must have a greater height than that of the circumferentially larger bumps*." Dkt. 72, at 16 (emphasis added). Additionally, the Court construed the term "[s]aid downward projecting bumps comprising bumps having at least two different circumferential sizes" to mean "[*s*]*aid downward projecting bumps comprising bumps having at least two different measurable boundaries or perimeters*." Dkt. 72, at 14 (emphasis added). In other words, the patent requires the bumps to be measurable. *Id.* The constructions of these claim limitations, which appear in independent claims 1 and 6, apply to each of the asserted patent claims, claims 1-10. Therefore, if the Accused Products do not include these elements—and Plaintiffs admitted they do not—then they do not infringe any of the claims 1-10.

Even if the Plaintiffs' admissions were withdrawn—and they should not be—it would not promote the presentation of the merits of this case. As set forth in Trimaco's summary judgment

motion, there is other evidence, such as expert testimony and infringement contentions, supporting a ruling as a matter of law in its favor on the issue of non-infringement. *See* Dkt. 97, at 5-7 (Memorandum), 98 (Statement of Undisputed Material Facts), 99 & Exhibits 1-6 (Appendix of Evidence). But even if the Court were to both grant Plaintiffs' motion to withdraw, as well as deny Trimaco's summary judgment motion, there would still be no merits presentation. Plaintiffs have no evidence that the Accused Products include these two limitations of the patent claims—*none*. They have no expert that will say these limitations are present as construed by the Court; they have no documents to support a finding in their favor; they have no infringement contentions upon which to rely. In fact, they do not even assert in their motion to withdraw itself that these limitations are present. Even their denials under Rule 36 itself are unexplained, contrary to the requirement that a party say something more than "denied." *See* Fed. R. Civ. P. 36(a)(4) ("A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest.").

Based on Plaintiffs' inability to identify any evidence inconsistent with Trimaco's requests for admissions regarding non-infringement, withdrawing their admissions would not promote the presentation of the case on the merits. Indeed, as in *Acosta*, Trimaco's admissions are consistent with the only evidence that has been adduced regarding this matter, which demonstrates non-infringement. 2018 WL 4188448, at *3–4. Thus, withdrawal does not serve the purpose of promoting consideration of the merits; it only wastes more litigation resources.

### E. Trimaco Will Be Prejudiced if Withdrawal Is Permitted.

Granting the Plaintiffs' motion will also prejudice Trimaco. Following its claim construction ruling, this Court put into place a case schedule that was abbreviated, allowing only a brief period for fact and expert discovery, commencing on May 20, 2024. Dkt. 77. Fact discovery

closed on August 14, 2024. *Id.* at 2. After a short extension, initial expert reports were due on October 11, 2024. Dkt. 93. Expert discovery closes on November 26, 2024. During this period, from August 9, 2024 (when responses were due), until October 30, 2024, the day they filed their opposition to Trimaco's motion for summary judgment, Plaintiffs failed to serve responses to *any* discovery requests, including the Requests for Admission.

As a result, Trimaco is prejudiced. Despite knowing that Trimaco was relying on the Plaintiffs' admissions, Plaintiffs did nothing. With Plaintiffs' admissions in hand and after several warnings of the lack of response, Trimaco filed its motion for summary judgment and did not seek an extension of the case deadlines in the face of Plaintiffs' discovery failures. Trimaco also served an expert report on October 11, 2024 that relies in part on Plaintiffs' admissions. Still Plaintiffs remained silent.

Even when Trimaco filed its initial motion for leave to file summary judgment on September 12, 2024, which the Court deemed procedurally improper, Plaintiffs did nothing. *See* Dkt. 89. As set forth therein, Trimaco noted that Plaintiffs' failure to respond within the 30-day deadline meant that the requests were deemed admitted and that this was the basis of its summary judgment motion. *Id.* at 1-2. Counsel for Trimaco also met and conferred with counsel for Plaintiffs, informing them of Trimaco's position: "Counsel for Defendant has conferred with Plaintiffs' counsel regarding this [summary judgment] Motion and Plaintiffs' failure to respond to Defendant's Discovery Requests." *Id.* But Plaintiffs waited *another* month and one-half.

Trimaco is also prejudiced by the fact that Plaintiffs themselves have no expert to opine on infringement as it relates to the subject matter of the admissions. If Plaintiffs are permitted to withdraw their admissions, they will no doubt seek additional extensions thereby further compromising the case schedule.

This case should not have been brought. As set forth in Trimaco's motion for summary judgment, non-infringement is clear, whether or not the deemed admissions are withdrawn. But they should not be withdrawn. The fact that Plaintiffs did not respond to them is indicative of a litigation matter that lacks merit, and that continues to waste the time and resources of the Court and Trimaco, thereby compounding the prejudice.

## CONCLUSION

The Terracinos' motion to withdraw should be denied.

Respectfully submitted, this 13th day of November, 2024.

*/s/ Deborah Pollack-Milgate*
John M. Moye (NC State Bar No. 35463)
BARNES & THORNBURG LLP
4208 Six Forks Road, Suite 1010
Raleigh, North Carolina 27609
Tel. (919) 536-6200 | Fax (919) 536-6201
jmoye@btlaw.com

Deborah Pollack-Milgate*
Joseph L. Fehribach*
BARNES & THORNBURG LLP
11 S. Meridian Street
Indianapolis, IN 46204
Tel. (317) 231-1313 | Fax (317) 231-7433
deborah.pollackmilgate@btlaw.com
joseph.fehribach@btlaw.com

**by special appearance*

*Counsel for Defendant Trimaco, Inc.*

**CERTIFICATE OF SERVICE**

  I hereby certify that on November 13, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will automatically send email notification of such filing to all counsel of record.

                   */s/ Deborah Pollack-Milgate*
                   Deborah Pollack-Milgate
                   BARNES & THORNBURG LLP
                   11 S. Meridian Street
                   Indianapolis, IN 46204
                   Tel. (317) 231-1313 | Fax (317) 231-7433
                   deborah.pollackmilgate@btlaw.com

                   *Attorney for Defendant Trimaco, Inc.*